ACCO,(ASx),AO121,DISCOVERY,PROTORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:20-cv-08819-CBM-AS

CoStar Group, Inc. et al v. Commercial Real Estate Exchange Inc.
Assigned to: Judge Consuelo B. Marshall
Referred to: Magistrate Judge Alka Sagar
Related Case: 2:22-mc-00228-CBM-AS
Case in other court: 9th CCA, 23-55662
Cause: 17:501 Copyright Infringement

Date Filed: 09/25/2020
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**CoStar Group, Inc.**

represented by

**Nicholas J. Boyle**
Latham and Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201
Email: nicholas.boyle@lw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam Alexander Herrera**
Latham and Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
858-523-5400
Fax: 858-523-5450
Email: adam.herrera@lw.com
*ATTORNEY TO BE NOTICED*

**Anne C. Malinee**
Latham and Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201
Email: anne.malinee@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Belinda S Lee**
Latham and Watkins LLP
505 Montgomery Street Suite 1000
San Francisco, CA 94111-6538
415-391-0600

Fax: 415-395-8095
Email: Belinda.Lee@lw.com
*ATTORNEY TO BE NOTICED*

**Caitlin E Dahl**
Latham and Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
312-876-7700
Fax: 312-993-9767
Email: caitlin.dahl@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carly Grimes**
Latham and Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
858-523-3970
Email: carly.grimes@lw.com
*ATTORNEY TO BE NOTICED*

**David L. Johnson**
Latham and Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
202-637-2200
Fax: 202-637-2201
Email: david.johnson@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eleanor Allen**
Latham and Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
213-485-1234
Fax: 213-891-8763
Email: eleanor.allen@lw.com
*ATTORNEY TO BE NOTICED*

**Elyse Miriam Greenwald**
Latham and Watkins LLP
10250 Constellation Boulevard Suite 1100
Los Angeles, CA 90067
424-653-5500
Fax: 424-653-5501
Email: elyse.greenwald@lw.com
*ATTORNEY TO BE NOTICED*

**Jennifer L Barry**
Latham and Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130

858-523-5400
Fax: 828-523-5450
Email: jennifer.barry@lw.com
*ATTORNEY TO BE NOTICED*

**Jeremy L. Brown**
Latham and Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201
Email: jeremy.brown@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Stebbins Bina**
Latham and Watkins LLP
10250 Constellation Boulevard Suite 1100
Los Angeles, CA 90067
424-653-5500
Fax: 424-653-5501
Email: jessica.stebbinsbina@lw.com
*ATTORNEY TO BE NOTICED*

**Karen D. Frankenthal**
Latham and Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
312-876-7700
Fax: 312-993-9767
Email: karen.frankenthal@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine L. Griffitts**
Latham and Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
202-637-2200
Fax: 202-637-2201
Email: katherine.griffitts@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren M. McGuire**
Latham and Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
202-637-2200
Fax: 202-637-2201
Email: lauren.mcguire@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roberto Borgert**
Latham and Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
202-637-2200
Fax: 202-637-2201
Email: roberto.borgert@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Burack**
Latham and Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Email: sarah.burack@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah A. Tomkowiak**
Latham and Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
202-637-2200
Fax: 202-637-2201
Email: sarah.tomkowiak@lw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CoStar Realty Information Inc.** represented by **Nicholas J. Boyle**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam Alexander Herrera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne C. Malinee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Belinda S Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caitlin E Dahl**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carly Grimes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David L. Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eleanor Allen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elyse Miriam Greenwald**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer L Barry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy L. Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Stebbins Bina**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen D. Frankenthal**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine L. Griffitts**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren M. McGuire**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roberto Borgert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Burack**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah A. Tomkowiak**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Twelve12** represented by

**Evangeline A Z Burbidge**
Lewis and Llewellyn LLP
601 Montgomery Street Suite 2000
San Francisco, CA 94111
415-800-0590
Fax: 415-390-2127
Email: eburbidge@lewisllewellyn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Commercial Real Estate Exchange Inc.** represented by

**Alex B. Spiro**
Quinn Emanuel Urquhart and Sullivan LLP
295 5th Avenue, 9th Floor
New York, NY 10016
212-849-7000
Fax: 212-849-7100
Email: alexspiro@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael T Lifrak**
Quinn Emanuel Urquhart and Sullivan LLP
865 South Figueroa Street 10th Floor
Los Angeles, CA 90017
213-443-3675
Fax: 213-443-3100
Email: michaellifrak@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Mobius365 Knowledge Services Inc.** represented by

**Jason W Estavillo**
Estavillo Law Group
555 12th Street, Suite 1280
Oakland, CA 94607
510-982-3001
Fax: 510-982-3002
Email: jason@estavillolaw.com
*ATTORNEY TO BE NOTICED*

**Rana Hamadeh**

Lloyd and Mousilli, PLLC
11807 Westheimer Road, Suite 550 PMB 944
Houston, TX 77077
512-609-0059
Email: rana@lloydmousilli.com
*ATTORNEY TO BE NOTICED*

**Special Master**

**Judge Suzanne H. Segal**
Signature Resolution, LLC
633 West 5th Street, Suite 1000
Los Angeles, CA 90071

V.

**Interested Party**

**GETTY IMAGES (US), INC.** represented by **Scott T Wilsdon**
Scott Wilsdon Law
P O Box 5515
Carmel, CA 93921
831-324-0627
Email: wilsdon@wilsdonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam S. Sieff**
Davis Wright Tremaine LLP
350 S. Grand Avenue, Ste 27th Floor
Los Angeles, CA 90071
213-633-8618
Fax: 213-633-6899
Email: adamsieff@dwt.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**RestB.AI LLC**
*Restb.ai LLC*
represented by **Genevieve Vose Wallace**
Susman Godfrey LLP
401 Union Street, Suite 3000
Seattle, WA 98101
206-516-3880
Fax: 206-516-3883
Email: gwallace@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Commercial Real Estate Exchange Inc.** represented by **Alex B. Spiro**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael T Lifrak**

(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**CoStar Group, Inc.** represented by **Nicholas J. Boyle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Alexander Herrera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne C. Malinee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Belinda S Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caitlin E Dahl**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carly Grimes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David L. Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elyse Miriam Greenwald**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer L Barry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy L. Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Stebbins Bina**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Karen D. Frankenthal**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine L. Griffitts**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren M. McGuire**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roberto Borgert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Burack**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah A. Tomkowiak**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**CoStar Realty Information Inc.** represented by **Nicholas J. Boyle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Alexander Herrera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne C. Malinee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Belinda S Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caitlin E Dahl**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Carly Grimes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David L. Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elyse Miriam Greenwald**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer L Barry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy L. Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Stebbins Bina**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen D. Frankenthal**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine L. Griffitts**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren M. McGuire**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roberto Borgert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Burack**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah A. Tomkowiak**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2020 | 1 | COMPLAINT Receipt No: ACACDC-28241644 - Fee: $400, filed by plaintiff CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Attorney Jessica Stebbins Bina added to party CoStar Group, Inc. (pty:pla), Attorney Jessica Stebbins Bina added to party CoStar Realty Information Inc. (pty:pla))(Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 2 | CIVIL COVER SHEET filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 3 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Attachment)(Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening), 1 filed by plaintiff CoStar Group, Inc., CoStar Realty Information Inc.. (Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 5 | CORPORATE DISCLOSURE STATEMENT *and Certification and Notice of Interested Parties* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. identifying None as Corporate Parent. (Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 6 | NOTICE of Appearance filed by attorney Jessica Stebbins Bina on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 7 | APPLICATION of Non-Resident Attorney Nicholas J. Boyle to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-28242446) filed by plaintiff CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/25/2020 | 8 | APPLICATION of Non-Resident Attorney Sarah A. Tomkowiak to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-28242447) filed by plaintiff CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Stebbins Bina, Jessica) (Entered: 09/25/2020) |
| 09/28/2020 | 9 | NOTICE OF ASSIGNMENT to District Judge Consuelo B. Marshall and Magistrate Judge Alka Sagar. (lh) (Entered: 09/28/2020) |
| 09/28/2020 | 10 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to Defendant Commercial Real Estate Exchange Inc. (lh) (Entered: 09/28/2020) |
| 10/01/2020 | 11 | PROOF OF SERVICE Executed by Plaintiff CoStar Group, Inc., upon Defendant Commercial Real Estate Exchange Inc. served on 9/30/2020, answer due 10/21/2020. Service of the Summons and Complaint were executed upon Michael DeGiorgio, Agent for Service of Process in compliance with Federal Rules of Civil Procedure by method of service not specified.Original Summons NOT returned. (Stebbins Bina, Jessica) (Entered: 10/01/2020) |
| 10/13/2020 | 12 | NOTICE of Appearance filed by attorney Elliot R Peters on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Elliot R Peters added to party |

| | | |
|---|---|---|
| | | Commercial Real Estate Exchange Inc.(pty:dft))(Peters, Elliot) (Entered: 10/13/2020) |
| 10/13/2020 | 13 | NOTICE of Appearance filed by attorney Warren Andrew Braunig on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Warren Andrew Braunig added to party Commercial Real Estate Exchange Inc.(pty:dft))(Braunig, Warren) (Entered: 10/13/2020) |
| 10/13/2020 | 14 | NOTICE of Appearance filed by attorney Elizabeth K McCloskey on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Elizabeth K McCloskey added to party Commercial Real Estate Exchange Inc.(pty:dft))(McCloskey, Elizabeth) (Entered: 10/13/2020) |
| 10/13/2020 | 15 | NOTICE of Appearance filed by attorney Nicholas S Goldberg on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Nicholas S Goldberg added to party Commercial Real Estate Exchange Inc.(pty:dft))(Goldberg, Nicholas) (Entered: 10/13/2020) |
| 10/13/2020 | 16 | NOTICE of Appearance filed by attorney Ann Southworth Niehaus on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Ann Southworth Niehaus added to party Commercial Real Estate Exchange Inc.(pty:dft))(Niehaus, Ann) (Entered: 10/13/2020) |
| 10/13/2020 | 17 | STIPULATION Extending Time to Answer the complaint as to re Complaint (Attorney Civil Case Opening), 1 filed by Defendant Commercial Real Estate Exchange Inc.. (Goldberg, Nicholas) (Entered: 10/13/2020) |
| 10/13/2020 | 18 | CORPORATE DISCLOSURE STATEMENT *and Certification and Notice of Interested Parties* filed by Defendant Commercial Real Estate Exchange Inc. (Peters, Elliot) (Entered: 10/13/2020) |
| 10/13/2020 | 19 | NOTICE of Appearance filed by attorney Christine Zaleski on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Christine Zaleski added to party Commercial Real Estate Exchange Inc.(pty:dft))(Zaleski, Christine) (Entered: 10/13/2020) |
| 10/15/2020 | 20 | APPLICATION of Non-Resident Attorney Charles A. Berdahl to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-28551536) filed by plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Stebbins Bina, Jessica) (Entered: 10/15/2020) |
| 10/20/2020 | 21 | STANDING ORDER upon filing of the complaint by Judge Consuelo B. Marshall. READ THIS ORDER CAREFULLY. It controls this case and may differ in some respects from the Local Rules. (ys) (Entered: 10/20/2020) |
| 10/21/2020 | 22 | ORDER by Judge Consuelo B. Marshall: granting 7 Non-Resident Attorney Nicholas J. Boyle APPLICATION to Appear Pro Hac Vice on behalf of CoStar Group, Inc. and CoStar Realty Information Inc, designating Jessica Stebbins Bina as local counsel. (lom) (Entered: 10/22/2020) |
| 10/21/2020 | 23 | ORDER by Judge Consuelo B. Marshall: granting 8 Non-Resident Attorney Sarah A. Tomkowiak APPLICATION to Appear Pro Hac Vice on behalf of CoStar Group, Inc. and CoStar Realty Information Inc, designating Jessica Stebbins Bina as local counsel. (lom) (Entered: 10/22/2020) |

| | | |
|---|---|---|
| 10/21/2020 | 24 | ORDER by Judge Consuelo B. Marshall: granting 20 Non-Resident Attorney Charles A. Berdahl APPLICATION to Appear Pro Hac Vice on behalf of CoStar Group, Inc. and CoStar Realty Information Inc, designating Jessica Stebbins Bina as local counsel. (lom) (Entered: 10/22/2020) |
| 10/30/2020 | 25 | NOTICE of Change of Lead Counsel changing lead counsel from Jessica Stebbins Bina to Nicholas J. Boyle. filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., (Boyle, Nicholas) (Entered: 10/30/2020) |
| 11/23/2020 | 26 | NOTICE OF MOTION AND MOTION TO DISMISS filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Memorandum, # 2 Proposed Order) (Peters, Elliot) Modified on 12/2/2020 (shb). (Entered: 11/23/2020) |
| 11/23/2020 | 27 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS filed by Defendant Commercial Real Estate Exchange Inc. re: Notice (Other) 26 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Proposed Order)(Peters, Elliot) (Entered: 11/23/2020) |
| 11/23/2020 | 28 | STIPULATION for Order Setting Schedule for Defendant's Motion to Dismiss filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order) (Peters, Elliot) (Entered: 11/23/2020) |
| 11/25/2020 | 29 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 26 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Civil Events Motions and Related Filings Applications/Ex Parte Applications/Motions/Petitions/Requests - select Request - select Dismiss Case. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 11/25/2020) |
| 11/25/2020 | 30 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Miscellaneous Document, 27 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Civil Events Motions and Related Filings Responses/Replies/Other Motion Related Documents - select - For Judicial Notice. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 11/25/2020) |
| 12/07/2020 | 31 | ORDER GRANTING STIPULATION SETTING BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO DISMISS, 28 by Judge Consuelo B. Marshall: IT IS HEREBY ORDERED that the Stipulation is GRANTED. CREXi's Motion to Dismiss shall be filed no later than November 23, 2020, opposition to be filed by December 22, 2020 and any reply shall be filed no later than December 29, 2020. Hearing date will be January 5, 2021 at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 12/07/2020) |
| 12/08/2020 | 32 | STIPULATION for Order Regarding Amended Complaint and Briefing Schedule for Motion to Dismiss filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 12/08/2020) |
| 12/14/2020 | 33 | FIRST AMENDED COMPLAINT against Defendant Commercial Real Estate Exchange Inc. amending Complaint (Attorney Civil Case Opening), 1 , filed by plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Stebbins Bina, Jessica) (Entered: 12/14/2020) |
| 12/14/2020 | 34 | ORDER MODIFYING BRIEFING SCHEDULE 32 by Judge Consuelo B. Marshall. CoStar shall file any opposition to or amended complaint in response to CREXi's |

| | | |
|---|---|---|
| | | Motion to Dismiss no later than 12/22/2020. CREXi shall file any reply in support of its Motion to Dismiss, or response to any amendment to CoStar's Complaint, no later than 1/8/2021. The Motion to Dismiss shall be set for hearing on 1/19/2021. (jp) (Entered: 12/15/2020) |
| 12/15/2020 | 35 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 1)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 1, # 2 Exhibit C - Part 2, # 3 Exhibit C - Part 3)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 36 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 2)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 4, # 2 Exhibit C - Part 5, # 3 Exhibit C - Part 6)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 37 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 3)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 7, # 2 Exhibit C - Part 8, # 3 Exhibit C - Part 9)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 38 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 4)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 10, # 2 Exhibit C - Part 11, # 3 Exhibit C - Part 12)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 39 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 5)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 13, # 2 Exhibit C - Part 14, # 3 Exhibit C - Part 15)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 40 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 6)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 16, # 2 Exhibit C - Part 17, # 3 Exhibit C - Part 18)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 41 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 7)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 19, # 2 Exhibit C - Part 20, # 3 Exhibit C - Part 21)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 42 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 8)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 22, # 2 Exhibit C - Part 23, # 3 Exhibit C - Part 24)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 43 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 9)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 25, # 2 Exhibit C - Part 26, # 3 Exhibit C - Part 27)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 44 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit C (Submission 10)* as to Amended Complaint/Petition, 33 . (Attachments: # 1 Exhibit C - Part 28, # 2 Exhibit C - Part 29, # 3 Exhibit C - Part 30)(Stebbins Bina, Jessica) (Entered: 12/15/2020) |
| 12/15/2020 | 45 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *Exhibit D* as to Amended Complaint/Petition, 33 . (Stebbins Bina, Jessica) (Entered: 12/15/2020) |

| | | |
|---|---|---|
| 12/22/2020 | 46 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. correcting Exhibit (non-trial), 42 , Exhibit (non-trial), 44 , Exhibit (non-trial) 45 , Exhibit (non-trial), 35 , Exhibit (non-trial), 41 , Exhibit (non-trial), 36 , Exhibit (non-trial), 38 , Exhibit (non-trial), 43 , Exhibit (non-trial), 39 , Exhibit (non-trial), 40 , Exhibit (non-trial), 37 */Notice of Errata for Exhibits C & D to Plaintiffs' First Amended Complaint* (Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 47 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 1)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 1, # 2 Exhibit C - Part 2, # 3 Exhibit C - Part 3, # 4 Exhibit C - Part 4, # 5 Exhibit C - Part 5)(Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 48 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 2)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 6, # 2 Exhibit C - Part 7, # 3 Exhibit C - Part 8, # 4 Exhibit C - Part 9, # 5 Exhibit C - Part 10)(Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 49 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 3)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 11, # 2 Exhibit C - Part 12, # 3 Exhibit C - Part 13, # 4 Exhibit C - Part 14, # 5 Exhibit C - Part 15)(Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 50 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 4)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 16, # 2 Exhibit C - Part 17, # 3 Exhibit C - Part 18, # 4 Exhibit C - Part 19, # 5 Exhibit C - Part 20)(Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 51 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 5)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 21, # 2 Exhibit C - Part 22, # 3 Exhibit C - Part 23, # 4 Exhibit C - Part 24, # 5 Exhibit C - Part 25)(Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 52 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 6)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 26, # 2 Exhibit C - Part 27, # 3 Exhibit C - Part 28, # 4 Exhibit C - Part 29, # 5 Exhibit C - Part 30)(Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 53 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit C (Submission 7)* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Attachments: # 1 Exhibit C - Part 31, # 2 Exhibit C - Part 32, # 3 Exhibit C - Part 33) (Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/22/2020 | 54 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. */Exhibit D* as to Amended Complaint/Petition, 33 , Errata,, 46 . (Boyle, Nicholas) (Entered: 12/22/2020) |
| 12/29/2020 | 55 | REQUEST to Dismiss Case filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Memorandum, # 2 Proposed Order) (Peters, Elliot) (Entered: 12/29/2020) |
| 12/29/2020 | 56 | REQUEST FOR JUDICIAL NOTICE re REQUEST to Dismiss Case 55 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Proposed Order)(Peters, Elliot) (Entered: 12/29/2020) |
| 01/02/2021 | 57 | STIPULATION for Order Rescheduling Motion to Dismiss Hearing and Modifying Briefing Schedule filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 01/02/2021) |
| 01/05/2021 | 58 | OPPOSITION re: to Dismiss 26 / *Opposition to Defendant's Motion to Dismiss First Amended Complaint* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 01/05/2021) |
| 01/05/2021 | 59 | OBJECTIONS to Request for Judicial Notice, 56 / *Opposition to Defendant's Request for Judicial Notice* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 01/05/2021) |
| 01/06/2021 | 60 | ORDER GRANTING JOINT STIPULATION RESCHEDULING MOTION TO DISMISS HEARING FROM JANUARY 26, 2021 to FEBRUARY 9, 2021, AND MODIFYING BRIEFING SCHEDULE, 57 by Judge Consuelo B. Marshall: IT IS SO ORDERED. CoStar shall file any opposition to CREXis Motion to Dismiss no later than January 12, 2021. CREXi shall file any reply in support of its Motion to Dismiss no later than January 26, 2021. The Motion to Dismiss shall be set for hearing on February 9, 2021 at 10:00 a.m. (shb) (Entered: 01/06/2021) |
| 01/06/2021 | 61 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. correcting Objection/Opposition (Motion related) 58 (Boyle, Nicholas) (Entered: 01/06/2021) |
| 01/06/2021 | 62 | OPPOSITION re: REQUEST to Dismiss Case 55 / *Opposition to Defendant's Motion to Dismiss First Amended Complaint* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 01/06/2021) |
| 01/12/2021 | 63 | REPORT of / UPDATED Report on the Filing or Determination of an Action or Appeal Regarding a Copyright filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Attachment A, # 2 Attachment B)(Stebbins Bina, Jessica) (Entered: 01/12/2021) |
| 01/14/2021 | 64 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. correcting Exhibit (non-trial) 54 (Boyle, Nicholas) (Entered: 01/14/2021) |
| 01/14/2021 | 65 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibit D [Corrected]* as to Amended Complaint/Petition, 33 . (Boyle, Nicholas) (Entered: 01/14/2021) |
| 01/26/2021 | 66 | REPLY In Support of REQUEST to Dismiss Case 55 filed by Defendant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 01/26/2021) |
| 01/26/2021 | 67 | REPLY *TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT COMMERCIAL REAL ESTATE EXCHANGE, INC.S MOTION TO DISMISS FIRST AMENDED COMPLAINT* filed by Defendant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 01/26/2021) |
| 02/02/2021 | 68 | MINUTE ORDER IN CHAMBERS - NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall. On the Court's own motion, the defendant's motion to dismiss 26 , currently scheduled for February 9, 2021, is hereby ordered continued to March 16, 2021 at 10:00 a.m. (lom) (Entered: 02/02/2021) |

| | | |
|---|---|---|
| 03/15/2021 | 69 | MINUTE IN CHAMBERS-ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: Counsel are hereby notified that the above matter is set on the Court's calendar for a Telephonic hearing re Defendant's motion to dismiss 26 on March 16, 2021 at 10:00 a.m. Counsel should use a land line and handset from a quiet location, no speaker phone. Wait on the line until your case is called, while you are waiting, please mute your phone as the Court can hear all thenoise in the background. The call in number will be given to the parties one day before the hearing. See order for further details. (shb) (Entered: 03/15/2021) |
| 03/15/2021 | 70 | MINUTES IN CHAMBERS-ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: The Court finds that the motion to dismiss 26 currently set for hearing on March 16, 2021, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances arenecessary on March 16, 2021. A written order will issue. IT IS SO ORDERED. (shb) (Entered: 03/15/2021) |
| 06/09/2021 | 71 | ORDER RE: MOTION TO DISMISS (DKT. 55, 56.) by Judge Consuelo B. Marshall: Accordingly, the Court grants-in-part Defendants motion as follows Granted as to Plaintiffs Second and Third causes of action; Denied as to Plaintiffs Fourth through Seventh causes of action. The remaining claims are Plaintiffs First (Copyright Infringement), Fourth (Common Law Misappropriation), Fifth (California Unfair Competition), Sixth (California False Advertising Law), and Seventh (Breach of Contract) causes of action. IT IS SO ORDERED. (shb) (Entered: 06/09/2021) |
| 06/15/2021 | 72 | Notice of Appearance or Withdrawal of Counsel: for attorney Jessica Stebbins Bina counsel for Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Charles A. Berdahl is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Stebbins Bina, Jessica) (Entered: 06/15/2021) |
| 06/23/2021 | 73 | ANSWER to Amended Complaint/Petition, 33 with JURY DEMAND filed by Defendant Commercial Real Estate Exchange Inc..(Peters, Elliot) (Entered: 06/23/2021) |
| 06/23/2021 | 74 | COUNTERCLAIM against Counterdefendants All Plaintiffs ; Jury Demand, filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Peters, Elliot) (Entered: 06/23/2021) |
| 06/28/2021 | 75 | Joint STIPULATION for Order Modifying Briefing Schedule re CREXi's Counterclaims filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order)(Stebbins Bina, Jessica) (Entered: 06/28/2021) |
| 06/30/2021 | 76 | ORDER GRANTING JOINT STIPULATION MODIFYING BRIEFING SCHEDULE RE CREXISCOUNTERCLAIMS 75 by Judge Consuelo B. Marshall: IT IS SO ORDERED. CoStar shall file any answer or response to CREXis counterclaims no later than August 13, 2021. To the extent CoStar files a motion, pursuant to Federal Rule of Civil Procedure 12(b), in response to CREXis counterclaims, CREXis opposition to such motion shall be filed no later than September 13, 2021; and CoStars reply to such opposition shall be filed no later than October 4, 2021. (shb) (Entered: 06/30/2021) |
| 07/09/2021 | 77 | MINUTE ORDER IN CHAMBERS SCHEDULING CONFERENCE by Judge Consuelo B. Marshall. Scheduling Conference set for 8/31/2021 at 10:00 AM before Judge Consuelo B. Marshall. (ys) (Entered: 07/09/2021) |
| 07/29/2021 | 78 | MINUTE IN CHAMBERS-ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: Counsel are hereby notified that pursuant to the Judge's directive, the motion to dismiss 26 and request for judicial notice 27 are hereby moot, as the |

| | | |
|---|---|---|
| | | amended complaint 33 has been filed. IT IS SO ORDERED. (shb) (Entered: 07/29/2021) |
| 08/03/2021 | 79 | NOTICE of Appearance filed by attorney Connie Poshien Sung on behalf of Defendant Commercial Real Estate Exchange Inc. (Attorney Connie Poshien Sung added to party Commercial Real Estate Exchange Inc.(pty:dft))(Sung, Connie) (Entered: 08/03/2021) |
| 08/05/2021 | 80 | Notice of Appearance or Withdrawal of Counsel: for attorney Belinda S Lee counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Adding Belinda S Lee as counsel of record for CoStar Group, Inc. and CoStar Realty Information, Inc. for the reason indicated in the G-123 Notice. Filed by Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc.. (Attorney Belinda S Lee added to party CoStar Group, Inc.(pty:cd), Attorney Belinda S Lee added to party CoStar Group, Inc.(pty:pla), Attorney Belinda S Lee added to party CoStar Realty Information Inc.(pty:cd), Attorney Belinda S Lee added to party CoStar Realty Information Inc.(pty:pla))(Lee, Belinda) (Entered: 08/05/2021) |
| 08/05/2021 | 81 | Notice of Appearance or Withdrawal of Counsel: for attorney Elyse Miriam Greenwald counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Adding Elyse M. Greenwald as counsel of record for CoStar Group, Inc. and CoStar Realty Information, Inc. for the reason indicated in the G-123 Notice. Filed by Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc.. (Attorney Elyse Miriam Greenwald added to party CoStar Group, Inc.(pty:cd), Attorney Elyse Miriam Greenwald added to party CoStar Group, Inc.(pty:pla), Attorney Elyse Miriam Greenwald added to party CoStar Realty Information Inc.(pty:cd), Attorney Elyse Miriam Greenwald added to party CoStar Realty Information Inc.(pty:pla))(Greenwald, Elyse) (Entered: 08/05/2021) |
| 08/13/2021 | 82 | NOTICE OF MOTION AND MOTION to Dismiss CREXi's Counterclaims filed by Plaintiffs and Counter-defendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 11/2/2021 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order) (Stebbins Bina, Jessica) (Entered: 08/13/2021) |
| 08/24/2021 | 83 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 3-4 weeks, filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc... (Stebbins Bina, Jessica) (Entered: 08/24/2021) |
| 08/30/2021 | 84 | MINUTE ORDER IN CHAMBERS - OFF THE RECORD by Judge Consuelo B. Marshall: The Scheduling Conference, currently set for August 31, 2021, is hereby taken off calendar. The Court will set the following deadlines: Fact discovery shall be completed on or before November 4, 2022. Settlement conference shall be held on or before April 1, 2022. Motions shall be set for oral argument on or before April 25, 2023 at 10:00 a.m. Last date to file motions in limine June 23, 2023.Last date to lodge pretrial documents July 25, 2021. Pre Trial Conference is set on August 1, 2023 at 2:30 p.m. Jury Trial is set on October 3, 2023 at 10:00 a.m.(est. 30 days). Initial Expert disclosure due no later than December 16, 2021. Rebuttal expert disclosure completion due no later than February 10, 2022.Expert discovery shall be completed on or before February 25, 2022. IT IS SO ORDERED. (shb) (Entered: 08/30/2021) |
| 08/30/2021 | 85 | AMENDED MINUTE ORDER IN CHAMBERS by Judge Consuelo B. Marshall: The Scheduling Conference, currently set for August 31, 2021, is hereby taken off calendar. The Court will set the following deadlines: Fact discove1y shall be completed on or before November 4, 2022. Settlement conference shall be held on or before April 1, 2022. Motions shall be set for oral argument on or before April 25, 2023 at 10:00 a.m. Last date to file motions in limine June 23, 2023. Last date to lodge pretrial documents |

| | | |
|---|---|---|
| | | July 25, 2023. Pre Trial Conference is set on August 1, 2023 at 2:30 p.m. Jury Trial is set on October 3, 2023 at 10:00 a.m.(est. 30 days). Initial Expe1i disclosure due no later than December 16, 2022. Rebuttal expert disclosure completion due no later than February 10, 2023. Expert discove1y shall be completed on or before February 25, 2023. IT IS SO ORDERED. (shb) (Entered: 09/01/2021) |
| 09/13/2021 | 86 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss CREXi's Counterclaims 82 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 09/13/2021) |
| 10/04/2021 | 87 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss CREXi's Counterclaims 82 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Stebbins Bina, Jessica) (Entered: 10/04/2021) |
| 10/19/2021 | 88 | MINUTE IN CHAMBERS - NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall: On the Courts own motion, the motion to dismiss 82 , currently scheduled for November 2, 2021, is hereby ordered continued to November 23, 2021 at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 10/19/2021) |
| 11/17/2021 | 89 | MINUTE IN CHAMBERS - NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall: On the Courts own motion, the motion to dismiss 82 , currently scheduled for November 23, 2021, is hereby ordered continued to JANUARY 11, 2022 at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 11/17/2021) |
| 01/05/2022 | 90 | REQUEST for ADR Procedure No. 1 filed. Parties request to Appear Before Magistrate Judge for settlement proceedings. Filed by Defendant Commercial Real Estate Exchange Inc..(Peters, Elliot) (Entered: 01/05/2022) |
| 01/05/2022 | 91 | REQUEST for ADR Procedure No. 3. Parties request for private mediation. Filed by Plaintiff CoStar Group, Inc.(Boyle, Nicholas) (Entered: 01/05/2022) |
| 01/05/2022 | 92 | MINUTE IN CHAMBERS - NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall: On the Court's own motion, the motion to dismiss 82 , currently scheduled for January 11, 2022, is hereby ordered continued to FEBRUARY 15, 2022 at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 01/05/2022) |
| 01/06/2022 | 93 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Request for ADR Procedure No. 1 - (ADR-1) 90 , Request for ADR Procedure No. 3 - (ADR-1) 91 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 01/06/2022) |
| 01/07/2022 | 94 | MINUTE IN CHAMBERS-ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: Counsel are hereby notified that pursuant to the Judge's directive, the plaintiffs' request for private mediation 91 is granted. Defendants' request for Magistrate Judge settlement 90 is denied. IT IS SO ORDERED. (shb) (Entered: 01/07/2022) |
| 01/07/2022 | 95 | ORDER/REFERRAL to ADR Procedure No 3 by Judge Consuelo B. Marshall. Case ordered to a private mediator based upon a stipulation of the parties or by the court order. ADR Proceeding to be held no later than April 1, 2022. (shb) (Entered: 01/07/2022) |
| 01/10/2022 | 96 | NOTICE OF MOTION AND MOTION to Compel Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. to produce documents |

| | | |
|---|---|---|
| | | responsive to Request for Production Nos. 70 and 75, and to include CoStar President and CEO Andrew Florance as a document custodian filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 2/3/2022 at 10:00 AM before Magistrate Judge Alka Sagar. (Attachments: # 1 Joint Stipulation Concerning Crexi's Motion to Compel, # 2 Declaration of Elizabeth K. McCloskey, # 3 Declaration of Elyse M. Greenwald)(McCloskey, Elizabeth) (Entered: 01/10/2022) |
| 01/10/2022 | 97 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION to Compel Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. to produce documents responsive to Request for Production Nos. 70 and 75, and to include CoStar President and CEO Andrew Florance as a document 96 . The following error(s) was/were found: Proposed document was not submitted as separate attachment; Proposed Order must be a separate attachment. Refer to L.R. 5-4.4.1. You need not take any action in response to this notice unless and until the Court directs you to do so. (hr) (Entered: 01/10/2022) |
| 01/10/2022 | 98 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS RE: Deficiency in Electronically Filed Documents (G-112A) 97 , MOTION to Compel Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. to produce documents responsive to Request for Production Nos. 70 and 75, and to include CoStar President and CEO Andrew Florance as a document 96 by Magistrate Judge Alka Sagar. The hearing date has been rescheduled. Motion set for hearing on 2/3/2022 at 11:00 AM before Magistrate Judge Alka Sagar. - Counsel shall file a Notice of Lodging and attach the proposed order. Submit the proposed order via e-mail to Judge Sagar's Chambers at: AS_Chambers@cacd.uscourts.gov in Word or Word Perfect version with Judge Sagar's name. - Refer to Judge Sagar's Procedures and Schedules www.cacd.uscourts.gov/honorable-alka-sagar. (hr) (Entered: 01/10/2022) |
| 01/11/2022 | 99 | SCHEDULING NOTICE AND ORDER by Magistrate Judge Alka Sagar. COUNSEL OF RECORD ARE HEREBY NOTIFIED, pursuant to the Notice from the Clerk issued on January 3, 2022, (available at https://www.cacd.uscourts.gov/news/extension-cares-act-2), the MOTION to Compel Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. to produce documents responsive to Request for Production Nos. 70 and 75, and to include CoStar President and CEO Andrew Florance as a document (Docket No. 96 ), will be heard via telephone conference on February 3, 2022 at 11:00 a.m. PST. The call-in number and password will be e-mailed to the parties. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 01/11/2022) |
| 01/12/2022 | 100 | NOTICE of Decision: Judgment in a Related Case filed by Plaintiff CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit A)(Boyle, Nicholas) (Entered: 01/12/2022) |
| 01/12/2022 | 101 | NOTICE OF LODGING filed *[PROPOSED] ORDER* re MOTION to Compel Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. to produce documents responsive to Request for Production Nos. 70 and 75, and to include CoStar President and CEO Andrew Florance as a document 96 (Attachments: # 1 Proposed Order)(McCloskey, Elizabeth) (Entered: 01/12/2022) |
| 01/13/2022 | 102 | STIPULATION for Protective Order filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Red-lined Proposed Stipulated Protective Order)(Tomkowiak, Sarah) (Entered: 01/13/2022) |
| 01/13/2022 | 103 | STIPULATION for Discovery filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Appendix A, # 2 Proposed |

| | | |
|---|---|---|
| | | Order)(Tomkowiak, Sarah) (Entered: 01/13/2022) |
| 01/14/2022 | 104 | Notice of Appearance or Withdrawal of Counsel: for attorney Ann Southworth Niehaus counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Ann S. Niehaus is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant and Counter Claimant Commercial Real Estate Exchange, Inc. (Niehaus, Ann) (Entered: 01/14/2022) |
| 01/14/2022 | 105 | PROTECTIVE ORDER by Magistrate Judge Alka Sagar re Stipulation for Protective Order 102 . (see document for details) (hr) (Entered: 01/14/2022) |
| 01/19/2022 | 106 | ORDER by Magistrate Judge Alka Sagar, re Stipulation for Discovery 103 . (see document for details) (hr) (Entered: 01/19/2022) |
| 01/20/2022 | 107 | NOTICE OF MOTION AND Supplemental MOTION to Supplement Motion to Compel re MOTION to Compel Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. to produce documents responsive to Request for Production Nos. 70 and 75, and to include CoStar President and CEO Andrew Florance as a document 96 *Supplemental Memorandum of Law in support of Defendant and Counterclaimant Commercial Real Estate Exchange, Incs Motion to Compel* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 2/3/2022 at 11:00 AM before Magistrate Judge Alka Sagar. (McCloskey, Elizabeth) (Entered: 01/20/2022) |
| 02/09/2022 | 108 | MINUTE IN CHAMBERS - NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall: On the Courts own motion, the Motion to dismiss 82 , currently scheduled for February 15, 2022, is hereby ordered continued to MARCH 15, 2022 at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 02/10/2022) |
| 02/16/2022 | 109 | COMPACT DISC Order filed by Defendant Commercial Real Estate Exchange Inc.. Court will contact Karen Bringola at kbringola@keker.com with any questions regarding this order. Transcript portion requested: Other: February 3, 2022. FEE PAID. (McCloskey, Elizabeth) (Entered: 02/16/2022) |
| 02/16/2022 | 110 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Smart (CS). Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (McCloskey, Elizabeth) (Entered: 02/16/2022) |
| 02/18/2022 | 111 | MINUTES OF (In Chambers): Order Re Defendant's Motion to Compel Responses to Discovery Requests: granting in part 96 Motion to Compel; Motion Hearing held before Magistrate Judge Alka Sagar. CREXI's motion to compel responses to RFP No. 70 is DENIED; CREXI's motion to compel responses to RFP No. 75 is granted in part as set forth in this order. The parties are ordered to meet and confer regarding a time frame for the production of responsive records. CREXI's request for an order designating Andrew Florance as a document custodian is DENIED WITHOUT PREJUDICE. (see document for further details) Court Recorder: CS 02/03/22. (hr) (Entered: 02/18/2022) |
| 03/01/2022 | 112 | TRANSCRIPT ORDER as to Plaintiff CoStar Group, Inc., CoStar Realty Information Inc. for Court Smart (CS). Court will contact Lindsay Cinotto at lindsay.cinotto@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Tomkowiak, Sarah) (Entered: 03/01/2022) |
| 03/08/2022 | 113 | TRANSCRIPT for proceedings held on 2/3/2022. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626) 963-0566. |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 3/29/2022. Redacted Transcript Deadline set for 4/8/2022. Release of Transcript Restriction set for 6/6/2022. (apr) (Entered: 03/08/2022) |
| 03/08/2022 | 114 | NOTICE OF FILING TRANSCRIPT filed for proceedings 2/3/2022 re Transcript 113 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (apr) TEXT ONLY ENTRY (Entered: 03/08/2022) |
| 03/10/2022 | 115 | NOTICE OF MOTION AND MOTION to Compel filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 4/7/2022 at 10:00 AM before Magistrate Judge Alka Sagar. (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 03/10/2022) |
| 03/10/2022 | 116 | JOINT STIPULATION to MOTION to Compel 115 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of S. Tomkowiak, # 2 Declaration of W. Braunig)(Boyle, Nicholas) (Entered: 03/10/2022) |
| 03/14/2022 | 117 | MINUTE ORDER IN CHAMBERS - NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall. On the Court's own motion, the Motion to dismiss 82 , currently scheduled for March 15, 2022, is hereby ordered continued to MARCH 22, 2022 at 10:00 a.m. Counsel for the parties shall appear in person. IT IS SO ORDERED. (lom) (Entered: 03/14/2022) |
| 03/15/2022 | 118 | MINUTE ORDER (IN CHAMBERS) by Magistrate Judge Alka Sagar. Counsel has failed to provide the courtesy copies re: MOTION to Compel 115 and Joint Stipulation re Discovery Motion 116 . Pursuant to the Judge's Procedures and Schedules (http://www.cacd.uscourts.gov/honorable-alka-sagar), counsel is ordered to submit the required courtesy copies by no later than noon on March 16, 2022. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 03/15/2022) |
| 03/15/2022 | 119 | Joint STIPULATION to Continue Hearing on Motion to Dismiss Counterclaims from March 22, 2022 to May 3, 2022 Re: Minutes of In Chambers Order/Directive - no proceeding held,, Set/Reset Motion Hearing and R&R Deadlines, 117 , NOTICE OF MOTION AND MOTION to Dismiss CREXi's Counterclaims 82 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Nicholas J. Boyle in Support, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 03/15/2022) |
| 03/16/2022 | 120 | ORDER TO CONTINUE HEARING ON MOTION TO DISMISS COUNTERCLAIMS 119 by Judge Consuelo B. Marshall: The Court, having reviewed the Stipulation of the Parties, and finding good cause, hereby issues an Order to: Continue hearing on Plaintiffs and Counter defendants Motion to Dismiss from March 22, 2022 at 10:00 a.m., to APRIL 21, 2022 at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 03/16/2022) |
| 03/23/2022 | 121 | NOTICE OF ERRATA filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. correcting Joint Stipulation re Discovery Motion 116 *AND SUPPLEMENTAL PLEADING* (Attachments: # 1 Amended Declaration of Warren Braunig in Support of CREXis Portion of Joint Stipulation Concerning CoStars Motion To Compel)(Braunig, Warren) (Entered: 03/23/2022) |
| 03/24/2022 | 122 | APPLICATION to file document *[Supplemental Memorandum, Exhibit B and Exhibit C]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document - Supplemental |

| | | |
|---|---|---|
| | | Memorandum of Law in Support of Plaintiffs and Counterdefendants Costar's Motion to Compel)(Tomkowiak, Sarah) (Entered: 03/24/2022) |
| 03/24/2022 | 123 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Supplemental Memorandum, Exhibit B and Exhibit C]* under seal 122 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Memorandum of Law in Support of Plaintiffs and Counterdefendants Costar's Motion to Compel, # 2 Unredacted Exhibit B, # 3 Unredacted Exhibit C)(Tomkowiak, Sarah) (Entered: 03/24/2022) |
| 03/24/2022 | 124 | RESPONSE IN SUPPORT *[Supplemental Memorandum of Law in Support of Plaintiffs and Counterdefendants Costar's Motion to Compel]* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak)(Tomkowiak, Sarah) (Entered: 03/24/2022) |
| 03/24/2022 | 125 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 123 served on 3/24/22. (Tomkowiak, Sarah) (Entered: 03/24/2022) |
| 03/25/2022 | 126 | ORDER GRANTING PLAINTIFFS AND COUNTERDEFENDANTS COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S MOTION TO COMPEL by Magistrate Judge Alka Sagar: granting 122 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 03/25/2022) |
| 03/28/2022 | 127 | SEALED DOCUMENT *Supplemental Memorandum of Law in Support of Motion to Compel* re Response in Support of Motion, 124 , Order on Motion for Leave to File Document Under Seal, 126 filed by Counter Defendant CoStar Group, Inc., Plaintiff CoStar Group, Inc.. (Attachments: # 1 Exhibit B to Supplemental Declaration of S. Tomkowiak, # 2 Exhibit C to Supplemental Declaration of S. Tomkowiak)(Tomkowiak, Sarah) (Entered: 03/28/2022) |
| 03/28/2022 | 128 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., re Sealed Document, 127 served on 03-28-2022. (Tomkowiak, Sarah) (Entered: 03/28/2022) |
| 03/31/2022 | 129 | STATUS REPORT *Regarding Settlement (Joint)* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Tomkowiak, Sarah) (Entered: 03/31/2022) |
| 04/07/2022 | 130 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Smart (CS). Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (McCloskey, Elizabeth) (Entered: 04/07/2022) |
| 04/07/2022 | 131 | TRANSCRIPT ORDER as to Plaintiff CoStar Group, Inc., CoStar Realty Information Inc. for Court Smart (CS). Court will contact Hector Munoz at hector.munoz@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Tomkowiak, Sarah) (Entered: 04/07/2022) |
| 04/12/2022 | 132 | APPLICATION of Non-Resident Attorney Roberto Borgert to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33118910) filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Greenwald, Elyse) (Entered: 04/12/2022) |

| | | |
|---|---|---|
| 04/13/2022 | 133 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Roberto Borgert to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33118910) 132 . The following error(s) was/were found: Proposed Order has not been flattened and is causing a corruption with the filing. (lt) (Entered: 04/13/2022) |
| 04/14/2022 | 134 | ORDER by Judge Consuelo B. Marshall: GRANTING 132 Non-Resident Attorney Roberto Borgert APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. (shb) (Entered: 04/15/2022) |
| 04/18/2022 | 135 | MINUTES OF (In Chambers): Order Re Plaintiffs' Motion to Compel Responses to Discovery Requests granting in part and denying in part 115 Motion to Compel; Motion Hearing held before Magistrate Judge Alka Sagar. CoStar's motion to compel responses to Interrogatory No. 1 and RFP Nos. 2, 12. 13, and 16 is GRANTED-IN-PART. The motion to Compel responses to RFP No. 25 is DENIED without prejudice. The parties are directed to meet and confer regarding a time frame for compliance with this Order. (see document for further details) Court Recorder: CS 04/07/22. (hr) (Entered: 04/18/2022) |
| 04/18/2022 | 136 | NOTICE of Decision: Opinion by the Ninth Circuit Court of Appeals filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A)(Peters, Elliot) (Entered: 04/18/2022) |
| 04/20/2022 | 137 | RESPONSE filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.to Notice of Decision by other Court 136 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Tomkowiak, Sarah) (Entered: 04/20/2022) |
| 04/21/2022 | 138 | NOTICE of Appearance filed by attorney Jason George on behalf of Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. (Attorney Jason George added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Jason George added to party Commercial Real Estate Exchange Inc.(pty:cc))(George, Jason) (Entered: 04/21/2022) |
| 04/21/2022 | 141 | MINUTES OF HEARING RE MOTION TO DISMISS 82 Hearing held before Judge Consuelo B. Marshall: The case is called and counsel state their appearance. The Court and counsel confer regarding the status of the case. Following discussions with the parties, the Court advises counsel that the motion is taken under submission and a written order will issue. IT IS SO ORDERED. Court Reporter: Marea Woolrich. (shb) (Entered: 04/25/2022) |
| 04/22/2022 | 139 | TRANSCRIPT ORDER as to plaintiff CoStar Group, Inc., CoStar Realty Information Inc. for Court Smart (CS). Court will contact Hector Munoz at hector.munoz@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Tomkowiak, Sarah) (Entered: 04/22/2022) |
| 04/22/2022 | 140 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Reporter. Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (McCloskey, Elizabeth) (Entered: 04/22/2022) |
| 05/04/2022 | 142 | NOTICE Of CoStar's Violation of Mediation Confidentiality Protections and Threat to Misuse Discovery Process in This Litigation filed by Defendant Commercial Real Estate |

| | | |
|---|---|---|
| | | Exchange Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Peters, Elliot) (Entered: 05/04/2022) |
| 05/05/2022 | 143 | RESPONSE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.to Notice (Other), 142 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Boyle, Nicholas) (Entered: 05/05/2022) |
| 05/18/2022 | 144 | TRANSCRIPT for proceedings held on 4/21/2022, 10:07 a.m. Court Reporter: Marea Woolrich, phone number mareawoolrich@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/8/2022. Redacted Transcript Deadline set for 6/21/2022. Release of Transcript Restriction set for 8/16/2022. (mwo) (Entered: 05/18/2022) |
| 05/18/2022 | 145 | NOTICE OF FILING TRANSCRIPT filed for proceedings 4/21/2022 re Transcript 144 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mwo) TEXT ONLY ENTRY (Entered: 05/18/2022) |
| 06/17/2022 | 146 | ORDER RE: COUNTERCLAIM DEFENDANTS 12(B)(6) MOTION TO DISMISS COUNTERCLAIM, 82 by Judge Consuelo B. Marshall: The Court DENIES Costars Motion to Dismiss theCounterclaim as to the ninth claim for trademark infringement, thirteenth claim for unlawful violations of the UCL, and the fourteenth claim for declaratoryjudgment, and GRANTS the Motion to Dismiss as to all other claims with leaveto amend to correct the deficiencies identified in this Order. Any amendedcomplaint shall be filed no later than July 12, 2022. IT IS SO ORDERED. (shb) (Entered: 06/17/2022) |
| 06/21/2022 | 147 | MOTION RE: INFORMAL DISCOVERY DISPUTE. Telephone Conference set for 7/7/2022 09:00 AM before Magistrate Judge Alka Sagar. A call-in number and password will be e-mailed to the parties. (et) (Entered: 06/21/2022) |
| 06/23/2022 | 148 | APPLICATION of Non-Resident Attorney Elizabeth A. Parvis to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33514497) filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 06/23/2022) |
| 06/27/2022 | 149 | ORDER by Judge Consuelo B. Marshall: GRANTING 148 Non-Resident Attorney Elizabeth A. Parvis APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. (shb) (Entered: 06/28/2022) |
| 06/28/2022 | 150 | STIPULATION for Extension of Time to File Amended Counterclaims, Schedule for Briefing Costars Motion to Dismiss Amended Counterclaims, and the Time for Costars Answer filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Goldberg, Nicholas) (Entered: 06/28/2022) |
| 07/01/2022 | 151 | MINUTES (In Chambers): Order Re Supplemental Briefing Re Informal Discovery Conference by Magistrate Judge Alka Sagar, re: MOTION Re: Informal Discovery Dispute 147 . The Court, having reviewed the parties' submissions, attached declarations, and exhibits, finds additional briefing is warranted. The Court directs CREXI - no later than July 8, 2022 - to submit further briefing. The hearing on July 7, 2022 is VACATED and off calendar. The parties are to meet and confer regarding a continued hearing date. (see document for further details) (hr) (Entered: 07/01/2022) |
| 07/12/2022 | 152 | ORDER GRANTING STIPULATION REGARDING CREXIS TIME FOR FILING AMENDED COUNTERCLAIMS, SCHEDULE FOR BRIEFING COSTARS MOTION |

| | | |
|---|---|---|
| | | TO DISMISS AMENDED COUNTERCLAIMS, AND THE TIME FOR COSTARS ANSWER 150 by Judge Consuelo B. Marshall: Upon consideration of the parties Stipulation, and good cause appearing, IT IS SO ORDERED. CREXi shall file the permitted amended Counterclaims no later than August 5, 2022. CoStar shall file any motion to dismiss CREXis amended Counterclaims no later than September 16, 2022. CREXi shall file any opposition to CoStars motion to dismiss no later than October 21, 2022. CoStar shall file any reply in support of its motion to dismiss no later than November 14, 2022. CoStar shall answer CREXis Counterclaims no later than 28 days after the Court rules on CoStars motion to dismiss CREXis amended Counterclaims. If CREXi elects not to amend its Counterclaims, CoStars answer shall be due on September 16, 2022. (shb) (Entered: 07/13/2022) |
| 07/20/2022 | 153 | SCHEDULING NOTICE by Magistrate Judge Alka Sagar. The hearing re: MOTION RE: INFORMAL DISCOVERY DISPUTE (Docket No. 147 ) previously scheduled for July 7, 2022 at 9:00 a.m. has been rescheduled to August 2, 2022 at 1:00 p.m. A call-in number and password will be e-mailed to the parties. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 07/20/2022) |
| 07/27/2022 | 154 | APPLICATION of Non-Resident Attorney Anne C. Malinee to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33705429) filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 07/27/2022) |
| 07/29/2022 | 155 | ORDER by Judge Consuelo B. Marshall: GRANTING 154 Non-Resident Attorney Anne C. Malinee APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc, designating Elyse M. Greenwald as local counsel. (shb) (Entered: 07/29/2022) |
| 08/02/2022 | 156 | MINUTES OF (In Chambers): Order Re Informal Discovery Conference settling 147 Motion Re: Informal Discovery Dispute; Telephone Conference held before Magistrate Judge Alka Sagar. For the reasons discussed at the hearing, the requests for additional custodians are GRANTED IN PART (see document for further details). Court Recorder: CS 08/02/22. (hr) (Entered: 08/03/2022) |
| 08/03/2022 | 157 | TRANSCRIPT ORDER as to Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. for Court Smart (CS). Court will contact Shirin Behrooz at shirin.behrooz@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Tomkowiak, Sarah) (Entered: 08/03/2022) |
| 08/03/2022 | 158 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Smart (CS). Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (McCloskey, Elizabeth) (Entered: 08/03/2022) |
| 08/04/2022 | 159 | AMENDED MINUTES OF (In Chambers): Order Re Informal Discovery Conference held before Magistrate Judge Alka Sagar, amending MINUTES OF (In Chambers): Order Re Informal Discovery Conference 156 . (see document for details) (hr) (Entered: 08/04/2022) |
| 08/05/2022 | 160 | APPLICATION to file document *CREXi's First Amended Counterclaims, and Exhibit C* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document)(Peters, Elliot) (Entered: 08/05/2022) |

| | | |
|---|---|---|
| 08/05/2022 | 161 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *CREXi's First Amended Counterclaims, and Exhibit C* under seal 160 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document CREXi's First Amended Counterclaims, # 2 Unredacted Document Ex. C)(Peters, Elliot) (Entered: 08/05/2022) |
| 08/05/2022 | 162 | FIRST AMENDED COUNTERCLAIM against Counter-Defendant CoStar Group, Inc., CoStar Realty Information Inc. amending Counterclaim, 74 ; JURY DEMAND, filed by Defendant and Counter-Claimant Commercial Real Estate Exchange Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Redacted Document Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (Peters, Elliot) (Entered: 08/05/2022) |
| 08/05/2022 | 163 | CERTIFICATE OF SERVICE filed by Defendant and Counter-Claimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 161 served on 08/05/2022. (Peters, Elliot) (Entered: 08/05/2022) |
| 08/08/2022 | 164 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Amended Counterclaim, 162 . The following error(s) was/were found: The First Amended Complaint was filed prematurely as the proposed order has not been signed by Judge Marshall In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 08/08/2022) |
| 08/09/2022 | 165 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *CREXi's First Amended Counterclaims, and Exhibit C* under seal 160 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document (Exhibit A - CREXi's First Amended Counterclaims))(Greenwald, Elyse) (Entered: 08/09/2022) |
| 08/09/2022 | 166 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 165 served on August 9, 2022. (Greenwald, Elyse) (Entered: 08/09/2022) |
| 08/11/2022 | 167 | TRANSCRIPT for proceedings held on 08-02-2022. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626) 963-0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/1/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (jmo) (Entered: 08/12/2022) |
| 08/11/2022 | 168 | NOTICE OF FILING TRANSCRIPT filed for proceedings 08-02-2022 re Transcript 167 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jmo) TEXT ONLY ENTRY (Entered: 08/12/2022) |
| 08/16/2022 | 169 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *CREXi's First Amended Counterclaims, and Exhibit C* under seal 160 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A, # 2 Proof of Service)(Goldberg, Nicholas) (Entered: 08/16/2022) |
| 08/16/2022 | 170 | ORDER GRANTING DEFENDANT AND COUNTER-CLAIMANT CREXIS APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF CREXIS FIRST AMENDED COUNTERCLAIMS, 160 by Judge |

| | | |
|---|---|---|
| | | Consuelo B. Marshall: The Court, having read and considered Defendant and Counterclaimant Commercial Real Estate Exchange, Inc's ("CREXi 's") Application for Leave to File Under Seal Certain Documents in Support of First Amended Counterclaims ("Application"), and compelling reasons having been established, hereby GRANTS CREXi' s Application. The documents set forth below, which were submitted on August 5, 2022, are to be filed under seal pursuant to Local Rule 79-5: Documents to be Filed Under Seal: Unredacted Version of CREXi's First Amended Counterclaims and Exhibit C to CREXi's First Amended Counterclaims. IT IS SO ORDERED. (shb) Modified on 8/17/2022 (shb). (Entered: 08/17/2022) |
| 08/19/2022 | 171 | SEALED DOCUMENT *Crexi's First Amended Counterclaims, and Exhibit C* re Order on Motion for Leave to File Document Under Seal,,, 170 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit C [FILED UNDER SEAL], # 2 Proof of Service re Under Seal Documents)(Peters, Elliot) (Entered: 08/19/2022) |
| 08/24/2022 | 172 | APPLICATION to file document *Boyle Declaration Exs. A-C* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Application set for hearing on 9/29/2022 at 10:00 AM before Magistrate Judge Alka Sagar. (Attachments: # 1 Redacted Document Ex. A to BoyleDeclaration, # 2 Redacted Document Ex. B to Boyle Declaration, # 3 Redacted Document Ex. C to Boyle Declaration, # 4 Proposed Order)(Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 173 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Boyle Declaration Exs. A-C* under seal 172 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Boyle Ex. A [UNDER SEAL], # 2 Unredacted Document Boyle Ex. B [UNDER SEAL], # 3 Unredacted Document Boyle Ex. C [UNDER SEAL], # 4 PROOF OF SERVICE)(Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 174 | NOTICE OF MOTION AND MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 9/29/2022 at 10:00 AM before Magistrate Judge Alka Sagar. (Attachments: # 1 Memorandum, # 2 Exhibit Exhibit A to MPA, # 3 Exhibit Exhibit B to MPA, # 4 Proposed Order)(Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 175 | DECLARATION of ELIZABETH K. MCCLOSKEY in Support MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 176 | DECLARATION of LAWSON DEES in Support MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 177 | DECLARATION of ROHAN K. GEORGE in Support MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 178 | DECLARATION of NICHOLAS J. BOYLE in Opposition MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 *Filed on Behalf of Plaintiff COSTAR GROUP, INC. et al.* filed by Defendant Commercial Real |

| | | |
|---|---|---|
| | | Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 179 | DECLARATION of Faraz Alam Sagar in Opposition MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 *Filed on Behalf of Plaintiff COSTAR GROUP, INC. et al.* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A-B, # 2 Exhibit C, # 3 Exhibit D-F, # 4 Exhibit G-J, # 5 Exhibit K, # 6 Exhibit L-M, # 7 Exhibit N)(Peters, Elliot) (Entered: 08/24/2022) |
| 08/24/2022 | 180 | DECLARATION of Justice B.N. Srikrishna Opinion Letter in Opposition MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 *Filed on Behalf of Plaintiff COSTAR GROUP, INC. et al.* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit 1-16, # 2 Exhibit 17-20, # 3 Exhibit 21-45) (Peters, Elliot) (Entered: 08/24/2022) |
| 08/26/2022 | 181 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Declaration of Justice B.N. Srikrishna Opinion Letter 180 . The following error(s) was/were found: Title page is missing. See Local Rule 11-3.8 Title Page. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (hr) (Entered: 08/26/2022) |
| 08/29/2022 | 182 | ORDER GRANTING DEFENDANT AND COUNTERCLAIMANT CREXI'S APPLICATION FOR LEAVE TO FILE UNDER SEAL by Magistrate Judge Alka Sagar: granting 172 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 08/29/2022) |
| 09/01/2022 | 183 | Notice of Appearance or Withdrawal of Counsel: for attorney Elizabeth K McCloskey counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Elizabeth K. McCloskey is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.. (McCloskey, Elizabeth) (Entered: 09/01/2022) |
| 09/07/2022 | 184 | MOTION RE: INFORMAL DISCOVERY DISPUTE. Telephone Conference set for 9/14/2022 10:00 AM before Magistrate Judge Alka Sagar. A call-in number and password will be e-mailed to the parties. (et) (Entered: 09/07/2022) |
| 09/07/2022 | 185 | Notice of Appearance or Withdrawal of Counsel: for attorney Niall M. Roberts counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Adding Niall M. Frizzell as counsel of record for Commercial Real Estate Exchange, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Niall M. Frizzell. (Attorney Niall M. Roberts added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Niall M. Roberts added to party Commercial Real Estate Exchange Inc.(pty:cc))(Roberts, Niall) (Entered: 09/07/2022) |
| 09/09/2022 | 186 | EX PARTE APPLICATION for Leave to file A 10 page Supplemental Memorandum in Support of Its Motion to Compel Discovery Regarding Costar's Settlement with Arcgate filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order) (Braunig, Warren) (Entered: 09/09/2022) |
| 09/09/2022 | 187 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re EX PARTE APPLICATION for Leave to file A 10 page Supplemental |

| | | |
|---|---|---|
| | | Memorandum in Support of Its Motion to Compel Discovery Regarding Costar's Settlement with Arcgate 186 served on 09/09/2022. (Braunig, Warren) (Entered: 09/09/2022) |
| 09/12/2022 | 188 | ORDER GRANTING CREXI'S EX PARTE APPLICATION FOR LEAVE TO FILE A TEN-PAGE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE by Magistrate Judge Alka Sagar: granting 186 EX PARTE APPLICATION for Leave to File. CREXi may file a supplemental memorandum in support of its Motion of up to ten (10) pages in length, which memorandum shall be filed on or before September 15, 2022. (hr) (Entered: 09/12/2022) |
| 09/14/2022 | 189 | MINUTES OF (In Chambers):Order Re Informal Discovery Conference, settling 184 Motion Re: Informal Discovery Dispute; Telephone Conference held before Magistrate Judge Alka Sagar. For the reasons stated at the hearing, the Court orders CoStar to provide a supplemental response to Request for Production No. 75, to include not only its communications with the FTC, but also documents produced to, or exchanged with, the FTC that "bear on the antitrust allegations in this matter, CoStar's purported exclusive agreements with customers, its modification of property listing information or images and trademark infringement." The Court grants CoStars unopposed request to SEAL the hearing on this IDC. (see document for further details) Court Recorder: SEALED CS 09/14/22. (hr) (Entered: 09/14/2022) |
| 09/15/2022 | 190 | SUPPLEMENT to MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Rohan George in Support of Motion to Compel)(Braunig, Warren) (Entered: 09/15/2022) |
| 09/15/2022 | 191 | APPLICATION to file document *(Supplemental Memorandum and Exhibit G to the Declaration of Nicholas J. Boyle)* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Supplemental Memorandum, # 2 Redacted Declaration of Nicholas J. Boyle, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 09/15/2022) |
| 09/15/2022 | 192 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(Supplemental Memorandum and Exhibit G to the Declaration of Nicholas J. Boyle)* under seal 191 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Supplemental Memorandum, # 2 Unredacted Exhibit G to the Declaration of Nicholas J. Boyle)(Boyle, Nicholas) (Entered: 09/15/2022) |
| 09/15/2022 | 193 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 192 served on 9/15/22. (Boyle, Nicholas) (Entered: 09/15/2022) |
| 09/15/2022 | 194 | Supplemental Opposition re: MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Declaration of Nicholas J. Boyle and Exhibits A-G, # 2 Declaration of Faraz Sagar and Exhibits A-D)(Boyle, Nicholas) (Entered: 09/15/2022) |
| 09/16/2022 | 195 | ORDER GRANTING PLAINTIFFS AND COUNTERDEFENDANTS COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CREXI'S MOTION TO COMPEL by Magistrate Judge Alka Sagar: granting 191 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 09/16/2022) |

| | | |
|---|---|---|
| 09/16/2022 | 196 | APPLICATION to file document *Motion to Dismiss CREXi's Amended Counterclaims* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Application set for hearing on 12/6/2022 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order, # 2 Motion to Dismiss Amended Counterclaims (REDACTED)) (Boyle, Nicholas) (Entered: 09/16/2022) |
| 09/16/2022 | 197 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Dismiss CREXi's Amended Counterclaims* under seal 196 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Motion to Dismiss Amended Counterclaims (UNREDACTED))(Boyle, Nicholas) (Entered: 09/16/2022) |
| 09/16/2022 | 198 | NOTICE OF MOTION AND MOTION to Dismiss CREXi's Amended Counterclaims *(REDACTED)* filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 12/6/2022 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order) (Boyle, Nicholas) (Entered: 09/16/2022) |
| 09/16/2022 | 199 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 197 served on 09/16/2022. (Greenwald, Elyse) (Entered: 09/16/2022) |
| 09/19/2022 | 200 | ORDER GRANTING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN INFORMATION IN COSTAR'S MOTION TO DISMISS CREXI'S AMENDED COUNTERCLAIMS 196 by Judge Consuelo B. Marshall. The document set forth below, which was submitted on September 16, 2022, may be filed under seal pursuant to Local Rule 79-5: Unredacted Version of CoStar's Notice of Motion and Motion to Dismiss CREXi's Amended Counterclaims; Memorandum of Points and Authorities. (lom) (Entered: 09/19/2022) |
| 09/19/2022 | 201 | SEALED DOCUMENT *[Supplemental Memorandum]* re Objection/Opposition (Motion related), 194 , Order on Motion for Leave to File Document Under Seal, 195 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed Exhibit G to the Declaration of Nicolas J. Boyle)(Boyle, Nicholas) (Entered: 09/19/2022) |
| 09/19/2022 | 202 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document, 201 served on 9/19/22. (Boyle, Nicholas) (Entered: 09/19/2022) |
| 09/20/2022 | 203 | SEALED NOTICE OF MOTION AND MOTION *to Dismiss CREXi's Amended Counterclaims* re Order on Motion for Leave to File Document Under Seal, 200 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 12/6/2022 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 09/20/2022) |
| 09/20/2022 | 204 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re SEALED NOTICE OF MOTION AND MOTION *to Dismiss CREXi's Amended Counterclaims* re Order on Motion for Leave to File Document Under Seal, 200 203 served on 09/20/2022. (Greenwald, Elyse) (Entered: 09/20/2022) |
| 09/21/2022 | 205 | Joint STIPULATION for Order Case Schedule filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Goldberg, Nicholas) (Entered: 09/21/2022) |

| | | |
|---|---|---|
| 09/21/2022 | 206 | APPLICATION of Non-Resident Attorney David L. Johnson to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-34022463) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order)(Greenwald, Elyse) (Entered: 09/21/2022) |
| 09/23/2022 | 207 | SCHEDULING NOTICE AND ORDER by Magistrate Judge Alka Sagar. COUNSEL OF RECORD ARE HEREBY NOTIFIED, hearing on the MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE (Docket No. 174 ), scheduled for September 29, 2022 at 10:00 a.m. will be held via telephone conference. The call-in number and password will be e-mailed to the parties. IT IS SO ORDERED. Text Only Entry re THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 09/23/2022) |
| 09/23/2022 | 208 | REQUEST for Order for CoStar to Obtain a Copy of Sealed Transcript filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 09/23/2022) |
| 09/23/2022 | 209 | ORDER GRANTING COSTAR'S REQUEST FOR AN ORDER AUTHORIZING COSTAR TO OBTAIN A COPY OF SEALED TRANSCRIPT by Magistrate Judge Alka Sagar: granting 208 REQUEST. A copy of the sealed transcript from the proceedings held before the Court on September 14, 2022 shall be released to counsel for CoStar. The hearing transcript should otherwise remain sealed. (hr) (Entered: 09/23/2022) |
| 09/23/2022 | 210 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Smart (CS). Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Goldberg, Nicholas) (Entered: 09/23/2022) |
| 09/23/2022 | 211 | TRANSCRIPT ORDER as to Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. for Court Smart (CS). Court will contact Uchenna Anikwe at uchenna.anikwe@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Attachments: # 1 Order Authorizing CoStar to Obtain a Copy of Sealed Transcript)(Greenwald, Elyse) (Entered: 09/23/2022) |
| 09/23/2022 | 212 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Transcript Order Form (G-120), 210 . The following error(s) was found: Sealed Hearing. Court Order granting must be filed. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jmo) TEXT ONLY ENTRY (Entered: 09/23/2022) |
| 09/23/2022 | 213 | ***STRICKEN PER ORDER 216 *** REQUEST for Order for To Obtain A Copy Of Sealed Transcript *[Proposed] Order Granting Commercial Real Estate Exchange, Inc.s Request For An Order For Authorization To Obtain A Copy Of Sealed Transcript* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Goldberg, Nicholas) Modified on 9/26/2022 (hr). (Entered: 09/23/2022) |
| 09/26/2022 | 215 | NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: REQUEST for Order for To Obtain A Copy Of Sealed Transcript *[Proposed] Order Granting Commercial Real Estate Exchange, Inc.s Request For An Order For Authorization To Obtain A Copy Of Sealed Transcript* 213 . The following error(s) was/were found: Incorrect document is attached to the docket entry. Other error(s) with document(s): Counsel failed to file a "Request for Order". In response to this notice, the Court may: (1) order an amended or |

| | | |
|---|---|---|
| | | correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (hr) (Entered: 09/26/2022) |
| 09/26/2022 | 216 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Deficiency in Electronically Filed Documents (G-112A) 215 , REQUEST for Order for To Obtain A Copy Of Sealed Transcript *[Proposed] Order Granting Commercial Real Estate Exchange, Inc.s Request For An Order For Authorization To Obtain A Copy Of Sealed Transcript* 213 by Magistrate Judge Alka Sagar. The document is stricken. - Counsel is directed to file a "Request For An Order For Authorization to Obtain a Copy of Sealed Transcript" and attach the proposed order. Submit the proposed order via e-mail to Judge Sagar's Chambers at: AS_Chambers@cacd.uscourts.gov in Word or Word Perfect version with Judge Sagar's name. - You may contact the Help Desk at (213) 894-0242 or ecf-helpdesk@cacd.uscourts.gov for assistance in properly e-filing documents. (hr) (Entered: 09/26/2022) |
| 09/26/2022 | 217 | REQUEST for Order for Authorization to Obtain a Copy of Sealed Transcript filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order) (Goldberg, Nicholas) (Entered: 09/26/2022) |
| 09/26/2022 | 218 | SCHEDULING NOTICE AND ORDER by Magistrate Judge Alka Sagar. COUNSEL OF RECORD ARE HEREBY NOTIFIED, on the Court's own motion, the hearing on the MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE (Docket No. 174 ), previously scheduled for September 29, 2022 at 10:00 a.m. has been rescheduled to October 6, 2022 at 10:00 a.m. Parties are to utilize the same call-in number and password previously emailed to them. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 09/26/2022) |
| 09/26/2022 | 219 | ORDER by Judge Consuelo B. Marshall: GRANTING 206 Non-Resident Attorney David L. Johnson APPLICATION to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. (shb) (Entered: 09/26/2022) |
| 09/26/2022 | 220 | ORDER GRANTING COMMERCIAL REAL ESTATE EXCHANGE, INC.'S REQUEST FOR AN ORDER FOR AUTHORIZATION TO OBTAIN A COPY OF SEALED TRANSCRIPT by Magistrate Judge Alka Sagar: granting 217 Request for Order. A copy of the sealed transcript from the proceedings held before the Court on September 14, 2022 shall be released to counsel for Crexi. The hearing transcript should otherwise remain sealed. (hr) (Entered: 09/26/2022) |
| 09/28/2022 | 221 | ORDER GRANTING JOINT STIPULATION REGARDING CASE SCHEDULE 205 by Judge Consuelo B. Marshall: IT IS ORDERED that the following schedule be set in this matter. Fact Discovery cut-off May 31, 2023., Motions due by November 14, 2023., Motions in Limine to be filed by December 19, 2023., Jury Trial set for March 26, 2024 at 10:00 a.m., Pretrial Conference set for February 6, 2024 at 2:30 p.m. IT IS FURTHER ORDERED that Plaintiffs may file a total of twenty (20) fact depositions, and Defendant may take a total of twenty (20) fact depositions. this order is made without prejudice to any party's ability to later seek leave under Federal Rule of Civil Procedure 30(a)(2) to take additional fact depositions if justified. (shb) (Entered: 09/28/2022) |
| 09/28/2022 | 222 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Smart (CS). Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Attachments: # 1 Order |

| | | |
|---|---|---|
| | | Granting Commercial Real Estate Exchange, Inc.'s Request for an Order for Authorization to Obtain a Copy of Sealed Transcript)(Goldberg, Nicholas) (Entered: 09/28/2022) |
| 10/04/2022 | 223 | SCHEDULING NOTICE AND ORDER by Magistrate Judge Alka Sagar. COUNSEL OF RECORD ARE HEREBY NOTIFIED, pursuant to the parties request, the hearing on MOTION to Compel Discovery Regarding CoStars Settlement with Arcgate (Docket No. 174 & 218 )), will be heard by Zoom. The parties are referred to Judge Sagar's Procedures and Schedules( http://www.cacd.uscourts.gov/honorable-alka-sagar ) to obtain the Zoom login information. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 10/04/2022) |
| 10/07/2022 | 224 | MEMORANDUM in Support of MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 *Second Supplemental Memorandum* filed by Defendant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 10/07/2022) |
| 10/17/2022 | 225 | Notice of Appearance or Withdrawal of Counsel: for attorney Katie Lynn Joyce counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Adding Katie Lynn Joyce as counsel of record for Commercial Real Estate Exchange, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.. (Attorney Katie Lynn Joyce added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Katie Lynn Joyce added to party Commercial Real Estate Exchange Inc.(pty:cc))(Joyce, Katie) (Entered: 10/17/2022) |
| 10/17/2022 | 226 | SCHEDULING NOTICE by Magistrate Judge Alka Sagar. COUNSEL OF RECORD ARE HEREBY NOTIFIED, a follow-up telephone conference re: MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 is placed on calendar for October 20, 2022 at 10:00 a.m. PST. A call-in number and password will be e-mailed to the parties. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 10/17/2022) |
| 10/20/2022 | 227 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Smart (CS). Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Goldberg, Nicholas) (Entered: 10/20/2022) |
| 10/20/2022 | 228 | TRANSCRIPT ORDER as to Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. for Court Smart (CS). Court will contact Lindsay Cinotto at lindsay.cinotto@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Tomkowiak, Sarah) (Entered: 10/20/2022) |

| | | |
|---|---|---|
| 10/21/2022 | 229 | MINUTES OF (In Chambers): Order Directing Parties to Meet and Confer; Motion Hearing held before Magistrate Judge Alka Sagar; Telephone Conference held before Magistrate Judge Alka Sagar. For the reasons stated at the October 20, 2022 hearing, the Court invites the parties to meet and confer, no later than ten (10) days from the date of this Order, to determine if they can agree to an in camera review of communications and documents relating to the preparation and finalization of the declaration of Kunal Bagla (which is incorporated in the settlement agreement between CoStar and Arcgate; see Dkt. No. 100). If the parties are amenable to an in camera review, they shall file a joint statement requesting an in camera review - no later than fourteen (14) days from the date of this Order (see document for further details). Court Recorder: CS 10/06/22 & CS 10/20/22. (hr) (Entered: 10/21/2022) |
| 10/21/2022 | 230 | APPLICATION to file document *(CREXi's Opposition to Motion to Dismiss; Ex. A (Redline First Amended Counterclaims))* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Application set for hearing on 12/6/2022 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order, # 2 Redacted Document CREXi's Opposition to CoStar's Motion to Dismiss Amended Counterclaims, # 3 Redacted Document Ex. A Counterclaim Redline)(Peters, Elliot) (Entered: 10/21/2022) |
| 10/21/2022 | 231 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(CREXi's Opposition to Motion to Dismiss; Ex. A (Redline First Amended Counterclaims))* under seal 230 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document CREXi's Opposition to CoStar's Motion to Dismiss Amended Counterclaims, # 2 Unredacted Document Ex. A Counterclaim Redline)(Peters, Elliot) (Entered: 10/21/2022) |
| 10/21/2022 | 232 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss CREXi's Amended Counterclaims *(REDACTED)* 198 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A)(Peters, Elliot) (Entered: 10/21/2022) |
| 10/21/2022 | 233 | CERTIFICATE OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 231 served on 10/21/2022. (Peters, Elliot) (Entered: 10/21/2022) |
| 10/25/2022 | 234 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(CREXi's Opposition to Motion to Dismiss; Ex. A (Redline First Amended Counterclaims))* under seal 230 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Greenwald, Elyse) (Entered: 10/25/2022) |
| 10/25/2022 | 235 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 234 served on 10/25/2022. (Greenwald, Elyse) (Entered: 10/25/2022) |
| 10/27/2022 | 236 | TRANSCRIPT for proceedings held on 10/6/2022. Court Reporter/Electronic Court Recorder: JAMS CERTIFIED TRANSCRIPTION, phone number (661) 609-4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/17/2022. Redacted Transcript Deadline set for 11/28/2022. Release of Transcript Restriction set for 1/25/2023. (aa) (Entered: 10/28/2022) |

| | | |
|---|---|---|
| 10/27/2022 | 237 | NOTICE OF FILING TRANSCRIPT filed for proceedings 10/6/2022 re Transcript 236 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 10/28/2022) |
| 10/27/2022 | 238 | TRANSCRIPT for proceedings held on 10/20/2022. Court Reporter/Electronic Court Recorder: JAMS CERTIFIED TRANSCRIPTION, phone number (661) 609-4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/17/2022. Redacted Transcript Deadline set for 11/28/2022. Release of Transcript Restriction set for 1/25/2023. (aa) (Entered: 10/28/2022) |
| 10/27/2022 | 239 | NOTICE OF FILING TRANSCRIPT filed for proceedings 10/20/2022 re Transcript 238 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 10/28/2022) |
| 11/04/2022 | 240 | STATUS REPORT *Joint Submission re In Camera Review* filed by Defendant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 11/04/2022) |
| 11/04/2022 | 241 | DECLARATION of Christine M. Zaleski in support of Crexi's Motion to Compel Discovery Regarding Costar's Settlement with Arcgate MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Defendant Commercial Real Estate Exchange Inc.. (Zaleski, Christine) (Entered: 11/04/2022) |
| 11/07/2022 | 242 | STATEMENT of Costar's Supplemental Response to the Court's October 21, 2022 Minute Order and the Declaration of Christine Zaleski re: MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 11/07/2022) |
| 11/09/2022 | 243 | [STRICKEN DOCUMENT PER ORDER SEE DOCUMENT NO. 244 ] MEMORANDUM in Support of MOTION to Compel DISCOVERY REGARDING COSTARS SETTLEMENT WITH ARCGATE 174 *Further Memorandum Responding To Costars "Supplemental Statement"* filed by Defendant Commercial Real Estate Exchange Inc.. (Peters, Elliot) Modified on 11/10/2022 (et). (Entered: 11/09/2022) |
| 11/10/2022 | 244 | MINUTES (In Chambers):Order Re: Motion to Compel (Dkt. No. 174 ) by Magistrate Judge Alka Sagar: Since the parties have declined the Court's invitation for in camera review, the motion is now under submission. No further filings will be accepted without prior leave of Court. Accordingly, Crexi's further memorandum responding to CoStars supplemental statement is STRICKEN. (Dkt. No. 243 ). (see document for further details). (et) (Entered: 11/10/2022) |
| 11/14/2022 | 245 | REPLY in Support of NOTICE OF MOTION AND MOTION to Dismiss CREXi's Amended Counterclaims *(REDACTED)* 198 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 11/14/2022) |
| 11/16/2022 | 246 | ORDER REGARDING CREXIS APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF ITS OPPOSITION TO COSTARS MOTION TO DISMISS CREXIS AMENDED COUNTERCLAIMS 230 by Judge Consuelo B. Marshall: The Court GRANTS the Application to Seal. Document to be Filed Under Seal: Unredacted Version of Exhibit A ( a redline comparing CREXi's Junne 23, 2021 Counterclaims and August 5, 2022 First Amended Counterclaims); Unredacted |

| | | |
|---|---|---|
| | | Version of CREXi's Opposition to CoStar's Motion to Dismiss. IT IS SO ORDERED. (shb) (Entered: 11/16/2022) |
| 11/17/2022 | 247 | SEALED OPPOSITION RE Order on Motion for Leave to File Document Under Seal,, 246 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A to CREXIS Opposition To Costars Motion To Dismiss Amended Counterclaims)(Peters, Elliot) (Entered: 11/17/2022) |
| 11/17/2022 | 248 | CERTIFICATE OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Opposition, 247 served on November 17, 2022. (Peters, Elliot) (Entered: 11/17/2022) |
| 11/28/2022 | 249 | MOTION RE: INFORMAL DISCOVERY DISPUTE. Telephone Conference set for 12/8/2022 at 11:00 AM before Magistrate Judge Alka Sagar. (see document for further details) (hr) (Entered: 11/28/2022) |
| 11/30/2022 | 250 | APPLICATION of Non-Resident Attorney Caitlin E. Dahl to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-34401313) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 11/30/2022) |
| 11/30/2022 | 251 | MINUTES (In Chambers): Order Re: Informal Discovery Conference by Magistrate Judge Alka Sagar, re: MOTION Re: Informal Discovery Dispute 249 . Given it is unclear whether CREXI was able to review CoStar's supplemental briefing or file its own reply, the parties are directed to file the IDC as a motion in compliance with Rule 37. The hearing on December 8, 2022 is VACATED. (see document for further details) (hr) (Entered: 11/30/2022) |
| 12/02/2022 | 252 | APPLICATION of Non-Resident Attorney Lauren M. McGuire to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-34412354) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 12/02/2022) |
| 12/02/2022 | 253 | ORDER by Judge Consuelo B. Marshall: GRANTING, 250 Non-Resident Attorney Caitlin E. Dahl APPLICATION to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. (shb) (Entered: 12/02/2022) |
| 12/02/2022 | 254 | APPLICATION of Non-Resident Attorney Katherine L. Griffitts to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-34414309) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 12/02/2022) |
| 12/02/2022 | 255 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Lauren M. McGuire to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $5 252 . The following error(s) was/were found: Proposed Order has not been flattened and is causing a corruption with the filing. (lt) (Entered: 12/02/2022) |

| | | |
|---|---|---|
| 12/02/2022 | 256 | Corrected APPLICATION of Non-Resident Attorney Lauren M. McGuire to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500.00 Previously Paid on 12/2/2022, Receipt No. 34412354) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 12/02/2022) |
| 12/05/2022 | 257 | APPLICATION to file document *Joint Motion to Compel, Declaration of S. Tomkowiak w/ Exhibits and Declaration of N. Frizzell w/ Exhibits* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Joint Motion to Compel [Redacted], # 2 Declaration of S. Tomkowiak iso Motion to Compel [Redacted], # 3 Declaration of N. Frizzell iso Opposition to Motion to Compel [Redacted], # 4 Proposed Order)(Boyle, Nicholas) (Entered: 12/05/2022) |
| 12/05/2022 | 258 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Joint Motion to Compel, Declaration of S. Tomkowiak w/ Exhibits and Declaration of N. Frizzell w/ Exhibits* under seal 257 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Joint Motion to Compel [Unredacted], # 2 Declaration of S. Tomkowiak iso Motion to Compel w/ Exhibit A and Exhibits 1 through 11[Unedacted], # 3 Exhibits 12 through 21 to S. Tomkowiak Declaration [Unredacted], # 4 Exhibits 22 through 32 to S. Tomkowiak Declaration [Unredacted], # 5 Exhibits 33 through 43 to S. Tomkowiak Declaration [Unredacted], # 6 Declaration of N. Frizzell w/ Exhibits A through N [Unredacted])(Boyle, Nicholas) (Entered: 12/05/2022) |
| 12/05/2022 | 259 | NOTICE OF MOTION AND MOTION to Compel Discovery Regarding CREXi's Third-Party Agents filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/12/2023 at 10:00 AM before Magistrate Judge Alka Sagar. (Attachments: # 1 Joint Motion to Compel [Redacted], # 2 Declaration of S. Tomkowiak iso Motion to Compel [Redacted], # 3 Declaration of N. Frizzell iso Opposition to Motion to Compel [Redacted], # 4 Proposed Order)(Boyle, Nicholas) (Entered: 12/05/2022) |
| 12/05/2022 | 260 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,, 258 served on 12/05/2022. (Boyle, Nicholas) (Entered: 12/05/2022) |
| 12/05/2022 | 261 | ORDER by Judge Consuelo B. Marshall: granting 252 256 Non-Resident Attorney Lauren M. McGuire APPLICATION to Appear Pro Hac Vice on behalf of CoStar Group, Inc. and for CoStar Realty Information Inc, designating Elyse M. Greenwald as local counsel. (lom) (Entered: 12/06/2022) |
| 12/05/2022 | 262 | ORDER by Judge Consuelo B. Marshall: granting 254 Non-Resident Attorney Katherine L. Griffitts APPLICATION to Appear Pro Hac Vice on behalf of CoStar Group, Inc. and for CoStar Realty Information Inc, designating Elyse M. Greenwald as local counsel. (lom) (Entered: 12/06/2022) |
| 12/06/2022 | 263 | ORDER ORDER REGARDING PLAINTIFFS AND COUNTERDEFENDANTS COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S MOTION TO COMPEL DISCOVERY REGARDING CREXI'S THIRD-PARTY AGENTS by Magistrate Judge Alka Sagar: granting 257 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 12/06/2022) |
| 12/06/2022 | 264 | MINUTES OF HEARING RE PLANTIFF'S MOTION TO DISMISS CREXI'S AMENDED COUNTERCLAIMS 198 ; PLAINTIFF'S MOTION TO DISMISS |

| | | |
|---|---|---|
| | | CREXI'S AMENDED COUNTERCLAIMS 203 Hearing held before Judge Consuelo B. Marshall. The Court and counsel confer regarding the status of the case. Following discussions with the parties, the Court advises counsel that the motions are taken under submission and a written order will issue. Court Reporter: Maria Bustillos. (lom) (Entered: 12/06/2022) |
| 12/08/2022 | 265 | SEALED NOTICE OF MOTION AND MOTION / *Sealed Joint Motion to Compel Discovery* re Order on Motion for Leave to File Document Under Seal, 263 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of S. Tomkowiak w/ Exhibit A and Exhibits 1 through 11, # 2 Exhibits 12 through 21 to S. Tomkowiak Declaration, # 3 Exhibits 22 through 32 to S. Tomkowiak Declaration, # 4 Exhibits 33 to 43 to S. Tomkowiak Declaration, # 5 Declaration of N. Frizzell w/ Exhibits A through N)(Boyle, Nicholas) (Entered: 12/08/2022) |
| 12/08/2022 | 266 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re SEALED NOTICE OF MOTION AND MOTION / *Sealed Joint Motion to Compel Discovery* re Order on Motion for Leave to File Document Under Seal, 263 265 served on 12/08/2022. (Boyle, Nicholas) (Entered: 12/08/2022) |
| 12/08/2022 | 267 | TRANSCRIPT ORDER as to Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. for Court Reporter. Court will contact Shirin Behrooz at shirin.behrooz@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Greenwald, Elyse) (Entered: 12/08/2022) |
| 12/09/2022 | 268 | TEXT ONLY ENTRY (IN CHAMBERS) by Judge Alka Sagar. The Court has revised its procedures regarding its Informal Discovery Dispute Resolution in discovery cases assigned to Judge Sagar. More information about the new procedure is available at http://www.cacd.uscourts.gov/honorable-alka-sagar. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (afe) TEXT ONLY ENTRY (Entered: 12/09/2022) |
| 12/09/2022 | 269 | TRANSCRIPT ORDER as to Defendant and Counterclaimant Commercial Real Estate Exchange Inc. for Court Reporter. Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Goldberg, Nicholas) (Entered: 12/09/2022) |
| 12/14/2022 | 270 | APPLICATION to file document *[portions of Joint Stipulation, Declaration of Sarah A. Tomkowiak and Declaration of Christine M. Zaleski]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Joint Stipulation, # 2 Redacted Declaration of Sarah A. Tomkowiak, # 3 Redacted Declaration of Christine M. Zaleski, # 4 Proposed Order)(Boyle, Nicholas) (Entered: 12/14/2022) |
| 12/14/2022 | 271 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[portions of Joint Stipulation, Declaration of Sarah A. Tomkowiak and Declaration of Christine M. Zaleski]* under seal 270 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Joint Stipulation Concerning Costar's Motion to Compel, # 2 Unredacted Declaration of Sarah A. Tomkowiak, # 3 Unredacted Declaration of Christine M. Zaleski)(Boyle, Nicholas) (Entered: 12/14/2022) |
| 12/14/2022 | 272 | NOTICE OF MOTION AND MOTION to Compel Discovery Regarding Costar Photographs filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/26/2023 at 10:00 AM before Magistrate Judge Alka Sagar. (Attachments: # 1 Redacted Joint Stipulation Concerning Costar's Motion to Compel, # |

| | | |
|---|---|---|
| | | 2 Exhibit A to Joint Stipulation, # 3 Redacted Declaration of Sarah A. Tomkowiak, # 4 Redacted Declaration of Christine M. Zaleski, # 5 Declaration of Lawson Dees, # 6 Proposed Order)(Boyle, Nicholas) (Entered: 12/14/2022) |
| 12/14/2022 | 273 | CERTIFICATE OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 271 served on December 14, 2022. (Boyle, Nicholas) (Entered: 12/14/2022) |
| 12/16/2022 | 274 | ORDER GRANTING PLAINTIFFS AND COUNTERDEFENDANTS COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR PHOTOGRAPHS by Magistrate Judge Alka Sagar: granting 270 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 12/16/2022) |
| 12/16/2022 | 275 | SEALED DOCUMENT *Joint Stipulation* re MOTION to Compel Discovery Regarding Costar Photographs 272 , Order on Motion for Leave to File Document Under Seal, 274 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed Declaration of S. Tomkowiak iso Joint Stipulation, # 2 Sealed Declaration of C. Zaleski iso Joint Stipulation)(Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 276 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document, 275 served on 12/16/2022. (Greenwald, Elyse) (Entered: 12/16/2022) |
| 12/16/2022 | 277 | MEMORANDUM in Opposition *Supplemental Memo ISO Opposition To Costars Motion To Compel Discovery Re Third Parties* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 12/16/2022) |
| 12/16/2022 | 278 | APPLICATION to file document *(Supplemental Memorandum and Declaration of Jessica Stebbins Bina)* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Supplemental Memorandum in Support of CoStar's Motion to Compel Discovery Regarding CREXi's Third-Party Agents, # 2 Redacted Document - Declaration of Jessica Stebbins Bina, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 279 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(Supplemental Memorandum and Declaration of Jessica Stebbins Bina)* under seal 278 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Supplemental Memorandum in Support of CoStar's Motion to Compel Discovery Regarding CREXi's Third-Party Agents, # 2 Unredacted Document - Declaration of Jessica Stebbins Bina)(Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 281 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 279 served on December 16, 2022. (Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 282 | APPLICATION to file document *(Corrected Supplemental Memorandum; Declaration of Jessica Stebbins Bina)* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Corrected Supplemental Memorandum in Support of CoStar's Motion to Compel Discovery Regarding CREXi's Third-Party Agents, # 2 Redacted Document - Declaration of Jessica Stebbins Bina, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 283 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(Corrected Supplemental Memorandum; Declaration of Jessica Stebbins Bina)* under |

| | | |
|---|---|---|
| | | seal 282 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Corrected Supplemental Memorandum in Support of CoStar's Motion to Compel Discovery Regarding CREXi's Third-Party Agents, # 2 Unredacted Document - Declaration of Jessica Stebbins Bina)(Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 284 | MEMORANDUM in Support of MOTION to Compel Discovery Regarding CREXi's Third-Party Agents 259 *(Corrected Supplemental Memorandum)* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Jessica Stebbins Bina, # 2 Declaration of Faraz Alam Sagar; Exhibits 1 - 2, # 3 Exhibit 3, # 4 Exhibit 4)(Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/16/2022 | 285 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 283 served on December 16, 2022. (Boyle, Nicholas) (Entered: 12/16/2022) |
| 12/19/2022 | 286 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. correcting APPLICATION to file document *(Supplemental Memorandum and Declaration of Jessica Stebbins Bina)* under seal 278 - *Re Docket Entries [278-1] and 280* (Boyle, Nicholas) (Entered: 12/19/2022) |
| 12/19/2022 | 287 | APPLICATION to file document *Motion for Leave to File Second Amended Complaint, Exhibit A to N. Boyle's Declaration ISO and Exhibit B to N. Boyle's Declaration ISO* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Motion for Leave to File Second Amended Complaint [REDACTED], # 2 Declaration of N. Boyle ISO Motion for Leave to File SAC [REDACTED], # 3 Proposed Order) (Boyle, Nicholas) (Entered: 12/19/2022) |
| 12/19/2022 | 288 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion for Leave to File Second Amended Complaint, Exhibit A to N. Boyle's Declaration ISO and Exhibit B to N. Boyle's Declaration ISO* under seal 287 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Motion for Leave to File Second Amended Complaint [UNREDACTED], # 2 Declaration of N. Boyle ISO Motion for Leave to File SAC [UNREDACTED])(Boyle, Nicholas) (Entered: 12/19/2022) |
| 12/19/2022 | 289 | NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/14/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Declaration of N. Boyle ISO Motion for Leave to File SAC [REDACTED], # 2 Proposed Order) (Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 290 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits A through C Part 23 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit B, # 2 Exhibit C Part 1, # 3 Exhibit C Part 2, # 4 Exhibit C Part 3, # 5 Exhibit C Part 4, # 6 Exhibit C Part 5, # 7 Exhibit C Part 6, # 8 Exhibit C Part 7, # 9 Exhibit C Part 8, # 10 Exhibit C Part 9, # 11 Exhibit C Part 10, # 12 Exhibit C Part 11, # 13 Exhibit C Part 12, # 14 Exhibit C Part 13, # 15 Exhibit C Part 14, # 16 Exhibit C Part 15, # 17 Exhibit C Part 16, # 18 Exhibit C Part 17, # 19 Exhibit C Part 18, # 20 Exhibit C Part 19, # 21 Exhibit C Part 20, # 22 Exhibit C Part 21, # 23 Exhibit C Part 22, # 24 Exhibit C Part 23)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |

| | | |
|---|---|---|
| 12/19/2022 | 291 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 24 through C Part 48 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 25, # 2 Exhibit C Part 26, # 3 Exhibit C Part 27, # 4 Exhibit C Part 28, # 5 Exhibit C Part 29, # 6 Exhibit C Part 30, # 7 Exhibit C Part 31, # 8 Exhibit C Part 32, # 9 Exhibit C Part 33, # 10 Exhibit C Part 34, # 11 Exhibit C Part 35, # 12 Exhibit C Part 36, # 13 Exhibit C Part 37, # 14 Exhibit C Part 38, # 15 Exhibit C Part 39, # 16 Exhibit C Part 40, # 17 Exhibit C Part 41, # 18 Exhibit C Part 42, # 19 Exhibit C Part 43, # 20 Exhibit C Part 44, # 21 Exhibit C Part 45, # 22 Exhibit C Part 46, # 23 Exhibit C Part 47, # 24 Exhibit C Part 48)(Boyle, Nicholas) (Entered: 12/19/2022) |
| 12/19/2022 | 292 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 49 through C Part 73 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 50, # 2 Exhibit C Part 51, # 3 Exhibit C Part 52, # 4 Exhibit C Part 53, # 5 Exhibit C Part 54, # 6 Exhibit C Part 55, # 7 Exhibit C Part 56, # 8 Exhibit C Part 57, # 9 Exhibit C Part 58, # 10 Exhibit C Part 59, # 11 Exhibit C Part 60, # 12 Exhibit C Part 61, # 13 Exhibit C Part 62, # 14 Exhibit C Part 63, # 15 Exhibit C Part 64, # 16 Exhibit C Part 65, # 17 Exhibit C Part 66, # 18 Exhibit C Part 67, # 19 Exhibit C Part 68, # 20 Exhibit C Part 69, # 21 Exhibit C Part 70, # 22 Exhibit C Part 71, # 23 Exhibit C Part 72, # 24 Exhibit C Part 73) (Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 293 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 74 through C Part 93 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 75, # 2 Exhibit C Part 76, # 3 Exhibit C Part 77, # 4 Exhibit C Part 78, # 5 Exhibit C Part 79, # 6 Exhibit C Part 80, # 7 Exhibit C Part 81, # 8 Exhibit C Part 82, # 9 Exhibit C Part 83, # 10 Exhibit C Part 84, # 11 Exhibit C Part 85, # 12 Exhibit C Part 86, # 13 Exhibit C Part 87, # 14 Exhibit C Part 88, # 15 Exhibit C Part 89, # 16 Exhibit C Part 90, # 17 Exhibit C Part 91, # 18 Exhibit C Part 92, # 19 Exhibit C Part 93)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 294 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 94 through C Part 113 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 95, # 2 Exhibit C Part 96, # 3 Exhibit C Part 97, # 4 Exhibit C Part 98, # 5 Exhibit C Part 99, # 6 Exhibit C Part 100, # 7 Exhibit C Part 101, # 8 Exhibit C Part 102, # 9 Exhibit C Part 103, # 10 Exhibit C Part 104, # 11 Exhibit C Part 105, # 12 Exhibit C Part 106, # 13 Exhibit C Part 107, # 14 Exhibit C Part 108, # 15 Exhibit C Part 109, # 16 Exhibit C Part 110, # 17 Exhibit C Part 111, # 18 Exhibit C Part 112, # 19 Exhibit C Part 113)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 295 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 114 through C Part 133 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 115, # 2 Exhibit C Part 116, # 3 Exhibit C Part 117, # 4 Exhibit C Part 118, # 5 Exhibit C Part 119, # 6 Exhibit C Part 120, # 7 Exhibit C Part 121, # 8 Exhibit C Part 122, # 9 Exhibit C Part 123, # 10 |

| | | |
|---|---|---|
| | | Exhibit C Part 124, # 11 Exhibit C Part 125, # 12 Exhibit C Part 126, # 13 Exhibit C Part 127, # 14 Exhibit C Part 128, # 15 Exhibit C Part 129, # 16 Exhibit C Part 130, # 17 Exhibit C Part 131, # 18 Exhibit C Part 132, # 19 Exhibit C Part 133)(Boyle, Nicholas) (Entered: 12/19/2022) |
| 12/19/2022 | 296 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 134 to C Part 153 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 135, # 2 Exhibit C Part 136, # 3 Exhibit C Part 137, # 4 Exhibit C Part 138, # 5 Exhibit C Part 139, # 6 Exhibit C Part 140, # 7 Exhibit C Part 141, # 8 Exhibit C Part 142, # 9 Exhibit C Part 143, # 10 Exhibit C Part 144, # 11 Exhibit C Part 145, # 12 Exhibit C Part 146, # 13 Exhibit C Part 147, # 14 Exhibit C Part 148, # 15 Exhibit C Part 149, # 16 Exhibit C Part 150, # 17 Exhibit C Part 151, # 18 Exhibit C Part 152, # 19 Exhibit C Part 153)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 297 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 154 through C Part 173 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 155, # 2 Exhibit C Part 156, # 3 Exhibit C Part 157, # 4 Exhibit C Part 158, # 5 Exhibit C Part 159, # 6 Exhibit C Part 160, # 7 Exhibit C Part 161, # 8 Exhibit C Part 162, # 9 Exhibit C Part 163, # 10 Exhibit C Part 164, # 11 Exhibit C Part 165, # 12 Exhibit C Part 166, # 13 Exhibit C Part 167, # 14 Exhibit C Part 168, # 15 Exhibit C Part 169, # 16 Exhibit C Part 170, # 17 Exhibit C Part 171, # 18 Exhibit C Part 172, # 19 Exhibit C Part 173)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 298 | EXHIBIT Filed filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 174 through C Part 193 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 175, # 2 Exhibit C Part 176, # 3 Exhibit C Part 177, # 4 Exhibit C Part 178, # 5 Exhibit C Part 179, # 6 Exhibit C Part 180, # 7 Exhibit C Part 181, # 8 Exhibit C Part 182, # 9 Exhibit C Part 183, # 10 Exhibit C Part 184, # 11 Exhibit C Part 185, # 12 Exhibit C Part 186, # 13 Exhibit C Part 187, # 14 Exhibit C Part 188, # 15 Exhibit C Part 189, # 16 Exhibit C Part 190, # 17 Exhibit C Part 191, # 18 Exhibit C Part 192, # 19 Exhibit C Part 193)(Boyle, Nicholas) (Entered: 12/19/2022) |
| 12/19/2022 | 299 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits C Part 194 through C Part 218 to [Proposed] Second Amended Complaint [289-1]* as to NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit C Part 195, # 2 Exhibit C Part 196, # 3 Exhibit C Part 197, # 4 Exhibit C Part 198, # 5 Exhibit C Part 199, # 6 Exhibit C Part 200, # 7 Exhibit C Part 201, # 8 Exhibit C Part 202, # 9 Exhibit C Part 203, # 10 Exhibit C Part 204, # 11 Exhibit C Part 205, # 12 Exhibit C Part 206, # 13 Exhibit C Part 207, # 14 Exhibit C Part 208, # 15 Exhibit C Part 209, # 16 Exhibit C Part 210, # 17 Exhibit C Part 211, # 18 Exhibit C Part 212, # 19 Exhibit C Part 213, # 20 Exhibit C Part 214, # 21 Exhibit C Part 215, # 22 Exhibit C Part 216, # 23 Exhibit C Part 217, # 24 Exhibit C Part 218)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 300 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. / *Exhibits D through J to [Proposed] Second Amended Complaint [289-1]* as to NOTICE |

| | | |
|---|---|---|
| | | OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 . (Attachments: # 1 Exhibit E, # 2 Exhibit F Part 1, # 3 Exhibit F Part 2, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit I, # 7 Exhibit J)(Stebbins Bina, Jessica) (Entered: 12/19/2022) |
| 12/19/2022 | 301 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 288 served on 12/19/2022. (Greenwald, Elyse) (Entered: 12/19/2022) |
| 12/20/2022 | 302 | MINUTE ORDER (In Chambers): Order Re Appointment of Special Master by Judge Consuelo B. Marshall. IT IS ORDERED THAT: 1. No later than January 16, 2023, each side (not party) shall nominate three candidates to be considered for the appointment of Special Master, and shall file a Memorandum Re: Nomination of Special Master ("Memorandum"). At a minimum, the Memorandum should include a copy of the candidate's resume and description of his or her background, especially as it relates to handling and/or ruling on discovery matters in federal court. 2. All pending discovery motions, with the exception of the motion to compel discovery related to CoStar's settlement with Arcgate (Dkt. No. 174-180) and related filings (Dkt. Nos. 190, 194, 201, 224, 240-242), are stayed pending the appointment of a Special Master. (lom) (Entered: 12/20/2022) |
| 12/20/2022 | 303 | ORDER REGARDING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY REGARDING CREXI'S THIRD-PARTY AGENTS by Magistrate Judge Alka Sagar: granting 278 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 12/20/2022) |
| 12/20/2022 | 304 | ORDER REGARDING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY REGARDING CREXI'S THIRD-PARTY AGENTS by Magistrate Judge Alka Sagar: granting 282 APPLICATION to Seal Document(s). (see document for details) (hr) (Entered: 12/20/2022) |
| 12/20/2022 | 312 | MINUTE IN CHAMBERS ORDER RE APPOINTMENT OF SPECIAL MASTER, 302 by Judge Consuelo B. Marshall: IT IS ORDERED THAT: 1. No later than January 17, 2023, each side (not party) shall nominate three candidates to be considered for the appointment of Special Master, and shall file a Memorandum Re; Nomination of Special Master ("Memorandum"). At a minimum, the Memorandum should include a copy of the candidate's resume and description of his her her background, especially as it relates to handling and/or ruling on discovery matters in federal court. 2. All pending discove1y motions, with the exception of the motion to compel discovery related to CoStar's settlement with Arcgate (Dkt. No. 174-180) and related filings (Dkt. Nos. 190, 194, 201, 224, 240-242), are stayed pending the appointment of a Special Master. (shb) (Entered: 01/06/2023) |
| 12/21/2022 | 305 | SEALED DOCUMENT *Supplemental Memorandum* re MOTION to Compel Discovery Regarding CREXi's Third-Party Agents 259 , Order on Motion for Leave to File Document Under Seal, 304 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of J. Stebbins Bina in Support)(Boyle, Nicholas) (Entered: 12/21/2022) |

| | | |
|---|---|---|
| 12/21/2022 | 306 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document, 305 served on 12/21/2022. (Boyle, Nicholas) (Entered: 12/21/2022) |
| 12/21/2022 | 307 | NOTICE OF MOTION AND MOTION to Seal Case *Documents Costar Improperly Filed Publicly* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Arjun Krishnan, # 2 Declaration of Jason George, # 3 George Ex. A, # 4 George Ex. B, # 5 Proposed Order) (Braunig, Warren) (Entered: 12/21/2022) |
| 12/22/2022 | 308 | OPPOSITION re: NOTICE OF MOTION AND MOTION to Seal Case *Documents Costar Improperly Filed Publicly* 307 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Attachment, # 2 Declaration of Faraz Alam Sagar)(Boyle, Nicholas) (Entered: 12/22/2022) |
| 12/22/2022 | 309 | MINUTES IN CHAMBERS- ORDER RE: CREXI'S EX PARTE MOTION TO SEAL DOCUMENTS COSTAR IMPROPERLY FILED PUBLICLY, 307 by Judge Consuelo B. Marshall: The matter before the Court is Crexi's "Ex Parte Motion to Seal Documents Costar Improperly Filed Publicly." (Dkt. No. 307 (the "Ex Parte").) Crexi states that CoStar opposes the Ex Parte. Therefore, the Court orders that the opposition to the Ex Parte shall be filed no later than December 237 2022. The Court orders the clerk to temporarily place under seal the documents filed at Dkt. Nos. 282-1, 284, 284-2, 284-3, 284-4, 287-2, 289-1, 300-2, 300-3, and 300-4, until the Court rules on the Ex Parte. IT IS SO ORDERED. (shb) (Entered: 12/22/2022) |
| 12/22/2022 | 310 | REPLY in support of NOTICE OF MOTION AND MOTION to Seal Case *Documents Costar Improperly Filed Publicly* 307 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 12/22/2022) |
| 12/23/2022 | 311 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion for Leave to File Second Amended Complaint, Exhibit A to N. Boyle's Declaration ISO and Exhibit B to N. Boyle's Declaration ISO* under seal 287 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Certificate of Service)(George, Jason) (Entered: 12/23/2022) |
| 01/13/2023 | 313 | APPLICATION to file document *Certain Documents Concerning CREXi's Motion for Evidentiary Sanctions* under seal filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Joint Stipulation, # 2 Redacted Document Declaration of Jason George, # 3 Redacted Document Declaration of Lawson Dees, # 4 Redacted Document Declaration of Jessica Stebbins Bina, # 5 Redacted Document Declaration of Arthur Reeves, # 6 Proposed Order)(George, Jason) (Entered: 01/13/2023) |
| 01/13/2023 | 314 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Certain Documents Concerning CREXi's Motion for Evidentiary Sanctions* under seal 313 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Joint Stipulation, # 2 Unredacted Document Declaration of Jason George, # 3 Unredacted Document Declaration of Lawson Dees, # 4 Unredacted Document Declaration of Jessica Stebbins Bina, # 5 Unredacted Document Declaration of Arthur Reeves)(George, Jason) (Entered: 01/13/2023) |
| 01/13/2023 | 315 | CERTIFICATE OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,, 314 *re Sealed Documents* served on January 13, 2023. (George, Jason) (Entered: 01/13/2023) |

| | | |
|---|---|---|
| 01/13/2023 | 316 | NOTICE OF MOTION AND MOTION for Sanctions Due to Costar's Spoliation of Evidence filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 2/14/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Redacted Document Joint Stipulation, # 2 Exhibit A to Joint Stipulation, # 3 Redacted Document Declaration of Jason George, # 4 Redacted Document Declaration of Lawson Dees, # 5 Redacted Document Declaration of Jessica Stebbins Bina, # 6 Redacted Document Declaration of Arthur Reeves, # 7 Declaration of Matthew Vandermyde, # 8 Proposed Order) (Braunig, Warren) (Entered: 01/13/2023) |
| 01/17/2023 | 317 | STATEMENT Regarding Nomination of Special Master filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. *[Joint]* (Attachments: # 1 Declaration of Anne C. Malinee)(Stebbins Bina, Jessica) (Entered: 01/17/2023) |
| 01/17/2023 | 318 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Certain Documents Concerning CREXi's Motion for Evidentiary Sanctions* under seal 313 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Stebbins Bina, Jessica) (Entered: 01/17/2023) |
| 01/17/2023 | 319 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 318 served on January 17, 2023. (Stebbins Bina, Jessica) (Entered: 01/17/2023) |
| 01/24/2023 | 320 | OPPOSITION re: NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Niall Frizzell ISO Crexi's Opposition)(Peters, Elliot) (Entered: 01/24/2023) |
| 01/27/2023 | 321 | IN CHAMBERS- ORDER RE: JOINT SUBMISSION REGARDING NOMINATION OF SPECIAL MASTER (317) by Judge Consuelo B. Marshall: The matter before the Court is the patties' Joint Submission Regarding Nomination of Special Master. (Dkt. No. 317.) The parties agree to the appointment of the Hon. Suzanne H. Segal (Ret.). The parties are hereby ordered to file a joint proposed order appointing Judge Segal as Special Master in this case setting fo1th the duties and responsibilities of the Special Master pursuant to Fed.R.Civ.P. 53 no later than February 6, 2023. Pending before the Court are also Motion for Leave to File a Second Amended Complaint (Dkt. No. 289) and Motion for Evidentiary Sanctions (Dkt. No. 316). If the parties intend for the Special Master to address these motions, please indicate this in the proposed order, othe1wise the Court will consider these motions. IT IS SO ORDERED. (shb) (Entered: 01/27/2023) |
| 01/31/2023 | 322 | APPLICATION to file document *[Reply in Support of Motion for Leave to File Second Amended Complaint]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Reply in Support of Motion for Leave to File Second Amended Complaint, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 01/31/2023) |
| 01/31/2023 | 323 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Reply in Support of Motion for Leave to File Second Amended Complaint]* under seal 322 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Reply in Support of Motion for Leave to File Second Amended Complaint) (Boyle, Nicholas) (Entered: 01/31/2023) |
| 01/31/2023 | 324 | REPLY in Support of NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 filed by Plaintiffs CoStar Group, Inc., CoStar |

| | | |
|---|---|---|
| | | Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl)(Stebbins Bina, Jessica) (Entered: 01/31/2023) |
| 01/31/2023 | 325 | MEMORANDUM in Support of NOTICE OF MOTION AND MOTION for Sanctions Due to Costar's Spoliation of Evidence 316 *Supplemental Memorandum In Support Of Crexis Motion For Evidentiary Sanctions Due To Costars Spoliation Of Evidence* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration Declaration Of Jason George In Support Of Supplemental Memorandum In Support Of Crexis Motion For Evidentiary Sanctions Due To Costars Spoliation Of Evidence; Exhibits A-D)(Braunig, Warren) (Entered: 01/31/2023) |
| 01/31/2023 | 326 | CERTIFICATE OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 323 served on 1/31/23. (Greenwald, Elyse) (Entered: 01/31/2023) |
| 02/03/2023 | 327 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Reply in Support of Motion for Leave to File Second Amended Complaint]* under seal 322 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Roberts, Niall) (Entered: 02/03/2023) |
| 02/06/2023 | 328 | NOTICE OF LODGING filed */ Joint Notice of Lodging* re Minutes of In Chambers Order/Directive - no proceeding held,,, 321 (Attachments: # 1 Proposed Order Appointing Special Master)(Stebbins Bina, Jessica) Modified on 2/13/2023 (shb). (Entered: 02/06/2023) |
| 02/07/2023 | 330 | Letter from Robert Reeves in support of Defendant (shb) (Entered: 02/13/2023) |
| 02/10/2023 | 329 | ORDER APPOINTMENT SPECIAL MASTER by Judge Consuelo B. Marshall: IT IS HEREBY ORDERED that: The Honorable Suzanne H. Segal (retired) is tentatively appointed as Special Master (Special Master) in this action pursuant to Federal Rule of Civil Procedure 53(a) pending Judge Segals submission of an affidavit pursuant to Rule 53(b)(3)(A). Plaintiffs counsel shall forthwith provide Judge Segal with a copy of this Order. The Special Master will be subject to the Protective Order in this action. Dkt. No. 105. No party shall communicate ex parte with the Special Master unless otherwise permitted by the Special Master. The costs of the Special Master shall be borne equally by the parties to the motion or issue(s) being considered by the Special Master. The Special Master may, in her discretion, consider whether cost shifting is appropriate as part of any decision or recommendation she provides and/or after all proceedings before the Special Master have been completed. The parties agree that CoStars Motion for Leave to File a Second Amended Complaint (Dkt. No. 289) should be heard by the Court and not the Special Master. The Court will adjudicate CREXis Motion for Evidentiary Sanctions filed at Dkt. No. 316. The Courts Order re Appointment of Special Master stated that all pending discovery motions shall be decided by the Special Master, with the exception of CREXis motion to compel discovery related to CoStars settlement with Arcgate (Dkt. No. 174-180) (Arcgate Motion) and related filings (Dkt. Nos. 190, 194, 201, 224, 240-242). Dkt. No. 312. That motion has been fully submitted since November 7, 2022. Judge Sagar will decide the Arcgate Motion filed at Dkt. No. 312. The Court retains jurisdiction over this action. Suzanne H. Segal appointed Special Master. See order for more information. (shb) (Entered: 02/13/2023) |
| 02/13/2023 | 331 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Letter 330 . This letter was docketed in this case in error and should have been docketed in case 2:16-cv-07435-TJH (shb) (Entered: 02/13/2023) |
| 02/14/2023 | 332 | MINUTES OF HEARING RE PLAINTIFF'S MOTION FOR LEAVE TO FILE 2ND AMENDED COMPLAINT 289 AND DEFENDANT AND COUNTER-CLAIMANT'S |

| | | |
|---|---|---|
| | | MOTION FOR EVIDENTIARY SANCTIONS DUE TO COSTAR'S SPOLIATION OF EVIDENCE 316 Hearing held before Judge Consuelo B. Marshall: The Court and counsel confer regarding the status of the case. Following discussions with the parties, the Court advises counsel that the motion for leave to file 2nd amended complaint 289 is GRANTED. The Defendant and Counter-claimant's motion for evidentiary sanctions due to CoStar's spoliation of evidence is hereby DENIED without prejudice 316 . The Court further orders that the 2nd amended complaint is deemed filed as of today's date. The application for leave to file under seal certain documents 287 ; the Ex parte motion to seal case 307 ; application to file certain documents under seal 313 and application to file document under seal 322 are all DENIED and the documents will be unsealed and made public by the Clerk. IT IS SO ORDERED. Court Reporter: Wil Wilcox. (shb) (Entered: 02/14/2023) |
| 02/14/2023 | 333 | AMENDED MINUTES HEARING RE PLAINTIFF'S MOTION FOR LEAVE TO FILE 2ND AMENDEDCOMPLAINT 289 AND DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO COSTAR'S SPOLIATION OF EVIDENCE 316 , held before Judge Consuelo B. Marshall: The Court and counsel confer regarding the status of thecase. Following discussions with the parties, the Court advises counsel that the motion for leave to file 2nd amended complaint 289 is GRANTED. The Defendant and Counter-claimant's motion for evidentiary sanctions due to CoStar's spoliation of evidence is hereby DENIED without prejudice 316 . The Court further orders that the 2nd amended complaint is deemed filed as of today's date. IT IS SO ORDERED. (shb) (Entered: 02/14/2023) |
| 02/14/2023 | 337 | SECOND AMENDED COMPLAINT, against Defendant Commercial Real Estate Exchange Inc. amending First Amended Complaint, 33 demand for Jury Trial, filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.(shb) Modified on 2/16/2023 (shb). (Entered: 02/16/2023) |
| 02/15/2023 | 334 | TRANSCRIPT ORDER as to plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc. for Court Reporter. Court will contact Uchenna Anikwe at uchenna.anikwe@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Stebbins Bina, Jessica) (Entered: 02/15/2023) |
| 02/15/2023 | 335 | SPECIAL MASTER AFFIDAVIT filed by Special Master Suzanne H. Segal (shb) (Entered: 02/15/2023) |
| 02/15/2023 | 336 | TRANSCRIPT ORDER as to defendant Commercial Real Estate Exchange Inc. for Court Reporter. Court will contact Hugo Beltran at hbeltran@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (George, Jason) (Entered: 02/15/2023) |
| 02/17/2023 | 338 | IN CHAMBERS- ORDER RE: APPOINTMENT OF SPECIAL MASTER by Judge Consuelo B. Marshall: On February 10, 2023, the Court issued an order tentatively appointing Judge Suzzane H. Segal (Ret.) as a Special Master pursuant to Federal Rule of Civil Procedure 53. The Order required that Judge Segal file an affidavit under Federal Rule of Civil Procedure 53(b)(3)(A). The Court has received Judge Segal's affidavit attesting that there is no ground for disqualification under 28 U.S.C. § 455. Accordingly, the Court appoints Judge Segal as Special Master in this action. To the extent Judge Segal requires a further order by the Court, the parties are hereby ordered to file a proposed order no later than Febma1y 23, 2023. IT IS SO ORDERED. (shb) (Entered: 02/17/2023) |
| 02/22/2023 | 339 | REPORT of / UPDATED Report on the Filing or Determination of an Action or Appeal Regarding a Copyright filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information |

| | | |
|---|---|---|
| | | Inc.. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C)(Stebbins Bina, Jessica) (Entered: 02/22/2023) |
| 02/23/2023 | 340 | ORDER RE: COUNTERCLAIM DEFENDANTS 12(B)(6) MOTION TO DISMISS AMENDED COUNTERCLAIM 198 by Judge Consuelo B. Marshall: The Court GRANTS CoStars Motion to Dismiss the First Amended Counterclaims with prejudice. CREXis ninth claim for trademark infringement and thirteenth claim for unlawful violations of the UCL predicated on CoStars alleged trademark infringement, which are not the subject of CoStars Motion or this Order, remain to be adjudicated. IT IS SO ORDERED. (shb) (Entered: 02/23/2023) |
| 02/27/2023 | 341 | Joint STIPULATION for Extension of Time to File Motion to Dismiss Second Amended Complaint filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order Proposed Order Granting Joint Stipulation Regarding Briefing Schedule for Motion to Dismiss the Second Amended Complaint)(Braunig, Warren) (Entered: 02/27/2023) |
| 02/28/2023 | 342 | MINUTE IN CHAMBERS- ORDER RE: COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT 287 ; CREXI'S EX PARTE MOTION TO SEAL DOCUMENTS COSTAR IMPROPERLY FILED PUBLICLY 307 ; CREXI'S APPLICATION TO FILE DOCUMENTS CONCERNING ITS MOTION FOR EVIDENTIARY SANCTIONS UNDER SEAL 313 ; AND COSTAR'S APPLICATIONS TO FILE ITS REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER SEAL 322 by Judge Consuelo B. Marshall: re: NOTICE OF MOTION AND MOTION to Seal Case *Documents Costar Improperly Filed Publicly* 307 , APPLICATION to file document *[Reply in Support of Motion for Leave to File Second Amended Complaint]* under seal 322 . This Order supersedes the order made by the Court at the hearing on February 14, 2023 regarding the Applicationsfor Leave to File Under Seal. 1. Docket No. 287 - The Application is DENIED. Having denied the Application, CoStar may file the document[s] in the public case file (i.e., unsealed) no earlier than 4 days, and no later than 10 days after the date of this Order pursuant to Local Rule 79-5.2.2(b)(ii). 2. Docket No. 307 - To the extent the Commissioners Reports contain personal identifyinginformation such as email addresses, mailing addresses, or other personal information, CREXi shall submit a proposed redacted version of the Commissioners Reports no later than March 3, 2023. If proposed redactions of any personal identifying information are not submitted by March 3, 2023, CoStarmay file the document[s] in the public case file (i.e., unsealed) no earlier than 4 days, and no later than 10 days after March 3, 2023 pursuant to Local Rule 79-5.2.2(b)(ii). 3. Dkt. No. 313 - The Court has ordered that theCommissioner Reports be unsealed. Therefore, the Application to seal communications between CREXi and its vendor is DENIED. Therefore, the Application is GRANTED with respect to the redacted portions of Exhibit L and CREXI shall file the sealed documents pursuant to L.R. 79-5.2.2(c). (See L.R. 79-5.2.2 (The Clerk will not convert the PROPOSED sealed document submitted with the Application into a new filing).) The Application is GRANTED with respect to Exhibit B to the George Declaration and CoStar shall file the sealed documents pursuant to L.R. 79-5.2.2(c). (See L.R. 79-5.2.2 (The Clerk will not convert the PROPOSED sealed document submitted with the Application into a new filing).) See order for more information. 5. Docket No. 322 - CREXi seeks to seal portion of CoStars Reply brief on the grounds that the Court has temporarily sealed the document quoted. The Court has now ordered that the Commissioner Reports be unsealed, so the Application is DENIED with respect to the redactions made to CoStars Reply in support of its Motion for Leave to File a Second Amended Complaint. Having denied the Application, CoStar may file the document[s] in the public case file (i.e., unsealed) no earlier than 4 days, and no later |

| | | |
|---|---|---|
| | | than 10 days after the date of this Order pursuant to Local Rule 79-5.2.2(b)(ii). IT IS SO ORDERED. See order for more information. (shb) (Entered: 02/28/2023) |
| 03/01/2023 | 343 | ORDER GRANTING JOINT STIPULATION REGARDING BRIEFING SCHEDULE FOR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT 341 by Judge Consuelo B. Marshall: IT IS SO ORDERED. CREXi shall file its Motion to Dismiss Claims 2 and 3 of CoStar'sSecond Amended Complaint no later than March 14, 2023. CoStar shall file itsopposition to CREXi' s Motion to Dismiss no later than April 11, 2023. CREXishall file any reply in support of its Motion to Dismiss no later than April 25, 2023. The Motion to Dismiss shall be set for hearing on May 9, 2023. (shb) (Entered: 03/01/2023) |
| 03/01/2023 | 344 | Notice of Appearance or Withdrawal of Counsel: for attorney Kelly Seranko Kaufman counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Adding Kelly S. Kaufman as counsel of record for Defendant and Counterclaimant, Commercial Real Estate Exchange, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.. (Attorney Kelly Seranko Kaufman added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Kelly Seranko Kaufman added to party Commercial Real Estate Exchange Inc.(pty:cc))(Kaufman, Kelly) (Entered: 03/01/2023) |
| 03/03/2023 | 345 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Reply in Support of Motion for Leave to File Second Amended Complaint]* under seal 322 , APPLICATION to file document *Motion for Leave to File Second Amended Complaint, Exhibit A to N. Boyle's Declaration ISO and Exhibit B to N. Boyle's Declaration ISO* under seal 287 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, Part 1 of 2, Redacted, # 3 Exhibit Exhibit B, Part 2 of 2, Redacted, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, Redacted, # 6 Affidavit Proof of Service) (George, Jason) (Entered: 03/03/2023) |
| 03/10/2023 | 346 | NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint *[Publicly Re-Filed Dkt. 287 Pursuant to Order of Court Dated February 28, 2023 [Dkt. 342] Denying Application for Leave to File Under Seal]* filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/14/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Declaration of Nicholas J. Boyle, # 2 Exhibit A, # 3 Exhibit B) (Stebbins Bina, Jessica) (Entered: 03/10/2023) |
| 03/10/2023 | 347 | SEALED DOCUMENT *[Declaration of Arthur Reeves in Support of CoStar's Opposition to CREXi's Motion for Sanctions]* re NOTICE OF MOTION AND MOTION for Sanctions Due to Costar's Spoliation of Evidence 316 , Order,, 343 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit B to the George Declaration, # 2 Exhibit E to the George Declaration, # 3 Exhibit 2 to the Bina Declaration, # 4 Exhibit G to the George Declaration, # 5 Exhibit 10 to the Bina Declaration)(Stebbins Bina, Jessica) (Entered: 03/10/2023) |
| 03/10/2023 | 348 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document,, 347 served on 3/10/2023. (Stebbins Bina, Jessica) (Entered: 03/10/2023) |
| 03/10/2023 | 349 | REPLY in support of NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint [REDACTED] 289 , APPLICATION to file document *[Reply in Support of Motion for Leave to File Second Amended Complaint]* under seal 322 *[Publicly Re-Filed Dkt. 322 Pursuant to Order of Court Dated February 28, 2023 [Dkt.* |

| | | |
|---|---|---|
| | | *342]]* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Stebbins Bina, Jessica) (Entered: 03/10/2023) |
| 03/13/2023 | 350 | MEMORANDUM in Support of MOTION to Compel Discovery Regarding CREXi's Third-Party Agents 259 *(Publicly Re-Filed Dkt. 284 Pursuant to Order of Court Dated February 28, 2023 Dkt. 342 Denying Application for Leave to File Under Seal)* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Jessica Stebbins Bina, # 2 Declaration of Faraz Alam Sagar; Exhibits 1 - 2, # 3 Exhibit 3 (Part 1 of 2) [PII Redactions], # 4 Exhibit 3 (Part 2 of 2) [PII Redactions], # 5 Exhibit 4 [PII Redactions])(Boyle, Nicholas) (Entered: 03/13/2023) |
| 03/13/2023 | 351 | [CORRECTED] SECOND AMENDED COMPLAINT against Defendant Commercial Real Estate Exchange Inc. amending Amended Complaint/Petition, 33 , filed by Plaintiffs and Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C (Part 1), # 4 Exhibit C (Part 2), # 5 Exhibit C (Part 3), # 6 Exhibit C (Part 4), # 7 Exhibit C (Part 5), # 8 Exhibit C (Part 6), # 9 Exhibit C (Part 7), # 10 Exhibit C (Part 8), # 11 Exhibit C (Part 9), # 12 Exhibit C (Part 10), # 13 Exhibit C (Part 11), # 14 Exhibit C (Part 12), # 15 Exhibit C (Part 13), # 16 Exhibit C (Part 14), # 17 Exhibit C (Part 15), # 18 Exhibit C (Part 16), # 19 Exhibit C (Part 17), # 20 Exhibit C (Part 18), # 21 Exhibit C (Part 19), # 22 Exhibit C (Part 20), # 23 Exhibit C (Part 21), # 24 Exhibit C (Part 22), # 25 Exhibit C (Part 23)) (Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 352 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 24 to 48) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 24), # 2 Exhibit C (Part 25), # 3 Exhibit C (Part 26), # 4 Exhibit C (Part 27), # 5 Exhibit C (Part 28), # 6 Exhibit C (Part 29), # 7 Exhibit C (Part 30), # 8 Exhibit C (Part 31), # 9 Exhibit C (Part 32), # 10 Exhibit C (Part 33), # 11 Exhibit C (Part 34), # 12 Exhibit C (Part 35), # 13 Exhibit C (Part 36), # 14 Exhibit C (Part 37), # 15 Exhibit C (Part 38), # 16 Exhibit C (Part 39), # 17 Exhibit C (Part 40), # 18 Exhibit C (Part 41), # 19 Exhibit C (Part 42), # 20 Exhibit C (Part 43), # 21 Exhibit C (Part 44), # 22 Exhibit C (Part 45), # 23 Exhibit C (Part 46), # 24 Exhibit C (Part 47), # 25 Exhibit C (Part 48))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 353 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 49 to 73) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 49), # 2 Exhibit C (Part 50), # 3 Exhibit C (Part 51), # 4 Exhibit C (Part 52), # 5 Exhibit C (Part 53), # 6 Exhibit C (Part 54), # 7 Exhibit C (Part 55), # 8 Exhibit C (Part 56), # 9 Exhibit C (Part 57), # 10 Exhibit C (Part 58), # 11 Exhibit C (Part 59), # 12 Exhibit C (Part 60), # 13 Exhibit C (Part 61), # 14 Exhibit C (Part 62), # 15 Exhibit C (Part 63), # 16 Exhibit C (Part 64), # 17 Exhibit C (Part 65), # 18 Exhibit C (Part 66), # 19 Exhibit C (Part 67), # 20 Exhibit C (Part 68), # 21 Exhibit C (Part 69), # 22 Exhibit C (Part 70), # 23 Exhibit C (Part 71), # 24 Exhibit C (Part 72), # 25 Exhibit C (Part 73))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 354 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 74 to 93) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 74), # 2 Exhibit C (Part 75), # 3 Exhibit C (Part 76), # 4 Exhibit C (Part 77), # 5 Exhibit C (Part 78), # 6 Exhibit C (Part 79), # 7 Exhibit C (Part 80), # 8 Exhibit C (Part 81), # 9 Exhibit C (Part 82), # 10 Exhibit C (Part 83), # 11 Exhibit C (Part 84), # 12 Exhibit C (Part 85), # 13 Exhibit C (Part 86), # 14 Exhibit C (Part 87), # 15 Exhibit C (Part 88), # 16 Exhibit C (Part 89), # 17 Exhibit C (Part 90), # |

| | | |
|---|---|---|
| | | 18 Exhibit C (Part 91), # 19 Exhibit C (Part 92), # 20 Exhibit C (Part 93))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 355 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 94 to 113) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 94), # 2 Exhibit C (Part 95), # 3 Exhibit C (Part 96), # 4 Exhibit C (Part 97), # 5 Exhibit C (Part 98), # 6 Exhibit C (Part 99), # 7 Exhibit C (Part 100), # 8 Exhibit C (Part 101), # 9 Exhibit C (Part 102), # 10 Exhibit C (Part 103), # 11 Exhibit C (Part 104), # 12 Exhibit C (Part 105), # 13 Exhibit C (Part 106), # 14 Exhibit C (Part 107), # 15 Exhibit C (Part 108), # 16 Exhibit C (Part 109), # 17 Exhibit C (Part 110), # 18 Exhibit C (Part 111), # 19 Exhibit C (Part 112), # 20 Exhibit C (Part 113))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 356 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 114 to 133) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 114), # 2 Exhibit C (Part 115), # 3 Exhibit C (Part 116), # 4 Exhibit C (Part 117), # 5 Exhibit C (Part 118), # 6 Exhibit C (Part 119), # 7 Exhibit C (Part 120), # 8 Exhibit C (Part 121), # 9 Exhibit C (Part 122), # 10 Exhibit C (Part 123), # 11 Exhibit C (Part 124), # 12 Exhibit C (Part 125), # 13 Exhibit C (Part 126), # 14 Exhibit C (Part 127), # 15 Exhibit C (Part 128), # 16 Exhibit C (Part 129), # 17 Exhibit C (Part 130), # 18 Exhibit C (Part 131), # 19 Exhibit C (Part 132), # 20 Exhibit C (Part 133))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 357 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 134 to 153) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 134), # 2 Exhibit C (Part 135), # 3 Exhibit C (Part 136), # 4 Exhibit C (Part 137), # 5 Exhibit C (Part 138), # 6 Exhibit C (Part 139), # 7 Exhibit C (Part 140), # 8 Exhibit C (Part 141), # 9 Exhibit C (Part 142), # 10 Exhibit C (Part 143), # 11 Exhibit C (Part 144), # 12 Exhibit C (Part 145), # 13 Exhibit C (Part 146), # 14 Exhibit C (Part 147), # 15 Exhibit C (Part 148), # 16 Exhibit C (Part 149), # 17 Exhibit C (Part 150), # 18 Exhibit C (Part 151), # 19 Exhibit C (Part 152), # 20 Exhibit C (Part 153))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 358 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 154 to 173) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 154), # 2 Exhibit C (Part 155), # 3 Exhibit C (Part 156), # 4 Exhibit C (Part 157), # 5 Exhibit C (Part 158), # 6 Exhibit C (Part 159), # 7 Exhibit C (Part 160), # 8 Exhibit C (Part 161), # 9 Exhibit C (Part 162), # 10 Exhibit C (Part 163), # 11 Exhibit C (Part 164), # 12 Exhibit C (Part 165), # 13 Exhibit C (Part 166), # 14 Exhibit C (Part 167), # 15 Exhibit C (Part 168), # 16 Exhibit C (Part 169), # 17 Exhibit C (Part 170), # 18 Exhibit C (Part 171), # 19 Exhibit C (Part 172), # 20 Exhibit C (Part 173))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 359 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 174 to 193) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 174), # 2 Exhibit C (Part 175), # 3 Exhibit C (Part 176), # 4 Exhibit C (Part 177), # 5 Exhibit C (Part 178), # 6 Exhibit C (Part 179), # 7 Exhibit C (Part 180), # 8 Exhibit C (Part 181), # 9 Exhibit C (Part 182), # 10 Exhibit C (Part 183), # 11 Exhibit C (Part 184), # 12 Exhibit C (Part 185), # 13 Exhibit C (Part 186), # 14 Exhibit C (Part 187), # 15 Exhibit C (Part 188), # 16 Exhibit C (Part 189), # |

| | | |
|---|---|---|
| | | 17 Exhibit C (Part 190), # 18 Exhibit C (Part 191), # 19 Exhibit C (Part 192), # 20 Exhibit C (Part 193))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 360 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibit C (Parts 194 to 218) to Second Amended Complaint 351 - As Filed on 12/19/2022)* (Attachments: # 1 Exhibit C (Part 194), # 2 Exhibit C (Part 195), # 3 Exhibit C (Part 196), # 4 Exhibit C (Part 197), # 5 Exhibit C (Part 198), # 6 Exhibit C (Part 199), # 7 Exhibit C (Part 200), # 8 Exhibit C (Part 201), # 9 Exhibit C (Part 202), # 10 Exhibit C (Part 203), # 11 Exhibit C (Part 204), # 12 Exhibit C (Part 205), # 13 Exhibit C (Part 206), # 14 Exhibit C (Part 207), # 15 Exhibit C (Part 208), # 16 Exhibit C (Part 209), # 17 Exhibit C (Part 210), # 18 Exhibit C (Part 211), # 19 Exhibit C (Part 212), # 20 Exhibit C (Part 213), # 21 Exhibit C (Part 214), # 22 Exhibit C (Part 215), # 23 Exhibit C (Part 216), # 24 Exhibit C (Part 217), # 25 Exhibit C (Part 218))(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/13/2023 | 361 | EXHIBIT Filed filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. *(Exhibits D Through J to Second Amended Complaint 351 - Publicly Re-Filed Dkt. 300 Pursuant to Order of Court Dated February 28, 2023 Dkt. 342 Denying Application for Leave to File Under Seal)* (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F (Part 1) [PII Redactions], # 4 Exhibit F (Part 2) [PII Redactions], # 5 Exhibit G [PII Redactions], # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit J)(Stebbins Bina, Jessica) (Entered: 03/13/2023) |
| 03/14/2023 | 362 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint 346 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. Proposed document was not submitted or was not submitted as a separate attachment. Other error(s) with document(s): No [Prop] Order attached. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) (Entered: 03/14/2023) |
| 03/14/2023 | 363 | NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint filed by Defendant Commercial Real Estate Exchange Inc.. Motion set for hearing on 5/9/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Memorandum Memorandum of Points & Authorities ISO Defendant Commercial Real Estate Exchange, Inc's Motion to Dismiss Second Amended Complaint, # 2 Proposed Order Proposed Order Granting Defendant Commercial Real Estate Exchange, Inc's Motion to Dismiss Second Amended Complaint) (Braunig, Warren) (Entered: 03/14/2023) |
| 03/21/2023 | 364 | MINUTES (In Chambers): Order Re: Motion to Compel by Magistrate Judge Alka Sagar: denying 174 Motion to Compel. (see document for details) (hr) (Entered: 03/21/2023) |
| 03/22/2023 | 365 | Joint STIPULATION for Order Granting Joint Stipulation Regarding Briefing Schedule for Motion for Entry of Partial Final Judgment Under Rule 54(b) or, Alternatively, for Certification for Interlocutory Appeal filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 03/22/2023) |
| 03/22/2023 | 366 | ORDER GRANTING JOINT STIPULATION REGARDING BRIEFING SCHEDULE FOR MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) OR, ALTERNATIVELY, FORCERTIFICATION FOR INTERLOCUTORY APPEAL |

| | | |
|---|---|---|
| | | UNDER 28 U.S.C. § 1292(b) 365 by Judge Consuelo B. Marshall: Upon consideration of the parties Joint Stipulation Regarding Briefing Schedule for CREXis Motion for Entry of Partial Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure or, Alternatively, for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b) (the Motion): 1. CREXi shall file the Motion no later than March 28, 2023; 2. CoStar shall file its opposition to the Motion no later than April 18,2023; 3. CREXi shall file any reply in support of the Motion no later than May2, 2023; and 4. The hearing on the Motion shall be set for May 16, 2023, at 10:00 a.m. IT IS SO ORDERED. (shb) (Entered: 03/22/2023) |
| 03/23/2023 | 367 | ANSWER to Amended Counterclaim, 162 filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 03/23/2023) |
| 03/28/2023 | 368 | NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) *Partial Final Judgment or. Alternatively, Certification for Appeal Under USC 1292(b)* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 5/16/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Memorandum of Points & Authorities ISO Crexi's Motion for Entry of Rule 54(b) Partial Final Judgment or, Alternatively, Certification for Appeal Under USC 1292(b), # 2 Declaration of Nicholas Goldberg ISO Crexi's Motion for Entry of Rule 54(b) Partial Final Judgment or, Alternatively Certification for Appeal Under USC Section 1292(b), # 3 Proposed Order Granting Crexi's Motion for Entry of Rule 54(b) Partial Final Judgment or, Alternatively Certification for Appeal Under USC Section 1292(b)) (Goldberg, Nicholas) (Entered: 03/28/2023) |
| 04/04/2023 | 369 | Joint STIPULATION for Order Regarding Briefing Schedule for CREXi's Motion for Review Pursuant to Local Rule 72-2 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 04/04/2023) |
| 04/04/2023 | 370 | NOTICE OF MOTION AND MOTION for Review of Minute Order Dkt. No. 364 re 364 Order on Motion to Compel *Crexis Notice Of Motion And Motion For Review Of Minute Order (Dkt. 364) Denying Crexis Motion To Compel Discovery Regarding Costars Settlement With Arcgate; Memorandum Of Points And Authorities In Support Of Crexis Motion For Review Of Minute Order (Dkt. 364) Denying Crexis Motion To Compel Discovery Regarding Costars Settlement With Arcgate* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 5/16/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Memorandum, # 2 Proposed Order)(Braunig, Warren) (Entered: 04/04/2023) |
| 04/07/2023 | 371 | Notice of Lodging of Special Master's Report and Recommendation Regarding Amendments to Scheduling Order filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Special Master's Report and Recommendation Regarding Amendments to Scheduling Order)(Stebbins Bina, Jessica) (Entered: 04/07/2023) |
| 04/11/2023 | 372 | Opposition re: NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 363 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 04/11/2023) |
| 04/17/2023 | 373 | ORDER RE: SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING AMENDMENTS TO SCHEDULING ORDER 371 by Judge Consuelo B. Marshall. AMENDED SCHEDULING ORDER: Jury Trial set for 10/22/2024 10:00 AM ; Pretrial Conference set for 9/24/2024 02:30 PM. See order for other deadlines. (lom) (Entered: 04/17/2023) |

| | | |
|---|---|---|
| 04/18/2023 | 374 | Opposition Opposition re: NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) *Partial Final Judgment or. Alternatively, Certification for Appeal Under USC 1292(b)* 368 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration Elyse M. Greenwald, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 04/18/2023) |
| 04/18/2023 | 375 | APPLICATION to file document *Opposition and Exhibit F to Declaration of Elyse M. Greenwald* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document)(Boyle, Nicholas) (Entered: 04/18/2023) |
| 04/18/2023 | 376 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition and Exhibit F to Declaration of Elyse M. Greenwald* under seal 375 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document Opposition, # 2 Unredacted Document Ex. F to Declaration of Elyse M. Greenwald)(Greenwald, Elyse) (Entered: 04/18/2023) |
| 04/18/2023 | 377 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 376 served on 4/18/2023. (Greenwald, Elyse) (Entered: 04/18/2023) |
| 04/19/2023 | 378 | AMENDED DOCUMENT filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Amendment to Proof of Service (subsequent documents) 377 *Amended Proof of Service* (Greenwald, Elyse) (Entered: 04/19/2023) |
| 04/19/2023 | 379 | APPLICATION of Non-Resident Attorney Sofia A. Vitiello to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-35167917) filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 04/19/2023) |
| 04/21/2023 | 380 | Opposition re: MOTION for Review of Minute Order Dkt. No. 364 re 364 Order on Motion to Compel *Crexis Notice Of Motion And Motion For Review Of Minute Order (Dkt. 364) Denying Crexis Motion To Compel Discovery Regarding Costars Settlement With Arcgate; Mem 370 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration Sofia A. Vitiello, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 04/21/2023)* |
| 04/24/2023 | 381 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition and Exhibit F to Declaration of Elyse M. Greenwald* under seal 375 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(Attorney Connie Poshien Sung added to party Commercial Real Estate Exchange Inc.(pty:cc))(Sung, Connie) (Entered: 04/24/2023) |
| 04/25/2023 | 382 | ORDER by Judge Consuelo B. Marshall: GRANTING, 379 Non-Resident Attorney Sofia A. Vitiello APPLICATION to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. (shb) (Entered: 04/25/2023) |

| | | |
|---|---|---|
| 04/25/2023 | 383 | REPLY in Support NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 363 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 04/25/2023) |
| 04/26/2023 | 384 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: Reply (Motion related) 383 . The following error(s) was/were found: Fed. R. Civ. P. 5 no proof of service attached. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 04/26/2023) |
| 04/28/2023 | 385 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related) 383 *In Support of Motion to Dismiss Second Amended Complaint* served on 04/25/2023. (Braunig, Warren) (Entered: 04/28/2023) |
| 05/01/2023 | 386 | MINUTES IN CHAMBERS - ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall. The Court finds that Defendant and Counter-claimant's motion to dismiss second amended complaint 363 currently set for hearing on May 9, 2023, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary on May 9, 2023. A written order will issue. (lom) (Entered: 05/01/2023) |
| 05/02/2023 | 387 | REPLY in Support of NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) *Partial Final Judgment or. Alternatively, Certification for Appeal Under USC 1292(b)* 368 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Nicholas S. Goldberg, # 2 Proof of Service)(Goldberg, Nicholas) (Entered: 05/02/2023) |
| 05/02/2023 | 388 | REPLY In Support Of MOTION for Review of Minute Order Dkt. No. 364 re 364 Order on Motion to Compel *Crexis Notice Of Motion And Motion For Review Of Minute Order (Dkt. 364) Denying Crexis Motion To Compel Discovery Regarding Costars Settlement With Arcgate; Mem 370 Reply In Support Of Crexis Motion For Review Of Minute Order (Dkt. 364) Denying Crexis Motion To Compel Discovery Regarding Costars Settlement With Arcgate filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration Declaration Of Jason George In Support Of Motion For Review, # 2 Affidavit Proof of Service)(Braunig, Warren) (Entered: 05/02/2023)* |
| 05/03/2023 | 389 | NOTICE OF ERRATA filed by Defendant Commercial Real Estate Exchange Inc.. correcting Reply (Motion related),, 388 (Attachments: # 1 Affidavit Proof of Service) (Braunig, Warren) (Entered: 05/03/2023) |
| 05/03/2023 | 390 | REPLY In Support of MOTION for Review of Minute Order Dkt. No. 364 re 364 Order on Motion to Compel *Crexis Notice Of Motion And Motion For Review Of Minute Order (Dkt. 364) Denying Crexis Motion To Compel Discovery Regarding Costars Settlement With Arcgate; Mem 370 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Affidavit Proof of Service)(Braunig, Warren) (Entered: 05/03/2023)* |
| 05/10/2023 | 391 | IN CHAMBERS-ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: The Court finds that the Motion for entry of judgment, etc., 368 and motion for review of minute order DKT 364, etc., 370 and currently set for hearing on May 16, 2023, are appropriate for decision without oral argument. Accordingly, these motions are taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary on May 16, 2023. A written order will issue. IT IS SO ORDERED. (shb) (Entered: 05/10/2023) |

| | | |
|---|---|---|
| 05/11/2023 | 392 | TRANSCRIPT for proceedings held on 2/14/2023 10:11 A.M. Court Reporter: Wil S. Wilcox, email: wil.wilcox@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/1/2023. Redacted Transcript Deadline set for 6/12/2023. Release of Transcript Restriction set for 8/9/2023. (Wilcox, Wil) (Entered: 05/11/2023) |
| 05/11/2023 | 393 | NOTICE OF FILING TRANSCRIPT filed for proceedings 2/14/2023 10:11 AM re Transcript 392 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Wilcox, Wil) TEXT ONLY ENTRY (Entered: 05/11/2023) |
| 05/12/2023 | 394 | NOTICE OF MOTION AND MOTION to Compel Interrogatory No. 6 and Requests for Production 161-162 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Niall Frizzell ISO Crexi's Motion to Compel, # 2 Proof of Service)(Braunig, Warren) (Entered: 05/12/2023) |
| 05/23/2023 | 395 | Notice of Lodging Special Master's Order Granting Modifications to Procedures for Motions to Issue Hague Letters of Request and Crexi's Motion to Compel re Request for Production Sets 4 and 6 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit Special Master's Order, # 2 Affidavit Proof of Service)(George, Jason) (Entered: 05/23/2023) |
| 05/23/2023 | 396 | APPLICATION to file document *Motion to Compel re Getty Documents* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Motion to Compel re Getty Documents, # 3 Redacted Document Declaration in support of Motion to Compel re Getty Documents)(Attorney Eleanor Frances Brock added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Eleanor Frances Brock added to party Commercial Real Estate Exchange Inc.(pty:cc))(Brock, Eleanor) (Entered: 05/23/2023) |
| 05/23/2023 | 397 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel re Getty Documents* under seal 396 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Motion to Compel re Getty Documents, # 2 Unredacted Document Declaration in Support of Motion to Compel re Getty Documents)(Brock, Eleanor) (Entered: 05/23/2023) |
| 05/23/2023 | 398 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *Motion to Compel re Getty Documents* under seal 396 , Sealed Declaration in SupportDeclaration, 397 served on May 23, 2023. (Brock, Eleanor) (Entered: 05/23/2023) |
| 05/26/2023 | 399 | APPLICATION to file document *[Opposition to CREXi's Motion to Compel and Exhibits in Support thereof]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [Redacted] Opposition to CREXi's Motion to Compel, # 2 [Redacted] Declaration of Elyse M. Greenwald, # 3 Proposed Order) (Boyle, Nicholas) (Entered: 05/26/2023) |
| 05/26/2023 | 400 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Opposition to CREXi's Motion to Compel and Exhibits in Support thereof]* under seal 399 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed Opposition to CREXi's Motion to Compel, # 2 Sealed Declaration of Elyse M. Greenwald)(Boyle, Nicholas) (Entered: 05/26/2023) |

| | | |
|---|---|---|
| 05/26/2023 | 401 | Opposition re: MOTION to Compel Interrogatory No. 6 and Requests for Production 161-162 394 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Elyse M. Greenwald, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 05/26/2023) |
| 05/26/2023 | 402 | CERTIFICATE OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 400 served on 5/26/23. (Boyle, Nicholas) (Entered: 05/26/2023) |
| 05/30/2023 | 403 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel re Getty Documents* under seal 396 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 05/30/2023) |
| 05/30/2023 | 404 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 403 served on 5/30/2023. (Greenwald, Elyse) (Entered: 05/30/2023) |
| 05/30/2023 | 405 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Opposition to CREXi's Motion to Compel and Exhibits in Support thereof]* under seal 399 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Roberts, Niall) (Entered: 05/30/2023) |
| 06/02/2023 | 406 | ORDER RE: DEFENDANTS MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT 363 by Judge Consuelo B. Marshall: Accordingly, the Court DENIES CREXis Motion to Dismiss. IT IS SO ORDERED. (shb) (Entered: 06/02/2023) |
| 06/02/2023 | 407 | APPLICATION to file document *Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Reply ISO Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162, # 3 Redacted Document Declaration ISO of Reply)(Roberts, Niall) (Entered: 06/02/2023) |
| 06/02/2023 | 408 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162* under seal 407 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Reply ISO Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162, # 2 Unredacted Document Declaration ISO of Reply)(Roberts, Niall) (Entered: 06/02/2023) |
| 06/02/2023 | 409 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 408 , APPLICATION to file document *Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162* under seal 407 served on June 2, 2023. (Roberts, Niall) (Entered: 06/02/2023) |
| 06/06/2023 | 410 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162* under seal 407 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 06/06/2023) |
| 06/06/2023 | 411 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 410 served on 06-06-2023. (Greenwald, Elyse) (Entered: 06/06/2023) |
| 06/06/2023 | 412 | APPLICATION to file document *Opposition to Motion to Compel re Getty Documents and Exhibit 9 to Declaration of E. Greenwald in support* under seal filed by Counter |

| | | |
|---|---|---|
| | | Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [redacted] Opposition to Motion to Compel re Getty Documents, # 2 [redacted] Declaration of E. Greenwald w/ Exhibits 1-10, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 06/06/2023) |
| 06/06/2023 | 413 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to Motion to Compel re Getty Documents and Exhibit 9 to Declaration of E. Greenwald in support* under seal 412 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [unredacted] Opposition to Motion to Compel re Getty Documents, # 2 [unredacted] Declaration of E. Greenwald w/ Exhibits 1-10) (Boyle, Nicholas) (Entered: 06/06/2023) |
| 06/06/2023 | 414 | OPPOSITION re: APPLICATION to file document *Motion to Compel re Getty Documents* under seal 396 / *OPPOSITION re: Motion to Compel re Getty Documents* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [redacted] Declaration of E. Greenwald w/ Exhibits 1-10, # 2 Declaration of D. Edalatkhah in support, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 06/06/2023) |
| 06/06/2023 | 415 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 413 served on 06-06-2023. (Boyle, Nicholas) (Entered: 06/06/2023) |
| 06/08/2023 | 416 | NOTICE OF MOTION AND MOTION for Order for Letters of Request for International Judicial Assistance filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Faraz Alam Sagar, # 2 Declaration of Sofia A. Vitiello, # 3 Request No. 1, # 4 Request No. 2, # 5 Request No. 3, # 6 Appendix of Exhibits to the Letters of Request for International Judicial Assistance to India (Request Nos. 1, 2, & 3), # 7 Request No. 4 (SOPHI) (OCA), # 8 Request No. 4 (SOPHI) (DFA), # 9 Request No. 5 (Zuleta) (OCA), # 10 Request No. 5 (Zuleta) (DFA), # 11 Appendix of Exhibits to the Letters of Request for International Judicial Assistance (Letters Rogatory) to the Philippines (Request Nos. 4 & 5), # 12 Proposed Order)(Boyle, Nicholas) (Entered: 06/08/2023) |
| 06/08/2023 | 417 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re MOTION for Order for Letters of Request for International Judicial Assistance 416 served on 6/8/2023. (Boyle, Nicholas) (Entered: 06/08/2023) |
| 06/08/2023 | 418 | APPLICATION to file document *Motion to Compel re Request for Production Sets 4 and 6* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order Proposed Order Granting Application to File Under Seal, # 2 Redacted Document Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Crexi's Request for Production Sets 4 and 6)(Braunig, Warren) (Entered: 06/08/2023) |
| 06/08/2023 | 419 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel re Request for Production Sets 4 and 6* under seal 418 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Unredacted Version of Motion to Compel re Crexi's Request for Production Sets 4 and 6)(Braunig, Warren) (Entered: 06/08/2023) |
| 06/08/2023 | 420 | NOTICE OF MOTION AND MOTION to Compel re Request for Production Sets 4 and 6 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Declaration)(Braunig, Warren) (Entered: 06/08/2023) |
| 06/08/2023 | 421 | APPLICATION to file document *Motion for the Issuance of Letters of Request Under the Hague Convention* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document, # 3 Exhibit)(Braunig, Warren) (Entered: 06/08/2023) |
| 06/08/2023 | 422 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion for the Issuance of Letters of Request Under the Hague Convention* under seal 421 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document, # 2 Exhibit)(Braunig, Warren) (Entered: 06/08/2023) |
| 06/08/2023 | 423 | NOTICE OF MOTION AND MOTION to Compel Issuance of Letters of Request Under the Hague Convention filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration, # 2 Declaration)(Braunig, Warren) (Entered: 06/09/2023) |
| 06/09/2023 | 424 | EXHIBIT Filed filed by Defendant Commercial Real Estate Exchange Inc.. *Exhibits A-K to Declaration of Warren Braunig* as to MOTION to Compel Issuance of Letters of Request Under the Hague Convention 423 . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Braunig, Warren) (Entered: 06/09/2023) |
| 06/09/2023 | 425 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 422 , Exhibit (non-trial), 424 , APPLICATION to file document *Motion for the Issuance of Letters of Request Under the Hague Convention* under seal 421 , Sealed Declaration in SupportDeclaration, 419 , MOTION to Compel re Request for Production Sets 4 and 6 420 , APPLICATION to file document *Motion to Compel re Request for Production Sets 4 and 6* under seal 418 , MOTION to Compel Issuance of Letters of Request Under the Hague Convention 423 served on June 8, 2023. (Braunig, Warren) (Entered: 06/09/2023) |
| 06/09/2023 | 426 | IN CHAMBERS - ORDER RE: CREXI'S MOTION FOR REVIEW OF MINUTE ORDER DENYING CREXI'S MOTION TO COMPEL DISCOVERY REGARDING COSTAR'S SETTLEMENT WITH ARCGATE., 370 , by Judge Consuelo B. Marshall: Thus, the Magistrate Judges Order denying CREXis Motion was not erroneous or contrary to law. Accordingly, the Court DENIES CREXIs Motion for Review and orders that the Magistrates Order remains in full force and effect. IT IS SO ORDERED. See order for more information. (shb) (Entered: 06/09/2023) |
| 06/12/2023 | 427 | DECLARATION of Elizabeth Findley in support of request to seal APPLICATION to file document *Opposition to Motion to Compel re Getty Documents and Exhibit 9 to Declaration of E. Greenwald in support* under seal 412 filed by Interested Party GETTY IMAGES (US), INC.. (Attorney Scott T Wilsdon added to party GETTY IMAGES (US), INC.(pty:ip))(Wilsdon, Scott) (Entered: 06/12/2023) |
| 06/12/2023 | 428 | PROOF OF SERVICE filed by Interested Party GETTY IMAGES (US), INC., re Declaration (Motion related), 427 served on 6/12/2023. (Wilsdon, Scott) (Entered: 06/12/2023) |
| 06/12/2023 | 429 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel re Request for Production Sets 4 and 6* under seal 418 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 06/12/2023) |

| | | |
|---|---|---|
| 06/12/2023 | 430 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 429 served on 6/12/2023. (Boyle, Nicholas) (Entered: 06/12/2023) |
| 06/12/2023 | 431 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion for the Issuance of Letters of Request Under the Hague Convention* under seal 421 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 06/12/2023) |
| 06/12/2023 | 432 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 431 served on 6/12/2023. (Boyle, Nicholas) (Entered: 06/12/2023) |
| 06/13/2023 | 433 | APPLICATION to file document *Reply Brief in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Redacted Version of Reply Brief in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents)(Joyce, Katie) (Entered: 06/13/2023) |
| 06/13/2023 | 434 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply Brief in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents* under seal 433 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Unredacted Version of Reply Brief in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents)(Joyce, Katie) (Entered: 06/13/2023) |
| 06/13/2023 | 435 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *Reply Brief in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents* under seal 433 , Sealed Declaration in SupportDeclaration,, 434 served on June 13, 2023. (Joyce, Katie) (Entered: 06/13/2023) |
| 06/16/2023 | 436 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply Brief in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents* under seal 433 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 06/16/2023) |
| 06/16/2023 | 437 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 436 served on 6/16/2023. (Greenwald, Elyse) (Entered: 06/16/2023) |
| 06/16/2023 | 438 | ANSWER to Amended Complaint/Petition,,, 351 *Defendants Answer to Plaintiffs Costar Group, Inc., And Costar Realty Information, Inc.s Second Amended Complaint* filed by Defendant Commercial Real Estate Exchange Inc..(Peters, Elliot) (Entered: 06/16/2023) |
| 06/20/2023 | 439 | NOTICE OF LODGING filed *Special Master's Order Denying Without Prejudice* re MOTION to Compel Discovery Regarding CREXi's Third-Party Agents 259 (Attachments: # 1 Exhibit Special Master's Order, # 2 Affidavit Proof of Service) (Roberts, Niall) (Entered: 06/20/2023) |
| 06/22/2023 | 440 | OPPOSITION re: MOTION to Compel Issuance of Letters of Request Under the Hague Convention 423 filed by Counter Defendants CoStar Group, Inc., CoStar Realty |

| | | |
|---|---|---|
| | | Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Former Indian Supreme Court Justice B.N. Srikrishna, # 2 Declaration of Sofia A. Vitiello, # 3 Exhibit A to Declaration of Sofia A. Vitiello, # 4 Exhibit B to Declaration of Sofia A. Vitiello, # 5 Exhibit C to Declaration of Sofia A. Vitiello, # 6 Exhibit D to Declaration of Sofia A. Vitiello, # 7 Exhibit E to Declaration of Sofia A. Vitiello, # 8 Proposed Order)(Boyle, Nicholas) (Entered: 06/22/2023) |
| 06/22/2023 | 441 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Objection/Opposition (Motion related),, 440 served on 6/22/2023. (Boyle, Nicholas) (Entered: 06/22/2023) |
| 06/22/2023 | 442 | OPPOSITION re: MOTION to Compel re Request for Production Sets 4 and 6 420 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Faraz Alam Sagar, # 2 Declaration of Sofia A. Vitiello with Exhibits A and B, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 06/22/2023) |
| 06/22/2023 | 443 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Objection/Opposition (Motion related), 442 served on 6/22/2023. (Boyle, Nicholas) (Entered: 06/22/2023) |
| 06/22/2023 | 444 | OPPOSITION to MOTION for Order for Letters of Request for International Judicial Assistance 416 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George with Exhibits A-C, # 2 Exhibit Index of Redlined Costar Letters of Request with Exhibits 1-7)(Braunig, Warren) (Entered: 06/22/2023) |
| 06/22/2023 | 445 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response in Opposition to Motion, 444 served on June 22, 2023. (Braunig, Warren) (Entered: 06/22/2023) |
| 06/26/2023 | 446 | NOTICE OF MOTION AND MOTION to Compel Documents Withheld Pursuant to a "Common Interest" Privilege filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl in support, # 2 Proposed Order, # 3 Proof of Service)(Boyle, Nicholas) (Entered: 06/26/2023) |
| 06/29/2023 | 447 | REPLY in Support of MOTION to Compel Issuance of Letters of Request Under the Hague Convention 423 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Justice Rajiv Sahai Endlaw, # 2 Declaration of Jason George, # 3 Proposed Order)(Braunig, Warren) (Entered: 06/29/2023) |
| 06/29/2023 | 448 | REPLY in Support of MOTION to Compel re Request for Production Sets 4 and 6 420 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Braunig, Warren) (Entered: 06/29/2023) |
| 06/29/2023 | 449 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related), 447 served on June 29, 2023. (Braunig, Warren) (Entered: 06/29/2023) |
| 06/29/2023 | 450 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related) 448 served on June 29, 2023. (Braunig, Warren) (Entered: 06/29/2023) |
| 06/29/2023 | 451 | APPLICATION to file document *[Certain Documents in Support of CoStar's Reply in Support of CoStar's Motion for Letters of Request for International Judicial Assistance]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Redacted Document - Reply in Support of CoStar's Motion for Letters of Request for International Judicial Assistance, # 2 Redacted Document - Declaration of Sofia A. Vitiello, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 06/29/2023) |
| 06/29/2023 | 452 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Reply in Support of CoStar's Motion for Letters of Request for International Judicial Assistance]* under seal 451 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Reply in Support of CoStar's Motion for Letters of Request for International Judicial Assistance, # 2 Unredacted Document - Declaration of Sofia A. Vitiello)(Boyle, Nicholas) (Entered: 06/29/2023) |
| 06/29/2023 | 453 | REPLY in support of MOTION for Order for Letters of Request for International Judicial Assistance 416 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Faraz Alam Sagar, # 2 Redacted Document - Declaration of Sofia A. Vitiello, # 3 Appendix of Exhibits to the Letters of Request for International Judicial Assistance to India, # 4 Appendix of Exhibits to the Letters of Request for International Judicial Assistance (Letter Rogatory) to the Philippines)(Boyle, Nicholas) (Entered: 06/29/2023) |
| 06/29/2023 | 454 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 452 , Reply (Motion related),, 453 , APPLICATION to file document *[Certain Documents in Support of CoStar's Reply in Support of CoStar's Motion for Letters of Request for International Judicial Assistance]* under seal 451 served on 6/29/2023. (Boyle, Nicholas) (Entered: 06/29/2023) |
| 07/06/2023 | 455 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Reply in Support of CoStar's Motion for Letters of Request for International Judicial Assistance]* under seal 451 filed by Defendant Commercial Real Estate Exchange Inc..(George, Jason) (Entered: 07/06/2023) |
| 07/06/2023 | 456 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 455 served on July 6, 2023. (George, Jason) (Entered: 07/06/2023) |
| 07/07/2023 | 457 | NOTICE OF LODGING filed *Special Master's Order* re MOTION to Compel Discovery Regarding Costar Photographs 272 (Attachments: # 1 Exhibit Special Master's Order, # 2 Affidavit Proof of Service)(Zaleski, Christine) (Entered: 07/07/2023) |
| 07/17/2023 | 458 | OPPOSITION to MOTION to Compel Documents Withheld Pursuant to a "Common Interest" Privilege 446 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Warren Braunig, # 2 Affidavit Proof of Service)(Joyce, Katie) (Entered: 07/17/2023) |
| 07/19/2023 | 459 | APPLICATION of Non-Resident Attorney Karen D. Frankenthal to Appear Pro Hac Vice on behalf of Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-35700187) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Stebbins Bina, Jessica) (Entered: 07/19/2023) |
| 07/20/2023 | 460 | ORDER GRANTING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTARS OPPOSITION TO |

| | | |
|---|---|---|
| | | CREXI'S MOTION FOR ENTRY OF RULE 54(b) PARTIAL FINAL JUDGMENT OR, ALTERNATIVELY, CERTIFICATION FOR APPEAL UNDER 28 USC 1292(b) 375 by Judge Consuelo B. Marshall. (lc) (Entered: 07/20/2023) |
| 07/20/2023 | 461 | ORDER RE: CREXI'S MOTION FOR ENTRY OF RULE 54(B) PARTIAL FINAL JUDGMENT ORALTERNATIVELY, CERTIFICATION FOR APPEAL UNDER 28 USC 1292(B) 368 by Judge Consuelo B. Marshall: The Court GRANTS CREXi's Motion for Entry of Rule 54(b) Partial Final Judgment with respect to CREXi's dismissed counterclaims. (lc) (Entered: 07/20/2023) |
| 07/21/2023 | 462 | REPLY in support of MOTION to Compel Documents Withheld Pursuant to a "Common Interest" Privilege 446 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 07/21/2023) |
| 07/24/2023 | 463 | ORDER by Judge Consuelo B. Marshall: GRANTING 459 Non-Resident Attorney Karen D. Frankenthal APPLICATION to Appear Pro Hac Vice on behalf of CoStar Group, Inc. and CoStar realty Information, Inc., designating Jessica S. Bina as local counsel. (shb) (Entered: 07/24/2023) |
| 07/24/2023 | 464 | SEALED OPPOSITION RE NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) *Partial Final Judgment or. Alternatively, Certification for Appeal Under USC 1292(b)* 368 , APPLICATION to file document *Opposition and Exhibit F to Declaration of Elyse M. Greenwald* under seal 375 , Objection/Opposition (Motion related), 374 , Order on Motion for Leave to File Document Under Seal, 460 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit F to the Declaration of Elyse M. Greenwald)(Boyle, Nicholas) (Entered: 07/24/2023) |
| 07/24/2023 | 465 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Opposition,, 464 served on 7/24/2023. (Boyle, Nicholas) (Entered: 07/24/2023) |
| 07/24/2023 | 466 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Defendant, Counterclaimant, and Appellant Commercial Real Estate Exchange Inc.. Appeal of Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal), 461 , Order on Motion to Dismiss,, 146 , Order on Motion to Dismiss, 340 . (Appeal Fee - $505 Fee Paid, Receipt No. BCACDC-35724079.) (Attachments: # 1 Representation Statement, # 2 Affidavit Proof of Service)(Peters, Elliot) (Entered: 07/24/2023) |
| 07/27/2023 | 467 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 23-55662 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 466 . (mat) (Entered: 07/28/2023) |
| 07/28/2023 | 468 | APPLICATION to file document *[Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, Declaration of Caitlin E. Dahl, Exhibits B-G, and Exhibits I-L]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Redacted Version of CoStar's Motion to Compel Production of Documents, # 2 Redacted Document - Redacted Declaration of Caitlin E. Dahl and Exhibits A-L, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 07/28/2023) |
| 07/28/2023 | 469 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, Declaration of Caitlin E. Dahl, Exhibits B-G, and Exhibits I-L]* under seal 468 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., |

| | | |
|---|---|---|
| | | Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, # 2 Unredacted Document - Declaration of Caitlin E. Dahl and Exhibits A-L)(Tomkowiak, Sarah) (Entered: 07/28/2023) |
| 07/28/2023 | 470 | NOTICE OF MOTION AND MOTION to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Caitlin E. Dahl and Exhibits A-L, # 2 Proposed Order Granting CoStar's Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, # 3 Appendix A to Proposed Order)(Boyle, Nicholas) (Entered: 07/28/2023) |
| 07/28/2023 | 471 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 469 , MOTION to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts 470 , APPLICATION to file document *[Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, Declaration of Caitlin E. Dahl, Exhibits B-G, and Exhibits I-L]* under seal 468 served on 7/28/2023. (Dahl, Caitlin) (Entered: 07/28/2023) |
| 07/28/2023 | 472 | APPLICATION to file document under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order [Proposed] order re application for leave to file under seal, # 2 Memorandum Motion to add Andy Florance as CoStar document custodian (PUBLIC - REDACTED), # 3 Declaration Frizzell Decl ISO motion to add & Exs. A-H (PUBLIC - REDACTED), # 4 Proposed Order Proposed Order Granting Motion To Add Andy Florance As Costar Document Custodian)(Braunig, Warren) (Entered: 07/28/2023) |
| 07/28/2023 | 473 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 472 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Memorandum Motion to add Andy Florance as CoStar document custodian (SEALED - UNREDACTED), # 2 Declaration Frizzell Decl. ISO motion to add & Exs. A-H (SEALED - UNREDACTED))(Braunig, Warren) (Entered: 07/28/2023) |
| 07/28/2023 | 474 | Certificate/Proof of Service filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: APPLICATION to file document under seal 472 , Sealed Declaration in SupportDeclaration, 473 (Braunig, Warren) (Entered: 07/28/2023) |
| 07/31/2023 | 475 | NOTICE OF LODGING filed re Sealed Declaration in SupportDeclaration, 422 , MOTION for Order for Letters of Request for International Judicial Assistance 416 (Attachments: # 1 Exhibit - Special Master's Order)(Boyle, Nicholas) (Entered: 07/31/2023) |
| 07/31/2023 | 476 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 475 served on 7/31/2023. (Dahl, Caitlin) (Entered: 07/31/2023) |
| 07/31/2023 | 477 | RESPONSE IN SUPPORT of MOTION to Compel Documents Withheld Pursuant to a "Common Interest" Privilege 446 / *Response to CREXi's Sur-Reply* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl in Support of Response, # 2 Proof of Service)(Boyle, Nicholas) (Entered: 07/31/2023) |

| | | |
|---|---|---|
| 08/01/2023 | 478 | OPPOSITION to MOTION to Compel Documents Withheld Pursuant to a "Common Interest" Privilege 446 *Sur-Reply* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(Joyce, Katie) (Entered: 08/01/2023) |
| 08/01/2023 | 479 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 472 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 08/01/2023) |
| 08/01/2023 | 480 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 479 served on 8/1/2023. (Greenwald, Elyse) (Entered: 08/01/2023) |
| 08/01/2023 | 481 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, Declaration of Caitlin E. Dahl, Exhibits B-G, and Exhibits I-L]* under seal 468 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(Kaufman, Kelly) (Entered: 08/01/2023) |
| 08/07/2023 | 482 | OBJECTIONS *to CoStar's Revised Letters of Request and Letters Rogatory* filed by Defendant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 08/07/2023) |
| 08/07/2023 | 483 | Notice of Compliance with Special Master's Order [475-1] filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Objections to CREXi's Letters of Request, # 2 Revised Letter of Request (247 Web Support), # 3 Revised Letter of Request (Neptune), # 4 Revised Letter of Request (Rays TechServ), # 5 Revised Letter of Rogatory (SOPHI/Vendiola DFA), # 6 Revised Letter of Rogatory (SOPHI/Vendiola OCA), # 7 Revised Letter of Rogatory (Zuleta DFA), # 8 Revised Letter of Rogatory (Zuleta OCA), # 9 Proof of Service)(Boyle, Nicholas) (Entered: 08/07/2023) |
| 08/07/2023 | 484 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Objection 482 served on August 7, 2023. (Braunig, Warren) (Entered: 08/07/2023) |
| 08/10/2023 | 485 | NOTICE OF LODGING filed *of Special Master's Order Denying Request to Issue Letters of Request as Submitted on August 7, 2023 for Failure to Comply with Special Master's Order* re Sealed Declaration in SupportDeclaration, 422 , MOTION for Order for Letters of Request for International Judicial Assistance 416 (Attachments: # 1 Exhibit Special Master's Order)(George, Jason) (Entered: 08/10/2023) |
| 08/10/2023 | 486 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 485 served on August 10, 2023. (George, Jason) (Entered: 08/10/2023) |
| 08/11/2023 | 487 | NOTICE OF MOTION AND MOTION for Protective Order for CoStar's Subpoenas to Non-Party Investors filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Christine M. Zaleski, # 2 Proposed Order, # 3 Proof of Service)(Joyce, Katie) (Entered: 08/11/2023) |
| 08/11/2023 | 488 | APPLICATION to file document *[Certain Documents in Support of CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStar's Motion to Compel Production of |

| | | |
|---|---|---|
| | | Documents About CREXi's Business Model and Investor Communications, # 2 Redacted Document - Declaration of Karen D. Frankenthal with Exhibits A-F, # 3 Proposed Order Denying CoStar's Application for Leave to File Under Seal)(Boyle, Nicholas) (Entered: 08/11/2023) |
| 08/11/2023 | 489 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications]* under seal 488 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications, # 2 Unredacted Document - Declaration of Karen D. Frankenthal with Exhibits A-F)(Tomkowiak, Sarah) (Entered: 08/11/2023) |
| 08/11/2023 | 490 | NOTICE OF MOTION AND MOTION to Compel Production of Documents About CREXi's Business Model and Investor Communications filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Karen D. Frankenthal with Exhibits A-F, # 2 Proposed Order Granting CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications)(Boyle, Nicholas) (Entered: 08/11/2023) |
| 08/11/2023 | 491 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re APPLICATION to file document *[Certain Documents in Support of CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications]* under seal 488 , MOTION to Compel Production of Documents About CREXi's Business Model and Investor Communications 490 , Sealed Declaration in SupportDeclaration,, 489 served on 8/11/2023. (Greenwald, Elyse) (Entered: 08/11/2023) |
| 08/15/2023 | 492 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications]* under seal 488 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(Braunig, Warren) (Entered: 08/15/2023) |
| 08/17/2023 | 493 | OBJECTIONS *to Costar's Revised August 17, 2023 Letters of Request and Letters of Rogatory* filed by Defendant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 08/17/2023) |
| 08/17/2023 | 494 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Objection 493 served on August 17, 2023. (Braunig, Warren) (Entered: 08/17/2023) |
| 08/17/2023 | 495 | Notice of Compliance with the Special Master's Order [Dkt. 485-1] filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Objections to CREXi's Letters of Request, # 2 Second Revised Letter of Request (247 Web Support), # 3 Second Revised Letter of Request (Neptune), # 4 Second Revised Letter of Request (Rays TechServ), # 5 Second Revised Letter Rogatory (SOPHI & Vendiola - DFA), # 6 Second Revised Letter Rogatory (SOPHI & Vendiola - OCA), # 7 Second Revised Letter Rogatory (Zuleta - DFA), # 8 Second Revised Letter Rogatory (Zuleta - OCA), # 9 Proof of Service)(Boyle, Nicholas) (Entered: 08/17/2023) |
| 08/18/2023 | 496 | Notice of Filing Revised Letters of Request filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Letter of Request to Ajit Saxena, # 2 Letter of Request to Diwaagar Radhakrishnan Sitaraman, # 3 Letter of |

| | | |
|---|---|---|
| | | Request to FTI Consulting India Private Limited and Saurabh Kumar, # 4 Letter of Request to Ganesh Subramaniam, # 5 Letter of Request to Kirti Mewar, # 6 Letter of Request to Kroll Associates India Private Limited, Shailendra Singh, and Arun Vermani, # 7 Letter of Request to R. Abhishek, # 8 Letter of Request to Ritesh Jaiswaland, # 9 Appendix Proof of Service)(George, Jason) (Entered: 08/18/2023) |
| 08/22/2023 | 497 | APPLICATION to file document *in Support of CoStar's Opposition to CREXi's Motion to Add Andy Florence as CoStar Document Custodian* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document Opposition to CREXi's Motion to Add Andy Florance as CoStar Document Custodian, # 2 Redacted Document Declaration of Elyse Greenwald in Support of Opposition to CREXi's Motion to Add Andy Florance as CoStar Document Custodian, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 08/22/2023) |
| 08/22/2023 | 498 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *in Support of CoStar's Opposition to CREXi's Motion to Add Andy Florence as CoStar Document Custodian* under seal 497 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document Opposition to CREXi's Motion to Add Andy Florance as CoStar Document Custodian, # 2 Unredacted Document Declaration of Elyse Greenwald in Support of Opposition to CREXi's Motion to Add Andy Florance as CoStar Document Custodian)(Boyle, Nicholas) (Entered: 08/22/2023) |
| 08/22/2023 | 499 | APPLICATION for Leave to File Documents UNDER SEAL filed by Defendant and Counter-Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 REDACTED CREXI's Opposition to MTC Production of Documents from CREXI Employees' NON-CREXI Production of Documents Email Accounts, # 3 Declaration of Warren Braunig ISO CREXI's Opposition to MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts REDACTED, # 4 Declaration of Shannon Garner ISO CREXI's Opposition to MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts REDACTED)(Braunig, Warren) (Entered: 08/22/2023) |
| 08/22/2023 | 500 | Opposition re: APPLICATION to file document under seal 472 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Elyse M. Greenwald in Support of CoStar's Opposition to CREXi's Motion to Add Andy Florance as CoStar Document Custodian, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 08/22/2023) |
| 08/22/2023 | 501 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 498 served on 8/22/2023. (Boyle, Nicholas) (Entered: 08/22/2023) |
| 08/22/2023 | 502 | APPLICATION to file document *re Opposition to CoStar's Motion To Compel Production of Documents from CREXI Employees' NON-CREXI Email Accounts* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Opposition to CoStar's MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts, # 2 Redacted Document Declaration of Warren Braunig ISO Opposition to CoStar's MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts, # 3 Declaration Declaration of Shannon Garner ISO Opposition to CoStar's MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts, # 4 Proposed Order)(Braunig, Warren) (Entered: 08/22/2023) |

| | | |
|---|---|---|
| 08/22/2023 | 503 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *re Opposition to CoStar's Motion To Compel Production of Documents from CREXI Employees' NON-CREXI Email Accounts* under seal 502 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Opposition to CoStar's MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts, # 2 Unredacted Document Declaration of Warren Braunig ISO Opposition to CoStar's MTC Production of Documents from CREXI Employees' NON-CREXI Email Accounts)(Braunig, Warren) (Entered: 08/22/2023) |
| 08/22/2023 | 504 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *re Opposition to CoStar's Motion To Compel Production of Documents from CREXI Employees' NON-CREXI Email Accounts* under seal 502 , Sealed Declaration in SupportDeclaration,, 503 served on 08/22/2023. (Braunig, Warren) (Entered: 08/22/2023) |
| 08/22/2023 | 505 | SPECIAL MASTER'S ORDER GRANTING MOTIONS TO ISSUE REVISED LETTERS OF REQUEST, ETC. by Honorable Suzanne H. Segal (Ret.),Special Master: granting 416 Motion for Letters of Request for International Judicial Assistance; granting 423 Motion to Compel Issuance of Letters of Request Under the Hague Convention. The Special Master GRANTS the Motions to Issue the Letters of Request, as revised. The Special Master OVERRULES the Objections to the Letters of Request. (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 506 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 507 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 508 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 509 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 510 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 511 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 512 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL |

| | | |
|---|---|---|
| | | DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 513 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 514 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 515 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 516 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE REPUBLIC OF THE PHILIPPINES FOR THE DEPOSITION OF A CORPORATE REPRESENTATIVE OF STUDENTSONLY PHILIPPINES (SOPHI) INC. AND MR. JAMES (GARTH) VENDIOLA signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 517 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE REPUBLIC OF THE PHILIPPINES FOR THE DEPOSITION OF RICIELLE ZULETA Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 518 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE REPUBLIC OF THE PHILIPPINES FOR THE DEPOSITION OF RICIELLE ZULETA Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 519 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/22/2023 | 520 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE REPUBLIC OF THE PHILIPPINES FOR THE DEPOSITION OF A CORPORATE REPRESENTATIVE OF STUDENTSONLY PHILIPPINES (SOPHI) INC. AND MR. JAMES (GARTH) VENDIOLA Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/23/2023) |
| 08/23/2023 | 521 | APPLICATION to file document *[Redacted Opposition to Motion to Quash and Declaration]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Opposition to Motion to Quash, # 2 Redacted Declaration of William C. Shubeck, # 3 Proposed Order)(Greenwald, Elyse) (Entered: 08/23/2023) |
| 08/23/2023 | 522 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Redacted Opposition to Motion to Quash and Declaration]* under seal 521 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed |

| | | |
|---|---|---|
| | | Opposition to Motion to Quash, # 2 Sealed Declaration of William C. Shubeck) (Greenwald, Elyse) (Entered: 08/23/2023) |
| 08/23/2023 | 523 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 522 served on 8/23/23. (Greenwald, Elyse) (Entered: 08/23/2023) |
| 08/24/2023 | 524 | TRANSCRIPT for proceedings held on Tuesday, 12/06/2022 HEARING RE PLANTIFF'S MOTION TO DISMISS CREXI'S AMENDED COUNTERCLAIMS 198 ; PLAINTIFF'S MOTION TO DISMISS CREXI'S AMENDED COUNTERCLAIMS 203 , 10:33 a.m. Court Reporter/Electronic Court Recorder: MARIA BUSTILLOS, phone number MADAMCOURTREPORTER@GMAIL.COM FOR ALL TRANSCRIPT REQUESTS. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/14/2023. Redacted Transcript Deadline set for 9/25/2023. Release of Transcript Restriction set for 11/22/2023. (Bustillos, Maria) (Entered: 08/24/2023) |
| 08/24/2023 | 525 | TRANSCRIPT for proceedings held on 4/7/2022. Court Reporter/Electronic Court Recorder: Babykin Courthouse Services, phone number (626) 963-0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/14/2023. Redacted Transcript Deadline set for 9/25/2023. Release of Transcript Restriction set for 11/22/2023. (aa) (Entered: 08/24/2023) |
| 08/24/2023 | 526 | NOTICE OF FILING TRANSCRIPT filed for proceedings 4/7/2022 re Transcript 525 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (aa) TEXT ONLY ENTRY (Entered: 08/24/2023) |
| 08/24/2023 | 527 | NOTICE OF FILING TRANSCRIPT filed for proceedings Tuesday, 12/06/2022 HEARING RE PLANTIFF'S MOTION TO DISMISS CREXI'S AMENDED COUNTERCLAIMS 198 ; PLAINTIFF'S MOTION TO DISMISS CREXI'S AMENDED COUNTERCLAIMS 203 , 10:33 a.m. re Transcript 524 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Bustillos, Maria) TEXT ONLY ENTRY (Entered: 08/24/2023) |
| 08/25/2023 | 528 | CORRECTED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, correcting 506 REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, signed by Hon. Suzanne H. Segal (Ret.), Special Master. (see document for details) (hr) (Entered: 08/25/2023) |
| 08/25/2023 | 529 | DESIGNATION of Record on Appeal by Defendant and Counterclaimant Commercial Real Estate Exchange Inc. (Attachments: # 1 PROOF OF SERVICE)(Peters, Elliot) (Entered: 08/25/2023) |
| 08/25/2023 | 530 | OPPOSITION re: MOTION for Protective Order for CoStar's Subpoenas to Non-Party Investors 487 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak with Exhibit A, # 2 Proposed Order Denying CREXi's Motion for a Protective Order)(Boyle, Nicholas) (Entered: 08/25/2023) |

| | | |
|---|---|---|
| 08/25/2023 | 531 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Objection/Opposition (Motion related), 530 served on August 25, 2023. (Greenwald, Elyse) (Entered: 08/25/2023) |
| 08/25/2023 | 532 | OPPOSITION to APPLICATION to file document *[Certain Documents in Support of CoStar's Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications]* under seal 488 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Proof of Service)(Braunig, Warren) (Entered: 08/25/2023) |
| 08/28/2023 | 533 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *re Opposition to CoStar's Motion To Compel Production of Documents from CREXI Employees' NON-CREXI Email Accounts* under seal 502 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Dahl, Caitlin) (Entered: 08/28/2023) |
| 08/28/2023 | 534 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 533 served on 08/28/2023. (Dahl, Caitlin) (Entered: 08/28/2023) |
| 08/28/2023 | 535 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *in Support of CoStar's Opposition to CREXi's Motion to Add Andy Florence as CoStar Document Custodian* under seal 497 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Roberts, Niall) (Entered: 08/28/2023) |
| 08/28/2023 | 536 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 535 served on 8/28/2023. (Roberts, Niall) (Entered: 08/28/2023) |
| 08/28/2023 | 537 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Redacted Opposition to Motion to Quash and Declaration]* under seal 521 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(George, Jason) (Entered: 08/28/2023) |
| 08/30/2023 | 538 | APPLICATION to file document *Certain Materials Under Seal for Crexis Sur-Reply in Further Support of Motion to Compel re Getty Documents* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Sur-Reply in Further Support of Crexis Motion to Compel re Getty Documents, # 3 Declaration of Katie Lynn Joyce, # 4 Proof of Service)(Joyce, Katie) (Entered: 08/30/2023) |
| 08/30/2023 | 539 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Certain Materials Under Seal for Crexis Sur-Reply in Further Support of Motion to Compel re Getty Documents* under seal 538 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Sur-Reply in Further Support of Crexis Motion to Compel re Getty Documents, # 2 Proof of Service)(Joyce, Katie) (Entered: 08/30/2023) |
| 09/01/2023 | 540 | NOTICE OF LODGING filed *of Special Master's Order Granting in Part and Denying in Part* re MOTION to Compel re Request for Production Sets 4 and 6 420 (Attachments: # 1 Exhibit Special Master's Order)(George, Jason) (Entered: 09/01/2023) |

| | | |
|---|---|---|
| 09/01/2023 | 541 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 540 served on September 1, 2023. (George, Jason) (Entered: 09/01/2023) |
| 09/01/2023 | 542 | REPLY to Costar's Oppposition [ECF 530] to Crexi's Motion for a Protective Order [ECF 487] filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Joyce, Katie) (Entered: 09/01/2023) |
| 09/01/2023 | 543 | APPLICATION to file document *[CoStar's Reply and Exhibits A and C to Karen D. Frankenthal's Declaration]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Reply in Support of Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications, # 2 Redacted Document - Declaration of Karen D. Frankenthal with Exhibits A-C, # 3 Proposed Order Denying In Part and Granting In Part CoStar's Application for Leave to File Under Seal)(Boyle, Nicholas) (Entered: 09/01/2023) |
| 09/01/2023 | 544 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Reply and Exhibits A and C to Karen D. Frankenthal's Declaration]* under seal 543 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Reply in Support of Motion to Compel Production of Documents About CREXi's Business Model and Investor Communications, # 2 Unredacted Document - Declaration of Karen D. Frankenthal with Exhibits A-C) (Tomkowiak, Sarah) (Entered: 09/01/2023) |
| 09/01/2023 | 545 | REPLY in support of MOTION to Compel Production of Documents About CREXi's Business Model and Investor Communications 490 *[REDACTED]* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Karen D. Frankenthal with Exhibits A-C)(Boyle, Nicholas) (Entered: 09/01/2023) |
| 09/01/2023 | 546 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re APPLICATION to file document *[CoStar's Reply and Exhibits A and C to Karen D. Frankenthal's Declaration]* under seal 543 , Reply (Motion related), 545 , Sealed Declaration in SupportDeclaration,, 544 served on 9/1/2023. (Greenwald, Elyse) (Entered: 09/01/2023) |
| 09/05/2023 | 547 | DECLARATION of Elizabeth Findley in Support of APPLICATION to file document *Certain Materials Under Seal for Crexis Sur-Reply in Further Support of Motion to Compel re Getty Documents* under seal 538 filed by Interested Party GETTY IMAGES (US), INC.. (Wilsdon, Scott) (Entered: 09/05/2023) |
| 09/05/2023 | 548 | PROOF OF SERVICE filed by Interested Party GETTY IMAGES (US), INC., re Declaration (Motion related), 547 served on 9/5/2023. (Wilsdon, Scott) (Entered: 09/05/2023) |
| 09/05/2023 | 549 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Reply and Exhibits A and C to Karen D. Frankenthal's Declaration]* under seal 543 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Braunig, Warren) (Entered: 09/05/2023) |
| 09/05/2023 | 550 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 549 served on 09/05/2023. (Braunig, Warren) (Entered: 09/05/2023) |

| | | |
|---|---|---|
| 09/08/2023 | 551 | COSTAR'S RESPONSE TO CREXI'S SUR-REPLY IN SUPPORT OF ITS MOTION TO COMPEL RE GETTY DOCUMENTS re APPLICATION to file document *Certain Materials Under Seal for Crexis Sur-Reply in Further Support of Motion to Compel re Getty Documents* under seal 538 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Elyse M. Greenwald, # 2 Declaration of Dariush Edalatkhah with Exhibit A)(Boyle, Nicholas) (Entered: 09/08/2023) |
| 09/08/2023 | 552 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Motion Related Document,, 551 served on September 8, 2023. (Greenwald, Elyse) (Entered: 09/08/2023) |
| 09/11/2023 | 553 | APPLICATION to file document *Reply in Support of Motion to Compel and Exhibits A and B to the Declaration of C. Dahl* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Reply in Support of Motion to Compel (Redacted), # 2 Declaration of C. Dahl in Support of (Redacted), # 3 Proposed Order)(Boyle, Nicholas) (Entered: 09/11/2023) |
| 09/11/2023 | 554 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply in Support of Motion to Compel and Exhibits A and B to the Declaration of C. Dahl* under seal 553 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Reply in Support of Motion to Compel (Unreedacted), # 2 Declaration of C. Dahl in Support of (Unredacted))(Boyle, Nicholas) (Entered: 09/11/2023) |
| 09/11/2023 | 555 | REPLY in Support of MOTION to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts 470 *(Redacted)* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of C. Dahl in support (Redacted))(Boyle, Nicholas) (Entered: 09/11/2023) |
| 09/11/2023 | 556 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 554 served on 09/11/2023. (Boyle, Nicholas) (Entered: 09/11/2023) |
| 09/11/2023 | 557 | APPLICATION to file document *Reply in Support of Motion to Add Andy Florance as Costar Document Custodian* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Reply in Support of Motion to Add Andy Florance as Costar Document Custodian, # 2 Proposed Order)(Braunig, Warren) (Entered: 09/11/2023) |
| 09/11/2023 | 558 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply in Support of Motion to Add Andy Florance as Costar Document Custodian* under seal 557 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Reply in Support of Motion to Add Andy Florance as Costar Document Custodian)(Braunig, Warren) (Entered: 09/11/2023) |
| 09/11/2023 | 559 | REPLY in Support of APPLICATION to file document under seal 472 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 09/11/2023) |
| 09/11/2023 | 560 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *Reply in Support of Motion to Add Andy Florance as Costar Document Custodian* under seal 557 , Sealed Declaration in SupportDeclaration, 558 served on 9/11/2023. (Braunig, Warren) (Entered: 09/11/2023) |

| | | |
|---|---|---|
| 09/12/2023 | 561 | APPLICATION to file document *Motion to Compel and Exhibits F through P to C. Dahl Declaration* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Motion to Compel CREXi's Slack Communications & Documents (Redacted), # 2 Declaration of C. Dahl in Support (Redacted), # 3 Proposed Order) (Boyle, Nicholas) (Entered: 09/12/2023) |
| 09/12/2023 | 562 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel and Exhibits F through P to C. Dahl Declaration* under seal 561 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Motion to Compel CREXi's Slack Communications & Documents (Unredacted), # 2 Declaration of C. Dahl in Support (Unredacted))(Boyle, Nicholas) (Entered: 09/12/2023) |
| 09/12/2023 | 563 | NOTICE OF MOTION AND MOTION for Order for Compelling CREXi's Slack Communications & Documents filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl in Support (Redacted), # 2 Proposed Order) (Boyle, Nicholas) (Entered: 09/12/2023) |
| 09/12/2023 | 564 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 562 served on 09/12/2023. (Boyle, Nicholas) (Entered: 09/12/2023) |
| 09/12/2023 | 565 | EX PARTE APPLICATION to Stay *The Special Master's August 30, 2023 Order on CREXi's Motion to Compel Re: Requests for Production Set Nos. 4 and 6* filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit A, # 2 Proof of Service) (Boyle, Nicholas) (Entered: 09/12/2023) |
| 09/15/2023 | 566 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply in Support of Motion to Add Andy Florance as Costar Document Custodian* under seal 557 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 09/15/2023) |
| 09/15/2023 | 567 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 566 served on 09/15/2023. (Greenwald, Elyse) (Entered: 09/15/2023) |
| 09/15/2023 | 568 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply in Support of Motion to Compel and Exhibits A and B to the Declaration of C. Dahl* under seal 553 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Braunig, Warren) (Entered: 09/15/2023) |
| 09/15/2023 | 569 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 568 *Proof of Service to Declaration in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Reply in Support of CoStar's Motion to Compel Production of Documents from Crexi Empoyees' Non-Crexi Email Accounts* served on 09/15/2023. (Braunig, Warren) (Entered: 09/15/2023) |
| 09/16/2023 | 570 | NOTICE OF LODGING filed *Special Master's Order* re EX PARTE APPLICATION to Stay *The Special Master's August 30, 2023 Order on CREXi's Motion to Compel Re: Requests for Production Set Nos. 4 and 6* 565 (Attachments: # 1 Special Master's Order Granting Ex Parte Application, # 2 Proof of Service)(Boyle, Nicholas) (Entered: 09/16/2023) |

| | | |
|---|---|---|
| 09/18/2023 | 571 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel and Exhibits F through P to C. Dahl Declaration* under seal 561 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Kaufman, Kelly) (Entered: 09/18/2023) |
| 09/18/2023 | 572 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 571 served on 09/18/2023. (Kaufman, Kelly) (Entered: 09/18/2023) |
| 09/18/2023 | 573 | EX PARTE APPLICATION for Relief from from CoStar's Conduct in Indian Proceedings and for Contempt Sanctions re Notice of Lodging, 570 *Ex Parte Application for Relief re: Indian Proceedings and Request for Contempt Sanctions* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Arjun Krishnan in support of Ex Parte Application, # 2 Declaration of Warren Braunig in support of Ex Parte Application, # 3 Proposed Order) (Braunig, Warren) (Entered: 09/18/2023) |
| 09/18/2023 | 574 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re EX PARTE APPLICATION for Relief from from CoStar's Conduct in Indian Proceedings and for Contempt Sanctions re Notice of Lodging, 570 *Ex Parte Application for Relief re: Indian Proceedings and Request for Contempt Sanctions* 573 served on September 18, 2023. (Braunig, Warren) (Entered: 09/18/2023) |
| 09/20/2023 | 575 | NOTICE OF MOTION AND MOTION for Review of Special Master's August 30, 2023 Discovery Order and September 15, 2023 Stay Order re Notice of Lodging, 540 , Notice of Lodging, 570 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 11/7/2023 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Declaration of Faraz Alam Sagar, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Declaration of Anne C. Malinee, # 15 Proposed Order) (Boyle, Nicholas) (Entered: 09/20/2023) |
| 09/20/2023 | 576 | Opposition re: EX PARTE APPLICATION for Relief from from CoStar's Conduct in Indian Proceedings and for Contempt Sanctions re Notice of Lodging, 570 *Ex Parte Application for Relief re: Indian Proceedings and Request for Contempt Sanctions* 573 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Faraz Alam Sagar, # 2 Declaration of Anne C. Malinee, # 3 Proposed Order, # 4 Proof of Service)(Boyle, Nicholas) (Entered: 09/20/2023) |
| 09/21/2023 | 577 | REPLY in Support of EX PARTE APPLICATION for Relief from from CoStar's Conduct in Indian Proceedings and for Contempt Sanctions re Notice of Lodging, 570 *Ex Parte Application for Relief re: Indian Proceedings and Request for Contempt Sanctions* 573 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Arjun Krishnan)(Braunig, Warren) (Entered: 09/21/2023) |
| 09/21/2023 | 578 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related), 577 served on September 21, 2023. (Braunig, Warren) (Entered: 09/21/2023) |
| 09/22/2023 | 579 | NOTICE OF LODGING filed *Special Master's Order* re EX PARTE APPLICATION for Relief from from CoStar's Conduct in Indian Proceedings and for Contempt Sanctions re Notice of Lodging, 570 *Ex Parte Application for Relief re: Indian Proceedings and Request for Contempt Sanctions* 573 (Attachments: # 1 Special Master's Order Granting in Part and Denying in Part CREXi's Ex Parte Application)(Boyle, Nicholas) (Entered: 09/22/2023) |

| | | |
|---|---|---|
| 09/22/2023 | 580 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 579 served on 9/22/2023. (Greenwald, Elyse) (Entered: 09/22/2023) |
| 09/22/2023 | 581 | IN CHAMBERS- ORDER RE: EXPEDITED BRIEFING SCHEDULE RE COSTAR'S MOTION FOR REVIEW OF SPECIAL MASTER'S AUGUST 30, 2023 ORDER (575) by Judge Consuelo B. Marshall: The matter before the Court is CoStars Motion for Review of the Special Masters August 30, 2023 Order, noticed for hearing on November 7, 2023. (Dkt. No. 575.) Due to the urgency related to proceedings in India, the Court hereby orders an expedited briefing schedule. CREXis Opposition to the Motion shall be due no later than September 26, 2023. No reply brief shall be filed. The November 7, 2023 hearing date is vacated. Therefore, no appearances are necessary on November 7, 2023. The matter will be taken under submission after the Opposition is filed and a written order shall be issued. IT IS SO ORDERED. (shb) (Entered: 09/22/2023) |
| 09/22/2023 | 582 | APPLICATION to file document *[CoStar's Sur-Reply, Declaration of Caitlin E. Dahl and Exhibits A-B, and D-E]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStar's Sur-Reply in Support of Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, # 2 Redacted Document - Declaration of Caitlin E. Dahl and Exhibits A-F, # 3 Proposed Order Granting in Part and Denying in Part CoStar's Application for Leave to File Under Seal)(Boyle, Nicholas) (Entered: 09/22/2023) |
| 09/22/2023 | 583 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Sur-Reply, Declaration of Caitlin E. Dahl and Exhibits A-B, and D-E]* under seal 582 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Sur-Reply in Support of Motion to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts, # 2 Unredacted Document - Declaration of Caitlin E. Dahl and Exhibits A-F)(Boyle, Nicholas) (Entered: 09/22/2023) |
| 09/22/2023 | 584 | REPLY COSTAR'S SUR-REPLY IN SUPPORT OF MOTION to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts 470 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Caitlin E. Dahl and Exhibits A-F)(Boyle, Nicholas) (Entered: 09/22/2023) |
| 09/22/2023 | 585 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Reply (Motion related), 584 , APPLICATION to file document *[CoStar's Sur-Reply, Declaration of Caitlin E. Dahl and Exhibits A-B, and D-E]* under seal 582 , Sealed Declaration in SupportDeclaration,, 583 served on 9/22/2023. (Dahl, Caitlin) (Entered: 09/22/2023) |
| 09/25/2023 | 586 | Notice OF PARTIAL WITHDRAWAL OF MOTION FOR REVIEW OF SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART CREXI'S MOTION TO COMPEL AND SPECIAL MASTER'S ORDER GRANTING EX PARTE APPLICATION (DKT. 575) filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 09/25/2023) |
| 09/26/2023 | 587 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Sur-Reply, Declaration of Caitlin E. Dahl and Exhibits A-B, and D-E]* under seal 582 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Braunig, Warren) (Entered: 09/26/2023) |

| | | |
|---|---|---|
| 09/26/2023 | 588 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 587 *Declaration of Kelly S. Kaufman in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Sur-Reply in Support of CoStar's Motion to Compel Production of Documents from Crexi Employees' Non-Crexi Email Accounts* served on September 26, 2023. (Braunig, Warren) (Entered: 09/26/2023) |
| 09/26/2023 | 589 | NOTICE OF MOTION AND Renewed MOTION to Compel CREXi to Run Image-Matching Software filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak with Exhibit A, # 2 Declaration of Daniel McCallum, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 09/26/2023) |
| 09/26/2023 | 590 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Renewed MOTION to Compel CREXi to Run Image-Matching Software 589 served on 9/26/2023. (Dahl, Caitlin) (Entered: 09/26/2023) |
| 09/26/2023 | 591 | NOTICE OF LODGING filed *of Special Master's Order Granting in Part and Denying in Part* re MOTION to Compel Documents Withheld Pursuant to a "Common Interest" Privilege 446 (Attachments: # 1 Special Master's Order)(Zaleski, Christine) (Entered: 09/26/2023) |
| 09/26/2023 | 592 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 591 served on September 26, 2023. (Zaleski, Christine) (Entered: 09/26/2023) |
| 09/26/2023 | 593 | APPLICATION to file document *Application for Leave to File Under Seal re Opposition to CoStar's Motion to Compel Crexi's Slack Communications & Documents* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Crexi's Opposition to CoStar's Motion to Compel Crexi's Slack Communications and Documents, # 2 Redacted Document Declaration of Warren A. Braunig in Support of Crexi's Opposition to CoStar's Motion to Compel Crexi's Slack Communications and Documents, # 3 Proposed Order [Proposed] Order re Application For Leave to File Under Seal re Crexi's Opposition to CoStar's Motion to Compel Crexi's Slack Communications and Documents)(Braunig, Warren) (Entered: 09/26/2023) |
| 09/26/2023 | 594 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Application for Leave to File Under Seal re Opposition to CoStar's Motion to Compel Crexi's Slack Communications & Documents* under seal 593 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Crexi's Opposition to CoStar's Motion to Compel Crexi's Slack Communications and Documents, # 2 Unredacted Document Declaration of Warren A. Braunig in Support of Crexi's Opposition to CoStar's Motion to Compel Crexi's Slack Communications and Documents)(Braunig, Warren) (Entered: 09/26/2023) |
| 09/26/2023 | 595 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,, 594 , APPLICATION to file document *Application for Leave to File Under Seal re Opposition to CoStar's Motion to Compel Crexi's Slack Communications & Documents* under seal 593 served on September 26, 2023. (Braunig, Warren) (Entered: 09/26/2023) |
| 09/26/2023 | 596 | OPPOSITION to NOTICE OF MOTION AND MOTION for Review of Special Master's August 30, 2023 Discovery Order and September 15, 2023 Stay Order re Notice of Lodging, 540 , Notice of Lodging, 570 575 filed by Defendant Commercial |

| | | |
|---|---|---|
| | | Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George)(Peters, Elliot) (Entered: 09/26/2023) |
| 09/26/2023 | 597 | RESPONSE filed by Defendant Commercial Real Estate Exchange Inc.to Notice (Other), 586 *of Partial Withdrawal of Motion for Review* (Peters, Elliot) (Entered: 09/26/2023) |
| 09/26/2023 | 598 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response in Opposition to Motion, 596 , Response 597 served on September 26, 2023. (Peters, Elliot) (Entered: 09/26/2023) |
| 09/26/2023 | 599 | APPLICATION to file document *Opposition to CoStar's Motion to Compel CREXI's Slack Communications & Documents* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document CREXI's Opposition to CoStar's Motion to Compel CREXI's Slack Communications & Documents, # 2 Redacted Document Declaration of Warren Braunig ISO Opposition to CoStar's MTC CREXI's Slack Communications Documents, # 3 Proposed Order)(Braunig, Warren) (Entered: 09/26/2023) |
| 09/26/2023 | 600 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CoStar's Motion to Compel CREXI's Slack Communications & Documents* under seal 599 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document CREXI's Opposition to CoStar's Motion to Compel CREXI's Slack Communications and Documents, # 2 Declaration Declaration of Warren A. Braunig ISO CREXI's Opp to CoStar's MTC CREXI's Slack Communications and Documents)(Braunig, Warren) (Entered: 09/26/2023) |
| 09/26/2023 | 601 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *Opposition to CoStar's Motion to Compel CREXI's Slack Communications & Documents* under seal 599 , Sealed Declaration in SupportDeclaration,, 600 served on 09/26/2023. (Braunig, Warren) (Entered: 09/26/2023) |
| 10/03/2023 | 602 | APPLICATION to file document *[CoStar's Reply in Support of Motion to Compel CREXi's Slack Communications & Documents]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStar's Reply in Support of Motion to Compel CREXi's Slack Communications & Documents, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 10/03/2023) |
| 10/03/2023 | 603 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Reply in Support of Motion to Compel CREXi's Slack Communications & Documents]* under seal 602 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Reply in Support of Motion to Compel CREXi's Slack Communications & Documents)(Tomkowiak, Sarah) (Entered: 10/03/2023) |
| 10/03/2023 | 604 | REPLY in support of NOTICE OF MOTION AND MOTION for Order for Compelling CREXi's Slack Communications & Documents 563 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl with Exhibit A)(Boyle, Nicholas) (Entered: 10/03/2023) |
| 10/03/2023 | 605 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Reply (Motion related), 604 , APPLICATION to file |

| | | |
|---|---|---|
| | | document *[CoStar's Reply in Support of Motion to Compel CREXi's Slack Communications & Documents]* under seal 602 , Sealed Declaration in SupportDeclaration, 603 served on 10/3/2023. (Dahl, Caitlin) (Entered: 10/03/2023) |
| 10/06/2023 | 606 | IN CHAMBERS- ORDER RE: COSTARS MOTION FOR REVIEW OF SPECIAL MASTERS ORDER GRANTING IN PART AND DENYING IN PART CREXIS MOTION TO COMPEL RE REQUEST FOR PRODUCTION SET NOS. 4 AND 6 575 , by Judge Consuelo B. Marshall: The Court has reviewed all the pleadings, orders, and papers related to this Motion and has conducted a de novo review of all objections made to the Special Masters order. The Court concurs with and adopts the findings and conclusions of the Special Master as set forth in the August 30, 2023 Order. Accordingly, the Court DENIES CoStars Motion for Review and orders that the Special Masters August 30 Order remains in full force and effect. IT IS SO ORDERED. (shb) (Entered: 10/06/2023) |
| 10/10/2023 | 607 | NOTICE OF LODGING filed *of Special Masters Order Granting in Part and Denying in Part* re MOTION to Compel Production of Documents About CREXi's Business Model and Investor Communications 490 (Attachments: # 1 Special Master's Order) (Zaleski, Christine) (Entered: 10/10/2023) |
| 10/10/2023 | 608 | NOTICE OF LODGING filed *of Special Masters Order Denying* re MOTION for Protective Order for CoStar's Subpoenas to Non-Party Investors 487 (Attachments: # 1 Special Master's Order)(Zaleski, Christine) (Entered: 10/10/2023) |
| 10/10/2023 | 609 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 607 , Notice of Lodging 608 served on October 10, 2023. (Zaleski, Christine) (Entered: 10/10/2023) |
| 10/10/2023 | 610 | APPLICATION to file document *re Motion to Compel re Crexi's Search Terms for Request for Production Set 9* under seal filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Motion to Compel, # 2 Redacted Document Exhibit 5, # 3 Redacted Document Exhibit 7, # 4 Redacted Document Exhibit 9, # 5 Redacted Document Exhibit 10, # 6 Proposed Order)(Joyce, Katie) (Entered: 10/10/2023) |
| 10/10/2023 | 611 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *re Motion to Compel re Crexi's Search Terms for Request for Production Set 9* under seal 610 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Motion to Compel, # 2 Unredacted Document Exhibit 5, # 3 Unredacted Document Exhibit 7, # 4 Unredacted Document Exhibit 9, # 5 Unredacted Document Exhibit 10)(Joyce, Katie) (Entered: 10/10/2023) |
| 10/10/2023 | 612 | NOTICE OF MOTION AND MOTION to Compel re Crexi's Search Terms for Request for Production Set 9 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George, # 2 Proposed Order) (Joyce, Katie) (Entered: 10/10/2023) |
| 10/10/2023 | 613 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 611 , APPLICATION to file document *re Motion to Compel re Crexi's Search Terms for Request for Production Set 9* under seal 610 , MOTION to Compel re Crexi's Search Terms for Request for Production Set 9 612 served on October 10, 2023. (Joyce, Katie) (Entered: 10/10/2023) |

| | | |
|---|---|---|
| 10/16/2023 | 614 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *re Motion to Compel re Crexi's Search Terms for Request for Production Set 9* under seal 610 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 10/16/2023) |
| 10/16/2023 | 615 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 614 served on 10/16/2023. (Greenwald, Elyse) (Entered: 10/16/2023) |
| 10/17/2023 | 616 | OPPOSITION re: Renewed MOTION to Compel CREXi to Run Image-Matching Software 589 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Christine Zaleski and Exhibits A-E, # 2 Declaration of Lawson Dees)(Braunig, Warren) (Entered: 10/17/2023) |
| 10/17/2023 | 617 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Objection/Opposition (Motion related), 616 served on October 17, 2023. (Braunig, Warren) (Entered: 10/17/2023) |
| 10/17/2023 | 618 | APPLICATION to file document *certain documents in support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24, # 2 Redacted Document Declaration of Caitlin E. Dahl in Support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 10/17/2023) |
| 10/17/2023 | 619 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *certain documents in support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24* under seal 618 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24, # 2 Unredacted Document Declaration of Caitlin E. Dahl in Support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24) (Boyle, Nicholas) (Entered: 10/17/2023) |
| 10/17/2023 | 620 | NOTICE OF MOTION AND MOTION to Compel CREXi's Response to Interrogatory No. 24 filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl in Support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 10/17/2023) |
| 10/17/2023 | 621 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., *CoStar's Motion to Compel Crexi's Response to Interrogatory No. 24 (Redacted and Unredacted); Declaration of Caitlin E. Dahl (Redacted and Unredacted); Proposed Order Granting Motion to Compel; CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24; Declaration of Sarah A. Tomkowiak in Support of Application to Seal (Filed Under Seal); Proposed Order Denying Application to Seal* served on 10/17/2023. (Boyle, Nicholas) (Entered: 10/17/2023) |
| 10/20/2023 | 622 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *certain documents in support of CoStar's Motion to Compel CREXi's Response to Interrogatory No. 24* under seal 618 filed by Defendant Commercial Real Estate Exchange Inc., |

| | | |
|---|---|---|
| | | Counter Claimant Commercial Real Estate Exchange Inc..(Zaleski, Christine) (Entered: 10/20/2023) |
| 10/20/2023 | 623 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 622 served on October 20, 2023. (Zaleski, Christine) (Entered: 10/20/2023) |
| 10/20/2023 | 624 | MINUTE ORDER IN CHAMBERS - ORDER RE: ACCESS TO UNDER SEAL DOCKETS BY SPECIAL MASTER by Judge Consuelo B. Marshall. There are twenty-five pending applications to seal related to Motions to Compel which are before the Special Master. The Court has asked the Special Master to review the pending applications, and to issue an order thereon. The applications are found at docket nos. 396, 399, 407, 412, 418, 421, 433, 451, 468, 472, 488, 497, 499, 502, 521, 538, 543, 553, 557, 561, 582, 593, 599, 602, 610, 618. In order to do so, the Special Master needs access to the sealed declarations filed in support of each application. The Court hereby gives the Special Master permission to access the following dockets nos. 397, 400, 403, 405, 408, 410, 413, 419, 422, 429, 431, 436, 452, 455, 469, 473, 479, 481, 489, 492, 498, 503, 522, 533, 535, 537, 539, 544, 549, 554, 558, 562, 566, 571, 583, 587, 594, 600, 603, 611, 614, 619. The Courtroom Deputy will provide the documents to the Special Master. (lom) (Entered: 10/20/2023) |
| 10/23/2023 | 625 | SPECIAL MASTER'S ORDER DENYING APPLICATIONS TO SEAL 396 399 407 412 418 421 433 451 468 472 488 497 502 521 538 543 553 557 561 582 593 599 602 610 618 by Special Master Suzanne H. Segal. Accordingly, the applications to seal are DENIED without prejudice. The parties are directed to reevaluate their requests for sealing orders with respect to court records. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 10/24/2023) |
| 10/24/2023 | 626 | OPPOSITION re: MOTION to Compel re Crexi's Search Terms for Request for Production Set 9 612 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Elyse M. Greenwald, # 2 Proof of Service)(Boyle, Nicholas) (Entered: 10/24/2023) |
| 10/24/2023 | 627 | APPLICATION to file document *Certain Documents in Support of CoStar's Reply in Support of Motion to Compel CREXi to Run Image-Matching Software* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document Declaration of Sarah A. Tomkowiak, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 10/24/2023) |
| 10/24/2023 | 628 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Certain Documents in Support of CoStar's Reply in Support of Motion to Compel CREXi to Run Image-Matching Software* under seal 627 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document Declaration of Sarah A. Tomkowiak)(Boyle, Nicholas) (Entered: 10/24/2023) |
| 10/24/2023 | 629 | REPLY in Support of Renewed MOTION to Compel CREXi to Run Image-Matching Software 589 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document Declaration of Sarah A. Tomkowiak, # 2 Declaration of Dariush Edalatkhah)(Boyle, Nicholas) (Entered: 10/24/2023) |
| 10/24/2023 | 630 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., *(1) Application to Seal and Supporting Documents; (2)* |

| | | |
|---|---|---|
| | | *Sealing Declaration and Supporting Documents; and (3) Reply and Supporting Documents* served on 10/24/2023. (Boyle, Nicholas) (Entered: 10/24/2023) |
| 10/27/2023 | 631 | SCHEDULING NOTICE TEXT ONLY ENTRY [IN CHAMBERS] by Judge Consuelo B. Marshall. Counsel are hereby notified that the Courtroom Deputy has provided all documents to the Special Master stated in DKT NO. 624 on 10/20/2023 and 10/23/2023. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 10/27/2023) |
| 10/27/2023 | 632 | NOTICE OF MOTION AND MOTION to Compel Discovery re: CoStar's Access to Competitor Websites filed by defendant and counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George in Support of Motion to Compel Discovery re: Costar's Access to Competitor Websites, # 2 Proposed Order Granting Motion to Compel re: Costar's Access to Competitor Websites)(Joyce, Katie) (Entered: 10/27/2023) |
| 10/27/2023 | 633 | PROOF OF SERVICE filed by defendant and counterclaimant Commercial Real Estate Exchange Inc., re MOTION to Compel Discovery re: CoStar's Access to Competitor Websites 632 *Declaration of Jason George [632-1] and Proposed Order [632-2]* served on October 27, 2023. (Joyce, Katie) (Entered: 10/27/2023) |
| 10/30/2023 | 634 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Certain Documents in Support of CoStar's Reply in Support of Motion to Compel CREXi to Run Image-Matching Software* under seal 627 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Zaleski, Christine) (Entered: 10/30/2023) |
| 10/30/2023 | 635 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 634 served on October 30, 2023. (Zaleski, Christine) (Entered: 10/30/2023) |
| 10/31/2023 | 636 | OPPOSITION re: MOTION to Compel CREXi's Response to Interrogatory No. 24 620 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Christine Zaleski and Exhibits 1-5, # 2 Declaration of Lawson Dees)(Braunig, Warren) (Entered: 10/31/2023) |
| 10/31/2023 | 637 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Objection/Opposition (Motion related), 636 served on October 31, 2023. (Braunig, Warren) (Entered: 10/31/2023) |
| 10/31/2023 | 638 | REPLY in Support of MOTION to Compel re Crexi's Search Terms for Request for Production Set 9 612 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Joyce, Katie) (Entered: 10/31/2023) |
| 10/31/2023 | 639 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related), 638 served on October 31, 2023. (Joyce, Katie) (Entered: 10/31/2023) |
| 11/03/2023 | 640 | RESPONSE IN SUPPORT of MOTION to Compel re Request for Production Sets 4 and 6 420 *Supplemental Brief re CoStar's Invocation of Foreign Law to Withhold Documents in Response to Crexi Requests for Production Sets 4 and 6* filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George, # 2 Proposed Order)(Peters, Elliot) (Entered: 11/03/2023) |
| 11/03/2023 | 641 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response in Support of Motion, 640 served on November 3, 2023. |

| | | |
|---|---|---|
| | | (Peters, Elliot) (Entered: 11/03/2023) |
| 11/03/2023 | 642 | SUPPLEMENTAL BRIEF filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. regarding Notice of Lodging, 540 . (Attachments: # 1 Declaration of Anne C. Malinee, # 2 Declaration of Faraz Alam Sagar, # 3 Proof of Service)(Boyle, Nicholas) (Entered: 11/03/2023) |
| 11/07/2023 | 643 | NOTICE OF LODGING filed *of Special Masters Order Granting in Part Commercial Real Estate Exchange, Inc.s Motion to Add Andy Florance as Costar Document Custodian* re Sealed Declaration in SupportDeclaration, 473 (Attachments: # 1 Special Master's Order)(Joyce, Katie) (Entered: 11/07/2023) |
| 11/07/2023 | 644 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 643 served on November 7, 2023. (Joyce, Katie) (Entered: 11/07/2023) |
| 11/07/2023 | 645 | APPLICATION to file document *Declaration of C. Dahl iso Reply iso Motion to Compel Response to Interrogatory No. 24* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of C. Dahl in Support of Reply iso Motion to Compel Response to Interrogatory No. 24 (Redacted))(Boyle, Nicholas) (Entered: 11/07/2023) |
| 11/07/2023 | 646 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Declaration of C. Dahl iso Reply iso Motion to Compel Response to Interrogatory No. 24* under seal 645 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of C. Dahl iso Reply iso Motion to Compel Response to Interrogatory No. 24 (Unredacted))(Boyle, Nicholas) (Entered: 11/07/2023) |
| 11/07/2023 | 647 | REPLY in support of MOTION to Compel CREXi's Response to Interrogatory No. 24 620 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of C. Dahl iso Reply iso Motion to Compel Response to Interrogatory No. 24 (Redacted))(Boyle, Nicholas) (Entered: 11/07/2023) |
| 11/07/2023 | 648 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 646 served on 11/07/2023. (Boyle, Nicholas) (Entered: 11/07/2023) |
| 11/08/2023 | 649 | Notice of Appearance or Withdrawal of Counsel: for attorney Eleanor Frances Brock counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Adding Eleanor Frances Brock as counsel of record for Commercial Real Estate Exchange, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.. (Brock, Eleanor) (Entered: 11/08/2023) |
| 11/10/2023 | 650 | NOTICE OF LODGING filed *of Special Master's Order re Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents* re APPLICATION to file document *Motion to Compel re Getty Documents* under seal 396 (Attachments: # 1 Special Master's Order Re Commercial Real Estate Exchange, Inc.'s Motion to Compel Re Getty Documents)(Boyle, Nicholas) (Entered: 11/10/2023) |
| 11/10/2023 | 651 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 650 served on 11/10/2023. (Greenwald, Elyse) (Entered: 11/10/2023) |

| | | |
|---|---|---|
| 11/10/2023 | 652 | NOTICE OF LODGING filed *of Special Master's Order re Commercial Real Estate Exchange, Inc.'s Motion to Compel re Interrogatory No. 6 and Requests for Production 161-162* re MOTION to Compel Interrogatory No. 6 and Requests for Production 161-162 394 (Attachments: # 1 Special Master's Order Granting in Part and Denying in Part Commercial Real Estate Exchange, Inc.'s Motion to Compel Re Interrogatory No. 6 and Requests for Production 161-162)(Boyle, Nicholas) (Entered: 11/10/2023) |
| 11/10/2023 | 653 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging,, 652 served on 11/10/2023. (Greenwald, Elyse) (Entered: 11/10/2023) |
| 11/10/2023 | 654 | OPPOSITION re: MOTION to Compel Discovery re: CoStar's Access to Competitor Websites 632 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of A. Malinee in Support of, # 2 Declaration of A. Reeves in Support of, # 3 Proof of Service)(Boyle, Nicholas) (Entered: 11/10/2023) |
| 11/10/2023 | 655 | RESPONSE filed by Defendant Commercial Real Estate Exchange Inc.to Brief (non-motion non-appeal), 642 *Response to CoStar's Supplemental Brief re CoStar's Invocation of Foreign Law* (Peters, Elliot) (Entered: 11/10/2023) |
| 11/10/2023 | 656 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response 655 served on November 10, 2023. (Peters, Elliot) (Entered: 11/10/2023) |
| 11/13/2023 | 657 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Declaration of C. Dahl iso Reply iso Motion to Compel Response to Interrogatory No. 24* under seal 645 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Zaleski, Christine) (Entered: 11/13/2023) |
| 11/13/2023 | 658 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 657 served on November 13, 2023. (Zaleski, Christine) (Entered: 11/13/2023) |
| 11/14/2023 | 659 | APPLICATION to file document *Certain Documents in Support of CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 and 6* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 And 6, # 2 Redacted Document Declaration of Anne C. Malinee in Support of CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 And 6, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 11/14/2023) |
| 11/14/2023 | 660 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Certain Documents in Support of CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 and 6* under seal 659 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 And 6, # 2 Unredacted Document Declaration of Anne C. Malinee in Support of CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 And 6)(Boyle, Nicholas) (Entered: 11/14/2023) |
| 11/14/2023 | 661 | RESPONSE filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.to |

| | | |
|---|---|---|
| | | Response in Support of Motion, 640 (Attachments: # 1 Declaration of Anne C. Malinee in Support of CoStar's Response to CREXI's Supplemental Brief Re: CREXI's Requests for Production Sets 4 and 6)(Boyle, Nicholas) (Entered: 11/14/2023) |
| 11/14/2023 | 662 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., served on 11/14/2023. (Boyle, Nicholas) (Entered: 11/14/2023) |
| 11/16/2023 | 663 | NOTICE OF LODGING filed *of Special Master's Order re Search Parameters for Florance Custodial Production* re Sealed Declaration in SupportDeclaration, 473 (Attachments: # 1 Special Master's Order)(Braunig, Warren) (Entered: 11/16/2023) |
| 11/16/2023 | 664 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 663 served on November 16, 2023. (Braunig, Warren) (Entered: 11/16/2023) |
| 11/16/2023 | 667 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals, 466 filed by Commercial Real Estate Exchange Inc.. CCA # 23-55662. The motion to dismiss this appeal for lack of jurisdiction is denied without prejudice to renewing the arguments in the answering brief. [See document for more details.] (mat) (Entered: 11/20/2023) |
| 11/17/2023 | 665 | REPLY in Support of MOTION to Compel Discovery re: CoStar's Access to Competitor Websites 632 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George)(Joyce, Katie) (Entered: 11/17/2023) |
| 11/17/2023 | 666 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related) 665 served on November 17, 2023. (Joyce, Katie) (Entered: 11/17/2023) |
| 11/20/2023 | 668 | Notice of Submission of Documents for in Camera Review filed by Interested Party GETTY IMAGES (US), INC.. (Sieff, Adam) (Entered: 11/20/2023) |
| 11/21/2023 | 669 | NOTICE OF LODGING filed *by defendant and counterclaimant Commercial Real Estate Exchange, Inc.* re MOTION to Compel Production of Documents from CREXi Employees' Non-CREXi Email Accounts 470 (Attachments: # 1 Exhibit Special Master's Order Denying Costar's Motion to Compel Production of Documents From Crexi Employees' Non-Crexi Email Accounts)(Braunig, Warren) (Entered: 11/21/2023) |
| 11/21/2023 | 670 | PROOF OF SERVICE filed by defendant and counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 669 served on November 21, 2023. (Braunig, Warren) (Entered: 11/21/2023) |
| 11/29/2023 | 671 | JOINT STIPULATION REGARDING AMENDED CASE SCHEDULE filed by plaintiffs and defendant CoStar Group, Inc., CoStar Realty Information Inc., Commercial Real Estate Exchange Inc. (rolm) (Entered: 11/30/2023) |
| 11/29/2023 | 672 | SPECIAL MASTER'S REPORT AND RECOMMENDATION issued by Judge Consuelo B. Marshall. (rolm) (Entered: 11/30/2023) |
| 12/08/2023 | 673 | APPLICATION to file document under seal filed by Interested Party GETTY IMAGES (US), INC.. (Attachments: # 1 Declaration of Elizabeth Findley on behalf of Interested Party Getty Images (US), Inc. in Support of Sealing Certain Records)(Attorney Adam S. Sieff added to party GETTY IMAGES (US), INC.(pty:ip))(Sieff, Adam) (Entered: 12/08/2023) |
| 12/08/2023 | 674 | Renewed APPLICATION to file document *in Response to the Special Master's Order Denying Applications to Seal, Dkt. 625* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar |

| | | |
|---|---|---|
| | | Realty Information Inc.. (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 12/08/2023) |
| 12/08/2023 | 675 | SEALED DECLARATION IN SUPPORT OF Renewed APPLICATION to file document *in Response to the Special Master's Order Denying Applications to Seal, Dkt. 625* under seal 674 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Greenwald, Elyse) (Entered: 12/08/2023) |
| 12/08/2023 | 676 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 675 , Renewed APPLICATION to file document *in Response to the Special Master's Order Denying Applications to Seal, Dkt. 625* under seal 674 served on December 8, 2023. (Greenwald, Elyse) (Entered: 12/08/2023) |
| 12/08/2023 | 677 | Renewed APPLICATION to file document *s* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order Re Crexi's Renewed Application For Leave to File Documents Under Seal)(George, Jason) (Entered: 12/08/2023) |
| 12/08/2023 | 678 | SEALED DECLARATION IN SUPPORT OF Renewed APPLICATION to file document *s* under seal 677 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(George, Jason) (Entered: 12/08/2023) |
| 12/08/2023 | 679 | PROOF OF SERVICE filed by defendant and counterclaimant Commercial Real Estate Exchange Inc., re Renewed APPLICATION to file document *s* under seal 677 , Sealed Declaration in SupportDeclaration 678 served on December 8, 2023. (George, Jason) (Entered: 12/08/2023) |
| 12/11/2023 | 680 | NOTICE OF LODGING filed re MOTION to Compel Interrogatory No. 6 and Requests for Production 161-162 394 (Attachments: # 1 Special Master's Order Compelling CoStar to Produce Limited Documents in Response to CREXi's RFPs 161-162)(Boyle, Nicholas) (Entered: 12/11/2023) |
| 12/11/2023 | 681 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 680 served on December 11, 2023. (Greenwald, Elyse) (Entered: 12/11/2023) |
| 12/11/2023 | 682 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Order for Compelling CREXi's Slack Communications & Documents 563 (Attachments: # 1 Special Master's Order Granting in Part and Denying in Part CoStar's Motion to Compel Production of Slack Communications and Documents)(Boyle, Nicholas) (Entered: 12/11/2023) |
| 12/11/2023 | 683 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 682 served on December 11, 2023. (Greenwald, Elyse) (Entered: 12/11/2023) |
| 12/11/2023 | 684 | NOTICE OF LODGING filed re Brief (non-motion non-appeal), 642 , Response in Support of Motion, 640 , Response, 661 , Response 655 (Attachments: # 1 Special Masters Order re Costars Invocation of Foreign Law to Withhold Documents in Response to Crexi Requests for Production Sets 4 and 6)(George, Jason) (Entered: 12/11/2023) |
| 12/11/2023 | 685 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 684 served on December 11, 2023. (George, Jason) (Entered: 12/11/2023) |

| | | |
|---|---|---|
| 12/21/2023 | 686 | Joint STIPULATION for Order Regarding Discovery Issues filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 12/21/2023) |
| 12/21/2023 | 687 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Stipulation for Order 686 served on December 21, 2023. (Greenwald, Elyse) (Entered: 12/21/2023) |
| 12/28/2023 | 688 | NOTICE OF LODGING filed *of Special Master's Order re Search Parameters for CREXI's Internal Slack Communications* re Notice of Lodging, 682 (Attachments: # 1 Order re Search Parameters for CREXI's Internal Slack Communications)(Braunig, Warren) (Entered: 12/28/2023) |
| 12/28/2023 | 689 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 688 served on 12/28/2023. (Braunig, Warren) (Entered: 12/28/2023) |
| 12/29/2023 | 690 | NOTICE OF LODGING filed re Letters Rogatory Issued 512 , Letters Rogatory Issued, 516 , Letters Rogatory Issued, 518 , Letters Rogatory Issued 515 , Letters Rogatory Issued, 520 , Letters Rogatory Issued 509 , Letters Rogatory Issued 510 , Letters Rogatory Issued, 528 , Letters Rogatory Issued 508 , Letters Rogatory Issued 511 , Letters Rogatory Issued 513 , Letters Rogatory Issued, 517 , Letters Rogatory Issued 507 , Letters Rogatory Issued 519 , Letters Rogatory Issued 514 (Attachments: # 1 Order Withdrawing Letters of Request)(Boyle, Nicholas) (Entered: 12/29/2023) |
| 12/29/2023 | 691 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging,, 690 served on December 29, 2023. (Greenwald, Elyse) (Entered: 12/29/2023) |
| 01/08/2024 | 692 | NOTICE OF LODGING filed *of Special Masters Order Denying Costars Motion to Compel Crexi to Submit a Further Response to Interrogatory No. 24* re Sealed Declaration in SupportDeclaration,, 619 (Attachments: # 1 Special Masters Order Denying Costars Motion to Compel Crexi to Submit a Further Response to Interrogatory No. 24)(Braunig, Warren) (Entered: 01/08/2024) |
| 01/08/2024 | 693 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 692 served on January 8, 2024. (Braunig, Warren) (Entered: 01/08/2024) |
| 01/11/2024 | 694 | NOTICE OF LODGING filed *of Special Masters Order re Crexis Search Terms for Request for Production Set No. 9* re MOTION to Compel re Crexi's Search Terms for Request for Production Set 9 612 (Attachments: # 1 Special Master's Order re Crexis Motion to Compel re Crexis Search Terms for Request for Production Set No. 9)(George, Jason) (Entered: 01/11/2024) |
| 01/11/2024 | 695 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 694 served on January 11, 2024. (George, Jason) (Entered: 01/11/2024) |
| 01/17/2024 | 696 | NOTICE OF LODGING filed re Renewed MOTION to Compel CREXi to Run Image-Matching Software 589 (Attachments: # 1 Special Master's Order re CoStar's Renewed Motion to Compel CREXi to Run Image-Matching Software)(Boyle, Nicholas) (Entered: 01/17/2024) |
| 01/17/2024 | 697 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 696 served on January 17, 2024. (Greenwald, Elyse) (Entered: 01/17/2024) |

| | | |
|---|---|---|
| 02/13/2024 | 698 | BRIEF filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. *regarding In Camera Submission to Special Master of Contested Withheld or Redacted Documents* (Attachments: # 1 Declaration of Daniel McCallum in Support, # 2 Proof of Service)(Boyle, Nicholas) (Entered: 02/13/2024) |
| 02/13/2024 | 699 | Notice filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. *of Submission of Documents for In Camera Review to Special Master* (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 02/13/2024) |
| 02/16/2024 | 700 | RESPONSE filed by Defendant Commercial Real Estate Exchange Inc.to Brief (non-motion non-appeal), 698 *Brief re Costar's In Camera Submission of Contested Withheld or Redacted Documents* (Attachments: # 1 Declaration of Jason George)(Joyce, Katie) (Entered: 02/16/2024) |
| 02/16/2024 | 701 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response, 700 served on February 16, 2024. (Joyce, Katie) (Entered: 02/16/2024) |
| 02/21/2024 | 702 | NOTICE OF LODGING filed re APPLICATION to file document *Motion to Compel re Getty Documents* under seal 396 (Attachments: # 1 Special Master's Supplemental Order Denying Commercial Real Estate Exchange, Inc.'s Motion to Compel re Getty Documents)(Boyle, Nicholas) (Entered: 02/21/2024) |
| 02/21/2024 | 703 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 702 served on February 21, 2024. (Boyle, Nicholas) (Entered: 02/21/2024) |
| 02/22/2024 | 704 | BRIEF filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. *[CoStar's Reply Brief]* regarding Brief (non-motion non-appeal), 698 . (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 02/22/2024) |
| 03/18/2024 | 705 | OPPOSITION filed by ThirdParty Defendant Mobius365 Knowledge Services Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Attorney Lema Mousilli added to party Mobius365 Knowledge Services Inc.(pty:3pd))(Mousilli, Lema) (Entered: 03/18/2024) |
| 03/19/2024 | 706 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Response in Opposition to Motion, 705 . The following error(s) was/were found: Local Rule 11-3.8 title page is missing, incomplete, or incorrect. Other error(s) with document(s): The case number is missing the judge initials. The complete case number is: 2:20-cv-08819-CBM (ASx) and must appear on all documents filed with the court.. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 03/19/2024) |
| 04/04/2024 | 707 | NOTICE OF LODGING filed re APPLICATION to file document *Motion to Compel and Exhibits F through P to C. Dahl Declaration* under seal 561 (Braunig, Warren) (Entered: 04/04/2024) |
| 04/04/2024 | 708 | PROOF OF SERVICE filed by Defendant, Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 707 served on 4/4/2024. (Braunig, Warren) (Entered: 04/04/2024) |
| 04/08/2024 | 709 | NOTICE OF LODGING filed *of Special Master's Order Granting Crexi"s Motion to Compel Discovery re CoStar's Access to Competitor Websites* re MOTION to Compel |

| | | |
|---|---|---|
| | | Discovery re: CoStar's Access to Competitor Websites 632 (Attachments: # 1 Special Master's Order)(George, Jason) (Entered: 04/08/2024) |
| 04/08/2024 | 710 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 709 served on April 8, 2024. (George, Jason) (Entered: 04/08/2024) |
| 04/15/2024 | 711 | NOTICE OF LODGING filed re Renewed APPLICATION to file document *s* under seal 677 (Attachments: # 1 Special Master's Order re CREXi's Renewed Application for Leave to File Documents Under Seal)(Boyle, Nicholas) (Entered: 04/15/2024) |
| 04/15/2024 | 712 | NOTICE OF LODGING filed re Renewed APPLICATION to file document *in Response to the Special Master's Order Denying Applications to Seal, Dkt. 625* under seal 674 (Attachments: # 1 Special Master's Order Granting CoStar's Renewed Application for Leave to File Under Seal Certain Documents in Response to the Special Master's Order Denying Applications to Seal, Dkt. 625)(Boyle, Nicholas) (Entered: 04/15/2024) |
| 04/15/2024 | 713 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 712 , Notice of Lodging 711 served on April 15, 2024. (Greenwald, Elyse) (Entered: 04/15/2024) |
| 04/17/2024 | 714 | APPLICATION to file document *Application To Seal In Support Of Crexis Motion To Compel Damages Discovery* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration Redacted - Declaration Of Jason George In Support Of Crexis Motion To Compel Damages Discovery, # 2 Redacted Document Redacted - Crexis Motion To Compel Damages Discovery, # 3 Proposed Order [Proposed] Order Re Application to Seal in Support of CREXis Motion to Compel Damages Discovery)(Braunig, Warren) (Entered: 04/17/2024) |
| 04/17/2024 | 715 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Application To Seal In Support Of Crexis Motion To Compel Damages Discovery* under seal 714 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document CREXis Motion to Compel re Damages-related Documents (Highlighted)-, # 2 Unredacted Document George Decl ISO MTC Damages Discovery _Special Master + Ex. A-P (UNDER SEAL))(Braunig, Warren) (Entered: 04/17/2024) |
| 04/17/2024 | 716 | NOTICE OF MOTION AND MOTION to Compel Damages Discovery *Crexis Motion To Compel Damages Discovery (Redacted)* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration Declaration Of Jason George In Support Of Crexis Motion To Compel Damages Discovery (Redacted), # 2 Declaration Declaration Of Cate M. Elsten In Support Of Crexis Motion To Compel Damages Discovery, # 3 Proposed Order Proposed Order re MTC Damages Discovery - Special Master)(Braunig, Warren) (Entered: 04/17/2024) |
| 04/17/2024 | 717 | APPLICATION to file document *(A. Malinee Declaration and Exhibits B-F)* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 04/17/2024) |
| 04/17/2024 | 718 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,, 715 , MOTION to Compel Damages Discovery *Crexis Motion To Compel Damages Discovery (Redacted)* 716 , APPLICATION to file document *Application To Seal In Support Of Crexis Motion To Compel Damages Discovery* under seal 714 served on 4/17/2024. (Braunig, Warren) (Entered: 04/17/2024) |

| | | |
|---|---|---|
| 04/17/2024 | 719 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(A. Malinee Declaration and Exhibits B-F)* under seal 717 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document)(Boyle, Nicholas) (Entered: 04/17/2024) |
| 04/17/2024 | 720 | NOTICE OF MOTION AND MOTION to Compel CREXI's 2023 Financial Statements and Unredacted Documents filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of A. Malinee (Redacted), # 2 Proposed Order)(Boyle, Nicholas) (Entered: 04/17/2024) |
| 04/17/2024 | 721 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 719 served on 4/17/2024. (Boyle, Nicholas) (Entered: 04/17/2024) |
| 04/19/2024 | 722 | SUPPLEMENT to Notice of Lodging 711 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document 453-2 2023 06 29 [REDACTED] Decl. of Sofia A. Vitiello & Ex. A-O, # 2 Redacted Document 469-1 2023 07 28 [REDACTED] CoStar MTC Production of Documents, # 3 Redacted Document 469-2 2023 07 28 [REDACTED] Decl. of Caitlin E. Dahl iso CoStar MTC, # 4 Redacted Document 489-1 2023 08 11 [REDACTED] CoStar's MTC re Investor Docs, # 5 Redacted Document 489-2 2023 08 11 [REDACTED] Frankenthal Decl. & Exs. A-F, # 6 Redacted Document 498-2 2023 08 22 [REDACTED] Decl. of E. Greenwald iso Opp to MTC to Add Florance, # 7 Redacted Document 522-2 2023 08 23 [REDACTED] Shubeck Decl ISO CoStar Opposition to Motions to Quash, # 8 Redacted Document 544-2 2023 09 01 [REDACTED] Decl. of K. Frankenthal iso Reply iso MTC, # 9 Redacted Document 583-1 2023 09 22 [REDACTED] CoStar Sur-Reply, # 10 Redacted Document 583-2 2023 09 22 [REDACTED] Dahl Decl. iso Sur-Reply, # 11 Redacted Document 619-2 2023 10 17 [REDACTED] Dahl Decl. iso MTC CREXi Rog 24 Response)(Braunig, Warren) (Entered: 04/19/2024) |
| 04/22/2024 | 723 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(A. Malinee Declaration and Exhibits B-F)* under seal 717 filed by Defendant Commercial Real Estate Exchange Inc..(George, Jason) (Entered: 04/22/2024) |
| 04/22/2024 | 724 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration 723 served on April 22, 2024. (George, Jason) (Entered: 04/22/2024) |
| 04/23/2024 | 725 | Notice of Appearance or Withdrawal of Counsel: for attorney Jennifer L Barry counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Adding Jennifer L. Barry as counsel of record for CoStar Group, Inc., and CoStar Realty Information Inc. for the reason indicated in the G-123 Notice. Filed by Plaintiffs and Counterdefendants CoStar Group, Inc., and CoStar Realty Information Inc.. (Attorney Jennifer L Barry added to party CoStar Group, Inc.(pty:cd), Attorney Jennifer L Barry added to party CoStar Group, Inc.(pty:pla), Attorney Jennifer L Barry added to party CoStar Realty Information Inc.(pty:cd), Attorney Jennifer L Barry added to party CoStar Realty Information Inc.(pty:pla))(Barry, Jennifer) (Entered: 04/23/2024) |
| 04/23/2024 | 726 | APPLICATION to file document *to Seal in Support of Crexi's Motion to Compel Damages Discovery* under seal filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document, # 2 Redacted Document, # 3 Redacted Document, # 4 Proposed Order)(Braunig, Warren) (Entered: 04/23/2024) |

| | | |
|---|---|---|
| 04/23/2024 | 727 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *to Seal in Support of Crexi's Motion to Compel Damages Discovery* under seal 726 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Corrected Crexi's Motion to Compel, # 2 Unredacted Document Corrected Declaration of Jason George, # 3 Unredacted Document Declaration of Elsten)(Braunig, Warren) (Entered: 04/23/2024) |
| 04/23/2024 | 728 | NOTICE OF MOTION AND Corrected MOTION to Compel Damages Discovery filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration Corrected Declaration of Jason George (redacted), # 2 Declaration of Cate M. Elsten (redacted), # 3 Proposed Order)(Braunig, Warren) (Entered: 04/23/2024) |
| 04/23/2024 | 729 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Corrected MOTION to Compel Damages Discovery 728 , Sealed Declaration in SupportDeclaration, 727 , APPLICATION to file document *to Seal in Support of Crexi's Motion to Compel Damages Discovery* under seal 726 served on April 23, 2024. (Braunig, Warren) (Entered: 04/23/2024) |
| 04/24/2024 | 762 | ORDER REGARDING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL COSTAR'S MOTION TO COMPEL CREXI'S 2023 FINANCIAL STATEMENTS AND UNREDACTED FINANCIAL DOCUMENTS, 717 by Special Master Hon. Suzanne Segal: The Court having read and considered Plaintiffs and counter-defendantants CoStar Group, Inc and CoStar realty Information, Inc's (collectively, "CoStar") Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion to Compel CREXi's2023 Financial Statements and Unredacted Financial Documents ("Motion"), hereby: GRANTS the Application to seal. If the Application is GRANTED, the documents set forth below, which were submitted on April 17, 2024, are to be filed under seal pursuant to Local Rule 79-5: Documents to be Filed Under Seal: Exhibit B to Malinee Declaration, CREXI-CS00741528; Exhibit C to Malinee Declaration, Deposition Transcript of Tim Laehy; Exhibit D to Malinee Declaration, CREXI-CS-00733781; Exhibit E to Malinee Declaration, CREXI-CS-00730829; Exhibit F to Malinee Declaration, CREXI-CS-00729565. IT IS SO ORDERED. (shb) (Entered: 05/15/2024) |
| 04/25/2024 | 730 | NOTICE OF LODGING filed re APPLICATION to file document *(A. Malinee Declaration and Exhibits B-F)* under seal 717 (Attachments: # 1 Special Master's Order Regarding CoStar's Application for Leave to File Under Seal CoStar's Motion to Compel CREXi's 2023 Financial Statements and Unredacted Financial Documents)(Boyle, Nicholas) (Entered: 04/25/2024) |
| 04/25/2024 | 731 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging, 730 served on April 25, 2024. (Greenwald, Elyse) (Entered: 04/25/2024) |
| 04/25/2024 | 732 | APPLICATION to file document *Cited in Crexi's Opposition to CoStar's Motion to Compel Crexi's 2023 Financial Statement and Unredacted Financial Documents* under seal filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document, # 2 Redacted Document, # 3 Proposed Order)(Braunig, Warren) (Entered: 04/25/2024) |
| 04/25/2024 | 733 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Cited in Crexi's Opposition to CoStar's Motion to Compel Crexi's 2023 Financial Statement and Unredacted Financial Documents* under seal 732 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Crexi's Opposition to CoStar's Motion to Compel Crexi's 2023 Financial Statements and Unredacted Financial |

| | | |
|---|---|---|
| | | Documents, # 2 Unredacted Document Declaration of Jason George in Support of Opposition)(Braunig, Warren) (Entered: 04/25/2024) |
| 04/25/2024 | 734 | Opposition re: MOTION to Compel CREXI's 2023 Financial Statements and Unredacted Documents 720 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George, # 2 Declaration of Lawson Dees)(Braunig, Warren) (Entered: 04/25/2024) |
| 04/25/2024 | 735 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,, 733 , APPLICATION to file document *Cited in Crexi's Opposition to CoStar's Motion to Compel Crexi's 2023 Financial Statement and Unredacted Financial Documents* under seal 732 , Objection/Opposition (Motion related), 734 served on April 25, 2024. (Braunig, Warren) (Entered: 04/25/2024) |
| 04/25/2024 | 736 | APPLICATION to file document *[CoStar's Opposition to CREXi's Motion to Compel Damages Documents; Declaration of Sarah A. Tomkowiak and Exhibits A, D, E; and Declaration of Daniel McCallum]* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStar's Opposition Regarding CREXi's Motion to Compel Damages Discovery, # 2 Redacted Document - Declaration of Sarah A. Tomkowiak in Support of CoStar's Opposition to CREXi's Motion to Compel CREXi's Damages Discovery with Exhibits A-E, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 04/25/2024) |
| 04/25/2024 | 737 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Opposition to CREXi's Motion to Compel Damages Documents; Declaration of Sarah A. Tomkowiak and Exhibits A, D, E; and Declaration of Daniel McCallum]* under seal 736 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Opposition Regarding CREXi's Motion to Compel Damages Discovery, # 2 Unredacted Document - Declaration of Sarah A. Tomkowiak with Exhibits A-E, # 3 Unredacted Document - Declaration of Daniel McCallum)(Boyle, Nicholas) (Entered: 04/25/2024) |
| 04/25/2024 | 738 | OPPOSITION re: MOTION to Compel Damages Discovery *Crexis Motion To Compel Damages Discovery (Redacted)* 716 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Sarah A. Tomkowiak with Exhibits A-E)(Boyle, Nicholas) (Entered: 04/25/2024) |
| 04/25/2024 | 739 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Objection/Opposition (Motion related), 738 , APPLICATION to file document *[CoStar's Opposition to CREXi's Motion to Compel Damages Documents; Declaration of Sarah A. Tomkowiak and Exhibits A, D, E; and Declaration of Daniel McCallum]* under seal 736 , Sealed Declaration in SupportDeclaration,, 737 served on April 25, 2024. (Greenwald, Elyse) (Entered: 04/25/2024) |
| 04/25/2024 | 763 | ORDER RE APPLICATION TO SEAL IN SUPPORT OF CREXI'S MOTION TO COMPEL DAMAGES DISCOVERY. 726 by Special Master Suzanne H. Segal: The Court, having considered CREXi's Application for Leave to File Under Seal ("Application"), and the declaration and other documents filed in support thereof, hereby rules on CREXi's Application as follows: GRANT - CREXi's Motion to Compel Damages Discovery - The highlighted portions referring to or containing information from designated documents; GRANT - Declaration of Jason George in Support of CREXi's Motion to Compel Damages Discovery - The highlighted portions referring to |

| | | |
|---|---|---|
| | | or containing information from designated documents. GRANT - Exhibit E to the Declaration of Jason George in Support of CREXi's Motion to Compel Damages Discovery - Entirety of the Exhibit. For each document for which the Application is granted, the documents shall be filed under seal pursuant to Local Rule 79-5 within 10 days of this order. For each document for which the Application is denied, the documents shall be filed on the public docket within 10 days of this order. IT IS SO ORDERED. See order for more information. (shb) (Entered: 05/15/2024) |
| 04/29/2024 | 740 | NOTICE OF LODGING filed *of Special Master's Order Granting Crexi's Motion to Compel* re APPLICATION to file document *to Seal in Support of Crexi's Motion to Compel Damages Discovery* under seal 726 (Attachments: # 1 Special Master's Order) (George, Jason) (Entered: 04/29/2024) |
| 04/29/2024 | 741 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 740 served on April 29, 2024. (George, Jason) (Entered: 04/29/2024) |
| 04/29/2024 | 742 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Cited in Crexi's Opposition to CoStar's Motion to Compel Crexi's 2023 Financial Statement and Unredacted Financial Documents* under seal 732 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 04/29/2024) |
| 04/29/2024 | 743 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 742 served on 04-29--2024. (Greenwald, Elyse) (Entered: 04/29/2024) |
| 04/30/2024 | 744 | SUPPLEMENT to Notice of Lodging, 712 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document Declaration of Warren A. Braunig, # 2 Redacted Document Declaration of Caitlin E. Dahl, # 3 Redacted Document Declaration of Jason George)(Boyle, Nicholas) (Entered: 04/30/2024) |
| 05/01/2024 | 745 | APPLICATION to file document *(CoStar's Reply and Exhibits B, C, and D to Malinee Declaration)* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document, # 2 Redacted Document, # 3 Proposed Order) (Boyle, Nicholas) (Entered: 05/01/2024) |
| 05/01/2024 | 746 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *(CoStar's Reply and Exhibits B, C, and D to Malinee Declaration)* under seal 745 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document, # 2 Unredacted Document)(Boyle, Nicholas) (Entered: 05/01/2024) |
| 05/01/2024 | 747 | REPLY in Support of MOTION to Compel CREXI's 2023 Financial Statements and Unredacted Documents 720 *(Redacted)* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of A. Malinee (Redacted))(Boyle, Nicholas) (Entered: 05/01/2024) |
| 05/01/2024 | 748 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re APPLICATION to file document *(CoStar's Reply and Exhibits B, C, and D to Malinee Declaration)* under seal 745 , Reply (Motion related), 747 , Sealed Declaration in SupportDeclaration, 746 served on 5/1/2024. (Boyle, Nicholas) (Entered: 05/01/2024) |

| | | |
|---|---|---|
| 05/01/2024 | 749 | APPLICATION to file document *Cited in Reply in Support of Crexi's Motion to Compel Damages Discovery* under seal filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document, # 2 Redacted Document, # 3 Proposed Order)(Braunig, Warren) (Entered: 05/01/2024) |
| 05/01/2024 | 750 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Cited in Reply in Support of Crexi's Motion to Compel Damages Discovery* under seal 749 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Reply in Support of Crexi's Motion to Compel Damages Discovery, # 2 Unredacted Document Reply Declaration of Jason George)(Braunig, Warren) (Entered: 05/01/2024) |
| 05/01/2024 | 751 | REPLY in Support of Corrected MOTION to Compel Damages Discovery 728 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George)(Braunig, Warren) (Entered: 05/01/2024) |
| 05/01/2024 | 752 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 750 , Reply (Motion related) 751 , APPLICATION to file document *Cited in Reply in Support of Crexi's Motion to Compel Damages Discovery* under seal 749 served on May 1, 2024. (Braunig, Warren) (Entered: 05/01/2024) |
| 05/06/2024 | 753 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Cited in Reply in Support of Crexi's Motion to Compel Damages Discovery* under seal 749 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Greenwald, Elyse) (Entered: 05/06/2024) |
| 05/06/2024 | 754 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 753 served on 5/6/2024. (Greenwald, Elyse) (Entered: 05/06/2024) |
| 05/08/2024 | 755 | APPLICATION to Exceed Page Limitation as to Motion for Summary Judgment and Reply filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 05/08/2024) |
| 05/10/2024 | 756 | ORDER REGARDING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL REPLY IN SUPPORT OF COSTAR'S MOTION TO COMPEL CREXI'S 2023 FINANCIAL STATEMENTS AND UNREDACTED FINANCIAL DOCUMENTS, 745 by Special Master, Suzanne Segal: The Court having read and considered Plaintiff's and Counterdefendants CoStar Group, Inc and CoStar realty Information, Inc.'s (collectively, "CoStar") Application for Leave to File Under Seal Certain Documents in Support of reply in Support of Costar's Motion to Compel CREXi's 2023 Financial Statements and Unredacted Financial Documents ("Reply") hereby: GRANTS the Application to Seal. If the Application is GRANTED, the documents set forth below, which were submitted May 1, 2o24 are to be filed under seal pursuant to Local Rule 79-5: An unredacted version of CoStar's Reply; Exhibit B to Malinee Declaration; exhibit C to Malinee Declaration; exhibit D to Malinee Declaration. IT IS SO ORDERED. (shb) (Entered: 05/14/2024) |
| 05/10/2024 | 757 | ORDER RE APPLICATION TO SEAL DOCUMENTS CITED IN REPLY IN SUPPORT OF CREXI'S MOTION TO COMPEL DAMAGES DISCOVERY, 749 by Special Master Suzanne H. Segal: The Court having considered CREXI's Application for Leave to File Under Seal ("Application") and the declaration and other documents filed in support thereof, hereby rules on CREXI's Application as follows: GRANT - Reply in Support of CREXi's Motion to Compel Damages Discovery (the "Motion") Highlighted |

| | | |
|---|---|---|
| | | portions. GRANT - Exhibit A to Reply Declaration of Jason George in Support of the Motion - Entire Exhibit; GRANT - Exhibit B to reply Declaration of Jason George in support of the Motion - Entire Exhibit; Exhibit C to Reply Declaration of Jason George in support of the Motion - Entire Exhibit; Exhibit D to Reply Declaration of Jason George in Support of the Motion - Entire Exhibit; Exhibit E to Reply Declaration of Jason George in support of the Motion - Entire Exhibit. For each document for which the Application is granted, the documents shall be filed under seal pursuant to Local rule 79-5 within 10 days of this order. For each document for which the Application is denied, the documents shall be filed on the public docket within 10 days of this order. IT IS SO ORDERED. (shb) (Entered: 05/14/2024) |
| 05/15/2024 | 758 | NOTICE OF LODGING filed re Brief (non-motion non-appeal), 698 (Attachments: # 1 Special Master's Order re In Camera Submission of Contested Withheld or Redacted Documents)(Boyle, Nicholas) (Entered: 05/15/2024) |
| 05/15/2024 | 759 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Notice of Lodging 758 served on May 15, 2024. (Greenwald, Elyse) (Entered: 05/15/2024) |
| 05/15/2024 | 760 | OPPOSITION re: APPLICATION to Exceed Page Limitation as to Motion for Summary Judgment and Reply 755 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Warren Braunig)(Braunig, Warren) (Entered: 05/15/2024) |
| 05/15/2024 | 761 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Objection/Opposition (Motion related) 760 served on May 15, 2024. (Braunig, Warren) (Entered: 05/15/2024) |
| 05/16/2024 | 765 | ORDER DENYING PLAINTIFFS AND COUNTER DEFENDANTS COSTAR'S APPLICATION TO EXCEED PAGE LIMITS FOR SUMMARY JUDGMENT BRIEFING, 755 by Judge Consuelo B. Marshall: IT IS THEREFORE ORDERED that CoStar's application to exceed page limits is hereby DENIED. IT IS SO ORDERED. (shb) (Entered: 05/20/2024) |
| 05/17/2024 | 764 | APPLICATION to file document *[Dkt. 722-10]* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Niall Frizzell in Support of Application to Seal Dkt. 722-10, # 2 Proposed Order, # 3 Proof of Service)(Roberts, Niall) (Entered: 05/17/2024) |
| 05/20/2024 | 766 | IN CHAMBERS-ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: The Court is in receipt of Defendant's Application to file document 722-10 under seal 764 . The Court having read and considered said application, hereby DENIES this application as moot. Counsel the Court would reference the special master's prior order [712-1], which was previously ordered that the same materials besealed. IT IS SO ORDERED. (shb) (Entered: 05/20/2024) |
| 05/20/2024 | 767 | SEALED REPLY RE MOTION to Compel CREXI's 2023 Financial Statements and Unredacted Documents 720 , Order on Motion for Leave to File Document Under Seal,,, 756 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Anne C. Malinee in Support)(Boyle, Nicholas) (Entered: 05/20/2024) |

| | | |
|---|---|---|
| 05/20/2024 | 768 | SEALED DOCUMENT *Declaration of Anne C. Malinee* re MOTION to Compel CREXI's 2023 Financial Statements and Unredacted Documents 720 , Order on Motion for Leave to File Document Under Seal,,,, 762 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 05/20/2024) |
| 05/20/2024 | 769 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Reply, 767 , Sealed Document, 768 served on 5/20/2024. (Greenwald, Elyse) (Entered: 05/20/2024) |
| 05/22/2024 | 770 | EX PARTE APPLICATION to Reschedule Case Deadlines filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 05/22/2024) |
| 05/23/2024 | 771 | NOTICE OF MOTION AND MOTION for Leave to file to File Second Amended Counterclaims filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 6/25/2024 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order) (Joyce, Katie) (Entered: 05/23/2024) |
| 05/23/2024 | 772 | DECLARATION of Connie P. Sung in support of NOTICE OF MOTION AND MOTION for Leave to file to File Second Amended Counterclaims 771 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Joyce, Katie) (Entered: 05/23/2024) |
| 05/23/2024 | 773 | EXHIBIT Filed filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. *Exhibits A-J to [Proposed] Second Amended Counterclaims [772-1]* (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J) (Joyce, Katie) (Entered: 05/23/2024) |
| 05/23/2024 | 774 | SEALED DOCUMENT *Exhibit C to [772-1] [Proposed] Second Amended Counterclaims* re Exhibit (non-trial), 773 , Order on Motion for Leave to File Document Under Seal,,, 170 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Joyce, Katie) (Entered: 05/23/2024) |
| 05/23/2024 | 775 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re NOTICE OF MOTION AND MOTION for Leave to file to File Second Amended Counterclaims 771 , Exhibit (non-trial), 773 , Sealed Document, 774 , Declaration (Motion related), 772 served on May 23, 2024. (Joyce, Katie) (Entered: 05/23/2024) |
| 05/23/2024 | 776 | NOTICE OF MOTION AND MOTION for Leave to file Third Amended Complaint filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 7/9/2024 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order, # 2 Declaration of Sarah A. Tomkowiak, # 3 Exhibit 1 (Third Amended Complaint), # 4 Exhibit 2 (Redline Version)) (Boyle, Nicholas) (Entered: 05/23/2024) |
| 05/23/2024 | 786 | SPECIAL MASTER'S ORDER GRANTING GETTY IMAGES APPLICATION TO SEAL DOCUMENTS 673 by Special Master Suzanne H. Segal. The Application is GRANTED. (iv) (Entered: 05/28/2024) |
| 05/24/2024 | 777 | NOTICE OF LODGING filed re MOTION to Compel Discovery re: CoStar's Access to Competitor Websites 632 (Attachments: # 1 Order re Production of Costar Logs of Competitive Access)(George, Jason) (Entered: 05/24/2024) |

| | | |
|---|---|---|
| 05/24/2024 | 778 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 777 served on 5-24-24. (George, Jason) (Entered: 05/24/2024) |
| 05/24/2024 | 779 | SEALED DOCUMENT *Motion to Compel* re Order on Motion for Leave to File Document Under Seal,,,, 763 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George, # 2 Declaration of Cate Elsten)(Braunig, Warren) (Entered: 05/24/2024) |
| 05/24/2024 | 780 | SEALED DOCUMENT *Reply in support of Motion* re Order on Motion for Leave to File Document Under Seal,,,,, 757 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George)(Braunig, Warren) (Entered: 05/24/2024) |
| 05/24/2024 | 781 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Document, 780 , Sealed Document, 779 served on Motion to Compel, Decl. of J. George; Decl. of C. Elsten; Reply, Decl. of J. George. (Braunig, Warren) (Entered: 05/24/2024) |
| 05/28/2024 | 782 | NOTICE OF LODGING filed re MOTION to Compel CREXI's 2023 Financial Statements and Unredacted Documents 720 (Attachments: # 1 Special Master's Order) (George, Jason) (Entered: 05/28/2024) |
| 05/28/2024 | 783 | NOTICE OF LODGING filed re Corrected MOTION to Compel Damages Discovery , 716 and 728 (Attachments: # 1 Special Master's Order)(George, Jason) Modified on 7/10/2024 (shb). (Entered: 05/28/2024) |
| 05/28/2024 | 784 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 782 served on May 28, 2024. (George, Jason) (Entered: 05/28/2024) |
| 05/28/2024 | 785 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 783 served on May 28, 2024. (George, Jason) (Entered: 05/28/2024) |
| 05/28/2024 | 787 | OPPOSITION to EX PARTE APPLICATION to Reschedule Case Deadlines 770 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Warren A. Braunig, # 2 Proof of Service)(Braunig, Warren) (Entered: 05/28/2024) |
| 05/30/2024 | 788 | REPLY in support EX PARTE APPLICATION to Reschedule Case Deadlines 770 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 05/30/2024) |
| 05/31/2024 | 789 | EX PARTE APPLICATION to Continue Hearing Date on CREXi's Motion for Leave to Amend its Counterclaims from 6/25/24 to 7/9/24 filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 05/31/2024) |
| 06/03/2024 | 790 | OPPOSITION re: EX PARTE APPLICATION to Continue Hearing Date on CREXi's Motion for Leave to Amend its Counterclaims from 6/25/24 to 7/9/24 789 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of WARREN A. BRAUNIG, # 2 Proof of Service)(Braunig, Warren) (Entered: 06/03/2024) |

| | | |
|---|---|---|
| 06/03/2024 | 791 | Notice of Appearance or Withdrawal of Counsel: for attorney Sofia Anna Vitiello counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Sofia A. Vitiello is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Vitiello, Sofia) (Entered: 06/03/2024) |
| 06/03/2024 | 792 | ORDER GRANTING COSTAR'S EX PARTE APPLICATION FOR A BRIEF EXTENSION OF THE CASE SCHEDULE 770 by Judge Consuelo B. Marshall. It is hereby ORDERED that the Court Grants CoStar's Application and extends the case schedule as follows: Motions due by 1/7/2025. Motions in Limine to be filed by 12/17/2024. Jury Trial set for 3/11/2025 10:00 AM before Judge Consuelo B. Marshall. Pretrial Conference set for 2/11/2025 02:30 PM before Judge Consuelo B. Marshall. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 06/04/2024) |
| 06/04/2024 | 793 | ORDER REGARDING COSTAR'S EX PARTE APPLICATION TO CONTINUE THE HEARING DATE ON CREXI'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS 789 by Judge Consuelo B. Marshall. The Court GRANTS Costar's Application and continues the June 25, 2024 hearing to July 16, 2024. The July 9, 2024 hearing on Costar's Motion for Leave to File Third Amended Complaint is also continued to July 16, 2024. It is hereby ORDERED that all other dates, including briefing deadlines, remain in full force and effect based on the originally noticed June 25, 2024 hearing date for CREXi's Motion, and July 9, 2024 hearing date for Costar's Motion. (rolm) (Entered: 06/04/2024) |
| 06/04/2024 | 794 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Leave to file to File Second Amended Counterclaims 771 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak in Support of CoStar's Opposition to CREXi's Motion for Leave to Amend, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 06/04/2024) |
| 06/07/2024 | 798 | ORDER by Special Master: Granting 736 APPLICATION for Leave to File Under Seal Costar's Opposition to Crexi's Motion to Compel Damages Documents. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/05/2024) |
| 06/07/2024 | 799 | ORDER by Special Master: Denying 659 Costar's APPLICATION for Leave to File Under Seal Certain Documents in Support of Costar's Response to Crexi's Supplemental Brief RE: Crexi's Requests for Production Sets 4 and 6. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/05/2024) |
| 06/07/2024 | 800 | ORDER by Special Master: Denying 645 Costar's APPLICATION for Leave to File Under Seal Certain Documents in Support of Costar's Reply in Support of Motion to Compel Crexi's Response to Interrogatory No. 24. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/05/2024) |
| 06/07/2024 | 801 | ORDER by Special Master: Denying 627 Costar's APPLICATION for Leave to File Under Seal Certain Documents in Support of Reply in Support of Costar's Renewed Motion to Compel Crexi to Run Image-Matching Software. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/05/2024) |
| 06/07/2024 | 802 | ORDER by Special Master: RE: 714 APPLICATION to Seal in Support of Crexi's Motion to Compel Damages Discovery. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/05/2024) |
| 06/07/2024 | 803 | ORDER by Special Master: RE: APPLICATION to Seal Documents Cited in Crexi's Opposition to Costar's Motion to Compel Crexi's 2023 Financial Statement and |

| | | |
|---|---|---|
| | | Unredacted Financial documents 732 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/05/2024) |
| 06/11/2024 | 795 | REPLY In Support of NOTICE OF MOTION AND MOTION for Leave to file to File Second Amended Counterclaims 771 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(Goldberg, Nicholas) (Entered: 06/11/2024) |
| 06/18/2024 | 796 | OPPOSITION to NOTICE OF MOTION AND MOTION for Leave to file Third Amended Complaint 776 *Crexis Opposition To Costars Motion For Leave To File Third Amended Complaint* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration Declaration Of Jason George In Support Of Crexis Opposition To Costars Motion For Leave To File Third Amended Complaint, # 2 Affidavit Proof of Service)(Braunig, Warren) (Entered: 06/18/2024) |
| 06/25/2024 | 797 | REPLY in support of NOTICE OF MOTION AND MOTION for Leave to file Third Amended Complaint 776 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak in Support of CoStar's Reply to CoStar's Motion for Leave to Amend)(Boyle, Nicholas) (Entered: 06/25/2024) |
| 07/10/2024 | 804 | *REQUEST: ADR Procedure Selection* (Attachments: # 1 Proof of Service)(Joyce, Katie) (Entered: 07/10/2024) |
| 07/15/2024 | 805 | SCHEDULING NOTICE TEXT ONLY ENTRY [IN CHAMBERS] by Judge Consuelo B. Marshall. NOTICE TO ALL PARTIES. All hearings set for July 16, 2024, the motion for leave to file 3rd amended complaint 776 and motion for leave to file 2nd amended counterclaim 771 , will be heard in Courtroom 6A. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 07/15/2024) |
| 07/15/2024 | 806 | NOTICE of Appearance filed by attorney Eleanor Allen on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Attorney Eleanor Allen added to party CoStar Group, Inc.(pty:pla), Attorney Eleanor Allen added to party CoStar Realty Information Inc.(pty:pla))(Allen, Eleanor) (Entered: 07/15/2024) |
| 07/15/2024 | 807 | APPLICATION to file document *Motion to Compel Arbitration and Request for Stay and Exhibits A-B to Declaration of Anne C. Malinee in Support* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Notice of Motion and Motion to Compel Arbitration and Request for Stay, # 2 [REDACTED] Declaration of Anne C. Malinee in Support, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 07/15/2024) |
| 07/15/2024 | 808 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Motion to Compel Arbitration and Request for Stay and Exhibits A-B to Declaration of Anne C. Malinee in Support* under seal 807 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Notice of Motion and Motion to Compel Arbitration and Request for Stay, # 2 [UNREDACTED] Declaration of Anne C. Malinee in Support)(Boyle, Nicholas) (Entered: 07/15/2024) |

| | | |
|---|---|---|
| 07/15/2024 | 809 | NOTICE OF MOTION AND MOTION for Order for / [REDACTED] Notice of Motion and Motion to Compel Arbitration and Request for Stay filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 9/10/2024 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 [REDACTED] Declaration of Anne C. Malinee in Support, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 07/15/2024) |
| 07/15/2024 | 810 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 808 served on 7/15/2024. (Greenwald, Elyse) (Entered: 07/15/2024) |
| 07/16/2024 | 811 | MINUTES OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT 776 ; DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTER CLAIM 771 Hearing held before Judge Consuelo B. Marshall: The case is called. Counsel make their appearances. The Court and counsel confer. For reasons stated on the record, the Court takes the motions Under Submission. A written order shall issue. Court Reporter: Myra Ponce. (bm) (Entered: 07/18/2024) |
| 07/16/2024 | 818 | PLAINTIFFS MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT 776 ; DEFENDANT AND COUNTERCLAIMANTS MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTER CLAIM 771 by Judge Consuelo B. Marshall: The case is called. Counsel make their appearances. The Court and counsel confer. For reasons stated on the record, the Court takes the motions Under Submission. A written order shall issue. (shb) (Entered: 07/22/2024) |
| 07/18/2024 | 812 | TRANSCRIPT ORDER as to Defendant Commercial Real Estate Exchange Inc. for Court Reporter. Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Goldberg, Nicholas) (Entered: 07/18/2024) |
| 07/18/2024 | 813 | SEALED DOCUMENT *Motion to Compel Damages Discovery* re Sealed Declaration in SupportDeclaration,, 715 , Order on Motion for Leave to File Document Under Seal 802 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George) (George, Jason) (Entered: 07/18/2024) |
| 07/18/2024 | 814 | SEALED DOCUMENT *Opposition to CoStar's Motion to Compel Crexi's 2023 Financial Statement and Unredacted Financial Documents* re Sealed Declaration in SupportDeclaration,, 733 , Order on Motion for Leave to File Document Under Seal, 803 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George) (George, Jason) (Entered: 07/18/2024) |
| 07/18/2024 | 815 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Document, 813 , Sealed Document, 814 served on July 18, 2024. (George, Jason) (Entered: 07/18/2024) |
| 07/18/2024 | 816 | IN CHAMBERS - ORDER RE: REQUEST FOR ADR PROCEDURE SELECTION, 804 by Judge Consuelo B. Marshall: Defendant Commercial Real Estate exchange, Inc's Request for a settlement conference before Special Master Segal no later than September 20, 2024 is hereby denied without prejudice. IT IS SO ORDERED. (shb) (Entered: 07/19/2024) |
| 07/22/2024 | 817 | TRANSCRIPT ORDER as to plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc. for Court Reporter. Court will contact Uchenna Anikwe at uchenna.anikwe@lw.com with further instructions regarding this order. Transcript |

| | | |
|---|---|---|
| | | preparation will not begin until payment has been satisfied with the court reporter. (Boyle, Nicholas) (Entered: 07/22/2024) |
| 07/23/2024 | 819 | SEALED OPPOSITION RE MOTION to Compel Damages Discovery *Crexis Motion To Compel Damages Discovery (Redacted)* 716 , Order on Motion for Leave to File Document Under Seal 798 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak in Support, # 2 Declaration of Daniel McCallum in Support)(Boyle, Nicholas) (Entered: 07/23/2024) |
| 07/23/2024 | 820 | SEALED DOCUMENT *Response to CREXi's Supplemental Brief* re Response in Support of Motion, 640 , Order on Motion for Leave to File Document Under Seal, 799 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Anne C. Malinee in Support)(Boyle, Nicholas) (Entered: 07/23/2024) |
| 07/23/2024 | 821 | SEALED DOCUMENT *Declaration of Caitlin E. Dahl* re MOTION to Compel CREXi's Response to Interrogatory No. 24 620 , Order on Motion for Leave to File Document Under Seal, 800 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 07/23/2024) |
| 07/23/2024 | 822 | SEALED DOCUMENT *Declaration of Sarah A. Tomkowiak* re Renewed MOTION to Compel CREXi to Run Image-Matching Software 589 , Order on Motion for Leave to File Document Under Seal, 801 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 07/23/2024) |
| 07/23/2024 | 823 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document, 821 , Sealed Document, 822 , Sealed Opposition, 819 , Sealed Document, 820 served on 7/23/2024. (Greenwald, Elyse) (Entered: 07/23/2024) |
| 07/25/2024 | 824 | Notice of Appearance or Withdrawal of Counsel: for attorney Carly Grimes counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Adding Carly Grimes as counsel of record for CoStar Group, Inc. and CoStar Realty Information, Inc. for the reason indicated in the G-123 Notice. Filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attorney Carly Grimes added to party CoStar Group, Inc.(pty:cd), Attorney Carly Grimes added to party CoStar Group, Inc.(pty:pla), Attorney Carly Grimes added to party CoStar Realty Information Inc.(pty:cd), Attorney Carly Grimes added to party CoStar Realty Information Inc.(pty:pla))(Grimes, Carly) (Entered: 07/25/2024) |
| 07/30/2024 | 825 | TRANSCRIPT for proceedings held on 07/16/2024 at 12:00 p.m. Court Reporter/Electronic Court Recorder: Myra L. Ponce, CSR, RDR, CRR, e-mail address myraponcecsr@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/20/2024. Redacted Transcript Deadline set for 8/30/2024. Release of Transcript Restriction set for 10/28/2024. (Ponce, Myra) (Entered: 07/30/2024) |
| 07/30/2024 | 826 | NOTICE OF FILING TRANSCRIPT filed for proceedings 07/16/2024 at 12:00 p.m. re Transcript 825 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Ponce, Myra) TEXT ONLY ENTRY (Entered: 07/30/2024) |

| | | |
|---|---|---|
| 08/12/2024 | 827 | STIPULATION for Extension of Time to File filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Braunig, Warren) (Entered: 08/12/2024) |
| 08/12/2024 | 828 | ORDER GRANTING JOINT STIPULATION REGARDING BRIEFING SCHEDULE FOR COSTAR'S MOTION TO COMPEL ARBITRATION 827 by Judge Consuelo B. Marshall, re Stipulation 827 : Upon consideration of the parties' Joint Stipulation Regarding Briefing Schedule for CoStar's Motion to Compel Arbitration: The September 10, 2024 hearing on CoStar's Motion to Compel Arbitration and Request for Stay (ECF No. 809) ("Motion to Compel Arbitration") is VACATED. Should the Court issue a ruling denying CREXi's pending Motion for Leave to File Second Amended Counterclaims (ECF No. 771) ("Motion for Leave"), CoStar's Motion to Compel Arbitration shall be deemed WITHDRAWN. (see document for further details) (bm) (Entered: 08/12/2024) |
| 08/16/2024 | 829 | ORDER RE: CREXI'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS 771 by Judge Consuelo B. Marshall Denying 771 MOTION for Leave to File: Accordingly, the Court DENIES CREXi's Motion for Leave to File Second Amended Counterclaims. (see document for further details) (bm) (Entered: 08/16/2024) |
| 08/16/2024 | 830 | ORDER RE: COSTAR'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT 776 by Judge Consuelo B. Marshall Granting 776 MOTION for Leave to File: Accordingly, the Court GRANTS CoStar's Motion on all but the 107 images identified above as being time-barred. Any Third Amended Complaint shall be filed no later than August 22, 2024. (see document for further details) (bm) (Entered: 08/16/2024) |
| 08/20/2024 | 831 | APPLICATION to file document *Notice of Motion and Motion for Partial Summary Judgment and Documents in Support* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Notice of Motion and Motion for Partial Summary Judgment, # 2 Redacted Document - Statement of Uncontroverted Facts in Support of MPSJ, # 3 Redacted Document - Declaration of Anne C. Malinee in Support of Statement of Uncontroverted Facts and Exhibits 1-42, # 4 Redacted Document - Exhibits 43-60, # 5 Redacted Document - Exhibits 71-88, # 6 Redacted Document - Exhibits 99-110, # 7 Redacted Document - Exhibits 111-121, # 8 Redacted Document - Exhibits 122-128, # 9 Redacted Document - Exhibits 130-144, # 10 Redacted Document - Exhibits 145-152, # 11 Redacted Document - Exhibits 153-160, # 12 Redacted Document - Exhibits 161-166, # 13 Redacted Document - Exhibits 167-200, # 14 Redacted Document - Exhibits 201-240, # 15 Redacted Document - Exhibits 241-272, # 16 Proposed Order)(Boyle, Nicholas) (Entered: 08/20/2024) |

| | | |
|---|---|---|
| 08/20/2024 | 832 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Notice of Motion and Motion for Partial Summary Judgment and Documents in Support* under seal 831 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Notice of Motion and Motion for Partial Summary Judgment, # 2 Unredacted Document - Statement of Uncontroverted Facts in Support of MPSJ, # 3 Unredacted Document - Declaration of Anne C. Malinee in Support of Statement of Uncontroverted Facts, # 4 Unredacted Document - Exhibits to A. Malinee Declaration (1 of 6), # 5 Unredacted Document - Exhibits to A. Malinee Declaration (2 of 6), # 6 Unredacted Document - Exhibits to A. Malinee Declaration (3 of 6), # 7 Unredacted Document - Exhibits to A. Malinee Declaration (4 of 6), # 8 Unredacted Document - Exhibits to A. Malinee Declaration (5 of 6), # 9 Unredacted Document - Exhibits to A. Malinee Declaration (6 of 6))(Boyle, Nicholas) (Entered: 08/20/2024) |
| 08/20/2024 | 833 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 12/10/2024 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Statement of Uncontroverted Facts (Redacted), # 2 Declaration of Anne C. Malinee and Exhibits 1-42 (Redacted), # 3 Exhibits 43-60 (Redacted), # 4 Exhibits 61-70, # 5 Exhibits 71-88 (Redacted), # 6 Exhibit 89, # 7 Exhibits 90-93, # 8 Exhibits 94-97, # 9 Exhibit 98, # 10 Exhibits 99-110 (Redacted), # 11 Exhibits 111-121 (Redacted), # 12 Exhibits 122-128 (Redacted), # 13 Exhibit 129, # 14 Exhibits 130-144 (Redacted), # 15 Exhibits 145-152 (Redacted), # 16 Exhibits 153-160 (Redacted), # 17 Exhibits 161-166 (Redacted), # 18 Exhibits 167-200 (Redacted), # 19 Exhibits 201-240 (Redacted), # 20 Exhibits 241-272 (Redacted), # 21 Declaration of Daniel McCallum in Support of MPSJ, # 22 Proposed Order) (Boyle, Nicholas) (Entered: 08/20/2024) |
| 08/20/2024 | 834 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,,, 832 served on 08/20/2024. (Boyle, Nicholas) (Entered: 08/20/2024) |
| 08/20/2024 | 835 | NOTICE OF LODGING filed *of Non-Paper Physical Exhibits* re NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* 833 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 08/20/2024) |
| 08/20/2024 | 836 | APPLICATION to file document *Exhibits 10-19, 20-21, and 32-37 to the Dees Declaration ISO CREXis MPSJ* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Exhibits 10-19, 20-21, 32-37)(Peters, Elliot) (Entered: 08/20/2024) |
| 08/20/2024 | 837 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 10-19, 20-21, and 32-37 to the Dees Declaration ISO CREXis MPSJ* under seal 836 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Lawson Dees, # 2 Unredacted Document Exhibits 10-13 to Dees Declaration ISO MPSJ, # 3 Unredacted Document Exhibits 14-21 to Dees Declaration ISO MPSJ, # 4 Unredacted Document Exhibits 32-37 to Dees Declaration ISO MPSJ)(George, Jason) (Entered: 08/20/2024) |
| 08/20/2024 | 838 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 12/10/2024 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 MPA ISO Motion for Partial Summary Judgment, # 2 Statement of Uncontroverted Facts, # 3 Declaration of Niall Frizzell ISO MPSJ, # 4 Exhibits 1-28 to Frizzell Declaration, # 5 Exhibits 29-46 to Frizzell Declaration, # 6 Exhibits 47-53 to Frizzell |

| | | |
|---|---|---|
| | | Declaration, # 7 Exhibits 54-81 to Frizzell Declaration, # 8 Declaration of Lawson Dees ISO MPSJ, # 9 Exhibits 1-21 to Dees Declaration, # 10 Exhibits 22-63 to Dees Declaration, # 11 Proposed Order) (Peters, Elliot) (Entered: 08/20/2024) |
| 08/20/2024 | 839 | NOTICE OF LODGING filed *Dees Decl. ISO CREXis MSJ, Exs. 20-22 and 30-31; Frizzell Decl. ISO CREXis MSJ, Exs. 7, 10, 13* re NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 (Peters, Elliot) (Entered: 08/20/2024) |
| 08/20/2024 | 840 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 839 , Sealed Declaration in SupportDeclaration,, 837 , APPLICATION to file document *Exhibits 10-19, 20-21, and 32-37 to the Dees Declaration ISO CREXis MPSJ* under seal 836 , NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 served on 08/20/2024. (Peters, Elliot) (Entered: 08/20/2024) |
| 08/22/2024 | 841 | THIRD AMENDED COMPLAINT against Defendant Commercial Real Estate Exchange Inc. amending Amended Complaint/Petition,,, 351 , filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc. (Attachments: # 1 Exhibit A)(Boyle, Nicholas) (Entered: 08/22/2024) |
| 08/26/2024 | 842 | DECLARATION of Xavi Hernando In Support Of APPLICATION to file document *Notice of Motion and Motion for Partial Summary Judgment and Documents in Support* under seal 831 filed by Interested Party RestB.AI LLC. (Attorney Genevieve Vose Wallace added to party RestB.AI LLC (pty:ip))(Wallace, Genevieve) (Entered: 08/26/2024) |
| 08/26/2024 | 843 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Notice of Motion and Motion for Partial Summary Judgment and Documents in Support* under seal 831 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Exhibits A-E to Frizzell Declaration, # 2 Unredacted Exhibits F-L to Frizzell Declaration, # 3 Unredacted Exhibits M-Z to Frizzell Declaration, # 4 Unredacted Declaration of Lawson Dees)(Roberts, Niall) (Entered: 08/26/2024) |
| 08/26/2024 | 844 | APPLICATION for Order for Re Costars Application For Leave to File Documents Under Seal *Dkt. 843* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Roberts, Niall) (Entered: 08/26/2024) |
| 08/26/2024 | 845 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION for Order for Re Costars Application For Leave to File Documents Under Seal *Dkt. 843* 844 , Sealed Declaration in SupportDeclaration,, 843 served on August 26, 2024. (Roberts, Niall) (Entered: 08/26/2024) |
| 08/26/2024 | 846 | MINUTES IN CHAMBERS- ORDER RE: COSTAR'S APPLICATION TO FILE DOCUMENTS UNDER SEAL 807 by Judge Consuelo B. Marshall. The Court hereby denies CoStar's application to file documents under seal as moot. Therefore, the applicable documents will not be disclosed to the public without further order of the Court. (rolm) (Entered: 08/27/2024) |
| 08/28/2024 | 847 | IN CHAMBERS- ORDER RE: COST AR'S MOTION TO COMPEL ARBITRATION, 809 by Judge Consuelo B. Marshall: Pursuant to these orders, CoStar's motion to compel arbitration (Dkt. No. 809) is hereby deemed withdrawn. IT IS SO ORDERED. See order for more information. (shb) (Entered: 08/28/2024) |
| 08/28/2024 | 848 | Joint STIPULATION for Extension of Time to File Crexi's Answer to Costar's Third Amended Complaint filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Braunig, Warren) (Entered: 08/28/2024) |

| | | |
|---|---|---|
| 08/28/2024 | 849 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Stipulation for Extension of Time to File 848 served on August 28, 2024. (Braunig, Warren) (Entered: 08/28/2024) |
| 08/28/2024 | 850 | Notice of Appearance or Withdrawal of Counsel: for attorney Jason W Estavillo counsel for ThirdParty Defendant Mobius365 Knowledge Services Inc.. Adding Jason W. Estavillo as counsel of record for Mobius365, Knowledge Services, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Mobius365, Knowledge Service, Inc.. (Attorney Jason W Estavillo added to party Mobius365 Knowledge Services Inc. (pty:3pd))(Estavillo, Jason) (Entered: 08/28/2024) |
| 08/29/2024 | 851 | ORDER GRANTING JOINT STIPULATION TO EXTEND CREXIS DEADLINE TO ANSWER COSTARS THIRD AMENDED COMPLAINT, 848 , by Judge Consuelo B. Marshall: The Court hereby ORDERS as follows: CREXis deadline to answer CoStars Third Amended Complaint shall be extended to October 8, 2024. IT IS SO ORDERED. (Entered: 08/29/2024) |
| 09/03/2024 | 852 | DECLARATION of Kibran Khan *In Support of Preserving Third Party Mobius365 Knowledge Service Inc.'s Confidentiality Designations* filed by ThirdParty Defendant Mobius365 Knowledge Services Inc.. (Estavillo, Jason) (Entered: 09/03/2024) |
| 09/09/2024 | 853 | NOTICE OF MOTION AND MOTION to Exclude Opinions of Mr. Daniel Roffman filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 MPA ISO of Crexis Daubert Motion to Exclude Opinions of Mr. Daniel Roffman, # 2 Declaration of Katie Lynn Joyce, # 3 Exhibit 1 to Joyce Declaration, # 4 Exhibit 2 to Joyce Declaration, # 5 Exhibit 3 to Joyce Declaration, # 6 Proposed Order Granting Crexis Daubert Motion) (Joyce, Katie) (Entered: 09/09/2024) |
| 09/09/2024 | 854 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re NOTICE OF MOTION AND MOTION to Exclude Opinions of Mr. Daniel Roffman 853 served on September 9, 2024. (Joyce, Katie) (Entered: 09/09/2024) |
| 09/09/2024 | 855 | APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Caitlin E. Dahl in Support of Motion to Exclude Opinions of Cate Elsten, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 856 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal 855 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Notice of Motion and Motion to Exclude Opinions of Cate Elsten, # 2 Unredacted Document - Exhibit 1 to C. Dahl Declaration in Support, # 3 Unredacted Document - Exhibit 2 to C. Dahl Declaration in Support, # 4 Unredacted Document - Exhibit 3 to C. Dahl Declaration in Support, # 5 Unredacted Document - Exhibit 4 to C. Dahl Declaration in Support, # 6 Unredacted Document - Exhibit 5 to C. Dahl Declaration in Support, # 7 Unredacted Document - Exhibit 6 to C. Dahl Declaration in Support, # 8 Unredacted Document - Exhibit 12 to C. Dahl Declaration in Support, # 9 Unredacted Document - Exhibit 17 to C. Dahl Declaration in Support)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 857 | NOTICE OF MOTION AND MOTION to Exclude Opinions of Cate Elsten - *Redacted Document* filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Caitlin E. Dahl |

| | | |
|---|---|---|
| | | in Support of Motion to Exclude Opinions of Cate Elsten, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 858 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,,, 856 served on 9/9/2024. (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 859 | APPLICATION to file document *Exhibits 1-4 to Declaration of Carly Grimes in Support of A. Crain Daubert Motion* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Carly Grimes in Support of Motion to Exclude Opinion Five of Andrew Crain w/ Exhibits, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 860 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1-4 to Declaration of Carly Grimes in Support of A. Crain Daubert Motion* under seal 859 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Declaration of Carly Grimes in Support of Motion to Exclude Opinion Five of Andrew Crain w/ Exhibits)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 861 | NOTICE OF MOTION AND MOTION to Exclude Opinion Five of Andrew Crain filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Redacted Document - Declaration of Carly Grimes in Support of Motion to Exclude Opinion Five of Andrew Crain w/ Exhibits, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 862 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 860 served on 9/9/2024. (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 863 | APPLICATION to file document *Exhibits 11, 13, 15-17, and 22 to Declaration of Katherine L. Griffitts in Support of G. Elsner Daubert Motion* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Katherine L. Griffitts in Support of Motion to Exclude the Opinions of Gary Elsner w/ Exhibits, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 864 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 11, 13, 15-17, and 22 to Declaration of Katherine L. Griffitts in Support of G. Elsner Daubert Motion* under seal 863 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Exhibit 11 to K. Griffitts Declaration in Support, # 2 Unredacted Document - Exhibit 13 to K. Griffitts Declaration in Support, # 3 Unredacted Document - Exhibit 15 to K. Griffitts Declaration in Support, # 4 Unredacted Document - Exhibit 16 to K. Griffitts Declaration in Support, # 5 Unredacted Document - Exhibit 17 to K. Griffitts Declaration in Support, # 6 Unredacted Document - Exhibit 22 to K. Griffitts Declaration in Support)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 865 | APPLICATION to file document *Omnibus Application for Leave to File Documents Under Seal ISO Crexi's Motion to Exclude Expert Testimony and to Strike* under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Exhibit 1 to Goldberg Declaration ISO Motion to Exclude Vaughan Opinions, |

| | | |
|---|---|---|
| | | # 3 Redacted Document Exhibit 1 to Braunig Declaration ISO Motion to Strike Supplemental Vaughan Report, # 4 Redacted Document Exhibit 4 to Braunig Declaration ISO Motion to Strike Supplemental Vaughan Report, # 5 Redacted Document MPA ISO of Motion to Exclude Dudney Opinions, # 6 Redacted Document xhibit A to George Declaration ISO of Motion to Exclude Dudney Opinions, # 7 Redacted Document Exhibit C to George Daubert Declaration ISO of Motion to Exclude Dudney Opinions)(Goldberg, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 866 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Omnibus Application for Leave to File Documents Under Seal ISO Crexi's Motion to Exclude Expert Testimony and to Strike* under seal 865 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Lawson Dees, # 2 Unredacted Document Exhibit 1 to Goldberg Declaration ISO Motion to Exclude Vaughan Opinions, # 3 Unredacted Document Exhibit 1 to Braunig Declaration ISO Motion to Strike Supplemental Vaughan Report, # 4 Unredacted Document Exhibit 4 to Braunig Declaration ISO Motion to Strike Supplemental Vaughan Report, # 5 Unredacted Document MPA ISO of Motion to Exclude Dudney Opinions, # 6 Unredacted Document Exhibit A to George Declaration ISO of Motion to Exclude Dudney Opinions, # 7 Unredacted Document Exhibit C to George Daubert Declaration ISO of Motion to Exclude Dudney Opinions)(Goldberg, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 867 | NOTICE OF MOTION AND MOTION to Exclude the Opinions of Gary Elsner filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Redacted Document - Declaration of Katherine L. Griffitts in Support of Motion to Exclude the Opinions of Gary Elsner w/ Exhibits, # 2 Proposed Order)(Boyle, Nicholas) Modified on 6/27/2025 (lom). (Entered: 09/09/2024) |
| 09/09/2024 | 868 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,, 864 served on 9/9/2024. (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 869 | NOTICE OF MOTION AND MOTION to Strike Supplemental Expert Report of Thea Vaughan filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 10/29/2024 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 MPA ISO of MTS Supplemental Vaughan Report, # 2 Declaration of Warren A. Braunig ISO MTS, # 3 Exhibit 1 to Braunig Declaration, # 4 Exhibit 2 to Braunig Declaration, # 5 Exhibit 3 to Braunig Declaration, # 6 Exhibit 4 to Braunig Declaration, # 7 Exhibit 5 to Braunig Declaration, # 8 Exhibit 6 to Braunig Declaration, # 9 Exhibit 7 to Braunig Declaration, # 10 Proposed Order) (Braunig, Warren) (Entered: 09/09/2024) |
| 09/09/2024 | 870 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re NOTICE OF MOTION AND MOTION to Strike Supplemental Expert Report of Thea Vaughan 869 served on September 9, 2024. (Braunig, Warren) (Entered: 09/09/2024) |
| 09/09/2024 | 871 | APPLICATION to file document *Exhibits 1, 2, and 15-18 to Declaration of Elyse M. Greenwald in Support of T. Erdem Daubert Motion* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Declaration of Elyse M. Greenwald in Support of Motion to Exclude the Opinions of Dr. Tulin Erdem w/ Exhibits, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 872 | NOTICE OF MOTION AND MOTION to Exclude Opinions of Thea Vaughan filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for |

| | | |
|---|---|---|
| | | hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 MPA ISO Crexis Motion to Exclude, # 2 Declaration of Nicholas S. Goldberg, # 3 Exhibit 1 to Declaration of Nicholas S. Goldberg, # 4 Exhibit 2 to Declaration of Nicholas S. Goldberg, # 5 Exhibit 3 to Declaration of Nicholas S. Goldberg, # 6 Proposed Order) (Goldberg, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 873 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1, 2, and 15-18 to Declaration of Elyse M. Greenwald in Support of T. Erdem Daubert Motion* under seal 871 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Declaration of Elyse M. Greenwald in Support of Motion to Exclude the Opinions of Dr. Tulin Erdem w/ Exhibits)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 874 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re NOTICE OF MOTION AND MOTION to Exclude Opinions of Thea Vaughan 872 served on September 9, 2024. (Goldberg, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 875 | NOTICE OF MOTION AND MOTION to Exclude the Opinions of Dr. Tulin Erdem filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Redacted Document - Declaration of Elyse M. Greenwald in Support of Motion to Exclude the Opinions of Dr. Tulin Erdem w/ Exhibits, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 876 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 873 served on 9/9/2024. (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 877 | NOTICE OF LODGING filed *re Non-Paper Physical Exhibits* re NOTICE OF MOTION AND MOTION to Exclude Opinion Five of Andrew Crain 861 , NOTICE OF MOTION AND MOTION to Exclude the Opinions of Gary Elsner 867 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 878 | NOTICE OF MOTION AND MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Redacted Document MPA ISO Crexis Motion to Exclude Dudney Opinion, # 2 Declaration of Jason George ISO Motion to Exclude, # 3 Redacted Document Exhibit A to George Declaration, # 4 Exhibit B to George Declaration, # 5 Redacted Document Exhibit C to George Declaration, # 6 Exhibit D to George Declaration, # 7 Exhibit E to George Declaration, # 8 Exhibit F to George Declaration, # 9 Exhibit G to George Declaration, # 10 Exhibit H to George Declaration, # 11 Exhibit I to George Declaration, # 12 Proposed Order) (Braunig, Warren) (Entered: 09/09/2024) |
| 09/09/2024 | 879 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re NOTICE OF MOTION AND MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney 878 served on September 9, 2024. (Braunig, Warren) (Entered: 09/09/2024) |
| 09/09/2024 | 880 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re APPLICATION to file document *Exhibits 11, 13, 15-17, and 22 to Declaration of Katherine L. Griffitts in Support of G. Elsner Daubert Motion* under seal 863 , APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal 855 , Sealed Declaration in SupportDeclaration,,, 864 , APPLICATION to file document *Exhibits 1, 2, and 15-18 to Declaration of Elyse M. Greenwald in Support of T. Erdem* |

| | | |
|---|---|---|
| | | *Daubert Motion* under seal 871 , Sealed Declaration in SupportDeclaration,, 873 , Sealed Declaration in SupportDeclaration,,,, 856 */Proof of service re Third Parties* served on 9/9/2024. (Boyle, Nicholas) (Entered: 09/09/2024) |
| 09/09/2024 | 881 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,,, 866 , APPLICATION to file document *Omnibus Application for Leave to File Documents Under Seal ISO Crexi's Motion to Exclude Expert Testimony and to Strike* under seal 865 served on September 9, 2024. (Goldberg, Nicholas) (Entered: 09/09/2024) |
| 09/10/2024 | 882 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Exclude Opinions of Cate Elsten - *Redacted Document* 857 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Boyle, Nicholas) (Entered: 09/10/2024) |
| 09/13/2024 | 883 | DECLARATION of Xavi Hernando in Support of APPLICATION to file document *Exhibits 11, 13, 15-17, and 22 to Declaration of Katherine L. Griffitts in Support of G. Elsner Daubert Motion* under seal 863 , APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal 855 , APPLICATION to file document *Exhibits 1, 2, and 15-18 to Declaration of Elyse M. Greenwald in Support of T. Erdem Daubert Motion* under seal 871 filed by Interested Party RestB.AI LLC. (Wallace, Genevieve) (Entered: 09/13/2024) |
| 09/13/2024 | 884 | NOTICE of Appearance filed by attorney Evangeline A Z Burbidge on behalf of Miscellaneous Twelve12 (Attorney Evangeline A Z Burbidge added to party Twelve12 (pty:misc))(Burbidge, Evangeline) (Entered: 09/13/2024) |
| 09/13/2024 | 885 | STATEMENT of Non-Opposition Regarding Sealing Certain Information That Is The Subject Of Defendants Administrative Motion To Consider Whether Other Parties Materials Should Be Sealed filed by Miscellaneous Twelve12 re: APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal 855 . (Burbidge, Evangeline) (Entered: 09/13/2024) |
| 09/13/2024 | 886 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Omnibus Application for Leave to File Documents Under Seal ISO Crexi's Motion to Exclude Expert Testimony and to Strike* under seal 865 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed Declaration of Daniel McCallum in Support of CREXi's Omnibus Application to Seal)(Dahl, Caitlin) (Entered: 09/13/2024) |
| 09/13/2024 | 887 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 886 served on 9/13/2024. (Dahl, Caitlin) (Entered: 09/13/2024) |
| 09/13/2024 | 888 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1, 2, and 15-18 to Declaration of Elyse M. Greenwald in Support of T. Erdem Daubert Motion* under seal 871 , APPLICATION to file document *Exhibits 11, 13, 15-17, and 22 to Declaration of Katherine L. Griffitts in Support of G. Elsner Daubert Motion* under seal 863 , APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal 855 , APPLICATION to file document *Exhibits 1-4 to Declaration of Carly Grimes in Support of A. Crain Daubert Motion* under seal 859 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit Unredacted Exhibit A, # 2 Exhibit Unredacted Exhibit B, # 3 Exhibit |

| | | |
|---|---|---|
| | | Unredacted Exhibit C, # 4 Exhibit Unredacted Exhibit D, # 5 Exhibit Unredacted Exhibit E, # 6 Exhibit Unredacted Exhibit F, # 7 Declaration Declaration of Lawson Dees in Support of CoStar's Application for Leave to File Under Seal (Dkt. Nos. 855, 859, 863, 871))(George, Jason) (Entered: 09/13/2024) |
| 09/13/2024 | 889 | NOTICE OF LODGING filed *of Nonpaper Physical Exhibits Re CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion to Exclude Opinion Five of Andrew Crain (Dkt. 859)* re APPLICATION to file document *Exhibits 1-4 to Declaration of Carly Grimes in Support of A. Crain Daubert Motion* under seal 859 (George, Jason) (Entered: 09/13/2024) |
| 09/13/2024 | 890 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging, 889 , Sealed Declaration in SupportDeclaration,,,, 888 served on 09/13/2024. (George, Jason) (Entered: 09/13/2024) |
| 09/16/2024 | 891 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Notice of Appearance 884 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notice of Appearance or Withdrawal of Counsel G123.. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (ak) (Entered: 09/16/2024) |
| 09/19/2024 | 892 | REPORT of / UPDATED Report on the Filing or Determination of an Action or Appeal Regarding a Copyright filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Attachment A)(Boyle, Nicholas) (Entered: 09/19/2024) |
| 09/24/2024 | 893 | APPLICATION to file document *Opposition to CREXi's Motion for Partial Summary Judgment, Statement of Genuine Disputes of Material Fact, and Exhibits 15-18, 28, 30, 50, 52-56, and 63 to Declaration of C. Dahl in Support of Statement* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Opposition to CREXi's Motion for Partial Summary Judgment, # 2 [REDACTED] Statement of Genuine Disputes of Material Fact in Opposition, # 3 [REDACTED] Declaration of Caitlin E. Dahl in Support of Statement of Genuine Disputes of Material Fact w/ Exhibits 1-59, # 4 [REDACTED] Exhibits 60-76, # 5 Proposed Order)(Boyle, Nicholas) (Entered: 09/24/2024) |
| 09/24/2024 | 894 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion for Partial Summary Judgment, Statement of Genuine Disputes of Material Fact, and Exhibits 15-18, 28, 30, 50, 52-56, and 63 to Declaration of C. Dahl in Support of Statement* under 893 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Opposition to CREXi's Motion for Partial Summary Judgment, # 2 [UNREDACTED] Statement of Genuine Disputes of Material Fact in Opposition, # 3 [UNREDACTED] Exhibit 15 to C. Dahl Declaration, # 4 [UNREDACTED] Exhibit 16 to C. Dahl Declaration, # 5 [UNREDACTED] Exhibit 17 to C. Dahl Declaration, # 6 [UNREDACTED] Exhibit 18 to C. Dahl Declaration, # 7 [UNREDACTED] Exhibit 28 to C. Dahl Declaration, # 8 [UNREDACTED] Exhibit 30 to C. Dahl Declaration, # 9 [UNREDACTED] Exhibit 50 to C. Dahl Declaration, # 10 [UNREDACTED] Exhibit 52 to C. Dahl Declaration, # 11 [UNREDACTED] Exhibit 53 to C. Dahl Declaration, # 12 [UNREDACTED] Exhibit 54 to C. Dahl Declaration, # 13 [UNREDACTED] Exhibit 55 to C. Dahl Declaration, # 14 [UNREDACTED] Exhibit 56 to C. Dahl Declaration, # 15 [UNREDACTED] Exhibit 63 to C. Dahl Declaration) (Boyle, Nicholas) (Entered: 09/24/2024) |

| | | |
|---|---|---|
| 09/24/2024 | 895 | OPPOSITION re: NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 / *[REDACTED] Opposition* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Statement of Genuine Disputes of Material Fact, # 2 [REDACTED] Declaration of Caitlin E. Dahl in Support of Statement w/ Exhibits 1-59, # 3 [REDACTED] Exhibits 60-76, # 4 Declaration of Dariush Edalatkhah in Support of Opposition, # 5 Proposed Order Denying CREXi's Motion for Partial Summary Judgment, # 6 Proposed Order Granting Evidentiary Objections) (Boyle, Nicholas) (Entered: 09/24/2024) |
| 09/24/2024 | 896 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,,,, 894 served on 9/24/2024. (Boyle, Nicholas) (Entered: 09/24/2024) |
| 09/24/2024 | 897 | NOTICE OF LODGING filed *of Non-Paper Physical Exhibits* re Objection/Opposition (Motion related),, 895 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 09/24/2024) |
| 09/24/2024 | 898 | APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Redacted Version of Commercial Real Estate Exchange, Inc.s Statement of Genuine Disputes of Material Facts, # 2 Redacted Document Under Seal and Redacted Dees Decl Exhibits Nos. 1-5, 23, 25, 30, # 3 Redacted Document Under Seal and Redacted Zaleski Decl Exhibits Nos. 25, 67, 76, 81, 93, 96, 112, 113, 115, 117, # 4 Proposed Order [Proposed] Order Granting Application for Leave to File Documents Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment)(Peters, Elliot) (Entered: 09/24/2024) |
| 09/24/2024 | 899 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Lawson Dees In Support of Application for Leave, # 2 Unredacted Document and Under Seal Version of Statement of Genuine Disputes of Material Fact, # 3 Unredacted Document and Under Seal Dees Exhibit Nos. 1-5, 23, 25, 30, # 4 Unredacted Document and Under Seal Zaleski Exhibit Nos. 26, 67, 76, 81, 93, 96, 112, 113, 115, 117)(Peters, Elliot) (Entered: 09/24/2024) |
| 09/24/2024 | 900 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* 833 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Defendant/Counterclaimant Statement of Genuine Disputes of Material Facts, # 2 Declaration of Christine Zaleski ISO Opposition to Motion for Partial Summary Judgment, # 3 Exhibit Nos. 1-10 for Zaleski Declaration, # 4 Exhibit Nos. 11-25 for Zaleski Declaration, # 5 Exhibit Nos. 26-40 for Zaleski Declaration, # 6 Exhibit Nos. 41-108 for Zaleski Declaration, # 7 Exhibit Nos. 109-120 for Zaleski Declaration)(Peters, Elliot) (Entered: 09/24/2024) |
| 09/24/2024 | 901 | DECLARATION of Lawson Dees in Opposition to NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* 833 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit Nos. 1-20 for Dees Declaration, # 2 Exhibit Nos. 21-43 for Dees Declaration, # 3 Declaration of Eugene Reshetnikov ISO Opposition to Motion for Partial Summary Judgment, # 4 Proposed Order Denying CoStars Motion for Partial Summary Judgment, # 5 Supplement Defendant/Counterclaimant Evidentiary |

| | | |
|---|---|---|
| | | Objections to CoStar's Motion for Summary Judgment, # 6 Proposed Order re Defendant/Counterclaimant Evidentiary Objections to CoStar's Motion for Summary Judgment)(Peters, Elliot) (Entered: 09/24/2024) |
| 09/24/2024 | 902 | Notice of Lodging re Opposition to CoStar's Motion for Partial Summary Judgment filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Peters, Elliot) (Entered: 09/24/2024) |
| 09/24/2024 | 903 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re MEMORANDUM in Opposition to Motion,, 900 , APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 , Sealed Declaration in SupportDeclaration,, 899 , Declaration (Motion related),,, 901 served on September 24, 2024. (Peters, Elliot) (Entered: 09/25/2024) |
| 09/25/2024 | 904 | NOTICE OF MOTION AND MOTION to Strike *CoStar's Third Amended Initial Disclosures and Exclude Testimony of Late-Disclosed Witnesses* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Eleanor F. Brock, # 2 Proposed Order, # 3 Proof of Service)(Brock, Eleanor) (Entered: 09/25/2024) |
| 09/26/2024 | 905 | NOTICE OF ERRATA filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. correcting MEMORANDUM in Opposition to Motion,, 900 (Attachments: # 1 Exhibits 41-108, # 2 Proof of Service)(Zaleski, Christine) (Entered: 09/26/2024) |
| 09/30/2024 | 906 | EX PARTE APPLICATION to Seal Docket Nos. 776-3, 776-4, 841, 875, 893-2 and 895-1 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Elyse M. Greenwald, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 907 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. correcting Objection/Opposition (Motion related),, 895 *re: Docket Nos. [893-2] and [895-1]* (Attachments: # 1 Corrected [REDACTED] Statement of Genuine Disputes of Material Fact)(Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 908 | DECLARATION of Xavi Hernando in support of APPLICATION to file document *Opposition to CREXi's Motion for Partial Summary Judgment, Statement of Genuine Disputes of Material Fact, and Exhibits 15-18, 28, 30, 50, 52-56, and 63 to Declaration of C. Dahl in Support of Statement* under 893 filed by Interested Party RestB.AI LLC. (Wallace, Genevieve) (Entered: 09/30/2024) |
| 09/30/2024 | 909 | APPLICATION to file document *[Certain Previously Filed Documents]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Corrected [REDACTED] Ex. 1 to Motion for Leave to File Third Amended Complaint, # 2 Corrected [REDACTED] Ex. 2 to Motion for Leave to File Third Amended Complaint, # 3 Corrected [REDACTED] Third Amended Complaint, # 4 Corrected [REDACTED] NOTICE OF MOTION AND MOTION to Exclude the Opinions of Dr. Tulin Erdem, # 5 Proposed Order)(Boyle, Nicholas) (Entered: 09/30/2024) |

| | | |
|---|---|---|
| 09/30/2024 | 910 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Previously Filed Documents]* under seal 909 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Corrected [UNREDACTED] Ex. 1 to Tomkowiak Decl. iso Motion for Leave to File Third Amended Complaint, # 2 Corrected [UNREDACTED] Ex. 2 to Tomkowiak Decl. iso Motion for Leave to File Third Amended Complaint, # 3 Corrected [UNREDACTED] Third Amended Complaint, # 4 Corrected [UNREDACTED] NOTICE OF MOTION AND MOTION to Exclude the Opinions of Dr. Tulin Erdem)(Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 911 | EXHIBIT [Exhibits 1-2 to the Declaration of Sarah A. Tomkowiak] to NOTICE OF MOTION AND MOTION for Leave to file Third Amended Complaint 776 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Corrected [REDACTED] Ex. 1 to Tomkowiak Decl. iso Motion for Leave to File Third Amended Complaint, # 2 Corrected [REDACTED] Ex. 2 to Tomkowiak Decl. iso Motion for Leave to File Third Amended Complaint)(Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 912 | Corrected [REDACTED] Third AMENDED COMPLAINT against Defendant Commercial Real Estate Exchange Inc. amending Amended Complaint/Petition,,, 351 , filed by Plaintiffs CoStar Realty Information Inc., CoStar Group, Inc. (Attachments: # 1 Exhibit A)(Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 913 | Corrected NOTICE OF MOTION AND MOTION to Exclude the Opinions of Dr. Tulin Erdem *[Redacted]* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Redacted Declaration of Elyse M. Greenwald, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 914 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion for Partial Summary Judgment, Statement of Genuine Disputes of Material Fact, and Exhibits 15-18, 28, 30, 50, 52-56, and 63 to Declaration of C. Dahl in Support of Statement* under 893 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Exhibit A to Brock Declaration, # 2 Declaration of Lawson Dees)(Joyce, Katie) (Entered: 09/30/2024) |
| 09/30/2024 | 915 | APPLICATION for Order for Granting CoStar's Application for Leave to File Documents Under Seal *Dkt. 893* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Joyce, Katie) (Entered: 09/30/2024) |
| 09/30/2024 | 916 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re EX PARTE APPLICATION to Seal Docket Nos. 776-3, 776-4, 841, 875, 893-2 and 895-1 906 , Amended Complaint/Petition, 912 , APPLICATION to file document *[Certain Previously Filed Documents]* under seal 909 , Exhibit to Motion, 911 , Sealed Declaration in SupportDeclaration,, 910 , Errata, 907 served on 9/30/24. (Boyle, Nicholas) (Entered: 09/30/2024) |
| 09/30/2024 | 917 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,, 914 , APPLICATION for Order for Granting CoStar's Application for Leave to File Documents Under Seal *Dkt. 893* 915 served on September 30, 2024. (Joyce, Katie) (Entered: 09/30/2024) |
| 09/30/2024 | 918 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed Declaration of Daniel McCallum)(Dahl, Caitlin) (Entered: 09/30/2024) |

| | | |
|---|---|---|
| 09/30/2024 | 919 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Sealed Declaration of Kenneth Brown for QUASAR Property Management and Real Estate, LLC)(Dahl, Caitlin) (Entered: 09/30/2024) |
| 09/30/2024 | 920 | PROOF OF SERVICE filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 919 , Sealed Declaration in SupportDeclaration, 918 served on 9/30/24. (Dahl, Caitlin) (Entered: 09/30/2024) |
| 10/03/2024 | 921 | IN CHAMBERS- ORDER RE: CREXI'S MOTION TO STRIKE THIRD AMENDED INITIAL DISCLOSURES AND EXCLUDE TESTIMONY OF LATE-DISCLOSED WITNESSES (904] by Judge Consuelo B. Marshall: The parties are hereby notified that the Court will handle the Motion. Costar shall file an opposition to the Motion no later than October 25, 2024. CREXi's reply, if any, shall be filed no later than November 1, 2024. The hearing on the motion is set for November 12, 2024, at 10 am. IT IS SO ORDERED. (shb) (Entered: 10/07/2024) |
| 10/07/2024 | 922 | DECLARATION of Xavi Hernando in Support of EX PARTE APPLICATION to Seal Docket Nos. 776-3, 776-4, 841, 875, 893-2 and 895-1 906 filed by Interested Party RestB.AI LLC. (Wallace, Genevieve) (Entered: 10/07/2024) |
| 10/08/2024 | 923 | ANSWER to Amended Complaint/Petition, 841 , Amended Complaint/Petition, 912 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc..(Peters, Elliot) (Entered: 10/08/2024) |
| 10/08/2024 | 924 | APPLICATION to file document *Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan and Exhibits 1 & 5 to the Declaration of Caitlin E. Dahl in Support* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan, # 2 [REDACTED] Declaration of Caitlin E. Dahl in Support with Exhibits 1-11, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 10/08/2024) |
| 10/08/2024 | 925 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan and Exhibits 1 & 5 to the Declaration of Caitlin E. Dahl in Support* under seal 924 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Opposition to CREXi's Motion to Strike Supplemental Expert Report of Thea Vaughan, # 2 [UNREDACTED] Declaration of Caitlin E. Dahl in Support with Exhibits 1-11)(Boyle, Nicholas) (Entered: 10/08/2024) |
| 10/08/2024 | 926 | [REDACTED] OPPOSITION re: NOTICE OF MOTION AND MOTION to Strike Supplemental Expert Report of Thea Vaughan 869 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Declaration of Caitlin E. Dahl in Support with Exhibits 1-11, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 10/08/2024) |
| 10/08/2024 | 927 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 925 served on 10/8/2024. (Boyle, Nicholas) (Entered: 10/08/2024) |
| 10/09/2024 | 928 | ORDER GRANTING COSTARS UNOPPOSED EX PARTE APPLICATION TO SEAL DOCKET NOS. 776-3, 776-4, 841, 875, 893-2 AND 895-1 906 by Judge Consuelo B. |

| | | |
|---|---|---|
| | | Marshall: The Court GRANTS Plaintiffs and Counter-defendants CoStar Group, Inc.s and CoStar Realty Information, Inc.s (collectively, CoStar) Unopposed Ex Parte Motion to Seal Docket Nos. 776-3, 776-4, 841, 875, 893-2 and 895-1. The Court ORDERS that the Clerk of Court shall place under seal the documents filed at Docket Nos. 776-3, 776-4, 841, 875, 893-2 and 895-1. IT IS SO ORDERED. (shb) (Entered: 10/09/2024) |
| 10/14/2024 | 929 | NOTICE OF ERRATA filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. correcting Sealed Declaration in SupportDeclaration,,,, 888 *Notice of Errata to Docket No. 888-1* (George, Jason) (Entered: 10/14/2024) |
| 10/14/2024 | 930 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 1-6, 12, and 17 to Declaration of Caitlin E. Dahl in Support of C. Elsten Daubert Motion* under seal 855 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit Ex. A Dkt. No. 888-1 corrected)(George, Jason) (Entered: 10/14/2024) |
| 10/14/2024 | 931 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan and Exhibits 1 & 5 to the Declaration of Caitlin E. Dahl in Support* under seal 924 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc..(George, Jason) (Entered: 10/14/2024) |
| 10/14/2024 | 932 | CERTIFICATE OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 930 , Sealed Declaration in SupportDeclaration, 931 , Errata, 929 *Notice of Errata* served on 10/14/2024. (George, Jason) (Entered: 10/14/2024) |
| 10/15/2024 | 933 | STATEMENT of Non-Party Restb.ai, LLC in Support of APPLICATION to file document *Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan and Exhibits 1 & 5 to the Declaration of Caitlin E. Dahl in Support* under seal 924 filed by Interested Party RestB.AI LLC. (Wallace, Genevieve) (Entered: 10/15/2024) |
| 10/15/2024 | 934 | REPLY in support of NOTICE OF MOTION AND MOTION to Strike Supplemental Expert Report of Thea Vaughan 869 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Goldberg, Nicholas) (Entered: 10/15/2024) |
| 10/15/2024 | 935 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Reply (Motion related), 934 *in support of Crexi's Motion to Strike Supplemental Expert Report of Thea Vaughan* served on 10/15/24. (Goldberg, Nicholas) (Entered: 10/15/2024) |
| 10/17/2024 | 936 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. correcting NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* 833 (Attachments: # 1 Corrected Declaration of Anne C. Malinee)(Boyle, Nicholas) (Entered: 10/17/2024) |
| 10/17/2024 | 937 | NOTICE OF LODGING filed *Non-Paper Physical Exhibits* re Errata, 936 (Boyle, Nicholas) (Entered: 10/17/2024) |
| 10/17/2024 | 938 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., served on 10/17/2024. (Boyle, Nicholas) (Entered: 10/17/2024) |

| | | |
|---|---|---|
| 10/22/2024 | 939 | APPLICATION to file document under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Ex. 8 to Frizzell Declaration ISO of Reply, # 2 Redacted Document Response to Statement of Genuine Disputes of Material Fact, # 3 Proposed Order)(Peters, Elliot) (Entered: 10/22/2024) |
| 10/22/2024 | 940 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 939 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit A - Ex. 8 to Frizzell Declaration ISO of Reply, # 2 Exhibit B - Response to Statement of Genuine Disputes of Material Fact)(Peters, Elliot) (Entered: 10/22/2024) |
| 10/22/2024 | 941 | REPLY in support of NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Response to Statement of Genuine Disputes of Material Fact, # 2 Frizzell Declaration ISO Reply, # 3 Exhibits 1-9 to Frizzell Declaration, # 4 Dees Declaration ISO Reply)(Peters, Elliot) (Entered: 10/22/2024) |
| 10/22/2024 | 942 | NOTICE OF LODGING filed *of Ex. 9 to the Frizzell Declaration ISO Reply* re Reply (Motion related), 941 (Peters, Elliot) (Entered: 10/22/2024) |
| 10/22/2024 | 943 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document under seal 939 , Reply (Motion related), 941 , Sealed Declaration in SupportDeclaration, 940 , Notice of Lodging 942 served on October 22, 2024. (Peters, Elliot) (Entered: 10/22/2024) |
| 10/22/2024 | 944 | APPLICATION to file document *Exhibits 6, 8, and 15-21 to the Declaration of Katherine L. Griffitts in Support of Reply* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Reply in Support of Motion for Partial Summary Judgment, # 2 [REDACTED] Response to CREXi's Statement of Genuine Disputes of Material Fact, # 3 [REDACTED] Declaration of Katherine L. Griffitts in Support of Reply, # 4 Proposed Order)(Boyle, Nicholas) (Entered: 10/22/2024) |
| 10/22/2024 | 945 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 6, 8, and 15-21 to the Declaration of Katherine L. Griffitts in Support of Reply* under seal 944 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Reply in Support of Motion for Partial Summary Judgment, # 2 [UNREDACTED] Response to CREXi's Statement of Genuine Disputes of Material Fact, # 3 [UNREDACTED] Declaration of Katherine L. Griffitts in Support of Reply)(Boyle, Nicholas) (Entered: 10/22/2024) |
| 10/22/2024 | 946 | REPLY in support of NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* 833 *[REDACTED]* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Response to CREXI's Statement of Genuine Disputes of Material Fact, # 2 [REDACTED] Declaration of Katherine L. Griffitts in Support of Reply, # 3 Response to CREXi's Evidentiary Objections, # 4 Proposed Order)(Boyle, Nicholas) (Entered: 10/22/2024) |
| 10/22/2024 | 947 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 945 served on 10/22/2024. (Attachments: # 1 Proof of Service re Mobius, # 2 Proof of Service re Restb)(Boyle, Nicholas) (Entered: 10/22/2024) |

| | | |
|---|---|---|
| 10/22/2024 | 948 | NOTICE OF LODGING filed *of Non-Paper Physical Exhibit* re Reply (Motion related),, 946 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 10/22/2024) |
| 10/23/2024 | 949 | SCHEDULING NOTICE TEXT ONLY ENTRY by Judge Consuelo B. Marshall. NOTICE TO ALL PARTIES. On the Court's own motion the Defendant's motion to strike supplemental expert report of Thea Vaughn 869 , currently set for October 29, 2024, is hereby continued to NOVEMBER 19, 2024 at 10:00 a.m. for an in person hearing. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 10/23/2024) |
| 10/25/2024 | 950 | OPPOSITION to MOTION to Strike *CoStar's Third Amended Initial Disclosures and Exclude Testimony of Late-Disclosed Witnesses* 904 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 10/25/2024) |
| 10/25/2024 | 951 | NOTICE OF LODGING filed *(Non-Paper Physical Exhibits in Support)* re Response in Opposition to Motion, 950 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 10/25/2024) |
| 10/28/2024 | 952 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Exhibits 6, 8, and 15-21 to the Declaration of Katherine L. Griffitts in Support of Reply* under seal 944 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Ex. A to Frizzell Declaration, # 2 Declaration of Dees ISO CoStar's Application for Leave to File Documents Under Seal)(Roberts, Niall) (Entered: 10/28/2024) |
| 10/28/2024 | 953 | APPLICATION for Order for Granting Application for Leave to File Under Seal [Dkt. 944] filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Roberts, Niall) (Entered: 10/28/2024) |
| 10/28/2024 | 954 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 952 , APPLICATION for Order for Granting Application for Leave to File Under Seal [Dkt. 944] 953 served on October 28, 2024. (Roberts, Niall) (Entered: 10/28/2024) |
| 10/28/2024 | 955 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 939 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 10/28/2024) |
| 10/28/2024 | 956 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 955 served on 10/28/2024. (Boyle, Nicholas) (Entered: 10/28/2024) |
| 10/28/2024 | 957 | STATEMENT of Non-Party Restb.ai, LLC in Support of APPLICATION to file document *Exhibits 6, 8, and 15-21 to the Declaration of Katherine L. Griffitts in Support of Reply* under seal 944 filed by Interested Party RestB.AI LLC. (Attachments: # 1 Exhibit 1)(Wallace, Genevieve) (Entered: 10/28/2024) |
| 10/30/2024 | 958 | NOTICE OF ERRATA filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. correcting Sealed Declaration in SupportDeclaration,,,, 856 (Attachments: # 1 Corrected Dahl Declaration Exhibit 6 - Expert Report of Gary Elsner)(Boyle, Nicholas) (Entered: 10/30/2024) |

| | | |
|---|---|---|
| 11/01/2024 | 959 | REPLY in support MOTION to Strike *CoStar's Third Amended Initial Disclosures and Exclude Testimony of Late-Disclosed Witnesses* 904 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Katie Lynn Joyce in Support of Crexi's Reply in Support of Motion to Strike CoStar's Third Amended Initial Disclosures and Exclude Testimony of Late-Disclosed Witnesses (Dkt. 904), # 2 Proposed Order Granting Commercial Real Estate Exchange Inc.'s Motion to Strike CoStar's Third Amended Initial Disclosures and Exclude Testimony of Late-Disclosed Witnesses, # 3 Proof of Service)(Joyce, Katie) (Entered: 11/01/2024) |
| 11/06/2024 | 960 | OPPOSITION re: NOTICE OF MOTION AND MOTION to Exclude Opinion Five of Andrew Crain 861 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Katie Lynn Joyce, # 2 Exhibits A-C of Joyce Declaration)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 961 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Objection/Opposition (Motion related), 960 served on November 6, 2024. (Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 962 | APPLICATION to file document under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Ex. H to Zaleski Declaration ISO Opposition, # 2 Redacted Document Opposition to Motion to Exclude Opinions of Elsner, # 3 Proposed Order)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 963 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 962 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Ex. H to Zaleski Declaration ISO Opposition, # 2 Unredacted Document Opposition to Motion to Exclude Opinions of Elsner)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 964 | OPPOSITION re: NOTICE OF MOTION AND MOTION to Exclude the Opinions of Gary Elsner 867 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Christine Zaleski ISO Opposition, # 2 Exhibits A-D of Zaleski Declaration, # 3 Exhibits E-I of Zaleski Declaration)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 965 | APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Thea Vaughan* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Opposition to CREXi's Motion to Exclude Opinions of Thea Vaughan, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 966 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document under seal 962 , Objection/Opposition (Motion related), 964 , Sealed Declaration in SupportDeclaration, 963 served on November 6, 2024. (Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 967 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Thea Vaughan* under seal 965 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Opposition to CREXi's Motion to Exclude Opinions of Thea Vaughan)(Boyle, Nicholas) (Entered: 11/06/2024) |

| | | |
|---|---|---|
| 11/06/2024 | 968 | [REDACTED] OPPOSITION re: NOTICE OF MOTION AND MOTION to Exclude Opinions of Thea Vaughan 872 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl in Support, # 2 Proposed Order Denying Motion)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 969 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 967 served on 11/06/2024. (Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 970 | APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Louis G. Dudney and Exhibit 5 to S. Burack Declaration in Support* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Opposition to CREXi's Motion to Exclude Opinions of Louis G. Dudney, # 2 [REDACTED] Declaration of Sarah Burack in Support with Exhibits 1-5, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 971 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Louis G. Dudney and Exhibit 5 to S. Burack Declaration in Support* under seal 970 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Opposition to CREXi's Motion to Exclude Opinions of Louis G. Dudney, # 2 [UNREDACTED] Declaration of Sarah Burack in Support with Exhibits 1-5)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 972 | [REDACTED] OPPOSITION re: NOTICE OF MOTION AND MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney 878 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Declaration of Sarah Burack with Exhibits 1-5, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 973 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 971 served on 11/06/2024. (Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 974 | APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Daniel Roffman and Exhibits 5 and 9 to C. Grimes Declaration in Support* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Opposition to CREXi's Motion to Exclude Opinions of Daniel Roffman, # 2 [REDACTED] Declaration of Carly Grimes with Exhibits 1-9 in Support, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 975 | APPLICATION to file document *CREXIS OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM and EXHIBITS N-P* under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Document Opposition to Motion, # 3 Redacted Document Exhibits N - P)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 976 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Daniel Roffman and Exhibits 5 and 9 to C. Grimes Declaration in Support* under seal 974 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Opposition to CREXi's Motion to Exclude Opinions of Daniel Roffman, # 2 [UNREDACTED] |

| | | |
|---|---|---|
| | | Declaration of Carly Grimes with Exhibits 1-9 in Support)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 977 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *CREXIS OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM and EXHIBITS N-P* under seal 975 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Opposition, # 2 Unredacted Document Exhibits N - P)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 978 | [REDACTED] OPPOSITION re: NOTICE OF MOTION AND MOTION to Exclude Opinions of Mr. Daniel Roffman 853 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Declaration of Carly Grimes with Exhibits 1-9 in Support, # 2 Proposed Order Denying Motion)(Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 979 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 976 served on 11/06/2024. (Boyle, Nicholas) (Entered: 11/06/2024) |
| 11/06/2024 | 980 | MEMORANDUM in Opposition to Corrected NOTICE OF MOTION AND MOTION to Exclude the Opinions of Dr. Tulin Erdem *[Redacted]* 913 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document DECLARATION OF NIALL FRIZZELL IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.S OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM, # 2 Redacted Document Exhibits A - B, # 3 Redacted Document Exhibits C - P)(Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 981 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *CREXIS OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM and EXHIBITS N-P* under seal 975 , MEMORANDUM in Opposition to Motion,, 980 , Sealed Declaration in SupportDeclaration, 977 served on November 6, 2024. (Peters, Elliot) (Entered: 11/06/2024) |
| 11/06/2024 | 982 | APPLICATION to file document under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Opposition to Motion to Exclude Opinions of Cate Elsten, # 2 Redacted Document Exhibit 5 to George Declaration, # 3 Redacted Document Exhibit 9 to George Declaration, # 4 Proposed Order)(Joyce, Katie) (Entered: 11/06/2024) |
| 11/06/2024 | 983 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 982 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Opposition to Motion to Exclude Opinions of Cate Elsten, # 2 Unredacted Document Exhibit 5 to George Declaration, # 3 Unredacted Document Exhibit 9 to George Declaration)(Joyce, Katie) (Entered: 11/06/2024) |
| 11/06/2024 | 984 | OPPOSITION to NOTICE OF MOTION AND MOTION to Exclude Opinions of Cate Elsten - *Redacted Document* 857 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George)(Joyce, Katie) (Entered: 11/06/2024) |
| 11/06/2024 | 985 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response in Opposition to Motion, 984 , APPLICATION to file |

| | | |
|---|---|---|
| | | document under seal 982 , Sealed Declaration in SupportDeclaration, 983 served on November 6, 2024. (Joyce, Katie) (Entered: 11/06/2024) |
| 11/08/2024 | 986 | SCHEDULING NOTICE TEXT ONLY ENTRY by Judge Consuelo B. Marshall. NOTICE TO ALL PARTIES. On the Court's own motion, the motion to strike the 3rd amended initial disclosures and exclude testimony of late disclosed witnesses 904 , currently set for hearing on November 12, 2024, is hereby ordered continued to NOVEMBER 19, 2024 at 10:00 a.m. for an in person hearing. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 11/08/2024) |
| 11/11/2024 | 987 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Daniel Roffman and Exhibits 5 and 9 to C. Grimes Declaration in Support* under seal 974 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc..(Kaufman, Kelly) (Entered: 11/11/2024) |
| 11/11/2024 | 988 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 987 served on November 11, 2024. (Kaufman, Kelly) (Entered: 11/11/2024) |
| 11/12/2024 | 989 | STATEMENT of Non-Party Restb.ai, LLC in Support of APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Thea Vaughan* under seal 965 filed by Interested Party RestB.AI LLC. (Attachments: # 1 Exhibit 1 - Decl of Xavi Hernando)(Wallace, Genevieve) (Entered: 11/12/2024) |
| 11/12/2024 | 990 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 962 , APPLICATION to file document *CREXIS OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM and EXHIBITS N-P* under seal 975 , APPLICATION to file document under seal 982 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Exhibit A - CREXi's Opposition to Motion to Exclude Opinions of Cate Elsten, # 2 Unredacted Document - Exhibit B - Further Amended Expert Report of Cate M. Elsten, # 3 Unredacted Document - Exhibit C - The Amended Rebuttal Expert Report of Cate M. Elsten, # 4 Sealed Declaration of Daniel McCallum in Support of CREXi's Applications for Leave to File Documents Under Seal)(Boyle, Nicholas) (Entered: 11/12/2024) |
| 11/12/2024 | 991 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,, 990 served on November 12, 2024. (Boyle, Nicholas) (Entered: 11/12/2024) |
| 11/13/2024 | 992 | SCHEDULING NOTICE TEXT ONLY ENTRY by Judge Consuelo B. Marshall. NOTICE TO ALL PARTIES. The Court finds that the Motion to strike plaintiff's 3rd amended initial disclosures and exclude testimony of late disclosed witnesses, 904 , currently set for hearing on November 19, 2024, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary on November 19, 2024 as to this motion. A written order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 11/13/2024) |
| 11/15/2024 | 993 | SCHEDULING NOTICE TEXT ONLY ENTRY by Judge Consuelo B. Marshall. NOTICE TO ALL PARTIES. The Court finds that the Defendant's motion to strike supplemental expert report of Thea Vaughan 869 , filed on September 9, 2024 and currently set for hearing on November 19, 2024, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary on November 19, 2024. A written order will |

| | | |
|---|---|---|
| | | issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 11/15/2024) |
| 11/21/2024 | 994 | NOTICE OF LODGING filed *[Non-Paper Physical Amended Exhibits 271 and 272]* re NOTICE OF MOTION AND MOTION for Partial Summary Judgment *(Redacted)* 833 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 11/21/2024) |
| 11/25/2024 | 995 | NOTICE OF ERRATA filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. correcting Objection/Opposition (Motion related), 964 (Attachments: # 1 Redacted Document Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner)(Zaleski, Christine) (Entered: 11/25/2024) |
| 11/25/2024 | 996 | APPLICATION to file document *Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner* under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner, # 2 Proposed Order)(Zaleski, Christine) (Entered: 11/25/2024) |
| 11/25/2024 | 997 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner* under seal 996 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner)(Zaleski, Christine) (Entered: 11/25/2024) |
| 11/25/2024 | 998 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 997 , Errata, 995 , APPLICATION to file document *Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner* under seal 996 served on 11/25/2024. (Zaleski, Christine) (Entered: 11/25/2024) |
| 11/26/2024 | 999 | REPLY in support NOTICE OF MOTION AND MOTION to Exclude Opinions of Thea Vaughan 872 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Nicholas S. Goldberg in Support of Reply in Support of Crexi's Motion to Exclude Opinions of Thea Vaughan, # 2 Proof of Service)(Goldberg, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1000 | REPLY in support of NOTICE OF MOTION AND MOTION to Exclude Opinions of Mr. Daniel Roffman 853 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Katie Lynn Joyce, # 2 Proof of Service)(Peters, Elliot) (Entered: 11/26/2024) |
| 11/26/2024 | 1001 | REPLY in support of NOTICE OF MOTION AND MOTION to Exclude Opinions of Cate Elsten - *Redacted Document* 857 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Caitlin E. Dahl in Support)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1002 | REPLY in support of NOTICE OF MOTION AND MOTION to Exclude Opinion Five of Andrew Crain 861 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Carly Grimes in Support)(Boyle, Nicholas) (Entered: 11/26/2024) |

| | | |
|---|---|---|
| 11/26/2024 | 1003 | APPLICATION to file document *Reply iso G. Elsner Daubert Motion* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Reply in Support of its Motion to Exclude the Opinions of Gary Elsner, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1004 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply iso G. Elsner Daubert Motion* under seal 1003 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Reply in Support of Motion to Exclude the Opinions of Gary Elsner)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1005 | REPLY in support of NOTICE OF MOTION AND MOTION to Exclude the Opinions of Gary Elsner 867 / *[REDACTED] Reply* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Katherine L. Griffitts in Support)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1006 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1004 served on 11/26/2024. (Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1007 | APPLICATION to file document *Reply iso Dr. Tulin Erdem Daubert Motion and Declaration of E. Greenwald in Support* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Reply in Support of its Daubert Motion to Exclude the Opinions of Dr. Tulin Erdem, # 2 [REDACTED] Declaration of Elyse M. Greenwald in Support, # 3 Proposed Order)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1008 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply iso Dr. Tulin Erdem Daubert Motion and Declaration of E. Greenwald in Support* under seal 1007 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [UNREDACTED] Reply in Support of its Daubert Motion to Exclude the Opinions of Dr. Tulin Erdem, # 2 [UNREDACTED] Declaration of Elyse M. Greenwald in Support)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1009 | REPLY in support of NOTICE OF MOTION AND MOTION to Exclude the Opinions of Dr. Tulin Erdem 875 / *[REDACTED] Reply* filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 [REDACTED] Declaration of Elyse M. Greenwald in Support)(Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1010 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 1008 served on 11/26/2024. (Boyle, Nicholas) (Entered: 11/26/2024) |
| 11/26/2024 | 1011 | APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert Louis G. Dudney* under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document version of Reply In Support of Crexi's Motion to Exclude Opinions of CoStar Expert Louis G. Dudney, # 2 Proposed Order)(Braunig, Warren) (Entered: 11/26/2024) |
| 11/26/2024 | 1012 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert* |

| | | |
|---|---|---|
| | | *Louis G. Dudney* under seal 1011 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Reply in Support of Crexi's Motion to Exclude Opinions of CoStar Expert Louis G. Dudney)(Braunig, Warren) (Entered: 11/26/2024) |
| 11/26/2024 | 1013 | REPLY in Support of NOTICE OF MOTION AND MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney 878 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George)(Braunig, Warren) (Entered: 11/26/2024) |
| 11/26/2024 | 1014 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert Louis G. Dudney* under seal 1011 , Sealed Declaration in SupportDeclaration, 1012 , Reply (Motion related), 1013 served on November 26, 2024. (Braunig, Warren) (Entered: 11/26/2024) |
| 11/27/2024 | 1015 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner* under seal 996 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 11/27/2024) |
| 11/27/2024 | 1016 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1015 served on 11/27/2024. (Boyle, Nicholas) (Entered: 11/27/2024) |
| 12/02/2024 | 1017 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Reply iso Dr. Tulin Erdem Daubert Motion and Declaration of E. Greenwald in Support* under seal 1007 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc..(Roberts, Niall) (Entered: 12/02/2024) |
| 12/02/2024 | 1018 | PROOF OF SERVICE filed by Defendant and Counterclaimant CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1017 served on 12/2/2024. (Roberts, Niall) (Entered: 12/02/2024) |
| 12/02/2024 | 1019 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert Louis G. Dudney* under seal 1011 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 12/02/2024) |
| 12/02/2024 | 1020 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert Louis G. Dudney* under seal 1011 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 12/02/2024) |
| 12/02/2024 | 1021 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1020 , Sealed Declaration in SupportDeclaration, 1019 served on 12/02/2024. (Boyle, Nicholas) (Entered: 12/02/2024) |
| 12/05/2024 | 1022 | SCHEDULING NOTICE TEXT ONLY ENTRY by Judge Consuelo B. Marshall. NOTICE TO ALL PARTIES. On the Court's motion, Plaintiffs and counter defendants motion for partial summary judgment, 833 and Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.s motion for partial summary judgment 838 , currently set for hearing on December 10, 2024, are hereby ordered continued to |

| | | |
|---|---|---|
| | | JANUARY 15, 2025 at 10:00 a.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ys) TEXT ONLY ENTRY (Entered: 12/05/2024) |
| 12/10/2024 | 1023 | APPLICATION of Non-Resident Attorney Jeremy L. Brown to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500.00 Previously Paid on 12/10/2024, Receipt No. ACACDC-38727505) filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 12/10/2024) |
| 12/10/2024 | 1024 | APPLICATION of Non-Resident Attorney Sarah Burack to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-38728296) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 12/10/2024) |
| 12/10/2024 | 1025 | APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Exhibits 4, 11 and 22 to Kaufman Declaration ISO of Motion for Spoliation Sanctions, # 2 Proposed Order)(Joyce, Katie) (Entered: 12/10/2024) |
| 12/10/2024 | 1026 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal 1025 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Exhibits 4, 11 and 22 to Kaufman Declaration ISO of Motion for Spoliation Sanctions)(Joyce, Katie) (Entered: 12/10/2024) |
| 12/10/2024 | 1027 | Renewed NOTICE OF MOTION AND MOTION for Sanctions due to CoStars Spoliation Evidence filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 MPA ISO Renewed Motion for Spoliation Sanctions, # 2 Declaration of Kaufman ISO MPA ISO Renewed Motion for Spoliation Sanctions, # 3 Exhibits 1-30 of Kaufman Declaration, # 4 Proposed Order) (Joyce, Katie) (Entered: 12/10/2024) |
| 12/10/2024 | 1028 | NOTICE OF LODGING filed *of Non-Paper Physical Exhibits 4 and 11 to the Kaufman Declaration* re Renewed NOTICE OF MOTION AND MOTION for Sanctions due to CoStars Spoliation Evidence 1027 (Joyce, Katie) (Entered: 12/10/2024) |
| 12/10/2024 | 1029 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal 1025 , Sealed Declaration in SupportDeclaration, 1026 , Notice of Lodging 1028 , Renewed NOTICE OF MOTION AND MOTION for Sanctions due to CoStars Spoliation Evidence 1027 served on December 10, 2024. (Joyce, Katie) (Entered: 12/10/2024) |
| 12/10/2024 | 1030 | APPLICATION to file document *[CoStar's Cross-Motion for Evidentiary Sanctions Due to CREXi's Spoliation of Evidence]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStar's Notice of Motion and Cross-Motion for Evidentiary Sanctions Due to CREXi's Spoliation of Evidence, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 12/10/2024) |
| 12/10/2024 | 1031 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[CoStar's Cross-Motion for Evidentiary Sanctions Due to CREXi's Spoliation of Evidence]* under seal 1030 filed by Plaintiffs CoStar Group, Inc., CoStar Realty |

| | | |
|---|---|---|
| | | Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Notice of Motion and Cross-Motion for Evidentiary Sanctions Due to CREXi's Spoliation of Evidence)(Boyle, Nicholas) (Entered: 12/10/2024) |
| 12/10/2024 | 1032 | NOTICE OF MOTION AND MOTION for Sanctions Due to CREXi's Spoliation of Evidence filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Declaration of Sarah A. Tomkowiak with Exhibits 1-8, # 2 Proposed Order) (Boyle, Nicholas) (Entered: 12/10/2024) |
| 12/10/2024 | 1033 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 1031 served on December 10, 2024. (Greenwald, Elyse) (Entered: 12/10/2024) |
| 12/11/2024 | 1034 | ORDER by Judge Consuelo B. Marshall: granting 1023 Non-Resident Attorney Jeremy L. Brown APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY (sbou) (Entered: 12/11/2024) |
| 12/12/2024 | 1035 | ORDER by Judge Consuelo B. Marshall: granting 1024 Non-Resident Attorney Sarah Burack APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., designating Elyse M. Greenwald as local counsel. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY (sbou) (Entered: 12/12/2024) |
| 12/16/2024 | 1036 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal 1025 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 12/16/2024) |
| 12/16/2024 | 1037 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1036 served on December 16, 2024. (Boyle, Nicholas) (Entered: 12/16/2024) |
| 12/16/2024 | 1038 | APPLICATION of Non-Resident Attorney Linda Qiu to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-38765950) filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Proposed Order) (Greenwald, Elyse) (Entered: 12/16/2024) |
| 12/17/2024 | 1039 | APPLICATION to file document *re CREXis Motion in Limine No. 8* under seal filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Motion in Limine No. 8, # 2 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1040 | Joint STIPULATION to Exclude Indian litigation and settlements filed by defendant and counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Braunig, Warren) (Entered: 12/17/2024) |
| 12/17/2024 | 1041 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *re CREXis Motion in Limine No. 8* under seal 1039 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Unredacted Document Motion in Limine No. 8)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1042 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude CoStar's Untimely Infringement and DMCA Accusations filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1043 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude Evidence Re Ten-X Litigation filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1044 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude CoStar's Attorney-Drafted Letters filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1045 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude CoStar's Prior Settlements and Stipulated Judgments filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1046 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude Argument and Evidence Re Speculative, Unalleged Claims of Additional Infringement filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1047 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Exclude Argument and Evidence Re CREXi's Venture Capital Financing filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1048 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude TinEye Argument and Evidence filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1049 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude Evidence of CoStar's Overall "Image Library" Expense *[redacted]* filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1050 | NOTICE OF MOTION AND MOTION IN LIMINE (#9) to Exclude Evidence Re CREXi's Access to Loopnet and CoStar filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1051 | NOTICE OF MOTION AND MOTION IN LIMINE (#10) to Exclude Argument or Testimony Re "Theft" or "Stealing" of Images or Information filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1052 | NOTICE OF MOTION AND MOTION IN LIMINE (#11) to Exclude Non-Probative Argument and Evidence Intended Solely for Embarrassment filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1053 | DECLARATION of Niall Frizzell in support of MOTION IN LIMINE (#9) to Exclude Evidence Re CREXi's Access to Loopnet and CoStar 1050 , MOTION IN LIMINE (#6) to Exclude Argument and Evidence Re CREXi's Venture Capital Financing 1047 , MOTION IN LIMINE (#10) to Exclude Argument or Testimony Re "Theft" or |

| | | |
|---|---|---|
| | | "Stealing" of Images or Information 1051 , MOTION IN LIMINE (#4) to Exclude CoStar's Prior Settlements and Stipulated Judgments 1045 , MOTION IN LIMINE (#11) to Exclude Non-Probative Argument and Evidence Intended Solely for Embarrassment 1052 , MOTION IN LIMINE (#2) to Exclude Evidence Re Ten-X Litigation 1043 , MOTION IN LIMINE (#1) to Exclude CoStar's Untimely Infringement and DMCA Accusations 1042 , MOTION IN LIMINE (#3) to Exclude CoStar's Attorney-Drafted Letters 1044 , MOTION IN LIMINE (#8) to Exclude Evidence of CoStar's Overall "Image Library" Expense *[redacted]* 1049 , MOTION IN LIMINE (#5) to Exclude Argument and Evidence Re Speculative, Unalleged Claims of Additional Infringement 1046 , MOTION IN LIMINE (#7) to Exclude TinEye Argument and Evidence 1048 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibit 1-20 to Frizzell Declaration)(Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1054 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re MOTION IN LIMINE (#9) to Exclude Evidence Re CREXi's Access to Loopnet and CoStar 1050 , Sealed Declaration in SupportDeclaration, 1041 , MOTION IN LIMINE (#6) to Exclude Argument and Evidence Re CREXi's Venture Capital Financing 1047 , MOTION IN LIMINE (#10) to Exclude Argument or Testimony Re "Theft" or "Stealing" of Images or Information 1051 , Declaration (Motion related),,,,,, 1053 , MOTION IN LIMINE (#4) to Exclude CoStar's Prior Settlements and Stipulated Judgments 1045 , MOTION IN LIMINE (#11) to Exclude Non-Probative Argument and Evidence Intended Solely for Embarrassment 1052 , MOTION IN LIMINE (#2) to Exclude Evidence Re Ten-X Litigation 1043 , MOTION IN LIMINE (#1) to Exclude CoStar's Untimely Infringement and DMCA Accusations 1042 , MOTION IN LIMINE (#3) to Exclude CoStar's Attorney-Drafted Letters 1044 , APPLICATION to file document *re CREXis Motion in Limine No. 8* under seal 1039 , MOTION IN LIMINE (#8) to Exclude Evidence of CoStar's Overall "Image Library" Expense *[redacted]* 1049 , MOTION IN LIMINE (#5) to Exclude Argument and Evidence Re Speculative, Unalleged Claims of Additional Infringement 1046 , MOTION IN LIMINE (#7) to Exclude TinEye Argument and Evidence 1048 served on December 17, 2024. (Peters, Elliot) (Entered: 12/17/2024) |
| 12/17/2024 | 1055 | APPLICATION to file document *[Certain Documents in Support of CoStar's Opposition to CREXi's Renewed Motion for Spoliation of Evidence]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStar's Opposition to Commercial Real Estate Exchange, Inc.'s Renewed Motion for Spoliation Sanctions, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1056 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Opposition to CREXi's Renewed Motion for Spoliation of Evidence]* under seal 1055 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStar's Opposition to Commercial Real Estate Exchange, Inc.'s Renewed Motion for Spoliation Sanctions) (Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1057 | OPPOSITION re: Renewed NOTICE OF MOTION AND MOTION for Sanctions due to CoStars Spoliation Evidence 1027 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak, # 2 Declaration of Daniel Roffman with Exhibit A)(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1058 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 1056 |

| | | |
|---|---|---|
| | | served on December 17, 2024. (Greenwald, Elyse) (Entered: 12/17/2024) |
| 12/17/2024 | 1059 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Sanctions Due to CREXi's Spoliation of Evidence 1032 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Eleanor F. Brock in Support of Crexi's Opposition to CoStar's Cross-Motion for Evidentiary Sanctions, # 2 Declaration of Eugene Reshetnikov in Support of Crexi's Opposition to CoStar's Cross-Motion for Evidentiary Sanctions, # 3 Proposed Order, # 4 Proof of Service)(Joyce, Katie) (Entered: 12/17/2024) |
| 12/17/2024 | 1060 | APPLICATION to file document *[Certain Documents in Support of CoStar's Motions in Limine]* under seal filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - CoStars Motion in Limine (#4) to Exclude Evidence Regarding CoStars Purported Litigiousness, # 2 Redacted Document - CoStars Motion in Limine (#6) to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation, # 3 Redacted Document - CoStars Motion in Limine (#9) to Exclude Evidence of CREXis Cost-Per-Impression, # 4 Redacted Document - CoStars Motion in Limine (#10) to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery, # 5 Redacted Document - CoStars Motion in Limine (#11) to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc., # 6 Redacted Document - CoStars Motion in Limine (#13) to Exclude Evidence of Time this Lawsuit has been Pending and CoStars Alleged Improper Purpose in Filing, # 7 Redacted Document - CoStars Motion in Limine (#19) to Exclude Evidence Relating to CoStars Alleged Spoliation of Evidence, # 8 Redacted Declaration of Caitlin E. Dahl in Support of CoStar's Motions in Limine with Exhibits 1-46, # 9 - Redacted Exhibits 47-72 to Declaration of Caitlin E. Dahl, # 10 Proposed Order)(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1061 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Motions in Limine]* under seal 1060 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - CoStars Motion in Limine (#4) to Exclude Evidence Regarding CoStars Purported Litigiousness, # 2 Unredacted Document - CoStars Motion in Limine (#6) to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation, # 3 Unredacted Document - CoStars Motion in Limine (#9) to Exclude Evidence of CREXis Cost-Per-Impression, # 4 Unredacted Document - CoStars Motion in Limine (#10) to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery, # 5 Unredacted Document - CoStars Motion in Limine (#11) to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc., # 6 Unredacted Document - CoStars Motion in Limine (#13) to Exclude Evidence of Time this Lawsuit has been Pending and CoStars Alleged Improper Purpose in Filing, # 7 Unredacted Document - CoStars Motion in Limine (#19) to Exclude Evidence Relating to CoStars Alleged Spoliation of Evidence, # 8 Unredacted Declaration of Caitlin E. Dahl in Support of CoStars Motions in Limine, # 9 Unredacted Document - Exhibit 16 to Declaration of Caitlin E. Dahl, # 10 Unredacted Document - Exhibit 18 to Declaration of Caitlin E. Dahl, # 11 Unredacted Document - Exhibit 23 to Declaration of Caitlin E. Dahl, # 12 Unredacted Document - Exhibit 33 to Declaration of Caitlin E. Dahl, # 13 Unredacted Document - Exhibit 34 to Declaration of Caitlin E. Dahl, # 14 Unredacted Document - Exhibit 35 to Declaration of Caitlin E. Dahl, # 15 Unredacted Document - Exhibit 39 to Declaration of Caitlin E. Dahl, # 16 Unredacted Document - Exhibit 41 to Declaration of Caitlin E. Dahl, # 17 Unredacted Document - Exhibit 43 to Declaration of Caitlin E. Dahl, # 18 Unredacted Document - Exhibit 47 to Declaration of Caitlin E. |

| | | |
|---|---|---|
| | | Dahl, # 19 Unredacted Document - Exhibit 48 to Declaration of Caitlin E. Dahl, # 20 Unredacted Document - Exhibit 49 to Declaration of Caitlin E. Dahl, # 21 Unredacted Document - Exhibit 51 to Declaration of Caitlin E. Dahl, # 22 Unredacted Document - Exhibit 55 to Declaration of Caitlin E. Dahl, # 23 Unredacted Document - Exhibit 56 to Declaration of Caitlin E. Dahl, # 24 Unredacted Document - Exhibit 59 to Declaration of Caitlin E. Dahl, # 25 Unredacted Document - Exhibit 61 to Declaration of Caitlin E. Dahl, # 26 Unredacted Document - Exhibit 62 to Declaration of Caitlin E. Dahl, # 27 Unredacted Document - Exhibit 64 to Declaration of Caitlin E. Dahl)(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1062 | NOTICE OF MOTION AND MOTION IN LIMINE to Exclude *[CoStar's Omnibus Notice of Motions in Limine]* filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order)(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1063 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude CoStar's Privilege Logs from Evidence filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1064 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude References to "Hacking" filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1065 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude Evidence of CoStar's "Scrape" of CREXi's Website filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1066 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude Evidence Regarding CoStar's Purported Litigiousness filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1067 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude Evidence Relating to CREXi's Dismissed Antitrust Counterclaims or Other Allegations Regarding Supposed Anticompetitive Conduct filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1068 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1069 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude Evidence Relating to Andrew Florance's Character filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |

| | | |
|---|---|---|
| 12/17/2024 | 1070 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude Evidence of Images and Claims Not at Issue filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1071 | NOTICE OF MOTION AND MOTION IN LIMINE (#9) to Exclude Evidence of CREXi's "Cost-Per-Impression" filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1072 | NOTICE OF MOTION AND MOTION IN LIMINE (#10) to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1073 | NOTICE OF MOTION AND MOTION IN LIMINE (#11) to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc. filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1074 | NOTICE OF MOTION AND MOTION IN LIMINE (#13) to Exclude Evidence of Time this Lawsuit has been Pending and CoStar's Alleged Improper Purpose in Filing filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1075 | NOTICE OF MOTION AND MOTION IN LIMINE (#14) to Exclude Hearsay Commentary filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1076 | NOTICE OF MOTION AND MOTION IN LIMINE (#15) to Exclude Evidence of CoStar's Access to CREXi and Other "Competitor" Websites filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1077 | NOTICE OF MOTION AND MOTION IN LIMINE (#16) to Exclude Certain Characterizations of CoStar Images filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1078 | NOTICE OF MOTION AND MOTION IN LIMINE (#17) to Exclude Evidence Regarding the Number of Images in CREXi's Image Library filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1079 | NOTICE OF MOTION AND MOTION IN LIMINE (#19) to Exclude Evidence Relating to CoStar's Alleged Spoliation of Evidence filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1080 | NOTICE OF MOTION AND MOTION IN LIMINE (#20) to Exclude Evidence that CoStar Did Not Send a DMCA Takedown Notice Prior to Suit filed by Plaintiffs and |

| | | |
|---|---|---|
| | | Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1081 | NOTICE OF MOTION AND MOTION IN LIMINE (#21) to Exclude Evidence Regarding CoStar's Corporate Culture and Size filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/17/2024 | 1082 | DECLARATION of Caitlin E. Dahl in support of MOTION IN LIMINE (#7) to Exclude Evidence Relating to Andrew Florance's Character 1069 , MOTION IN LIMINE (#20) to Exclude Evidence that CoStar Did Not Send a DMCA Takedown Notice Prior to Suit 1080 , MOTION IN LIMINE (#17) to Exclude Evidence Regarding the Number of Images in CREXi's Image Library 1078 , MOTION IN LIMINE (#1) to Exclude CoStar's Privilege Logs from Evidence 1063 , MOTION IN LIMINE (#11) to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc. 1073 , MOTION IN LIMINE (#13) to Exclude Evidence of Time this Lawsuit has been Pending and CoStar's Alleged Improper Purpose in Filing 1074 , MOTION IN LIMINE (#8) to Exclude Evidence of Images and Claims Not at Issue 1070 , MOTION IN LIMINE (#4) to Exclude Evidence Regarding CoStar's Purported Litigiousness 1066 , MOTION IN LIMINE (#9) to Exclude Evidence of CREXi's "Cost-Per-Impression" 1071 , MOTION IN LIMINE (#3) to Exclude Evidence of CoStar's "Scrape" of CREXi's Website 1065 , MOTION IN LIMINE (#19) to Exclude Evidence Relating to CoStar's Alleged Spoliation of Evidence 1079 , MOTION IN LIMINE (#2) to Exclude References to "Hacking" 1064 , MOTION IN LIMINE (#21) to Exclude Evidence Regarding CoStar's Corporate Culture and Size 1081 , MOTION IN LIMINE (#5) to Exclude Evidence Relating to CREXi's Dismissed Antitrust Counterclaims or Other Allegations Regarding Supposed Anticompetitive Conduct 1067 , MOTION IN LIMINE (#14) to Exclude Hearsay Commentary 1075 , MOTION IN LIMINE (#6) to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation 1068 , MOTION IN LIMINE (#16) to Exclude Certain Characterizations of CoStar Images 1077 , MOTION IN LIMINE (#10) to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery 1072 , MOTION IN LIMINE (#15) to Exclude Evidence of CoStar's Access to CREXi and Other "Competitor" Websites 1076 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibits 1-46 to Declaration of Caitlin E. Dahl, # 2 Exhibits 47-72 to Declaration of Caitlin E. Dahl)(Dahl, Caitlin) (Entered: 12/17/2024) |
| 12/17/2024 | 1083 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,,,,,,,,,,, 1061 served on December 17, 2024. (Greenwald, Elyse) (Entered: 12/17/2024) |
| 12/17/2024 | 1084 | NOTICE OF LODGING filed *[Non-Paper Physical Exhibits in Support of CoStar's Motions in Limine]* re MOTION IN LIMINE (#17) to Exclude Evidence Regarding the Number of Images in CREXi's Image Library 1078 , MOTION IN LIMINE (#11) to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc. 1073 , MOTION IN LIMINE (#10) to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery 1072 , MOTION IN LIMINE (#15) to Exclude Evidence of CoStar's Access to CREXi and Other "Competitor" Websites 1076 (Attachments: # 1 Proof of Service)(Boyle, Nicholas) (Entered: 12/17/2024) |
| 12/18/2024 | 1085 | ORDER by Judge Consuelo B. Marshall: granting 1038 Non-Resident Attorney Linda Qiu APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty |

| | | |
|---|---|---|
| | | Information Inc., designating Elyse M. Greenwald as local counsel. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY (sbou) (Entered: 12/18/2024) |
| 12/18/2024 | 1089 | ORDER Re: Crexi's Motion to Strike Costar's Third Amended Initial Disclosure and Exclude Testimony of Lat-Disclosed Witnesses 904 by Judge Consuelo B. Marshal, the Court GRANTS CREXi's Motion 1086 . CoStar's third amended initial disclosures are hereby stricken, and CoStar is precluded from using Czadar, Ferretti, and Gwilliam "to supply evidence on a motion, at a hearing, or at trial." (jp) (Entered: 12/23/2024) |
| 12/19/2024 | 1086 | EX PARTE APPLICATION to Seal Docket No. 1027-3 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Kelly S. Kaufman, # 2 Proposed Order) (Joyce, Katie) (Entered: 12/19/2024) |
| 12/19/2024 | 1087 | NOTICE OF ERRATA filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. correcting Renewed NOTICE OF MOTION AND MOTION for Sanctions due to CoStars Spoliation Evidence 1027 *re: Docket No. [1027-3]* (Attachments: # 1 Corrected [Redacted] Exhibits 1-30 to Kaufman Decl. ISO Renewed Motion for Spoliation Sanctions)(Joyce, Katie) (Entered: 12/19/2024) |
| 12/19/2024 | 1088 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Errata, 1087 , EX PARTE APPLICATION to Seal Docket No. 1027-3 1086 served on December 19, 2024. (Joyce, Katie) (Entered: 12/19/2024) |
| 12/23/2024 | 1090 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *re CREXis Motion in Limine No. 8* under seal 1039 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit A)(Greenwald, Elyse) (Entered: 12/23/2024) |
| 12/23/2024 | 1091 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1090 served on 12/23/2024. (Greenwald, Elyse) (Entered: 12/23/2024) |
| 12/23/2024 | 1092 | REPLY in support of NOTICE OF MOTION AND MOTION for Sanctions Due to CREXi's Spoliation of Evidence 1032 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak with Exhibits 1-3)(Boyle, Nicholas) (Entered: 12/23/2024) |
| 12/23/2024 | 1093 | REPLY in Support of Renewed NOTICE OF MOTION AND MOTION for Sanctions due to CoStars Spoliation Evidence 1027 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proof of Service)(Joyce, Katie) (Entered: 12/23/2024) |
| 12/23/2024 | 1094 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *[Certain Documents in Support of CoStar's Motions in Limine]* under seal 1060 filed by Counter Claimant Commercial Real Estate Exchange Inc., Defendant Commercial Real Estate Exchange Inc..(Roberts, Niall) (Entered: 12/23/2024) |
| 12/23/2024 | 1095 | APPLICATION for Order for Costars Application for Leave to File Under Seal (Dkt. 1060) filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Roberts, Niall) (Entered: 12/23/2024) |
| 12/23/2024 | 1096 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 1094 , APPLICATION for Order for Costars Application for Leave to File Under Seal (Dkt. 1060) 1095 served on December 23, 2024. (Roberts, Niall) (Entered: 12/23/2024) |

| | | |
|---|---|---|
| 01/02/2025 | 1097 | TEXT ONLY ENTRY (IN CHAMBERS) ORDER CONTINUING MOTION to Exclude Opinions of Mr. Daniel Roffman 853 , MOTION to Exclude Opinions of Cate Elsten 857 , MOTION to Exclude Opinion Five of Andrew Crain 861 , MOTION to Exclude the Opinions of Gary Elsner 867 , MOTION to Exclude Opinions of Thea Vaughan 872 , MOTION to Exclude the Opinions of Dr. Tulin Erdem 875 , MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney 878 , MOTION to Exclude the Opinions of Dr. Tulin Erdem 913 , Renewed MOTION for Sanctions due to CoStars Spoliation Evidence 1027 , and MOTION for Sanctions Due to CREXi's Spoliation of Evidence 1032 by Consuelo B. Marshall: On its own motion, the Court hereby continues the above motions currently set for hearing on 1/7/25 to 2/11/2025 at 2:30 PM. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY (Entered: 01/02/2025) |
| 01/06/2025 | 1100 | ORDER RE: INDIAN LITIGATION AND SETTLEMENTS 1040 by Judge Consuelo B. Marshall: Upon consideration of the parties Joint Stipulation And Request for Order Regarding Indian Litigation and Settlements, and the parties related Binding Term Sheet Regarding Resolution of Various Discovery Issues referenced therein (Term Sheet), and for good cause appearing, the Court hereby ORDERS as follows: 1. CoStar shall not, in this proceeding, use, reference or rely upon, directly or indirectly, the commissions, commission reports or Indian judgments (including the various consent terms and supporting statements/declarations) from the Indian BPO Cases, or the fact of the Indian BPO Cases, other than as required to defend itself against allegations made based on the foregoing, or as required to effect the Term Sheet. 2. CREXi shall not, in this proceeding, use, reference or rely upon, directly or indirectly, the commissions, commission reports or Indian judgments (including the various consent terms and supporting statements/declarations) from the Indian BPO Cases, or the fact of the Indian BPO Cases, other than as required to defend itself against allegations made based on the foregoing, or as required to effect the Term Sheet. IT IS SO ORDERED. See order for more information. (shb) (Entered: 01/08/2025) |
| 01/08/2025 | 1098 | Notice of Appearance or Withdrawal of Counsel: for attorney Adam Alexander Herrera counsel for Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. Adding Adam A. Herrera as counsel of record for CoStar Group, Inc. and CoStar Realty Information, Inc. for the reason indicated in the G-123 Notice. Filed by plaintiffs and counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc.. (Attorney Adam Alexander Herrera added to party CoStar Group, Inc.(pty:pla), Attorney Adam Alexander Herrera added to party CoStar Group, Inc.(pty:cd), Attorney Adam Alexander Herrera added to party CoStar Realty Information Inc.(pty:cd), Attorney Adam Alexander Herrera added to party CoStar Realty Information Inc.(pty:pla))(Herrera, Adam) (Entered: 01/08/2025) |
| 01/08/2025 | 1099 | ORDER GRANTING COSTAR'S APPLICATION FOR LEAVE TO FILE CERTAIN PREVIOUSLY-FILED DOCUMENTS UNDER SEAL 909 by Judge Consuelo B. Marshall Granting 909 APPLICATION: The Court, having read and considered Plaintiffs and Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc.'s (collectively, "CoStar") Application for Leave to File Certain Previously-Filed Documents Under Seal, hereby GRANTS the Application to seal. The documents set forth below are to be filed under seal pursuant to Local Rule 79-5: (see document for further details) (bm) (Entered: 01/08/2025) |
| 01/09/2025 | 1101 | SEALED NOTICE OF MOTION AND MOTION *to Exclude the Opinions of Dr. Tulin Erdem* re Order on Motion for Leave to File Document Under Seal,, 1099 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/11/2025 |

| | | |
|---|---|---|
| | | at 10:00 AM before Judge Consuelo B. Marshall.(Boyle, Nicholas) (Entered: 01/09/2025) |
| 01/09/2025 | 1102 | SEALED DOCUMENT *Exhibits 1 and 2 to the Declaration of S. Tomkowiak* re NOTICE OF MOTION AND MOTION for Leave to file Third Amended Complaint 776 , Order on Motion for Leave to File Document Under Seal,, 1099 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 01/09/2025) |
| 01/09/2025 | 1103 | SEALED DOCUMENT *Third Amended Complaint* re Amended Complaint/Petition, 841 , Order on Motion for Leave to File Document Under Seal,, 1099 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc., Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 01/09/2025) |
| 01/09/2025 | 1104 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re SEALED NOTICE OF MOTION AND MOTION *to Exclude the Opinions of Dr. Tulin Erdem* re Order on Motion for Leave to File Document Under Seal,, 1099 1101 , Sealed Document, 1103 , Sealed Document, 1102 served on 1/9/2025. (Boyle, Nicholas) (Entered: 01/09/2025) |
| 01/10/2025 | 1105 | (IN CHAMBERS) ORDER CONTINUING COSTAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT 833 AND DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT 838 by Consuelo B. Marshall: On its own motion, the Court hereby continues the above motions currently set for hearing on 1/15/2025 to 2/25/2025 at 10:00 AM. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY (Entered: 01/10/2025) |
| 01/10/2025 | 1106 | (IN CHAMBERS) ORDER VACATING PRETRIAL CONFERENCE AND TRIAL DATES by Judge Consuelo B. Marshall. On the Court's own motion, the pretrial conference and trial dates are hereby VACATED, to be reset after the Court issues its order on the parties' Motions for Partial Summary Judgment. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY Modified on 1/10/2025 (vv). (Entered: 01/10/2025) |
| 01/15/2025 | 1107 | TEXT ONLY ENTRY (IN CHAMBERS) ORDER VACATING HEARING DATE ON MOTION to Exclude Opinions of Mr. Daniel Roffman 853 , MOTION to Exclude Opinions of Cate Elsten 857 , MOTION to Exclude Opinion Five of Andrew Crain 861 , MOTION to Exclude the Opinions of Gary Elsner 867 , MOTION to Exclude Opinions of Thea Vaughan 872 , MOTION to Exclude the Opinions of Dr. Tulin Erdem 875 , MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney 878 , MOTION to Exclude the Opinions of Dr. Tulin Erdem 913 , Renewed MOTION for Sanctions due to CoStars Spoliation Evidence 1027 , MOTION for Sanctions Due to CREXi's Spoliation of Evidence 1032 , Motion to Exclude the Opinions of Dr. Tulin Erdem 1101 by Consuelo B. Marshall: The Court hereby VACATES the 2/11/2025 hearing date for the above motions in limine. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY (Entered: 01/15/2025) |
| 01/15/2025 | 1108 | TEXT ONLY ENTRY (IN CHAMBERS) AMENDED ORDER VACATING HEARING DATE ON MOTION to Exclude Opinions of Mr. Daniel Roffman 853 , MOTION to Exclude Opinions of Cate Elsten 857 , MOTION to Exclude Opinion Five of Andrew Crain 861 , MOTION to Exclude the Opinions of Gary Elsner 867 , MOTION to Exclude Opinions of Thea Vaughan 872 , MOTION to Exclude the Opinions of Dr. Tulin Erdem 875 , MOTION to Exclude Opinions of CoStar Expert Louis G. Dudney 878 , MOTION to Exclude the Opinions of Dr. Tulin Erdem 913 , Renewed MOTION for Sanctions due to CoStars Spoliation Evidence 1027 , MOTION for Sanctions Due to CREXi's Spoliation of Evidence 1032 , Crexi's Motion in Limine No. 1 1042 , Crexi's |

| | | |
|---|---|---|
| | | Motion in Limine No. 2 1043 , Crexi's Motion in Limine No. 3 1044 , Crexi's Motion in Limine No. 4 1045 , Crexi's Motion in Limine No. 5 1046 , Crexi's Motion in Limine No. 6 1047 , Crexi's Motion in Limine No. 7 1048 , Crexi's Motion in Limine No. 8 1049 , Crexi's Motion in Limine No. 9 1050 , Crexi's Motion in Limine No. 10 1051 , Crexi's Motion in Limine No. 11 1052 , Costar's Motion in Limine No. 1 1063 , Costar's Motion in Limine No. 2 1064 , Costar's Motion in Limine No. 3 1065 , Costar's Motion in Limine No. 4 1066 , Costar's Motion in Limine No. 5 1067 , Costar's Motion in Limine No. 6 1068 , Costar's Motion in Limine No. 7 1069 , Costar's Motion in Limine No. 8 1070 , Costar's Motion in Limine No. 9 1071 , Costar's Motion in Limine No. 10 1072 , Costar's Motion in Limine No. 11 1073 , Costar's Motion in Limine No. 13 1074 , Costar's Motion in Limine No. 14 1075 , Costar's Motion in Limine No. 15 1076 , Costar's Motion in Limine No. 16 1077 , Costar's Motion in Limine No. 17 1078 , Costar's Motion in Limine No. 19 1079 , Costar's Motion in Limine No. 20 1080 , Costar's Motion in Limine No. 21 1081 , and Motion to Exclude the Opinions of Dr. Tulin Erdem 1101 by Consuelo B. Marshall: The Court hereby VACATES the 2/11/2025 hearing date for the above motions. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) (Entered: 01/15/2025) |
| 01/17/2025 | 1109 | Notice of Appearance or Withdrawal of Counsel: for attorney Connie Poshien Sung counsel for Defendant Commercial Real Estate Exchange Inc.. Connie P. Sung is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant Commercial Real Estate Exchange, Inc.. (Sung, Connie) (Entered: 01/17/2025) |
| 02/19/2025 | 1110 | (IN CHAMBERS) ORDER CONTINUING COSTAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT 833 AND DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT 838 by Judge Consuelo B. Marshall. Due to the Court's trial schedule commencing on 2/25/2025, the motions currently set for hearing on 2/25/2025 are hereby continued to 3/12/2025 at 1:00 p.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY Modified on 2/19/2025 (vv). (Entered: 02/19/2025) |
| 03/12/2025 | 1111 | MINUTES OF COSTAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT 833 ; DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT 838 Hearing held before Judge Consuelo B. Marshall: The hearing is held. Following discussion with counsel, the court takes the motions under submission. A written order will issue. Court Reporter: Miranda Algorri. (es) (Entered: 03/17/2025) |
| 03/17/2025 | 1112 | TRANSCRIPT ORDER as to plaintiffs, counter defendants CoStar Group, Inc., CoStar Realty Information Inc. for Court Reporter. Court will contact Uchenna Anikwe at uchenna.anikwe@lw.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Boyle, Nicholas) (Entered: 03/17/2025) |
| 03/17/2025 | 1113 | TRANSCRIPT ORDER as to Defendant and Counterclaimant Commercial Real Estate Exchange Inc. for Court Reporter. Court will contact Karen Bringola at kbringola@keker.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Goldberg, Nicholas) (Entered: 03/17/2025) |
| 03/25/2025 | 1114 | TRANSCRIPT for proceedings held on 03-12-25, 1:13 pm. Court Reporter/Electronic Court Recorder: Miranda Algorri, phone number/email mirandaalgorri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript |

| | | |
|---|---|---|
| | | Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/15/2025. Redacted Transcript Deadline set for 4/25/2025. Release of Transcript Restriction set for 6/23/2025. (Algorri, Miranda) (Entered: 03/25/2025) |
| 03/25/2025 | 1115 | NOTICE OF FILING TRANSCRIPT filed for proceedings 03-12-25, 1:13 pm re Transcript 1114 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Algorri, Miranda) TEXT ONLY ENTRY (Entered: 03/25/2025) |
| 05/15/2025 | 1116 | REQUEST TO SUBSTITUTE ATTORNEY Joseph R. Ashby in place of attorney Jason Estavillo filed by Third-Party Mobius365 Knowledge Services Inc.. (Attachments: # 1 Proposed Order) (Attorney Joseph R. Ashby added to party Mobius365 Knowledge Services Inc.(pty:3pd)) (Ashby, Joseph) (Entered: 05/15/2025) |
| 05/20/2025 | 1117 | MINUTES IN CHAMBERS- ORDER RE: APPLICATIONS FOR LEAVE TO FILE UNDER SEAL (DKT. NOS. 831,836,893,898,944,939) by Judge Consuelo B. Marshall Granting in part and Denying in part 831 APPLICATION to Seal Document; Granting in part and Denying in part 836 APPLICATION to Seal Document; Granting in part and Denying in part 893 APPLICATION to Seal Document; Granting in part and Denying in part 898 APPLICATION to Seal Document; Granting in part and Denying in part 939 APPLICATION to Seal Document; Granting in part and Denying in part 944 APPLICATION to Seal Document: The parties are ordered to file the above documents in compliance with the Court's rulings above. All documents must be filed no later than May 23, 2025. The parties are further ordered to file a joint statement, no later than May 23, 2025, informing the Court whether this Order resolves any part of the parties' remaining applications to seal in this case and if so, identifying those applications and corresponding documents for the Court. (see document for further details) (bm) (Entered: 05/20/2025) |
| 05/21/2025 | 1118 | Joint STIPULATION for Extension of Time to File -- Extending Deadlines Set by May 20, 2025 Sealing Order (Dkt 1117) filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order, # 2 Proof of Service) (Braunig, Warren) (Entered: 05/21/2025) |
| 05/21/2025 | 1120 | [STRICKEN BY ORDER OF THE COURT SEE DKT. 1271 ] ORDER by Judge Consuelo B. Marshall: Granting 1116 Third Party Defendant Mobius365 Knowledge Services Inc. Request to Substitute Attorney Joseph R. Ashby as attorney of record instead of Jason Estavillo of Estavillo Law Group. (es) Modified on 1/5/2026 (es). (Entered: 05/22/2025) |
| 05/22/2025 | 1119 | ORDER EXTENDING DEADLINES SET BY MAY 20, 2025 SEALING ORDER (DKT. 1117) by Judge Consuelo B. Marshall, re Stipulation for Extension of Time to File, 1118 . The May 23, 2025 deadlines set by the Court's order filed at Docket Number 1117, including the deadline to re-file documents under seal, publicly, or in redacted form and the deadline to jointly report on the impact of the Court's order on other pending applications to seal, are extended to May 28, 2025. (es) (Entered: 05/22/2025) |
| 05/23/2025 | 1121 | IN CHAMBERS- ORDER RE: APPLICATIONS FOR LEAVE TO FILE UNDER SEAL (DKT. NOS. 871, 975, 1007) by Judge Consuelo B. Marshall: The Court has considered the parties' applications and the declarations filed in support thereof, and rules as follows: Denying 871 APPLICATION to Seal Document; Denying 975 APPLICATION to Seal Document; Granting 1007 APPLICATION to Seal Document. Pursuant to Local Rule 79-5.2.2, the parties shall file the documents under seal in compliance with this Order. The parties shall file the documents no later than May 30, 2025. SEE DOCUMENT FOR INFORMATION. (es) (Entered: 05/23/2025) |

| | | |
|---|---|---|
| 05/23/2025 | 1122 | IN CHAMBERS- ORDER RE: APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. NO. 859) by Judge Consuelo B. Marshall: The Court has considered CoStar's application and the declarations filed in support thereof, and rules as follows: Granting 859 APPLICATION to Seal Document. SEE DOCUMENT FOR FURTHER DETAILS. (es) (Entered: 05/23/2025) |
| 05/28/2025 | 1123 | STATEMENT / *Joint Statement Regarding Outstanding Sealing Applications* re: Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 . (Greenwald, Elyse) (Entered: 05/28/2025) |
| 05/28/2025 | 1124 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion for Partial Summary Judgment [Dkt. 831] filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 CoStar's Notice of Motion and Motion for Partial Summary Judgment, # 2 CoStar's Statement of Uncontroverted Facts in Support of Motion for Partial Summary Judgment [Redacted Version], # 3 Exhibit 3, # 4 Exhibit 10, # 5 Exhibit 11, # 6 Exhibit 12, # 7 Exhibit 29, # 8 Exhibit 30, # 9 Exhibit 31, # 10 Exhibit 36, # 11 Exhibit 45, # 12 Exhibit 49, # 13 Exhibit 50, # 14 Exhibit 51, # 15 Exhibit 52, # 16 Exhibit 53, # 17 Exhibit 54, # 18 Exhibit 56, # 19 Exhibit 57, # 20 Exhibit 85, # 21 Exhibit 86, # 22 Exhibit 100, # 23 Exhibit 104, # 24 Exhibit 105, # 25 Exhibit 106, # 26 Exhibit 109, # 27 Exhibit 113, # 28 Exhibit 120, # 29 Exhibit 133, # 30 Exhibit 134, # 31 Exhibit 141, # 32 Exhibit 147, # 33 Exhibit 158, # 34 Exhibit 159, # 35 Exhibit 162, # 36 Exhibit 164, # 37 Exhibit 176, # 38 Exhibit 177, # 39 Exhibit 178, # 40 Exhibit 193, # 41 Exhibit 194, # 42 Exhibit 195, # 43 Exhibit 196, # 44 Exhibit 197, # 45 Exhibit 198, # 46 Exhibit 200, # 47 Exhibit 203, # 48 Exhibit 209, # 49 Exhibit 211, # 50 Exhibit 243, # 51 Exhibit 246)(Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1125 | SEALED DOCUMENT *[CoStar's Statement of Uncontroverted Facts in Support of Motion for Partial Summary Judgment]* re APPLICATION to file document *Notice of Motion and Motion for Partial Summary Judgment and Documents in Support* under seal 831 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 10 - Sealed, # 2 Exhibit 11 - Sealed, # 3 Exhibit 29 - Sealed, # 4 Exhibit 31 - Sealed, # 5 Exhibit 36 - Sealed, # 6 Exhibit 45 - Sealed, # 7 Exhibit 49 - Sealed, # 8 Exhibit 54 - Sealed, # 9 Exhibit 56 - Sealed, # 10 Exhibit 57 - Sealed, # 11 Exhibit 86 - Sealed, # 12 Exhibit 87 - Sealed, # 13 Exhibit 88 - Sealed, # 14 Exhibit 104 - Sealed, # 15 Exhibit 107 - Sealed, # 16 Exhibit 109 - Sealed, # 17 Exhibit 120 - Sealed, # 18 Exhibit 123 - Sealed, # 19 Exhibit 124 - Sealed, # 20 Exhibit 125 - Sealed, # 21 Exhibit 126 - Sealed, # 22 Exhibit 127 - Sealed, # 23 Exhibit 128 - Sealed, # 24 Exhibit 131 - Sealed, # 25 Exhibit 134 - Sealed, # 26 Exhibit 141 - Sealed, # 27 Exhibit 147 - Sealed, # 28 Exhibit 158 - Sealed, # 29 Exhibit 159 - Sealed, # 30 Exhibit 162 - Sealed, # 31 Exhibit 164 - Sealed, # 32 Exhibit 170 - Sealed, # 33 Exhibit 171 - Sealed, # 34 Exhibit 173 - Sealed, # 35 Exhibit 174 - Sealed, # 36 Exhibit 193 - Sealed, # 37 Exhibit 195 - Sealed, # 38 Exhibit 196 - Sealed, # 39 Exhibit 198 - Sealed, # 40 Exhibit 209 - Sealed, # 41 Exhibit 210 - Sealed, # 42 Exhibit 216 - Sealed, # 43 Exhibit 219 - Sealed, # 44 Exhibit 221 - Sealed, # 45 Exhibit 222 - Sealed, # 46 Exhibit 223 - Sealed, # 47 Exhibit 224 - Sealed, # 48 Exhibit 225 - Sealed, # 49 Exhibit 226 - Sealed, # 50 Exhibit 227 - Sealed, # 51 Exhibit 228 - Sealed, # 52 Exhibit 240 - Sealed, # 53 Exhibit 243 - Sealed, # 54 Exhibit 246 - Sealed, # 55 Exhibit 251 - Sealed)(Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1126 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Opposition to CREXi's Motion for Partial Summary Judgment [Dkt. 893] filed by Plaintiffs and Counterdefendants CoStar |

| | | |
|---|---|---|
| | | Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 CoStar's Opposition to CREXi's Motion for Partial Summary Judgment [Redacted Version], # 2 CoStar's Statement of Genuine Disputes of Material Fact in Opposition to CREXi's Motion for Partial Summary Judgment [Redacted Version], # 3 Exhibit 15 [Redacted Version], # 4 Exhibit 16 [Redacted Version], # 5 Exhibit 17 [Redacted Version], # 6 Exhibit 18 [Redacted Version], # 7 Exhibit 30 [Lodged with the Court], # 8 Exhibit 50, # 9 Exhibit 52 [Redacted Version], # 10 Exhibit 53 [Redacted Version], # 11 Exhibit 54 [Redacted Version], # 12 Exhibit 55 [Redacted Version], # 13 Exhibit 56 [Redacted Version], # 14 Exhibit 63 [Redacted Version])(Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1127 | SEALED OPPOSITION RE Notice of Lodging 839 , NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 CoStar's Statement of Genuine Disputes of Material Fact in Opposition to CREXi's Motion for Partial Summary Judgment [Under Seal], # 2 Exhibit 15 - Sealed, # 3 Exhibit 16 - Sealed, # 4 Exhibit 17 - Sealed, # 5 Exhibit 18 - Sealed, # 6 Exhibit 28 - Sealed, # 7 Exhibit 30 - Sealed [Lodged with the Court], # 8 Exhibit 52 - Sealed, # 9 Exhibit 53 - Sealed, # 10 Exhibit 54 - Sealed, # 11 Exhibit 55 - Sealed, # 12 Exhibit 56 - Sealed, # 13 Exhibit 63 - Sealed)(Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1128 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Reply in Support of its Motion for Partial Summary Judgment [Dkt. 944] filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 CoStar's Reply in Support of its Motion for Partial Summary Judgment, # 2 CoStar's Response to Commercial Real Estate Exchange, Inc.'s Statement of Genuine Disputes of Material Fact [Redacted Version], # 3 Exhibit 6, # 4 Exhibit 8, # 5 Exhibit 18 [Redacted Version], # 6 Exhibit 19 [Redacted Version], # 7 Exhibit 20 [Redacted Version], # 8 Exhibit 21) (Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1129 | SEALED DOCUMENT *Unredacted version of Exhibit 10* re APPLICATION to file document *Exhibits 10-19, 20-21, and 32-37 to the Dees Declaration ISO CREXis MPSJ* under seal 836 , NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted version of Exhibit 11, # 2 Unredacted version of Exhibit 12, # 3 Unredacted version of Exhibit 13, # 4 Unredacted version of Exhibit 14, # 5 Unredacted version of Exhibit 15, # 6 Unredacted version of Exhibit 16, # 7 Unredacted version of Exhibit 17, # 8 Unredacted version of Exhibit 18, # 9 Unredacted version of Exhibit 19, # 10 Unredacted version of Exhibit 20, # 11 Unredacted version of Exhibit 21)(Braunig, Warren) (Entered: 05/28/2025) |
| 05/28/2025 | 1130 | SEALED DOCUMENT *[CoStar's Response to Commercial Real Estate Exchange, Inc.'s Statement of Genuine Disputes of Material Fact]* re APPLICATION to file document *Exhibits 6, 8, and 15-21 to the Declaration of Katherine L. Griffitts in Support of Reply* under seal 944 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 15 - Sealed, # 2 Exhibit 16 - Sealed, # 3 Exhibit 17 - Sealed) (Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1131 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document,,,,,,, 1125 , Sealed Opposition,,, |

| | | |
|---|---|---|
| | | 1127 , Sealed Document,, 1130 served on May 28, 2025. (Boyle, Nicholas) (Entered: 05/28/2025) |
| 05/28/2025 | 1132 | EXHIBIT Filed filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. as to APPLICATION to file document *Exhibits 10-19, 20-21, and 32-37 to the Dees Declaration ISO CREXis MPSJ* under seal 836 , NOTICE OF MOTION AND MOTION for Partial Summary Judgment 838 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 . (Attachments: # 1 Redacted Exhibit 10, # 2 Redacted Exhibit 11, # 3 Redacted Exhibit 12, # 4 Redacted Exhibit 13, # 5 Redacted Exhibit 14, # 6 Redacted Exhibit 15, # 7 Redacted Exhibit 16, # 8 Redacted Exhibit 17, # 9 Redacted Exhibit 18, # 10 Redacted Exhibit 19, # 11 Redacted Exhibit 20, # 12 Redacted Exhibit 21, # 13 Exhibit 32, # 14 Exhibit 33, # 15 Exhibit 34, # 16 Exhibit 35, # 17 Exhibit 36, # 18 Exhibit 37)(Braunig, Warren) (Entered: 05/28/2025) |
| 05/28/2025 | 1133 | SEALED DOCUMENT *Statement of Genuine Disputes of Material Fact* re MEMORANDUM in Opposition to Motion,, 900 , APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 , Declaration (Motion related),,, 901 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted version of Exhibit 3, # 2 Unredacted version of Exhibit 4, # 3 Unredacted version of Exhibit 5, # 4 Unredacted version of Exhibit 23, # 5 Unredacted version of Exhibit 25, # 6 Unredacted version of Exhibit 30, # 7 Unredacted version of Exhibit 67, # 8 Unredacted version of Exhibit 93, # 9 Unredacted version of Exhibit 112, # 10 Unredacted version of Exhibit 113, # 11 Unredacted version of Exhibit 115)(Braunig, Warren) (Entered: 05/28/2025) |
| 05/28/2025 | 1134 | STATEMENT *of Genuine Disputes of Material Fact* re: MEMORANDUM in Opposition to Motion,, 900 , APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 , Declaration (Motion related),,, 901 . (Attachments: # 1 Public Versions of Exhibits, # 2 Exhibit 1 to Dees Declaration, # 3 Exhibit 2 to Dees Declaration, # 4 Redacted Exhibit 3 to Dees Declaration, # 5 Redacted Exhibit 4 to Dees Declaration, # 6 Redacted Exhibit 5 to Dees Declaration, # 7 Redacted Exhibit 23 to Dees Declaration, # 8 Redacted Exhibit 25 to Dees Declaration, # 9 Exhibit 25 to Zaleski Declaration, # 10 Redacted Exhibit 67 to Zaleski Declaration, # 11 Exhibit 76 to Zaleski Declaration, # 12 Exhibit 81 to Zaleski Declaration, # 13 Redacted Exhibit 93 to Zaleski Declaration, # 14 Exhibit 96 to Zaleski Declaration, # 15 Exhibit 117 to Zaleski Declaration)(Braunig, Warren) (Entered: 05/28/2025) |
| 05/28/2025 | 1135 | SEALED DOCUMENT *Response to Statement of Genuine Disputes of Material Fact* re APPLICATION to file document under seal 939 , Reply (Motion related), 941 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted version of Exhibit 8)(Braunig, Warren) (Entered: 05/28/2025) |
| 05/28/2025 | 1136 | RESPONSE filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.to APPLICATION to file document under seal 939 , Reply (Motion related), 941 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 *to Statement of Genuine Disputes of Material Fact* (Braunig, Warren) (Entered: 05/28/2025) |

| | | |
|---|---|---|
| 05/28/2025 | 1137 | NOTICE OF LODGING filed *of Non-paper Physical Exhibits* re Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 (Braunig, Warren) (Entered: 05/28/2025) |
| 05/28/2025 | 1138 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Notice of Lodging 1137 , Exhibit (non-trial),,, 1132 , Sealed Document, 1135 , Response, 1136 , Statement,,,, 1134 , Sealed Document,,, 1133 , Sealed Document,,, 1129 served on May 28, 2025. (Braunig, Warren) (Entered: 05/28/2025) |
| 05/29/2025 | 1139 | NOTICE OF LODGING filed re Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, 1117 (Greenwald, Elyse) (Entered: 05/29/2025) |
| 05/30/2025 | 1140 | SEALED DOCUMENT *Unredacted version of Exhibit N* re APPLICATION to file document *CREXIS OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM and EXHIBITS N-P* under seal 975 , MEMORANDUM in Opposition to Motion,, 980 , Order on Motion for Leave to File Document Under Seal,,,,,,,, 1121 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted version of Exhibit O, # 2 Unredacted version of Exhibit P)(Braunig, Warren) (Entered: 05/30/2025) |
| 05/30/2025 | 1141 | Public Version of Crexi's Opposition to Motion to Exclude Opinions of Dr. Tulin Erdem and Exhibits N, O, and P filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: APPLICATION to file document *CREXIS OPPOSITION TO COSTARS MOTION TO EXCLUDE OPINIONS OF DR. TLIN ERDEM and EXHIBITS N-P* under seal 975 , MEMORANDUM in Opposition to Motion,, 980 , Order on Motion for Leave to File Document Under Seal,,,,,,,, 1121 (Attachments: # 1 Public Version of Opposition to Motion to Exclude Opinions of Dr. Tulin Erdem, # 2 Redacted version of Exhibit N, # 3 Redacted version of Exhibit O, # 4 Redacted version of Exhibit P)(Braunig, Warren) (Entered: 05/30/2025) |
| 05/30/2025 | 1142 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion to Exclude the Opinions of Dr. Tulin Erdem [Dkt. 871] filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 CoStar's Notice of Daubert Motion and Motion to Exclude the Opinions of Dr. Tulin Erdem [Redacted Version], # 2 Exhibit 1 to Declaration of Elyse M. Greenwald, # 3 Exhibit 2 to Declaration of Elyse M. Greenwald, # 4 Exhibit 15 to Declaration of Elyse M. Greenwald - Redacted, # 5 Exhibit 16 to Declaration of Elyse M. Greenwald - Redacted, # 6 Exhibit 17 to Declaration of Elyse M. Greenwald - Redacted, # 7 Exhibit 18 to Declaration of Elyse M. Greenwald - Redacted)(Boyle, Nicholas) (Entered: 05/30/2025) |
| 05/30/2025 | 1143 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Miscellaneous Document,, 1141 , Sealed Document,, 1140 served on May 30, 2025. (Braunig, Warren) (Entered: 05/30/2025) |
| 05/30/2025 | 1144 | SEALED NOTICE OF MOTION AND MOTION *TO EXCLUDE THE OPINIONS OF DR. TULIN ERDEM* re Order on Motion for Leave to File Document Under Seal,,,,,,,, 1121 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 1/7/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Exhibit 15 to Declaration of Elyse M. Greenwald - Sealed, # 2 Exhibit 16 to Declaration of Elyse M. Greenwald - Sealed, # 3 Exhibit 17 to Declaration of Elyse M. Greenwald - Sealed, # |

| | | |
|---|---|---|
| | | 4 Exhibit 18 to Declaration of Elyse M. Greenwald - Sealed)(Boyle, Nicholas) (Entered: 05/30/2025) |
| 05/30/2025 | 1145 | SEALED REPLY RE APPLICATION to file document *Reply iso Dr. Tulin Erdem Daubert Motion and Declaration of E. Greenwald in Support* under seal 1007 , Order on Motion for Leave to File Document Under Seal,,,,,,,, 1121 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 3 to Declaration of Elyse M. Greenwald - Sealed)(Boyle, Nicholas) (Entered: 05/30/2025) |
| 05/30/2025 | 1146 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion to Exclude Opinion Five of Andrew Crain [Dkt. 859] filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 1 to Declaration of Carly Grimes [Redacted], # 2 Exhibit 2 to Declaration of Carly Grimes [Redacted], # 3 Exhibit 3 to Declaration of Carly Grimes [Redacted], # 4 Exhibit 4 to Declaration of Carly Grimes [Redacted - Lodged with the Court])(Boyle, Nicholas) (Entered: 05/30/2025) |
| 05/30/2025 | 1147 | SEALED DOCUMENT *[Exhibit 1 to Declaration of Carly Grimes - Sealed]* re APPLICATION to file document *Exhibits 1-4 to Declaration of Carly Grimes in Support of A. Crain Daubert Motion* under seal 859 , Order on Motion for Leave to File Document Under Seal, 1122 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 2 to Declaration of Carly Grimes - Sealed, # 2 Exhibit 3 to Declaration of Carly Grimes - Sealed, # 3 Exhibit 4 to Declaration of Carly Grimes - Sealed [Lodged with the Court])(Boyle, Nicholas) (Entered: 05/30/2025) |
| 05/30/2025 | 1148 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Document,, 1147 , Sealed Reply, 1145 , SEALED NOTICE OF MOTION AND MOTION *TO EXCLUDE THE OPINIONS OF DR. TULIN ERDEM* re Order on Motion for Leave to File Document Under Seal,,,,,,,, 1121 1144 served on May 30, 2025. (Boyle, Nicholas) (Entered: 05/30/2025) |
| 06/02/2025 | 1149 | NOTICE OF LODGING filed *of Non-paper Physical Exhibits* re Order on Motion for Leave to File Document Under Seal, 1122 (Boyle, Nicholas) (Entered: 06/02/2025) |
| 06/02/2025 | 1150 | IN CHAMBERS- ORDER RE: COSTAR'S MOTION TO EXCLUDE OPINION 5 OF ANDREW CRAIN by Judge Consuelo B. Marshall: The matter before the Court is CoStar's Motion to Exclude Opinion 5 of Andrew Crain. (Dkt.. No. 861 ("Motion").) The parties are familiar with the facts of the case, and the Court does not recite them herein. Accordingly, CoStar's Motion is GRANTED. Mr. Crain is precluded from offering any expert testimony regarding opinion 5 in this case. [See document for further information.] (es) (Entered: 06/02/2025) |
| 06/02/2025 | 1151 | IN CHAMBERS- ORDER RE: COSTAR'S MOTION TO EXCLUDE THE OPINIONS OF DR. TULIN ERDEM by Judge Consuelo B. Marshall: The matter before the Court is CoStar's Motion to Exclude the Opinions of Dr. Tulin Erdem. (Dkt. No. 913 ("Motion").) The parties are familiar with the facts of the case, and the Court does not recite them herein. CoStar's Motion is DENIED. [See document for further information.] (es) (Entered: 06/02/2025) |
| 06/05/2025 | 1152 | IN CHAMBERS- ORDER RE: PENDING MOTIONS IN LIMINE by Judge Consuelo B. Marshall: Upon review of the docket, it appears that after the Court vacated the pretrial conference in this action, to be reset once the Court issues its order on the parties' cross-motions for partial summary judgment (Dkt. No. 1106), the parties have several pending motions in limine for which oppositions have not yet been filed. The |

| | | |
|---|---|---|
| | | Court hereby orders that, should the parties wish to file oppositions to the motions in limine, the parties shall do so by no later than June 16, 2025. (es) (Entered: 06/05/2025) |
| 06/06/2025 | 1153 | EX PARTE APPLICATION for Extension of Time to File EXTENDING DEADLINE SET BY JUNE 5, 2025 ORDER RE: PENDING MOTIONS IN LIMINE TO JUNE 23, 2025 (DKT. 1152) filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Niall Frizzell in support of CREXIs Ex Parte Application, # 2 Proposed Order Extending Deadline Set by June 5, 2025 Order re: Pending Motions in Limine (Dkt. 1152), # 3 Proof of Service) (Braunig, Warren) (Entered: 06/06/2025) |
| 06/07/2025 | 1154 | ORDER EXTENDING DEADLINE SET BY JUNE 5, 2025 ORDER RE: PENDING MOTIONS IN LIMINE(DKT. 1152) 1153 by Judge Consuelo B. Marshall. Upon consideration of CREXi's Ex Parte Application Extending Deadline Set by June 5, 2025 Order Re: Pending Motions in Limine (Dkt. 1152), the June 16, 2025 deadline to file oppositions to the pending motions in limine is hereby extended to June 23, 2025.IT IS SO ORDERED. (vv) (Entered: 06/07/2025) |
| 06/10/2025 | 1155 | IN CHAMBERS- ORDER RE: APPLICATIONS FOR LEAVE TO FILE UNDER SEAL (DKT. NOS. 970 , 1011 ) by Judge Consuelo B. Marshall: The Court has considered the parties' applications and the declarations filed in support thereof, and rules as follows: SEE DOCUMENT FOR DETAILS. (es) (Entered: 06/10/2025) |
| 06/10/2025 | 1156 | MINUTES IN CHAMBERS - ORDER RE: APPLICATIONS FOR LEAVE TO FILE UNDER SEAL (DKT. NOS. 863 , 962 , 996 , 1003 ) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, the parties shall file the documents under seal in compliance with this Order. The parties shall file the documents no later than 6/20/2025. See document for further details. (jp) (Entered: 06/10/2025) |
| 06/10/2025 | 1157 | MINUTES IN CHAMBERS - ORDER RE: APPLICATIONS FOR LEAVE TO FILE UNDER SEAL (DKT. NOS. 855 , 982 ) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, the parties shall file the documents under seal in compliance with thisOrder. The parties shall file the documents no later than 6/20/2025. See document for further details. (jp) (Entered: 06/10/2025) |
| 06/10/2025 | 1158 | MINUTES IN CHAMBERS - ORDER RE: APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. NO. 974 ) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, Costar shall file the documents under seal in compliance with this Order. Costar shall file the documents no later than 6/20/2025. (jp) (Entered: 06/10/2025) |
| 06/10/2025 | 1159 | MINUTES IN CHAMBERS - ORDER RE: APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. NO. 965 ) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, Costar shall file the documents under seal in compliance with this Order. Costar shall file the documents no later than 6/20/2025. (jp) (Entered: 06/10/2025) |
| 06/11/2025 | 1160 | IN CHAMBERS- ORDER RE: APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. NO. 924 ) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, Costar shall file the documents under seal in compliance with this Order. Costar shall file the documents no later than June 20, 2025. Granting 924 APPLICATION to Seal Document. (es) (Entered: 06/11/2025) |
| 06/11/2025 | 1161 | IN CHAMBERS- ORDER RE: OMNIBUS APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. NO. 865) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, CREXi shall file the documents under seal in compliance with this Order. CREXi shall file the documents no later than June 20, 2025. Granting 865 APPLICATION to Seal Document. (es) (Entered: 06/11/2025) |

| | | |
|---|---|---|
| 06/11/2025 | 1162 | IN CHAMBERS- FURTHER ORDER RE: APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. NO. 831 ) by Judge Consuelo B. Marshall: Pursuant to Local Rule 79-5.2.2, Costar shall file the documents under seal in compliance with this Order. Costar shall file the documents no later than June 20, 2025. See document for further details. (es) (Entered: 06/11/2025) |
| 06/11/2025 | 1163 | ORDER GRANTING CREXI'S UNOPPOSED EX PARTE APPLICATION TO SEAL DOCKET NO. 1027-3 1086 by Judge Consuelo B. Marshall, the Court GRANTS Defendant and Counterclaimant Commercial Real Estate Exchange, Inc. (collectively, "CREXi") Unopposed Ex Parte Motion to Seal Docket No. 1027-3. The Court ORDERS that the Clerk of Court shall place under seal the documents filed at Docket No. 1027-3. (es) (Entered: 06/11/2025) |
| 06/11/2025 | 1164 | ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL REGARDING CREXI'S RENEWED MOTION FOR SPOLIATION SANCTIONS 1025 by Judge Consuelo B. Marshall: Granting 1025 APPLICATION to Seal Document. Having considered CREXi's Application for Leave to File Under Seal and the Declaration of Kelly S. Kaufman filed in support thereof, the Court hereby rules as follows: SEE DOCUMENT FOR DETAILS. (es) (Entered: 06/11/2025) |
| 06/11/2025 | 1165 | ORDER GRANTING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL COSTAR'S CROSS-MOTION FOR EVIDENTIARY SANCTIONS DUE TO CREXI'S SPOLIATION OF EVIDENCE 1030 by Judge Consuelo B. Marshall: The document set forth below, which was submitted on December 10, 2024, may be filed under seal pursuant to Local Rule 79-5: See document for details. (es) (Entered: 06/11/2025) |
| 06/11/2025 | 1166 | ORDER GRANTING COSTAR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL IN SUPPORT OF OPPOSITION TO CREXI'S RENEWED MOTION FOR SPOLIATION OF EVIDENCE 1055 by Judge Consuelo B. Marshall: The document set forth below, which was submitted on December 17, 2024, may be filed under seal pursuant to Local Rule 79-5: See document for details. (es) (Entered: 06/11/2025) |
| 06/11/2025 | 1167 | AMENDED ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL REGARDING CREXI'S RENEWED MOTION FOR SPOLIATION SANCTIONS 1025 by Judge Consuelo B. Marshall. SEE DOCUMENT FOR DETAILS. (es) (Entered: 06/11/2025) |
| 06/20/2025 | 1168 | Notice of Appearance or Withdrawal of Counsel: for attorney Julia L. Greenberg counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Adding Julia L. Greenberg as counsel of record for Commercial Real Estate Exchange, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.. (Attorney Julia L. Greenberg added to party Commercial Real Estate Exchange Inc. (pty:dft), Attorney Julia L. Greenberg added to party Commercial Real Estate Exchange Inc.(pty:cc))(Greenberg, Julia) (Entered: 06/20/2025) |
| 06/20/2025 | 1169 | Public Redacted Versions of (1) Crexi's Opposition to CoStar's Motion to Exclude (Dkt. 963-2), and (2) Crexi's Corrected Opposition to CoStar's Motion to Exclude (Dkt. 997) filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: APPLICATION to file document under seal 962 , Order on Motion for Leave to File Document Under Seal,,,,,, 1156 , APPLICATION to file document *Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner* under seal 996 (Attachments: # 1 Public Version of Opposition to Motion to Exclude The Opinions of Gary Elsner, # 2 Public Version of |

| | | |
|---|---|---|
| | | Corrected Opposition to Motion to Exclude the Opinions of Gary Elsner)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1170 | SEALED DOCUMENT *UNREDACTED version of Opposition to Motion to Exclude the Opinions of Gary Elsner* re APPLICATION to file document under seal 962 , Order on Motion for Leave to File Document Under Seal,,,,,,, 1156 , APPLICATION to file document *Crexi's Corrected Opposition to CoStar's Motion to Exclude the Opinions of Gary Elsner* under seal 996 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 UNREDACTED version of Corrected Opposition to Motion to Exclude the Opinions of Gary Elsner, # 2 UNREDACTED version of Exhibit H to Christine Zaleski Declaration)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1171 | Public Redacted Version of Exhibit 4 to Declaration of Kelly S. Kaufman (dkt. 1026-1) filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal 1025 , Order on Motion for Leave to File Document Under Seal, 1164 , Order 1167 (Attachments: # 1 Redacted Exhibit 4)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1172 | SEALED DOCUMENT *UNREDACTED version of Exhibit 4 to Declaration of Kelly S. Kaufman* re APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal 1025 , Order 1167 , Order on Motion for Leave to File Document Under Seal, 1164 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 UNREDACTED version of Exhibit 11 to Declaration of Kelly S. Kaufman, # 2 UNREDACTED version of Exhibit 22 to Declaration of Kelly S. Kaufman)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1173 | NOTICE OF LODGING filed *of Non-paper Physical Exhibits 4 and 11 to Kaufman Declaration* re APPLICATION to file document *Supporting CREXis Renewed Motion for Spoliation Sanctions* under seal 1025 , Order on Motion for Leave to File Document Under Seal, 1164 , Sealed Document,, 1172 , Order 1167 , Miscellaneous Document, 1171 (Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1174 | Public Refiling of Crexi's Reply in Support of Crexi's Motion to Exclude Opinions of CoStar Expert Louis G. Dudney filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: Order on Motion for Leave to File Document Under Seal,,, 1155 , APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert Louis G. Dudney* under seal 1011 (Attachments: # 1 Reply in Support of Crexi's Motion to Exclude Opinions of Cost AR Expert Louis G. Dudney)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1175 | Public Versions of Crexi's Opposition to Motion to Exclude Opinions of Cate Elstein and Exhibits 5 and 9 to the Declaration of Jason George in Support Thereof filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: Order on Motion for Leave to File Document Under Seal,,, 1157 , APPLICATION to file document under seal 982 (Attachments: # 1 Public Version of Opposition to Motion to Exclude Opinions of Cate Elsten, # 2 Public Version of Exhibit 5 to George Declaration, # 3 Public Version of Exhibit 9 to George Declaration)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1176 | SEALED DOCUMENT *Unredacted version of Opposition to Motion to Exclude Opinions of Cate Elsten* re Order on Motion for Leave to File Document Under Seal,,, 1157 , APPLICATION to file document under seal 982 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Unredacted version of Exhibit 5 to George Declaration, # 2 Unredacted version of Exhibit 9 to George Declaration)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1177 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Opposition to CREXi's Motion to Exclude Opinions of Louis G. Dudney 970 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 CoStar's Opposition to Motion to Exclude Opinions of Louis G. Dudney)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1178 | *Public Versions of Documents Filed in Support of Crexi's Daubert Motions* re: APPLICATION to file document *Omnibus Application for Leave to File Documents Under Seal ISO Crexi's Motion to Exclude Expert Testimony and to Strike* under seal 865 , Order on Motion for Leave to File Document Under Seal, 1161 (Attachments: # 1 Memorandum of Points and Authorities in Support of Crexi's Motion to Exclude Opinions of CoStar Expert Louis G. Dudney, # 2 Public Version of Exhibit A to George Declaration, # 3 Public Version of Exhibit 1 to Goldberg Declaration, # 4 Public Version of Exhibit 1 to Braunig Declaration, # 5 Public Version of Exhibit 4 to Braunig Declaration)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1179 | SEALED DOCUMENT *Exhibit 5 to Burack Declaration* re APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Louis G. Dudney and Exhibit 5 to S. Burack Declaration in Support* under seal 970 , APPLICATION to file document *Regarding Crexi's Reply in Support of Motion to Exclude The Opinions of CoStar Expert Louis G. Dudney* under seal 1011 , Order on Motion for Leave to File Document Under Seal,,, 1155 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1180 | SEALED DOCUMENT *Unredacted version of Exhibit a to George Declaration* re APPLICATION to file document *Omnibus Application for Leave to File Documents Under Seal ISO Crexi's Motion to Exclude Expert Testimony and to Strike* under seal 865 , Order on Motion for Leave to File Document Under Seal, 1161 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted version of Exhibit C to George Declaration, # 2 Unredacted version of Exhibit 1 to Golberg Declaration, # 3 Unredacted version of Exhibit 1 to Braunig Declaration, # 4 Unredacted version of Exhibit 4 to Braunig Declaration)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1181 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's (1) Motion to Exclude the Opinions of Gary Elsner 83 ; and (2) Reply in Support of its Motion to Exclude the Opinions of Gary Elsner 1003 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 11 to Griffitts Declaration [redacted slipsheet], # 2 Exhibit 13 to Griffitts Declaration, # 3 Exhibit 15 to Griffitts Declaration, # 4 Exhibit 16 to Griffitts Declaration [redacted], # 5 Exhibit 17 to Griffitts Declaration, # 6 Exhibit 22 to Griffitts Declaration [redacted], # 7 Reply iso Motion to Exclude the Opinions of Gary Elsner)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1182 | SEALED DOCUMENT *Exhibit 11 to Griffitts Declaration (slipsheet)* re APPLICATION to file document *Reply iso G. Elsner Daubert Motion* under seal 1003 , APPLICATION to file document *Exhibits 11, 13, 15-17, and 22 to Declaration of Katherine L. Griffitts in Support of G. Elsner Daubert Motion* under seal 863 , Order on Motion for Leave to File Document Under Seal,,,,,,, 1156 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., |

| | | |
|---|---|---|
| | | CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 16 to Griffitts Declaration, # 2 Exhibit 22 to Griffitts Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1183 | Public Redacted Versions of (1) Crexi's Statement of Genuine Disputes of Material Fact and (2) Crexi's Response to Statement of Genuine Disputes of Material Fact filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. re: APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 , APPLICATION to file document under seal 939 , Minutes of In Chambers Order/Directive - no proceeding held, 1162 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 (Attachments: # 1 Public Version of Statement of Genuine Disputes of Material Fact, # 2 Public Version of Response to Statement of Genuine Disputes of Material Fact)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1184 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion to Exclude Opinions of Cate Elsten 855 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Notice of Motion and Motion to Exclude Opinions of Cate Elsten [redacted], # 2 Exhibit 1 to Dahl Declaration [redacted], # 3 Exhibit 2 to Dahl Declaration [redacted], # 4 Exhibit 3 to Dahl Declaration [redacted], # 5 Exhibit 4 to Dahl Declaration [redacted], # 6 Exhibit 5 to Dahl Declaration [redacted], # 7 Exhibit 6 to Dahl Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1185 | SEALED NOTICE OF MOTION AND MOTION *to Exclude Opinions of Cate Elsten* re Order on Motion for Leave to File Document Under Seal,,, 1157 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 1 to Dahl Declaration, # 2 Exhibit 2 to Dahl Declaration, # 3 Exhibit 3 to Dahl Declaration, # 4 Exhibit 4 to Dahl Declaration, # 5 Exhibit 5 to Dahl Declaration, # 6 Exhibit 12 to Dahl Declaration, # 7 Exhibit 17 to Dahl Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1186 | SEALED DOCUMENT *Unredacted version of Statement of Genuine Disputes of Material Fact* re APPLICATION to file document *Under Seal in Support of CREXis Opposition to CoStars Motion for Partial Summary Judgment* under seal 898 , APPLICATION to file document under seal 939 , Minutes of In Chambers Order/Directive - no proceeding held, 1162 , Order on Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,,,,,,,,,,,,,, 1117 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted version of Response to Statement of Genuine Disputes of Material Fact)(Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1187 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Opposition to CREXi's Daubert Motion to Exclude Opinions of Daniel Roffman 974 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Opposition to CREXi's Daubert Motion to Exclude Opinions of Daniel Roffman, # 2 Exhibit 5 to Grimes Declaration [redacted], # 3 Exhibit 9 to Grimes Declaration [redacted])(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1188 | SEALED DOCUMENT *Exhibit 5 to Grimes Declaration* re APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Daniel Roffman and Exhibits 5 and 9 to C. Grimes Declaration in Support* under seal 974 , Order on Motion for Leave to File Document Under Seal, 1158 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar |

| | | |
|---|---|---|
| | | Realty Information Inc.. (Attachments: # 1 Exhibit 9 to Grimes Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1189 | SEALED OPPOSITION RE APPLICATION to file document *Opposition to CREXi's Motion to Exclude Opinions of Thea Vaughan* under seal 965 , Order on Motion for Leave to File Document Under Seal, 1159 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1190 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan 924 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 1 to Dahl Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1191 | SEALED OPPOSITION RE APPLICATION to file document *Opposition to CREXI's Motion to Strike Supplemental Expert Report of Thea Vaughan and Exhibits 1 & 5 to the Declaration of Caitlin E. Dahl in Support* under seal 924 , Order on Motion for Leave to File Document Under Seal, 1160 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 5 to Dahl Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1192 | Notice of Filing Materials in Support of CoStar's Application for Leave to File Under Seal Certain Documents in Support of CoStar's Motion for Partial Summary Judgment 831 filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Opposition to CREXi's Motion for Partial Summary Judgment, # 2 Statement of Uncontroverted Facts iso [redacted], # 3 Statement of Genuine Disputes of Material Fact in Opposition to CREXi's MPSJ [redacted], # 4 Response to CREXi's Statement of Genuine Disputes of Material Fact [redacted], # 5 Declaration of A. Malinee iso Statement of Uncontroverted Facts, # 6 Corrected Declaration of A. Malinee iso Statment of Uncontroverted Facts, # 7 Exhibit 24 to Malinee Declaration, # 8 Exhibit 179 to Malinee Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1193 | SEALED DOCUMENT *Statement of Uncontroverted Facts in Support of Motion for Partial Summary Judgment* re APPLICATION to file document *Notice of Motion and Motion for Partial Summary Judgment and Documents in Support* under seal 831 , Minutes of In Chambers Order/Directive - no proceeding held, 1162 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Statement of Genuine Disputes of Material Fact in Opposition to CREXi's MPSJ, # 2 Response to CREXi's Statement of Genuine Disputes of Material Fact, # 3 Exhibit 241 to Malinee Declaration)(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1194 | SEALED NOTICE OF MOTION AND MOTION */Sealed Notice of Motion and Cross-Motion for Evidentiary Sanctions due to CREXi's Spoliation of Evidence* re Order on Motion for Leave to File Document Under Seal, 1165 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 06/20/2025) |

| | | |
|---|---|---|
| 06/20/2025 | 1195 | SEALED OPPOSITION RE APPLICATION to file document *[Certain Documents in Support of CoStar's Opposition to CREXi's Renewed Motion for Spoliation of Evidence]* under seal 1055 , Order on Motion for Leave to File Document Under Seal, 1166 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1196 | NOTICE OF LODGING filed *of Non-Paper Physical Exhibits in Support of Declaration of Katherine L. Griffitts in Support of Motion to Exclude the Opinions of Gary Elsner* re Order on Motion for Leave to File Document Under Seal,,,,,,, 1156 (Boyle, Nicholas) (Entered: 06/20/2025) |
| 06/20/2025 | 1197 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re SEALED NOTICE OF MOTION AND MOTION */Sealed Notice of Motion and Cross-Motion for Evidentiary Sanctions due to CREXi's Spoliation of Evidence* re Order on Motion for Leave to File Document Under Seal, 1165 1194 , Sealed Opposition,, 1191 , Sealed Document,, 1179 , Sealed Opposition, 1195 , SEALED NOTICE OF MOTION AND MOTION *to Exclude Opinions of Cate Elsten* re Order on Motion for Leave to File Document Under Seal,,, 1157 1185 , Sealed Opposition, 1189 , Sealed Document,, 1188 , Sealed Document,, 1182 , Sealed Document,, 1193 served on 06/20/2025. (Greenwald, Elyse) (Entered: 06/20/2025) |
| 06/20/2025 | 1198 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Miscellaneous Document,, 1178 , Sealed Document,, 1172 , Sealed Document,, 1170 , Sealed Document,, 1186 , Miscellaneous Document,, 1175 , Notice of Lodging, 1173 , Miscellaneous Document, 1171 , Sealed Document, 1176 , Miscellaneous Document,,, 1169 , Sealed Document,, 1180 , Miscellaneous Document,,, 1183 , Miscellaneous Document,, 1174 served on June 20, 2025. (Braunig, Warren) (Entered: 06/20/2025) |
| 06/20/2025 | 1239 | MINUTES IN CHAMBERS - ORDER RE: CREXI'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF THEA VAUGHAN by Judge Consuelo B. Marshall. Accordingly, CREXi's Motion to Strike the Supplemental Report of Thea Vaughan is GRANTED. (lom) (Entered: 06/26/2025) |
| 06/20/2025 | 1243 | FOR COURT USE ONLY: STATISTICAL CORRECTION granting 869 Motion re: 1239 Order. (lom) (Entered: 06/27/2025) |
| 06/23/2025 | 1199 | APPLICATION to file document under seal filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Opposition to Motion in Limine No. 9, # 2 Unredacted Document Exhibit 19 to Frizzell Declaration, # 3 Unredacted Document Exhibit 20 to Frizzell Declaration, # 4 Proposed Order)(Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1200 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 1199 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Opposition to Motion in Limine No. 9, # 2 Unredacted Document Exhibit 19 to Frizzell Declaration, # 3 Unredacted Document Exhibit 20 to Frizzell Declaration)(Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1201 | OPPOSITION to MOTION IN LIMINE (#1) to Exclude CoStar's Privilege Logs from Evidence 1063 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |

| | | |
|---|---|---|
| 06/23/2025 | 1202 | OPPOSITION to MOTION IN LIMINE (#2) to Exclude References to "Hacking" 1064 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1203 | OPPOSITION to MOTION IN LIMINE (#3) to Exclude Evidence of CoStar's "Scrape" of CREXi's Website 1065 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1204 | OPPOSITION to MOTION IN LIMINE (#4) to Exclude Evidence Regarding CoStar's Purported Litigiousness 1066 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1205 | OPPOSITION to MOTION IN LIMINE (#5) to Exclude Evidence Relating to CREXi's Dismissed Antitrust Counterclaims or Other Allegations Regarding Supposed Anticompetitive Conduct 1067 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1206 | OPPOSITION to MOTION IN LIMINE (#6) to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation 1068 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1207 | OPPOSITION to MOTION IN LIMINE (#7) to Exclude Evidence Relating to Andrew Florance's Character 1069 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1208 | OPPOSITION to MOTION IN LIMINE (#8) to Exclude Evidence of Images and Claims Not at Issue 1070 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1209 | OPPOSITION to MOTION IN LIMINE (#9) to Exclude Evidence of CREXi's "Cost-Per-Impression" 1071 *[redacted]* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1210 | OPPOSITION to MOTION IN LIMINE (#10) to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery 1072 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1211 | OPPOSITION to MOTION IN LIMINE (#11) to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc. 1073 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1212 | OPPOSITION to MOTION IN LIMINE (#13) to Exclude Evidence of Time this Lawsuit has been Pending and CoStar's Alleged Improper Purpose in Filing 1074 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1213 | OPPOSITION to MOTION IN LIMINE (#14) to Exclude Hearsay Commentary 1075 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |

| | | |
|---|---|---|
| 06/23/2025 | 1214 | OPPOSITION to MOTION IN LIMINE (#15) to Exclude Evidence of CoStar's Access to CREXi and Other "Competitor" Websites 1076 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1215 | OPPOSITION to MOTION IN LIMINE (#16) to Exclude Certain Characterizations of CoStar Images 1077 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1216 | OPPOSITION to MOTION IN LIMINE (#17) to Exclude Evidence Regarding the Number of Images in CREXi's Image Library 1078 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1217 | OPPOSITION to MOTION IN LIMINE (#19) to Exclude Evidence Relating to CoStar's Alleged Spoliation of Evidence 1079 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1218 | OPPOSITION to MOTION IN LIMINE (#20) to Exclude Evidence that CoStar Did Not Send a DMCA Takedown Notice Prior to Suit 1080 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1219 | OPPOSITION to MOTION IN LIMINE (#21) to Exclude Evidence Regarding CoStar's Corporate Culture and Size 1081 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1220 | DECLARATION of Niall Frizzell re Response in Opposition to Motion, 1207 , Response in Opposition to Motion, 1204 , Response in Opposition to Motion, 1212 , Response in Opposition to Motion, 1208 , Response in Opposition to Motion, 1218 , Response in Opposition to Motion, 1201 , Response in Opposition to Motion, 1214 , Response in Opposition to Motion 1202 , Response in Opposition to Motion, 1203 , Response in Opposition to Motion, 1217 , Response in Opposition to Motion, 1215 , Response in Opposition to Motion, 1219 , Response in Opposition to Motion, 1216 , Response in Opposition to Motion 1213 , Response in Opposition to Motion, 1210 , Response in Opposition to Motion, 1206 , Response in Opposition to Motion, 1211 , Response in Opposition to Motion, 1205 , Response in Opposition to Motion, 1209 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Exhibits 1 - 44 to Frizzell Declaration) (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1221 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Response in Opposition to Motion, 1207 , Response in Opposition to Motion, 1204 , APPLICATION to file document under seal 1199 , Response in Opposition to Motion, 1212 , Response in Opposition to Motion, 1208 , Response in Opposition to Motion, 1218 , Response in Opposition to Motion, 1201 , Response in Opposition to Motion, 1214 , Sealed Declaration in SupportDeclaration, 1200 , Response in Opposition to Motion 1202 , Response in Opposition to Motion, 1203 , Response in Opposition to Motion, 1217 , Response in Opposition to Motion, 1215 , Response in Opposition to Motion, 1219 , Response in Opposition to Motion, 1216 , Response in Opposition to Motion 1213 , Response in Opposition to Motion, 1210 , Response in Opposition to Motion, 1206 , Declaration,,,, 1220 , Response in Opposition |

| | | |
|---|---|---|
| | | to Motion, 1211 , Response in Opposition to Motion, 1205 , Response in Opposition to Motion, 1209 served on June 23, 2025. (Braunig, Warren) (Entered: 06/23/2025) |
| 06/23/2025 | 1222 | APPLICATION to file document *Opposition to CREXi's Motion in Limine No. 9, Opposition to CREXi's Motion in Limine No. 10, and Exhibits 4 and 18 to Omnibus Declaration of S. Tomkawiak in Support* under seal filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Opposition to CREXi's Motion in Limine No. 9 [REDACTED], # 2 Opposition to CREXi's Motion in Limine No. 10 [REDACTED], # 3 Exhibit 4 to Omnibus Declaration of S. Tomkawiak [REDACTED], # 4 Exhibit 18 to Omnibus Declaration of S. Tomkawiak [REDACTED], # 5 Proposed Order)(Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1223 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion in Limine No. 9, Opposition to CREXi's Motion in Limine No. 10, and Exhibits 4 and 18 to Omnibus Declaration of S. Tomkawiak in Support* under seal 1222 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Opposition to CREXi's Motion in Limine No. 9 [UNREDACTED], # 2 Opposition to CREXi's Motion in Limine No. 10 [UNREDACTED], # 3 Exhibit 4 to Omnibus Declaration of S. Tomkawiak [UNREDACTED], # 4 Exhibit 18 to Omnibus Declaration of S. Tomkawiak [UNREDACTED])(Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1224 | OPPOSITION re: MOTION IN LIMINE (#1) to Exclude CoStar's Untimely Infringement and DMCA Accusations 1042 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1225 | OPPOSITION re: MOTION IN LIMINE (#2) to Exclude Evidence Re Ten-X Litigation 1043 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1226 | OPPOSITION re: MOTION IN LIMINE (#3) to Exclude CoStar's Attorney-Drafted Letters 1044 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1227 | OPPOSITION re: MOTION IN LIMINE (#4) to Exclude CoStar's Prior Settlements and Stipulated Judgments 1045 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1228 | OPPOSITION re: MOTION IN LIMINE (#5) to Exclude Argument and Evidence Re Speculative, Unalleged Claims of Additional Infringement 1046 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1229 | OPPOSITION re: MOTION IN LIMINE (#6) to Exclude Argument and Evidence Re CREXi's Venture Capital Financing 1047 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |

| | | |
|---|---|---|
| 06/23/2025 | 1230 | OPPOSITION re: MOTION IN LIMINE (#7) to Exclude TinEye Argument and Evidence 1048 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1231 | OPPOSITION re: MOTION IN LIMINE (#8) to Exclude Evidence of CoStar's Overall "Image Library" Expense *[redacted]* 1049 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1232 | OPPOSITION re: MOTION IN LIMINE (#9) to Exclude Evidence Re CREXi's Access to Loopnet and CoStar 1050 *[REDACTED]* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1233 | OPPOSITION re: MOTION IN LIMINE (#10) to Exclude Argument or Testimony Re "Theft" or "Stealing" of Images or Information 1051 *[REDACTED]* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1234 | OPPOSITION re: MOTION IN LIMINE (#11) to Exclude Non-Probative Argument and Evidence Intended Solely for Embarrassment 1052 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1235 | DECLARATION of Sarah A. Tomkowiak re Objection/Opposition (Motion related), 1231 , Objection/Opposition (Motion related), 1225 , Objection/Opposition (Motion related), 1233 , Objection/Opposition (Motion related), 1226 , Objection/Opposition (Motion related), 1230 , Objection/Opposition (Motion related), 1234 , Objection/Opposition (Motion related), 1224 , Objection/Opposition (Motion related), 1228 , Objection/Opposition (Motion related), 1232 , Objection/Opposition (Motion related), 1229 , Objection/Opposition (Motion related), 1227 */ Omnibus Declaration of Sarah A. Tomkowiak with Exhibits 1-23* filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1236 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration,, 1223 served on 06/23/2025. (Boyle, Nicholas) (Entered: 06/23/2025) |
| 06/23/2025 | 1244 | OPINION from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals, 466 filed by Commercial Real Estate Exchange Inc.. CCA # 23-55662. Plaintiffs-counter-defendants-Appellees shall bear all costs on appeal. AFFIRMED in part; REVERSED in part; REMANDED for further proceedings. (mat) (Entered: 06/27/2025) |
| 06/25/2025 | 1237 | ORDER RE: CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT by Judge Consuelo B. Marshall: The matters before the Court are CoStar's Motion for Partial Summary Judgment (Dkt. No. 833 ("CoStar Motion")) and CREXi's Motion for Partial Summary Judgment (Dkt. No. 838 ("CREXi Motion")). Accordingly, the Court DENIES the parties' Motions, but makes the following findings: See document for details. (es) (Entered: 06/25/2025) |
| 06/26/2025 | 1238 | MINUTES IN CHAMBERS - ORDER RE: CREXI'S DAUBERT MOTION TO EXCLUDE OPINIONS OF MR. DANIEL ROFFMAN by Judge Consuelo B. Marshall. Accordingly, CREXi's Motion 853 is DENIED. (lom) (Entered: 06/26/2025) |

| | | |
|---|---|---|
| 06/26/2025 | 1240 | MINUTES IN CHAMBERS - ORDER RE: CREXI'S MOTION TO EXCLUDE OPINIONS OF THEA VAUGHAN by Judge Consuelo B. Marshall. Accordingly, CREXi's Motion is GRANTED as to Vaughan's opinions 1 and 3, but DENIED as to Vaughan's opinion 2. (lom) (Entered: 06/26/2025) |
| 06/26/2025 | 1241 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document under seal 1199 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit A - Ex. 19 to Frizzell Declaration, # 2 Exhibit B - Ex. 20 to Frizzell Declaration)(Boyle, Nicholas) (Entered: 06/26/2025) |
| 06/26/2025 | 1242 | PROOF OF SERVICE filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re Sealed Declaration in SupportDeclaration, 1241 served on 06/26/2025. (Greenwald, Elyse) (Entered: 06/26/2025) |
| 06/27/2025 | 1245 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion in Limine No. 9, Opposition to CREXi's Motion in Limine No. 10, and Exhibits 4 and 18 to Omnibus Declaration of S. Tomkawiak in Support* under seal 1222 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Attorney Julia Lees Allen added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Julia Lees Allen added to party Commercial Real Estate Exchange Inc.(pty:cc))(Allen, Julia) (Entered: 06/27/2025) |
| 06/27/2025 | 1246 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration,, 1245 served on 06/27/2025. (Allen, Julia) (Entered: 06/27/2025) |
| 06/27/2025 | 1247 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Opposition to CREXi's Motion in Limine No. 9, Opposition to CREXi's Motion in Limine No. 10, and Exhibits 4 and 18 to Omnibus Declaration of S. Tomkawiak in Support* under seal 1222 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc..(Greenberg, Julia) (Entered: 06/27/2025) |
| 06/27/2025 | 1248 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re Sealed Declaration in SupportDeclaration, 1247 served on 06/27/25. (Greenberg, Julia) (Entered: 06/27/2025) |
| 06/27/2025 | 1249 | NOTICE OF ERRATA filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. correcting Proof of Service (subsequent documents) 1246 , Sealed Declaration in SupportDeclaration,, 1245 (Attachments: # 1 Proof of Service)(Goldberg, Nicholas) (Entered: 06/27/2025) |
| 07/10/2025 | 1250 | Notice of Appearance or Withdrawal of Counsel: for attorney Lema Mousilli counsel for ThirdParty Defendant Mobius365 Knowledge Services Inc.. Lema Mousilli is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Third Party Defendant Mobius365 Knowledge Services Inc. (Mousilli, Lema) (Entered: 07/10/2025) |
| 07/25/2025 | 1251 | NOTICE OF MOTION AND MOTION to Stay Case filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. Motion set for hearing on 9/16/2025 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Memorandum of Points and Authorities in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.s Motion to Stay, # 2 Declaration of Niall Frizzell in Support of Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.s Motion to Stay, # 3 Proposed Order Re Defendant and Counterclaimant |

| | | |
|---|---|---|
| | | Commercial Real Estate Exchange, Inc.s Motion to Stay, # 4 Proof of Service) (Peters, Elliot) (Entered: 07/25/2025) |
| 07/28/2025 | 1252 | Joint STIPULATION for Order to Set Briefing Schedule and Continue Hearing on CREXi's Motion to Stay filed by plaintiffs and counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak in Support, # 2 Proposed Order)(Tomkowiak, Sarah) (Entered: 07/28/2025) |
| 08/04/2025 | 1253 | ORDER GRANTING JOINT STIPULATION TO SET BRIEFING SCHEDULE AND CONTINUE HEARING ON CREXI'S MOTION TO STAY 1252 by Judge Consuelo B. Marshall, the Court GRANTS the Joint Stipulation as follows: CREXi filed its Motion to Stay on July 25, 2025; CoStar will file its Opposition to CREXi's Motion to Stay on August 25, 2025; CREXi will file its Reply in support of its Motion to Stay on September 9, 2025; and The hearing for CREXi's Motion to Stay will be held on September 23, 2025 at 10:00 am or as soon thereafter as is convenient for the Court. (es) (Entered: 08/04/2025) |
| 08/13/2025 | 1254 | Notice of Appearance or Withdrawal of Counsel: for attorney Elyse Miriam Greenwald counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Elizabeth A. Parvis is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Greenwald, Elyse) (Entered: 08/13/2025) |
| 08/25/2025 | 1255 | OPPOSITION re: NOTICE OF MOTION AND MOTION to Stay Case 1251 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak in Support w/ Exhibit A, # 2 Proposed Order)(Tomkowiak, Sarah) (Entered: 08/25/2025) |
| 09/05/2025 | 1256 | ORDER AND AMENDED OPINION from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals, 466 filed by Commercial Real Estate Exchange Inc.. CCA # 23-55662. AFFIRMED in part; REVERSED in part; REMANDED for further proceedings. [See document for all details.](mat) (Entered: 09/09/2025) |
| 09/09/2025 | 1257 | REPLY in Support of NOTICE OF MOTION AND MOTION to Stay Case 1251 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Jason George, # 2 Proof of Service)(Braunig, Warren) (Entered: 09/09/2025) |
| 09/15/2025 | 1258 | MANDATE of Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals, 466 , CCA # 23-55662. The judgment of this Court, entered June 23, 2025, and amended on September 5, 2025 takes effect this date. This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. [See USCA Memorandum 1244 , USCA Order and Amended Memorandum 1256 , AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.] (mat) (Entered: 09/17/2025) |
| 09/19/2025 | 1259 | Notice of Appearance or Withdrawal of Counsel: for attorney Warren Andrew Braunig counsel for Defendant Commercial Real Estate Exchange Inc.. Julia L. Allen is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.. (Braunig, Warren) (Entered: 09/19/2025) |
| 09/22/2025 | 1260 | (IN CHAMBERS) ORDER TAKING MOTION UNDER SUBMISSION by Judge Consuelo B. Marshall. The Court finds that Defendant and Counterclaimant Commercial Real Estate Exchange, Inc.'s Motion to Stay 1251 currently scheduled for hearing on |

| | | |
|---|---|---|
| | | 9/23/2025, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary. A written order will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY (Entered: 09/22/2025) |
| 10/30/2025 | 1261 | ORDER RE: DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE INC.'S MOTION TO STAY CASE by Judge Consuelo B. Marshall: The matter before the Court is Defendant and Counterclaimant Commercial Real Estate Exchange, Inc. ("CREXi")'s Motion to Stay. (Dkt. No. 1251 .) The matter is fully briefed. Accordingly, the Court DENIES Defendant and Counterclaimant Commercial Real Estate Exchange Inc.'s Motion to Stay. See document for further information. (es) (Entered: 10/30/2025) |
| 12/03/2025 | 1262 | REQUEST TO SUBSTITUTE ATTORNEY Alex Spiro in place of attorney Warren A. Braunig filed by Defendants and Counter Claimants Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order) (Braunig, Warren) (Entered: 12/03/2025) |
| 12/15/2025 | 1263 | [STRICKEN BY ORDER OF THE COURT SEE DKT. 127 ] REQUEST to Substitute attorney Rana Hamadeh in place of attorney Joseph R. Ashby filed by Third-Party Defendant Mobius365 Knowledge Services Inc.. (Attorney Rana Hamadeh added to party Mobius365 Knowledge Services Inc.(pty:3pd)) (Hamadeh, Rana) Modified on 1/5/2026 (es). (Entered: 12/15/2025) |
| 12/22/2025 | 1264 | Corrected REQUEST TO SUBSTITUTE ATTORNEY Michael T. Lifrak in place of attorney Warren A. Braunig filed by Defendants and Counter Claimants Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order) (Braunig, Warren) (Entered: 12/22/2025) |
| 12/22/2025 | 1265 | PROOF OF SERVICE filed by Defendants and Counter Claimants Commercial Real Estate Exchange Inc., re Corrected REQUEST TO SUBSTITUTE ATTORNEY Michael T. Lifrak in place of attorney Warren A. Braunig 1264 served on December 22, 2025. (Braunig, Warren) (Entered: 12/22/2025) |
| 12/22/2025 | 1266 | Notice of Appearance or Withdrawal of Counsel: for attorney Michael T Lifrak counsel for Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. Adding Michael Lifrak as counsel of record for Commercial Real Estate Exchange Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Commercial Real Estate Exchange Inc.. (Attorney Michael T Lifrak added to party Commercial Real Estate Exchange Inc.(pty:dft), Attorney Michael T Lifrak added to party Commercial Real Estate Exchange Inc.(pty:cc))(Lifrak, Michael) (Entered: 12/22/2025) |
| 12/22/2025 | 1267 | APPLICATION of Non-Resident Attorney Alex Spiro to Appear Pro Hac Vice on behalf of Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc. (Pro Hac Vice Fee - $450 Fee Paid, Receipt No. ACACDC-41153122) filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Proposed Order) (Lifrak, Michael) (Entered: 12/22/2025) |
| 12/23/2025 | 1268 | ORDER by Judge Consuelo B. Marshall: granting 1267 Non-Resident Attorney Alex Spiro APPLICATION to Appear Pro Hac Vice on behalf of Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc., designating Michael Lifrak as local counsel. THERE IS NO PDF ASSOCIATED WITH THIS ENTRY(aus) (Entered: 12/23/2025) |
| 12/29/2025 | 1269 | ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY by Judge Consuelo B. Marshall: Granting 1264 Defendants and Counter Claimants Commercial Real Estate Exchange Inc. Request to Substitute Attorney Michael T. Lifrak who is Retained Counsel as attorney of record instead of |

| | | |
|---|---|---|
| | | Keker, Van Nest & Peters LLP, Warren A. Braunig, Elliot R. Peters, Nicholas S. Goldberg, Katie Lynn Joyce, Christine Zaleski, Niall Frizzell, Julia L. Greenberg, Kelly S. Kaufman, Jason George, Eleanor F. Brock (es) (Entered: 12/29/2025) |
| 01/05/2026 | 1270 | IN CHAMBERS- ORDER RE: REQUEST TO SUBSTITUTE ATTORNEY by Judge Consuelo B. Marshall: On December 15, 2025, Mobius filed the instant Request, using the incorrect form (Form G-01), which is signed by new counsel and withdrawing counsel. (Id.) The Request is hereby STRICKEN and Mobius is hereby ordered to submit the correct form (G-123) to substitute counsel no later than January 13, 2026. Striking 1263 MOTION to Substitute Attorney. SEE DOCUMENT FOR FURTHER INFORMATION. (es) (Entered: 01/05/2026) |
| 01/05/2026 | 1271 | ORDER by Judge Consuelo B. Marshall: the documents listed below were improperly filed for the following reasons: Request to Substitute Attorney has been stricken. therefore, the following document(s) shall be stricken from the record and shall not be considered by the Court: REQUEST to Substitute attorney Rana Hamadeh in place of attorney Joseph R. Ashby 1263 , Order on Request to Substitute Attorney 1120 . (es) (Entered: 01/05/2026) |
| 01/13/2026 | 1272 | NOTICE OF MOTION AND MOTION to Disqualify Counsel Quinn Emanuel Urquhart & Sullivan, LLP filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. Motion set for hearing on 2/24/2026 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Declaration of S. Tomkowiak, # 2 Declaration of S. Handon, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Proposed Order) (Boyle, Nicholas) (Entered: 01/13/2026) |
| 01/19/2026 | 1273 | Notice of Appearance or Withdrawal of Counsel: for attorney Rana Hamadeh counsel for ThirdParty Defendant Mobius365 Knowledge Services Inc.. Adding Rana Hamadeh as counsel of record for Mobius365 Knowledge Services, Inc. for the reason indicated in the G-123 Notice. Filed by Third Party Defendant Mobius365 Knowledge Services, Inc.. (Hamadeh, Rana) (Entered: 01/19/2026) |
| 01/30/2026 | 1274 | EX PARTE APPLICATION to Continue the Hearing on Costar's Motion to Disqualify from February 24, 2026 to March 17, 2026 Re: NOTICE OF MOTION AND MOTION to Disqualify Counsel Quinn Emanuel Urquhart & Sullivan, LLP 1272 filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Michael Lifrak, # 2 Proposed Order) (Lifrak, Michael) (Entered: 01/30/2026) |
| 02/02/2026 | 1275 | OPPOSITION re: EX PARTE APPLICATION to Continue the Hearing on Costar's Motion to Disqualify from February 24, 2026 to March 17, 2026 Re: NOTICE OF MOTION AND MOTION to Disqualify Counsel Quinn Emanuel Urquhart & Sullivan, LLP 1272 1274 filed by Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Sarah A. Tomkowiak, # 2 Proposed Order)(Boyle, Nicholas) (Entered: 02/02/2026) |
| 02/02/2026 | 1276 | REPLY IN SUPPORT OF EX PARTE APPLICATION to Continue the Hearing on Costar's Motion to Disqualify from February 24, 2026 to March 17, 2026 Re: NOTICE OF MOTION AND MOTION to Disqualify Counsel Quinn Emanuel Urquhart & Sullivan, LLP 1272 1274 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Lifrak, Michael) (Entered: 02/02/2026) |
| 02/02/2026 | 1277 | Notice of Appearance or Withdrawal of Counsel: for attorney Joseph R. Ashby counsel for ThirdParty Defendant Mobius365 Knowledge Services Inc.. Joseph R. Ashby is no longer counsel of record for the aforementioned party in this case for the reason |

| | | |
|---|---|---|
| | | indicated in the G-123 Notice. Filed by Third-Party Mobius365 Knowledge Services, Inc.. (Ashby, Joseph) (Entered: 02/02/2026) |
| 02/02/2026 | 1278 | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AND COUNTERCLAIMANT COMMERCIAL REAL ESTATE EXCHANGE, INC.'S EX PARTE APPLICATION FOR A CONTINUANCE OF THE HEARING ON COSTAR'S MOTION TO DISQUALIFY 1274 by Judge Consuelo B. Marshall: The briefing schedule on CoStar's Motion to Disqualify shall remain unchanged, and the hearing on CoStar's Motion to Disqualify shall be continued to March 17, 2026. See document for further information. (es) (Entered: 02/03/2026) |
| 02/03/2026 | 1279 | Opposition re: NOTICE OF MOTION AND MOTION to Disqualify Counsel Quinn Emanuel Urquhart & Sullivan, LLP 1272 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Adam Greenberg, # 2 Declaration of Harry A. Olivar, Jr., # 3 Declaration of Michael Lifrak, # 4 Exhibit A. to Lifrak Declaration, # 5 Exhibit B. to Lifrak Declaration, # 6 Exhibit C. to Lifrak Declaration, # 7 Exhibit D. to Lifrak Declaration, # 8 Exhibit E. to Lifrak Declaration, # 9 Request for Judicial Notice, # 10 Proposed Order)(Lifrak, Michael) (Entered: 02/03/2026) |
| 02/10/2026 | 1280 | REPLY in Support of NOTICE OF MOTION AND MOTION to Disqualify Counsel Quinn Emanuel Urquhart & Sullivan, LLP 1272 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Declaration of Anne C. Malinee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Boyle, Nicholas) (Entered: 02/10/2026) |
| 03/09/2026 | 1281 | Joint STIPULATION to Continue Hearing on CoStar's Motion to Disqualify from March 17, 2026 to April 7, 2026 Re: Order on Motion to Continue, 1278 filed by Defendant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Declaration of Michael Lifrak, # 2 Proposed Order)(Lifrak, Michael) (Entered: 03/09/2026) |
| 03/11/2026 | 1282 | ORDER EXTENDING HEARING DATE SET BY FEBRUARY 2, 2026 ORDER (DKT. 1278) 1281 by Judge Consuelo B. Marshall, The March 17, 2026 hearing set by the Court's order filed at Docket Number 1278 is extended to April 7, 2026 at 10:00 a.m., if needed. (es) (Entered: 03/11/2026) |
| 03/23/2026 | 1283 | MINUTES IN CHAMBERS - ORDER RE: CREXI'S APPLICATION FOR LEAVE TO FILE OPPOSITION TO MOTION IN LIMINE NO. 9 AND RELATED EXHIBITS UNDER SEAL 1199 by Judge Consuelo B. Marshall. The Court has considered the Application and the declarations filed in support thereof. The Application is hereby GRANTED as redacted and CREXi shall file the documents under seal and serve an unredacted copy pursuant to L.R. 79-5.2.2. Costar shall file the documents no later than April 1, 2026. (lom) (Entered: 03/23/2026) |
| 03/23/2026 | 1284 | MINUTES IN CHAMBERS - ORDER RE: COSTAR'S OMNIBUS APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S MOTIONS IN LIMINE 1060 by Judge Consuelo B. Marshall. The Court has considered the Application and the declarations filed in support thereof. The Application is hereby GRANTED and CoStar shall redact the identified confidential language within the above exhibits, file under seal and serve an unredacted copy pursuant to L.R. 79-5.2.2 CoStar shall file the documents no later than April 1, 2026. [See order for documents to be filed under seal] (lom) (Entered: 03/23/2026) |
| 03/23/2026 | 1285 | MINUTES IN CHAMBERS - ORDER RE: COSTAR'S OMNIBUS APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF COSTAR'S OPPOSITIONS TO CREXI'S MOTIONS IN LIMINE NOS. 1-11 1222 by |

| | | |
|---|---|---|
| | | Judge Consuelo B. Marshall. The matter before the Court is Plaintiff CoStar's "Omnibus Application for Leave to File Under Seal Certain Documents in Support of CoStar's Oppositions to CREXi's Motions in Limine Nos. 1-11." (Dkt. No. 1222 (the "Application").) Costar moves the Court to seal portions of the following documents. The Court has considered the Application and the declarations filed in support thereof. The Application is hereby GRANTED as redacted and Costar shall file the documents under seal and serve an unredacted copy pursuant to L.R. 79-5.2.2. Costar shall file the documents no later than April 1, 2026. [See order for documents to be filed under seal] nts> (lom) (Entered: 03/23/2026) |
| 03/23/2026 | 1286 | MINUTES IN CHAMBERS - ORDER RE: APPLICATION FOR LEAVE TO FILE UNDER SEAL RE CREXI'S MOTION IN LIMINE NO. 8 1039 by Judge Consuelo B. Marshall. The Court has considered the Application and the declarations filed in suppo1t thereof. The Application is hereby GRANTED as redacted and CREXi may file the documents under seal and serve an unredacted copy pursuant to L.R. 79-5.2.2. CREXi shall file the documents no later than April 1, 2026. (lom) (Entered: 03/23/2026) |
| 03/31/2026 | 1287 | Notice of Appearance or Withdrawal of Counsel: for attorney Nicholas J. Boyle counsel for Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. Linda Qiu is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc.. (Boyle, Nicholas) (Entered: 03/31/2026) |
| 04/01/2026 | 1288 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 4 to Exclude Evidence Regarding CoStar's Purported Litigiousness [ECF No. 1066]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1289 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 6 to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation [ECF No. 1068]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1290 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 9 to Exclude Evidence of CREXi's "Cost-Per-Impression" [ECF No. 1071]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1291 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 10 to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery [ECF No. 1072]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1292 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 11 to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc. [ECF No. 1073]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |

| | | |
|---|---|---|
| 04/01/2026 | 1293 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 13 to Exclude Evidence of Time this Lawsuit has been Pending and CoStar's Alleged Improper Purpose in Filing [ECF No. 1074]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1294 | SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 19 to Exclude Evidence Relating to CoStar's Alleged Spoliation of Evidence [ECF No. 1079]]* re Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1295 | SEALED DOCUMENT *[Declaration of Caitlin E. Dahl in Support of CoStar's Motions In Limine]* re Declaration (Motion related),,,,,,,,, 1082 , Order on Motion for Leave to File Document Under Seal,, 1284 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Exhibit 16, # 2 Unredacted Document - Exhibit 18, # 3 Unredacted Document - Exhibit 23, # 4 Unredacted Document - Exhibit 33, # 5 Unredacted Document - Exhibit 34, # 6 Unredacted Document - Exhibit 35, # 7 Unredacted Document - Exhibit 39, # 8 Unredacted Document - Exhibit 41 (Lodged with the Court), # 9 Unredacted Document - Exhibit 43, # 10 Unredacted Document - Exhibit 47, # 11 Unredacted Document - Exhibit 48 (Lodged with the Court), # 12 Unredacted Document - Exhibit 49 (Lodged with the Court), # 13 Unredacted Document - Exhibit 51, # 14 Unredacted Document - Exhibit 55, # 15 Unredacted Document - Exhibit 56, # 16 Unredacted Document - Exhibit 59, # 17 Unredacted Document - Exhibit 62 (Lodged with the Court), # 18 Unredacted Document - Exhibit 64 (Lodged with the Court))(Dahl, Caitlin) (Entered: 04/01/2026) |
| 04/01/2026 | 1296 | EXHIBIT 34 and 35 to MOTION IN LIMINE (#9) to Exclude Evidence of CREXi's "Cost-Per-Impression" 1071 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Redacted Document - Exhibit 34 to Declaration of Caitlin E. Dahl in Support of CoStar's Motion in Limine No. 9, # 2 Redacted Document - Exhibit 35 to Declaration of Caitlin E. Dahl in Support of CoStar's Motion in Limine No. 9)(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1297 | EXHIBIT 61 to MOTION IN LIMINE (#15) to Exclude Evidence of CoStar's Access to CREXi and Other "Competitor" Websites 1076 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Exhibit 61 (Lodged with the Court))(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1298 | NOTICE OF LODGING filed *of Non-Paper Physical Exhibits in Support of CoStar's Motions in Limine* re Order on Motion for Leave to File Document Under Seal,, 1284 (Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1299 | SEALED OPPOSITION RE MOTION IN LIMINE (#9) to Exclude Evidence Re CREXi's Access to Loopnet and CoStar 1050 , Objection/Opposition (Motion related), 1232 , Order on Motion for Leave to File Document Under Seal,,, 1285 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1300 | SEALED OPPOSITION RE MOTION IN LIMINE (#10) to Exclude Argument or Testimony Re "Theft" or "Stealing" of Images or Information 1051 , Objection/Opposition (Motion related), 1233 , Order on Motion for Leave to File |

| | | |
|---|---|---|
| | | Document Under Seal,,, 1285 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc.. (Attachments: # 1 Unredacted Document - Exhibit 18 to Declaration of Sarah A. Tomkowiak)(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1301 | SEALED DOCUMENT *[Exhibit 4 to Omnibus Declaration of Sarah A. Tomkawiak]* re APPLICATION to file document *Opposition to CREXi's Motion in Limine No. 9, Opposition to CREXi's Motion in Limine No. 10, and Exhibits 4 and 18 to Omnibus Declaration of S. Tomkawiak in Support* under seal 1222 , MOTION IN LIMINE (#4) to Exclude CoStar's Prior Settlements and Stipulated Judgments 1045 , Order on Motion for Leave to File Document Under Seal,,, 1285 filed by Counter Defendants CoStar Group, Inc., CoStar Realty Information Inc., Plaintiffs CoStar Group, Inc., CoStar Realty Information Inc..(Boyle, Nicholas) (Entered: 04/01/2026) |
| 04/01/2026 | 1302 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants CoStar Group, Inc., CoStar Realty Information Inc., re SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 10 to Exclude Image-Specific Evidence that CREXi Failed to Produce During Discovery [ECF No. 1072]]* re Order on Motion for Leave to File Document Under Seal,, 1284 1291 , Sealed Document,,,, 1295 , Sealed Opposition, 1299 , Sealed Document,, 1301 , SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 4 to Exclude Evidence Regarding CoStar's Purported Litigiousness [ECF No. 1066]]* re Order on Motion for Leave to File Document Under Seal,, 1284 1288 , Sealed Opposition,, 1300 , SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 11 to Exclude Reference to CoStar Using Mobius365 Knowledge Services, Inc. [ECF No. 1073]]* re Order on Motion for Leave to File Document Under Seal,, 1284 1292 , SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 13 to Exclude Evidence of Time this Lawsuit has been Pending and CoStar's Alleged Improper Purpose in Filing [ECF No. 1074]]* re Order on Motion for Leave to File Docu 1293 , Notice of Lodging 1298 , SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 9 to Exclude Evidence of CREXi's "Cost-Per-Impression" [ECF No. 1071]]* re Order on Motion for Leave to File Document Under Seal,, 1284 1290 , SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 6 to Exclude Evidence that CREXi has Suffered Financial Harm as a Result of this Litigation [ECF No. 1068]]* re Order on Motion for Leave to File Document Under Seal,, [128 1289 , SEALED NOTICE OF MOTION AND MOTION *[CoStar's Motion In Limine No. 19 to Exclude Evidence Relating to CoStar's Alleged Spoliation of Evidence [ECF No. 1079]]* re Order on Motion for Leave to File Document Under Seal,, 1284 1294 served on April 1, 2026. (Greenwald, Elyse) (Entered: 04/01/2026) |
| 04/01/2026 | 1303 | SEALED OPPOSITION RE MOTION IN LIMINE (#9) to Exclude Evidence of CREXi's "Cost-Per-Impression" 1071 , Order on Motion for Leave to File Document Under Seal, 1283 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Unredacted Document Opposition, # 2 Unredacted Document Exhibit 19, # 3 Unredacted Document Exhibit 20)(Lifrak, Michael) (Entered: 04/01/2026) |
| 04/01/2026 | 1304 | Opposition re: MOTION IN LIMINE (#9) to Exclude Evidence of CREXi's "Cost-Per-Impression" 1071 *(CREXi's REDACTED Opposition to CoStar's Motion in Limine No. 9 to Exclude Evidence of CREXi's "Cost-per-Impression")* filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Opposition, # 2 Redacted Document Exhibit 19, # 3 Redacted Document Exhibit 20)(Lifrak, Michael) (Entered: 04/01/2026) |
| 04/01/2026 | 1305 | SEALED NOTICE OF MOTION AND MOTION *(CREXi's Notice of Motion and Motion in Limine No. 8 to Exclude Evidence of CoStars Overall "Image Library"* |

| | | |
|---|---|---|
| | | *Expense)* re Order on Motion for Leave to File Document Under Seal, 1286 filed by Defendant Commercial Real Estate Exchange Inc., Counter Claimant Commercial Real Estate Exchange Inc.. (Attachments: # 1 Motion in Limine No. 8)(Lifrak, Michael) (Entered: 04/01/2026) |
| 04/01/2026 | 1306 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude Evidence of CoStar's Overall "Image Library" Expense *(CREXi's REDACTED Notice of Motion and Motion in Limine No. 8 to Exclude Evidence of CoStar's Overall "Image Library" Expense)* filed by Defendants Commercial Real Estate Exchange Inc.. (Attachments: # 1 Redacted Document Motion in Limine No. 8)(Lifrak, Michael) (Entered: 04/01/2026) |
| 04/01/2026 | 1307 | PROOF OF SERVICE filed by Defendant and Counterclaimant Commercial Real Estate Exchange Inc., re SEALED NOTICE OF MOTION AND MOTION *(CREXi's Notice of Motion and Motion in Limine No. 8 to Exclude Evidence of CoStars Overall "Image Library" Expense)* re Order on Motion for Leave to File Document Under Seal, 1286 1305 , Sealed Opposition, 1303 served on April 1, 2026. (Lifrak, Michael) (Entered: 04/01/2026) |
| 04/06/2026 | 1308 | (IN CHAMBERS) ORDER CONTINUING COSTAR'S MOTION TO DISQUALIFY QUINN EMANUEL URQUHART & SULLIVAN, LLP 1272 by Judge Consuelo B. Marshall. On its own motion, the Court hereby continues Costar's Motion to Disqualify Quinn Emanuel Urquhart & Sullivan, LLP 1272 currently set for hearing on 4/7/2026 to 6/2/2026 at 10:00 AM. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY (Entered: 04/06/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/12/2026 12:53:45 | | | |
| **PACER Login:** | RitaDaleyrdaley | **Client Code:** | 25192.00000 |
| **Description:** | Docket Report | **Search Criteria:** | 2:20-cv-08819-CBM-AS End date: 5/12/2026 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS #158708
epeters@keker.com
WARREN A. BRAUNIG #243884
wbraunig@keker.com
ELIZABETH K. MCCLOSKEY #268184
emccloskey@keker.com
NICHOLAS S. GOLDBERG #273614
ngoldberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant and Counterclaimant
COMMERCIAL REAL ESTATE EXCHANGE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC.,<br>Plaintiffs,<br>v.<br>COMMERCIAL REAL ESTATE EXCHANGE, INC.,<br>Defendant. | Case No. 2:20-CV-8819 CBM (ASx)<br>**COMMERCIAL REAL ESTATE EXCHANGE, INC.'S FIRST AMENDED COUNTERCLAIMS**<br>**DEMAND FOR JURY TRIAL**<br>Ctrm: 8B<br>Judge: Hon. Consuelo B. Marshall<br>Date filed: September 25, 2020<br>Trial date: October 3, 2023 |
| COMMERCIAL REAL ESTATE EXCHANGE, INC.,<br>Counterclaimant,<br>v.<br>COSTAR GROUP, INC., AND COSTAR REALTY INFORMATION, INC.,<br>Counterdefendants. | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

# TABLE OF CONTENTS

I. Introduction ........ 1

II. Parties ........ 6

III. Jurisdiction, Venue, and Interstate Commerce ........ 7

IV. CoStar's Anticompetitive Scheme ........ 8

A. [redacted] ........ 9

B. CoStar technologically blocks brokers from working with CREXi. ........ 11

C. CoStar's exclusionary contractual terms prevent brokers from using competitors' services. ........ 15

1. CoStar initially induces brokers to provide CoStar with public CRE listing information. ........ 15

2. CoStar imposes contractual terms to lock in brokers and force *de facto* exclusivity. ........ 16

D. CoStar falsely claims ownership over brokers' CRE information and photographs to stifle competition. ........ 20

1. CoStar unilaterally modifies listing data and photographs. ........ 20

2. CoStar falsely asserts ownership over brokers' photographs. ........ 22

a. CoStar adds its watermark to brokers' images ........ 22

b. CoStar falsely claims ownership over brokers' images. ........ 29

3. CoStar targets industry participants with litigation. ........ 34

E. CoStar has infringed CREXi's trademarked name to engage in unfair competition. ........ 35

F. CoStar's exclusionary practices have substantially foreclosed competition in the relevant markets. ........ 41

V. The Relevant Markets ........ 42

A. The internet CRE listing services market. ........ 42

B. The internet CRE information services market. ........ 44

C. The internet CRE auction services market. ........ 46

D. The geographic scope of the relevant product markets. ........ 47

E. There are significant barriers to entry in the relevant markets. .......... 49

VI. CoStar Monopolizes the Relevant Markets ................................................ 54

A. CoStar stifles competition through anticompetitive acquisitions and by driving competitors out of business. .................. 54

B. The FTC sued CoStar to block its anticompetitive acquisition of LoopNet and required CoStar to divest Xceligent. ........................ 56

C. CoStar drove Xceligent out of business, leaving CoStar with monopoly power in the relevant markets. ......................................... 59

D. The FTC sued CoStar again to block its proposed anticompetitive acquisition of RentPath. .......................................... 60

E. CoStar holds monopoly power in the relevant markets. ..................... 62

VII. CoStar Has No Procompetitive Justification for its Anticompetitive Conduct. ......................................................................................... 67

VIII. CREXi Has Suffered Antitrust Injury ......................................................... 70

IX. CoStar Interferes with CREXi's Contracts and Business Prospects ............ 73

CLAIMS FOR RELIEF ........................................................................................ 77

PRAYER FOR RELIEF ....................................................................................... 100

JURY DEMAND ................................................................................................. 101

Counterclaimant Commercial Real Estate Exchange, Inc. ("CREXi"), by and through its undersigned counsel, brings the following amended counterclaims against Counterdefendants CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar"), and alleges as follows:

## I. Introduction

1. This case is about CoStar's anticompetitive scheme to establish and entrench its monopolies over internet commercial real estate (CRE)[1] listing, information, and auction services by stifling competition. Since its founding in 1987, CoStar has spent billions of dollars buying up and elbowing out competitors, to become the dominant provider in the markets for internet CRE listing, information, and auction services. With a market cap of $25 billion, CoStar is the CRE industry behemoth, with a size and reach that far exceeds any company in the history of these markets. Today, CoStar enjoys monopoly power in the relevant markets for internet CRE listing, information, and auction services in at least 50 specific metropolitan areas across the United States.

2. CREXi is an innovative CRE marketplace and technology platform, founded in Venice, California in 2015. CREXi's development of marketing automation tools, lead analytics, featured listing offerings, an online auction platform, and a robust broker suite is leading the CRE industry into the digital age.

3. CoStar, on the other hand, is a dinosaur. Instead of innovating, CoStar has grown by acquiring its competitors or suing them into submission. CoStar's three internet platforms—CoStar (information services), LoopNet (listing services) and Ten-X (auction services)—dominate each of the three relevant product markets.

[1] As used herein, commercial real estate or "CRE" consists of land or real property in the United States, with or without any structures, fixtures, or other improvements of any kind, used at any time, suitable for use, or offered for sale or lease solely or primarily for retail, manufacturing, shipping, governmental, the exploitation of natural resources, commercial, or business purposes of any kind. Commercial real estate also includes residential structures containing five or more units used as short-term residences (e.g., hotels and motels) or as long-term residences (e.g., condominium and apartment buildings). *See* FTC Decision and Order, *In the Matter of CoStar Grp., Inc., et al.*, No. C-4368, 2012 WL 3862130, at *5 (F.T.C. Aug. 29, 2012).

CoStar's anticompetitive scheme is carefully orchestrated to appear on the surface as above-board. But its intent and effect are to substantially foreclose competition and unlawfully maintain CoStar's monopoly power in the relevant markets. CoStar has established an anticompetitive scheme to block CRE brokers from working with competitors by engaging in practices that collectively lock brokers into *de facto* exclusive arrangements, raise rivals' costs, reduce output, and ultimately drive competitors out of the market.

4. ***First***, CoStar offers a product called LoopLink, which CoStar markets as a way for brokers to display listings on their own websites, while synching data with LoopNet, CoStar's internet CRE listing service. But, unbeknownst to brokers who use LoopLink, CoStar has surreptitiously devised technological measures to block those brokers from sharing ***their own "LoopLink powered" listings***, ***on their own websites***, with CREXi and other CoStar competitors—even when CREXi is directed to those listings by brokers themselves.

5. These actions have the intended effect of locking brokers who use LoopLink into exclusive relationships with CoStar, making it near-impossible for those brokers to work with CoStar's competitors. As Broker 1 told CREXi:[2]

> Unfortunately our listings are on the [brokerage] website via LoopLink. I do not keep lists of our listings on excel or other platforms as we have over 300 listings that change daily, and I don't have the extra time to keep track on multiple platforms. I can't think of an alternative way to get you [my brokerage]'s listings at this time.

CREXi has been foreclosed from working with hundreds, if not thousands, of brokers who use LoopLink and who are precluded by CoStar from sharing their own listings appearing on their own websites with CREXi.

6. ***Second***, CoStar imposes contractual terms to prevent brokers from working with competitors. CoStar conditions access to its websites on terms that,

[2] Throughout this pleading, CREXi presents various brokers' accounts anonymously to protect their identities. In the course of CREXi's investigation, several brokers declined to even speak anonymously with CREXi's counsel for fear of retaliation by CoStar.

in practice, prohibit brokers from using, reproducing, or sharing their own listings with CoStar's competitors. CoStar declares that listings posted by brokers on the LoopNet website are "proprietary to LoopNet," and forbids brokers from providing those same listings to CoStar's competitors. CoStar then threatens brokers that they are in "prima facie breach" of contract simply by sharing the brokers' own listings with CoStar's competitors. CoStar's contractual terms serve no procompetitive purpose. Instead, they operate as *de facto* exclusive agreements, choking off the supply of brokers and CRE listings to potential competitors, and enabling to CoStar to charge supra-competitive prices. The natural, intended, and actual effect is to prevent brokers from using competitors' services and to stifle competition in the relevant markets by making it more difficult for competitors like CREXi to work with brokers. Many brokers have declined to do business with CREXi because they believe that doing so would conflict with their contracts with CoStar and expose them to claims by CoStar—a famously litigious company, known for targeting customers and competitors with litigation.

7. ***Third***, CoStar engages in a policy and practice of falsely claiming intellectual property ownership over information that CoStar does not own. CoStar routinely modifies brokers' listings and photographs to add its digital watermark—which CoStar claims identifies it as the copyright holder—to photographs owned and supplied by brokers. Again, there is no procompetitive justification for this exclusionary practice. Its sole purpose is to sow confusion about the ownership of CRE photos and make it more difficult for brokers to work with competitors.

8. Many brokers have disputed CoStar's claims of ownership, often presenting evidence that the photographs were paid for and owned by the brokers. **Exhibit A** provides an exemplary, non-exhaustive catalog of over two dozen different brokers' responses to CoStar's false copyright claims over brokers' photographs. These examples illustrate in stark terms the harm inflicted on brokers and the disruption of CREXi's business and contractual relationships caused by

CoStar's false ownership claims. CoStar's specious assertions of intellectual property ownership foment confusion in the marketplace regarding the legitimate ownership of real estate photographs, deterring brokers from using competitor platforms. CoStar has effectively created a minefield through which brokers and CoStar competitors must tiptoe if they seek to use these photographs—which CoStar does not in fact own.

9. CoStar also demands that competitors employ technological "filters," supposedly to prevent brokers from uploading CoStar-copyrighted images on competitor platforms. But CoStar uses those filters to falsely claim ownership over brokers' own photographs and third-party images, forcing competitors to remove from their platforms photographs and listings over which CoStar has no legitimate ownership claim.

10. ***Fourth***, CoStar's anticompetitive scheme was designed to, and does, interfere with CREXi's contracts with brokers, as well as its existing and prospective economic relationships with brokers. CoStar's tortious conduct disrupts CREXi's ability to provide services to its clients.

11. ***Fifth***, CoStar intentionally infringes CREXi's trademarked name to advertise and market CoStar's services. By doing so, CoStar misrepresents its services as affiliated with CREXi and misleadingly directs customers searching for CREXi to CoStar's websites. CoStar's anticompetitive trademark infringement unfairly siphons customers away from CREXi and stifles legitimate competition.

12. To be clear, CREXi's antitrust claims do ***not*** seek to force CoStar to deal with CREXi. CREXi does ***not*** seek to scrape CoStar's websites to populate CREXi with listings. CREXi does ***not*** seek free access to CoStar-owned data. CREXi does ***not*** seek a contractual relationship with CoStar. CREXi does ***not*** seek to compel CoStar to subsidize or provide CREXi with assistance. And CREXi does ***not*** seek the right to use photographs over which CoStar holds legitimate intellectual property rights. To the contrary, CREXi has invested significant sums

of money to proactively filter out and remove CoStar-owned photographs from its website, even though CoStar has never once served CREXi with a copyright takedown notice. What CREXi does seek is the ability to compete for business in the relevant CRE markets on a level playing field, free from CoStar's anticompetitive scheme to lock-in brokers and prevent them from working with CREXi. That is what CREXi's antitrust claims seek to remedy.

13. It is no accident that CoStar's anticompetitive conduct has targeted CREXi. In a December 2019 CoStar all-hands meeting, CoStar CEO Andrew Florance acknowledged the significant competitive threat posed by CREXi, specifically, and emphasized the importance of CoStar maintaining its monopoly. CoStar has employed the same set of unfair and monopolistic practices against other upstart competitors, including Xceligent, which CoStar drove out of business.

14. CREXi is not the only entity that has taken notice of CoStar's anticompetitive conduct. Recently, CoStar was forced to reveal in discovery that [redacted]

15. CoStar's anticompetitive conduct has harmed CREXi and competition in the internet CRE listing, information, and auction services markets. The conduct that injures CREXi also injures brokers and injures competition as a whole. Notably, brokers make significant investments in compiling CRE information, and CoStar exploits those investments by asserting ownership over brokers' listings. CoStar's acts limit output and innovation, constrain brokers from working with

CoStar's competitors, and cement CoStar's monopoly power which affords it the ability charge supra-competitive prices.

16. To end CoStar's unlawful practices, restore competition, and prevent CoStar from engaging in similar conduct in the future, CREXi asserts the following counterclaims.

## II. Parties

17. Counterclaimant CREXi is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 4086 Del Rey Ave, Marina Del Rey, California 90292.

18. CREXi is an innovative commercial real estate marketplace and technology platform. A group of seasoned CRE professionals formed CREXi in 2015, astonished by how far the CRE industry lagged behind other industries moving into the digital age. Determined to create a platform needed in the industry, they built and launched the CREXi marketplace in 2016. CREXi began as a marketplace where brokers could list properties and manage leads to find the ideal buyers and tenants efficiently and effectively. From launch, CREXi has developed marketing automation tools, lead analytics, featured listing offerings, an auction platform, and secure file storage into a robust online broker suite for CRE in the digital age. Unlike CoStar's antiquated services, CREXi is innovating the commercial real estate industry by building an online platform and technical infrastructure to carry the industry into the future.

19. Counterdefendant CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1331 L Street, NW, Washington, District of Columbia 20005.

20. Counterdefendant CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1331 L Street, NW, Washington, District of Columbia

20005. CoStar Realty Information, Inc. is a wholly owned subsidiary of CoStar Group.

21. CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar") were founded by Andrew Florance, who sits as CEO. In the three decades since Florance founded the company in 1987, CoStar has grown to become a $25 billion industry behemoth of CRE platforms. CoStar owns numerous corporate entities in the commercial and residential real estate space. Three of the assets it owns are CoStar.com, LoopNet.com, and Ten-X.com, all CRE websites. CoStar is the self-proclaimed largest commercial real estate information and analytics provider.

22. LoopNet, Inc. was a corporation organized and existing under the laws of the State of California with a principal place of business in San Francisco, California. LoopNet was acquired by merger by CoStar, after which LoopNet became a wholly owned subsidiary of CoStar Group. On January 1, 2017, LoopNet, the CoStar Group subsidiary, merged into CoStar Realty, and CoStar Realty is the successor in interest as to LoopNet's liabilities.

23. Ten-X Holding Company, Inc. was a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Irvine, California. On June 24, 2020, CoStar acquired Ten-X and its subsidiaries by merger. Following the merger, Ten-X became a wholly owned subsidiary of CoStar Realty Information, Inc., and CoStar has since integrated the Ten-X platform into both LoopNet and CoStar.

## III. Jurisdiction, Venue, and Interstate Commerce

24. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. § 1337 (commerce and antitrust regulation) and 28 U.S.C. § 1331 (federal question), as this action arises under Section 2 of the Sherman Act, 15 U.S.C. § 2, Section 16 of the Clayton Act, 15 U.S.C. § 26, and the Lanham Act, 15 U.S.C. § 1125.

25. This Court has supplemental subject matter jurisdiction over the pendent state law counterclaims under 28 U.S.C. § 1367, as they are so related to the federal counterclaims that they form part of the same case or controversy.

26. Venue is proper in this District under 28 U.S.C. § 1391, and because the counterclaims arise out of the transactions and occurrences that are the subject matter of CoStar's claims. In addition, venue is proper because CREXi suffered harm from CoStar's unlawful conduct in this District.

27. CoStar provides data, information, and images for CRE properties for sale or lease across state lines. CoStar is engaged in interstate commerce and its activities substantially affect interstate commerce. The acts complained of herein have occurred within the flow of, and have substantially affected, interstate trade and commerce.

## IV. CoStar's Anticompetitive Scheme

28. CoStar has engaged in an anticompetitive scheme to substantially foreclose competition and maintain its monopoly power in the three relevant product markets of internet CRE information services, internet CRE information services, and internet CRE auction services, which are defined in Section V, *infra*.

29. Rather than compete on the merits, CoStar has engaged in several anticompetitive acts as part of this scheme:

i) CoStar forces LoopLink customers to also use its LoopNet product, then surreptitiously blocks competitors' access to brokers' own listings on brokers' own websites, locking these brokers into *de facto* exclusive arrangements with CoStar and interfering with competitors' ability to work with these brokers.

ii) CoStar lures brokers to use its products and services by promising to display their listings, without informing brokers that their use of CoStar will, in practice, prevent the brokers from working with CoStar's competitors. CoStar then imposes punitive contractual terms to lock-in brokers to *de facto* exclusive arrangements, while threatening brokers that they are in "prima

facie breach" of their contracts with CoStar if the brokers provide ***the brokers' own listing information and photographs*** to CoStar's competitors.

iii) CoStar engages in a policy and practice of unilaterally modifying brokers' listings and photographs to falsely claim intellectual property protection over information CoStar does not own, to stifle competition in the relevant markets. CoStar further propagates uncertainty in the marketplace about its intellectual property rights by demanding that competitors use technological "filters" that prevent brokers from uploading their own images and information to competitors' sites, based on CoStar's false claims of copyright ownership. Such uncertainty and false assertions of copyright ownership deters brokers from working with competitors, particularly given that CoStar frequently threatens lawsuits against brokers who often do not have the resources to defend against allegations—even baseless allegations—of copyright infringement.

iv) CoStar has infringed CREXi's trademarked name to advertise CoStar's own products and services in the relevant markets.

30. CoStar's scheme of anticompetitive conduct is interdependent, self-reinforcing, and operates together as a whole. The scheme's intended purpose and its combined effect is exclusionary and unlawful. CoStar's scheme must be considered as a whole, rather than each piece analyzed independently standing alone. *See City of Anaheim v. S. Cal. Edison Co.*, 955 F.2d 1373, 1376 (9th Cir. 1992); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 990 (9th Cir. 2000).

**A.** [redacted]

[3] The FTC is an independent federal agency charged with promoting a competitive marketplace and protecting consumer interests. Along with the Department of Justice, the FTC shares primary responsibility for enforcing the federal antitrust laws. To that end, the FTC will challenge anticompetitive business practices and mergers that could harm consumers by resulting in higher

32. [redacted]

33. [redacted]

34. [redacted]

prices, lower quality, fewer choices, or reduced rates of innovation. The FTC monitors business practices, reviews potential mergers, and challenges them when appropriate to ensure that the market works according to consumer preferences, not illegal practices. *See* Federal Trade Commission, *About the FTC*, www.FTC.GOV, https://www.ftc.gov/about-ftc (last visited Aug. 5, 2022); *see also* Federal Trade Commission, *What We Do*, https://www.ftc.gov/about-ftc/what-we-do (last visited Aug. 5, 2022).

[4] [redacted].

35. CREXi moved to compel production of CoStar's communications with the FTC and, on February 18, 2022, the Court ordered CoStar to produce "all communications with the FTC, during the past four years - that bear on the antitrust allegations in this matter." Dkt. 111 at 7.

36. CoStar delayed complying with the Court's February 18, 2022 Order until ***after*** the Court held a hearing on CoStar's motion to dismiss CREXi's original counterclaims. It was not until June 15, 2022, nearly two months after the hearing on CoStar's motion to dismiss, that CoStar finally began producing documents responsive to the Court's February 18, 2022 Order.

37. [redacted] As of the date of this filing, CoStar still has not complied with the Court's February 18, 2022 Order.

38. [redacted]

**B. CoStar technologically blocks brokers from working with CREXi.**

39. CoStar offers a web tool called LoopLink that gives brokers the ability to display the brokers' CRE listings on the brokers' own publicly available website utilizing database functionality offered by LoopNet. When brokers use the LoopLink widget, CoStar integrates its LoopNet search technology directly into the brokers' website. Upon information and belief, brokers can upload their CRE listings—including property information and brokers' own photos—directly into LoopNet or have a CoStar employee upload the listings.

40. Brokerages across the United States have adopted CoStar's LoopLink tool to power CRE listings on brokers' own websites, which consequently tethers these brokers' listings to the LoopNet database. According to one 2019 publication, CoStar's LoopLink "listings management platform is used by some of the top companies in the industry," including "over 1,000 additional real estate firms and brokerages."[5]

41. In large brokerage firms, many different brokers or their assistants may submit listings for the brokerage's LoopLink-powered website, and the brokerage's website becomes a comprehensive source for the brokerage's listings. Based the forced use of LoopNet that accompanies the use of LoopLink, many brokerages have become dependent on LoopNet as a repository for their broker-owned listings, even when displayed on the brokers' own website using CoStar's LoopLink tool. If listings available on a broker's own website, operated by LoopLink, are not available to competitors, it is often unfeasible for any competitor to compete with CoStar for those brokers because, for many of them, the only original copies the brokers have of their listings are on the broker's LoopLink-powered website.

42. After intertwining the listings data between LoopLink and LoopNet, CoStar employs technological measures to block brokers from sharing their own listing information with competitors, even on brokers' own websites. In the example below, a CREXi employee was directed by a broker to the broker's listings on the broker's website but was denied access ***by CoStar*** to those listings:

[5] Reonomy, *Is LoopLink the Best Option for DIY Listings* (Dec. 11, 2019). *See also Loopnet : LoopNet Releases Next Generation of LoopLink, Which Powers Commercial Property Listings on More Than 1,000 Real Estate Websites, Market Screener*, *available at* https://www.marketscreener.com/quote/stock/LOOPNET-INC-17271/news/Loopnet-LoopNet-Releases-Next-Generation-of-LoopLink-Which-Powers-Commercial-Property-Listings-on-475914/ (last visited Aug. 5, 2022).




43. CoStar deploys its technological blocking measures without informing the brokers to whom the listings belong. In other words, unbeknownst to brokers who use LoopLink, CoStar imposes technological blocks prevent CREXi from accessing ***brokers' CRE listings*** on ***brokers' own websites***, even when CREXi is directed to those listings by brokers themselves.[6]

44. CoStar's technological blocks prevent many brokers from working with CREXi.

45. For example, Broker 1 directed CREXi to her own brokerage website to pull CRE listings that she wanted posted on CREXi's platform. Upon learning that CREXi was unable to access those listings on her own website, because the site was hosted by LoopLink, Broker 1 expressed that there was no practicable way for her brokerage to do business with CREXi. Broker 1 explained:

---

[6] Separately, CREXi employees are blocked from accessing brokers' CRE listings found on CoStar's websites, even when the listings are otherwise publicly available and the broker directs CREXi to those listings. CREXi understands that, in ruling on CoStar's motion to dismiss CREXi's original counterclaims, the Court disagreed that CoStar's selective blocking of competitors from accessing non-proprietary information on CoStar's publicly available websites could form the basis for anticompetitive conduct. CREXi, however, includes and re-asserts these allegations in order to preserve its rights to appeal on that separate issue.

> Unfortunately our listings are on the [brokerage] website via Looplink. I do not keep lists of our listings on excel or other platforms as we have over 300 listings that change daily, and I don't have the extra time to keep track on multiple platforms. I can't think of an alternative way to get you [my brokerage]'s listings at this time.

Broker 1 did not previously know that CoStar had blocked her ability to share information found on her own brokerage's website.

46. Similarly, Broker 3 reached out to CREXi to request that CREXi access the listings on Broker 3's website and add them to CREXi's platform. When CREXi was unable to access Broker 3's listings due to CoStar's technological block through LoopLink, Broker 3 was surprised: "I'm not sure why you can't access these [listings] because ***they are on our own website***." (Emphasis added.) But CREXi was unable to access Broker 3's listings on the broker's own website due to CoStar's tethering of information between LoopLink and LoopNet and its surreptitious implementation of its anticompetitive technological block.

47. Numerous other brokers express interest in using CREXi's platform, but after learning that CREXi is unable to retrieve their listings at the brokers' direction from brokers' own websites, they simply cease responding to communications from CREXi. Thus, CREXi loses the potential business of those brokers due to CoStar's technological barriers.

48. CoStar's technological blocks are imposed not in response to systematic scraping or copying of listings on LoopNet or brokers' LoopLink-hosted websites, but to inhibit the free transfer of information from brokers to companies that compete with CoStar.

49. The practical effect of CoStar's exclusionary conduct is to lock-in brokers to exclusive relationships with CoStar, deprive brokers of the effective use of their own CRE listings, and to prevent competition in the marketplace.

### C. CoStar's exclusionary contractual terms prevent brokers from using competitors' services.

50. CoStar also imposes exclusionary contractual terms to prevent customers from using competing services. CoStar imposes terms and conditions on the access and use of CoStar's publicly accessible websites, and brokers' own websites hosted by LoopLink, that purport to convert broker-submitted listing information and photographs into CoStar property. CoStar then deters brokers from sharing their own listings with competitors and threatens brokers that they are in breach of their contracts with CoStar if they do so. The natural and intended effect is to prevent brokers from using competitors' products and to stifle competition in the relevant markets by making it more difficult for competitors like CREXi to compete with CoStar, to the detriment of customers and competition.

#### 1. CoStar initially induces brokers to provide CoStar with public CRE listing information.

51. CRE listing information available on CoStar's and LoopNet's websites consists of publicly available facts, along with information and photographs originated, provided, and submitted by real estate brokers and others.

52. CoStar induces brokers and other third parties to provide information to CoStar and LoopNet by expressly disavowing any ownership in or claim to the data, agreeing that CoStar's right to use the data will be "non-exclusive," and assuring brokers and other third parties that they, not CoStar, will decide who can access and use their information. These promises are illusory and contradicted by CoStar's actions as well as other CoStar contractual terms.

53. CoStar claims that brokers' "submission of information to LoopNet" is governed by Terms and Conditions posted on the LoopNet website (the "LoopNet Terms"). **Exhibit F** (LoopNet Terms) at 3. The LoopNet Terms provide that brokers who submit listings to LoopNet "retain any applicable ownership rights" in their "Submitted Content," which is defined to include "property descriptions, photographs, images, videos …, graphics and financial, contact or other

information." *Id.* LoopNet and its "affiliates (including other CoStar Group, Inc. companies)" are granted a "non-exclusive … right and license … to all such Submitted Content." *Id.* at 3–4.

54. CoStar imposes similar Terms of Use on users of CoStar's subscription services (the "CoStar Terms"). The CoStar Terms provide that a broker who submits "information, data, text, photographs, images, graphics, messages, links, expressions of ideas and other content" to CoStar will "retain any applicable ownership rights that [he or she] may have with respect to such information and images." **Exhibit H** (CoStar Terms) at 9. CoStar is merely granted a "non-exclusive … right and license … with respect to such content" submitted by brokers. *Id.* at 10. CoStar acknowledges that a broker's submission of "Submitted Content to the [CoStar] Site does not create any new or alter any existing relationships between [the broker] and CoStar." *Id.* CoStar tells brokers that "[w]hat's yours stays yours, and you can do anything you want with your data." *Id.* at 11.

### 2. CoStar imposes contractual terms to lock in brokers and force *de facto* exclusivity.

55. Despite providing assurances that brokers retain ownership rights over their submissions to CoStar, CoStar conditions access to its websites, and even brokers' own websites hosted by LoopLink, on terms that restrict brokers' ability to do whatever they want with their data, including work with CoStar's rivals. These contractual terms are non-negotiable, so all CoStar's customers are subject to them. Because of CoStar's entrenched monopoly power, brokers may initially be compelled or strongly incentivized to post their listings on CoStar's websites for visibility. But once they sign up for CoStar's services, the contractual terms impede them from exploring competitive options, effectively ensnaring those brokers in a trap.

56. The LoopNet Terms purport to forbid anyone from using content available on LoopNet "in connection with any other . . . listing service" or

"integrat[ing] or incorporat[ing] any portion of the Content into any other database." The LoopNet Terms state:

> You shall not use or reproduce any Content that is obtained from the Service, or that is otherwise made available to You in the Service, for or in connection with any other device, listing service . . . or any other data sharing arrangement. You shall not integrate or incorporate any portion of the Content into any other database. You further shall not use the Service in any other manner for or in connection with any other listing service or device. You shall not use the Service as part of any effort to compete with LoopNet, including, without limitation, using the Service to provide, alone or in combination with any other product or service, any database services to any third party or any use that causes a reduction or loss from an existing or potential LoopNet customer

Exhibit F at 6.

57. CoStar has also purported to bind brokers who use LoopLink to similar anticompetitive Terms of Use (the "LoopLink Terms"). The LoopLink Terms have conditioned access to CRE listing information on brokers' LoopLink-hosted websites on users' agreement not to compete with CoStar. The LoopLink Terms provide that competitors may not access or use the broker data that appears on a broker website powered by LoopLink; users "shall not . . . use, reproduce, copy or access any portion of the Product if you are a direct or indirect competitor of LoopNet." **Exhibit J** (LoopLink Terms) at 2. After CREXi first filed its original counterclaims, upon information and belief, CoStar removed these standalone LoopLink Terms from its public-facing website.

58. The CoStar Terms similarly condition access to CoStar's website, broker-provided CRE listing information, databases, or software (defined in the CoStar Terms as the "Product") on users' agreement not to transmit their listings to CoStar's competitors. The CoStar Terms provide that users "shall not . . . provide, disclose or transmit any portion of the Product to any direct or indirect competitor of CoStar." **Exhibit H** at 6. The CoStar Terms broadly define "direct or indirect

competitor" to include "Internet listing services or other real estate information services and employees, independent contractors and agents of such services." *Id.*

59. Ten-X imposes similar Terms of Use on its users (the "Ten-X Terms"). **Exhibit I** (Ten-X Terms) at 4. The Ten-X Terms purport to require users to "agree not to use the Services in any way that," among other things, "[c]ompetes with [Ten-X's] business or impacts [Ten-X's] revenue." *Id.* at 3–4.

60. In other words, CoStar conditions access to its CoStar, LoopNet, and Ten-X websites, as well as brokers' LoopLink-hosted websites, on a sweeping agreement to not support, or even share equivalent data with, CoStar's competitors. These terms, by design, limit brokers' ability to use other listing platforms while they are signed up for CoStar's services, and have a chilling effect on brokers' willingness to work with competitors, for fear that they will run afoul of CoStar's overbroad terms.

61. The LoopNet Terms also purport to require brokers and other users of LoopNet to "treat all information obtained from the Service," including the broker's own "listings … and any information otherwise made available" as "proprietary to LoopNet." **Exhibit F** at 5. The LoopNet Terms then forbid brokers from providing that content to any LoopNet competitor. The LoopNet Terms provide that "You shall not use or reproduce any Content that is obtained from [LoopNet's] Service, or that is otherwise made available to You in [LoopNet's] Service, for or in connection with any other device [or] listing service." *Id.* at 6.

62. In other words, CoStar simply declares information ***provided by brokers*** as "proprietary to LoopNet" and forbids brokers from using that same listing information and photographs with competitors of CoStar. Then, CoStar threatens that brokers are in "prima facie breach" of contract simply by sharing the brokers' own listing information and photographs with CoStar's competitors.

63. Moreover, the broker must agree that it "shall constitute a prima facie breach" of the LoopNet Terms if CoStar determines that "any third party,"

including a competitor, "has access to property listings" provided by brokers and modified by CoStar. *Id.* at 5.

64. As one broker aptly summed up CoStar's anticompetitive policy and practice:

> Costar: Give me your data and I will list the property.
>
> Broker: Here ya go.
>
> Costar: Thanks. Let me just change this decimal.
>
> Broker: What? Can I have my data back now?
>
> Costar: What data? This is mine. If you use it I will sue you.

65. CoStar's contractual restrictions are widely understood by brokers to foreclose their ability to work with competing platforms, including CREXi.

66. Broker 5, for example, declined to work with CREXi because of LoopNet's restrictive Terms and Conditions. CREXi had offered to post the broker's listings onto CREXi's platform, to match the listings posted on the broker's own website. Broker 5, however, stated that such an arrangement would be "problematic in regard to our contractual relationship with CoStar/Loopnet (Loopnet) as well as any user of Loopnet." Citing LoopNet's contractual requirements that the broker "shall not integrate or incorporate any portion of the [LoopNet listing] Content into any other database" and "shall not use the [LoopNet] Service in any other manner for or in connection with any other listing service or device," Broker 5 explained that, based on CoStar's contractual terms, he fears his brokerage would be vulnerable to frivolous but potentially costly litigation from CoStar if it allowed CREXi to post property listings using information available ***on the broker's own website***.

67. Another broker, Broker 2, stated that she could not give CREXi permission to post her brokerage's CRE property listings onto CREXi's platform—even if mirroring the information posted on the brokerage's own website—because

"from what I understand, that would be some sort of breach of contract with LoopNet."

68. Similarly, Broker 6 was foreclosed from working with CREXi because it would "conflict[] with our National CoStar agreement."

69. Thus, although brokers, buyers, and competition would benefit from brokers being able to widely publicize their CRE listings on different platforms, brokers signed up for CoStar's services are foreclosed from working with a competing company like CREXi, due to CoStar's anticompetitive contractual terms. CoStar's *de facto* contractual exclusivity squelches meaningful competition between different platforms, resulting in inflated prices, suppressed output, and smothered innovation.

**D. CoStar falsely claims ownership over brokers' CRE information and photographs to stifle competition.**

70. CoStar has engaged in a policy and practice of unilaterally modifying brokers' listings and photographs to manufacture false claims of ownership. CoStar also falsely asserts copyright ownership over photographs that CoStar does not own, threatening legal actions against brokers and industry participants based on bogus copyright assertions. The effect of these anticompetitive policies and practices is to restrain brokers from using competitors' products and services, and to prevent competitors from using brokers' CRE information and photographs to compete with CoStar. By doing so, CoStar has effectively secured for itself a copyright monopoly beyond that legitimately granted by the U.S. Copyright Office.

**1. CoStar unilaterally modifies listing data and photographs.**

71. For years, CoStar's terms of service purported to reserve the right for CoStar to unilaterally insert its watermark and claim ownership over broker-owned and supplied photographs and listing information. These LoopNet Terms granted CoStar the right to "add digital watermarks to certain parts of your property listing, including photographs." **Exhibit G** (Previous LoopNet Terms) at 2. Notably, just

***two weeks after CREXi filed its original counterclaims*** citing these CoStar contractual terms, CoStar amended LoopNet's Terms and Conditions to remove this language regarding its watermarking practices. See **Exhibit F** (LoopNet Terms) at 3–4 (last updated July 7, 2021).

72. Even after that amendment, the LoopNet Terms still purport to grant LoopNet the unilateral right to "adjust portions of the information contained within the Service," including "within property listings" supplied by brokers. *Id.* at 5. The Ten-X Terms of Use similarly grant CoStar the "right to . . . edit any content and any Submissions in our sole discretion." **Exhibit I** at 5.

73. CoStar has judicially admitted that it "inserts bits of fictitious data within the property records that appear within the CoStar Service," a practice that it calls "seeding" or "salting" listings.[7] CoStar further has admitted that its "CoStar database contains certain 'seed listings,' which include fictitious information…."[8]

74. CoStar further falsely claims that its inclusion of a watermark signifies CoStar's ownership of a photograph and indicates that it has copyrighted the image. CoStar alleged in its lawsuit against CREXi that its "watermark"—*i.e.*, logo—"publicly identifies CoStar's ownership of the images and protects CoStar's property, constitutes copyright management information." FAC ¶ 65; *see also id.* ¶ 209. But as this Court ruled, CoStar's "watermark logo does not constitute" copyright management information and, therefore, CoStar's claims against CREXi under the Digital Millennium Copyright Act "fail as a matter of law." Order Re: Motion to Dismiss, Dkt. 71 at 6.

75. Nothing in the LoopNet Terms require CoStar to notify brokers when, or explain how, LoopNet has modified their listings or watermarked their photos before doing so. In other words, brokers may not realize that CoStar has added its

[7] Compl., *CoStar Realty Information, Inc. v. Does*, Case No. 1:14-cv-2304-AKH (S.D.N.Y. filed Apr. 2, 2014) at ¶ 4.

[8] First Am. Compl., *CoStar Realty Information, Inc. v. Centers & Malls, LLC, et al.*, Case No. 07-cv-01182-AW, Dkt. 39 ¶ 23 (D. Md. Jul. 16, 2007).

supposed watermark to brokers' images, much less that CoStar is representing that it now owns brokers' images.

**2. CoStar falsely asserts ownership over brokers' photographs.**

76. CoStar routinely adds its watermark to photographs provided to CoStar by brokers and other third parties. CoStar also frequently asserts false claims of copyright ownership over broker-supplied photographs, even where CoStar's watermark does not appear on the image. CoStar thus creates confusion in the marketplace regarding the legitimate ownership of property photographs, making brokers and CoStar competitors hesitant and often unwilling to share or use CRE photographs, even when CoStar holds no ownership over them.

77. CoStar has, in effect, created a minefield through which brokers and CoStar competitors must navigate when they seek to use photographs for which CoStar does not hold a valid copyright. Such anticompetitive conduct is an example of the well-known strategy of raising rivals' costs. CoStar's history of targeting competitors with aggressive litigation only exacerbates the anticompetitive effect of CoStar's misconduct.

78. CoStar's policy and practice of falsely claiming copyright ownership over brokers' and other third parties' photographs operate as a *de facto* barrier preventing customers from using competing products. They also prevent CoStar's competitors from freely using brokers' data and photographs, at the request of actual and potential customers, in the ordinary course of their business. Brokers are thus deprived of the opportunity for innovative services and lower prices.

**a. CoStar adds its watermark to brokers' images.**

79. CREXi's investigation has revealed that CoStar engages in a regular practice of adding CoStar's watermark to photographs provided by brokers, sometimes even cropping out brokers' own watermarks in the process. As a result of CoStar's policies and practices of unilaterally modifying images, the presence of

CoStar's logo on a photograph does not provide reliable information regarding whether CoStar actually holds a valid copyright on the photograph.

80. CoStar falsely claims that the logo it uses as a watermark "identifies CoStar's ownership of the images" and constitutes CoStar's "copyright management information." FAC ¶¶ 65, 209. By unilaterally watermarking photographs CoStar does not own with the CoStar logo, competitors and other industry participants cannot distinguish between photographs legitimately owned by CoStar and those owned by brokers and other third parties. This confusion is compounded over time.

81. For example, Broker 73 recounted that he listed a property on CoStar, posting photographs that he paid for himself. Later, when the property was being re-sold, he found his pictures on another broker's listing, with CoStar watermarks. When confronted, the second broker claimed that he was a CoStar subscriber and got the photographs from CoStar, so he believed they were his to use. Upon information and belief, events like this this are commonplace to CoStar's widespread application of its logo to photographs it does not own. As a result, when a broker attempts to provide the listing and photograph to a competitor listing platform, the competitor has no certainty as to whether photos with a CoStar logo belong to a broker or to CoStar, and no easy way of determining the answer.

82. In one instance, for example, Broker 7 paid to use a third-party's photograph to market a commercial listing in the Atlanta, Georgia area. The broker uploaded the photograph to the LoopNet website to advertise the listing. Even though the photograph had been provided by the broker and CoStar held no copyright over the photograph, CoStar added its logo to the bottom right-hand corner of the broker-supplied photograph.

83. Broker 7 subsequently used the photograph as a representative image to advertise a separate commercial listing in Indiana, which was still under construction at the time of the listing.[9] Yet again, however, CoStar superimposed its logo on the bottom right-hand corner of the broker-supplied photograph. The photographs are depicted side-by-side for purposes of comparison:

| **Broker-Supplied Image** | **CoStar Addition of Logo** |
|---|---|
|  |  |

//

//

//

//

//

//

//

//

//

//

//

[9] Using a representative photograph to market properties that are still under construction is a standard practice in the CRE industry.

84. In another example, Broker 7 uploaded a photograph to LoopNet to advertise a listing in New Orleans, Louisiana. The broker later discovered that CoStar superimposed its logo on the bottom right-hand corner of the photograph. The photographs are depicted side-by-side for purposes of comparison:

| Broker-Supplied Images | CoStar Addition of Logo |
| --- | --- |
|  |  |

85. Set forth below are additional examples of images owned by brokers or other third-parties, and supplied to CoStar, which CoStar has improperly branded with its logo to falsely claim copyright ownership. The photographs are depicted side-by-side for purposes of comparison:

| Broker-Supplied Images | CoStar Addition of Logo |
| --- | --- |
|  |  |

//

//

//

| Broker-Supplied Images | CoStar Addition of Logo |
| --- | --- |




86. The examples set forth above are, on information and belief, just the tip of the iceberg. CoStar has engaged in a widespread practice of adding its logo to photographs provided by or collected from brokers and other third parties, falsely claiming copyright ownership over images CoStar does not own.

87. After CREXi filed its original counterclaims with the examples of CoStar adding its watermark to broker-supplied photographs, CoStar identified one of the brokers associated with the exemplary images set forth above—Broker 9. Costar's litigation counsel sent him a letter. Apparently attempting to intimidate

Broker 9, CoStar demanded that the broker inform CoStar "whether you have ever sent to CREXi, or directed anyone else to send to CREXi, any materials derived from CoStar," and demanded that the broker preserve documents.

88. Broker 9 responded that he had "never taken things from CoStar and [s]ent them to Crexi." The broker confirmed that he "paid for that picture to be taken (thus own the rights)," "posted it on loopnet, and then somehow it appeared on CoStar with CoStar Branding." Broker 9 asked: "Since you are CoStar[']s legal counsel, can you answer why their logo is on my photo? Over the years I have seen CoStar branding on my personal photos often, once they have been uploaded to LoopNet. Thus since CoStar owns Loopnet, I surmise … that CoStar takes photos we brokers upload to LoopNet and brands them with their logo, and puts them on the CoStar platform." Broker 9 repeatedly asked CoStar's lawyers to explain how CoStar's watermark ended up on a photo the broker owned, but CoStar's lawyers had no explanation. Excerpts of this e-mail exchange are shown below:

> **From:** [redacted]
> **Sent:** Thursday, August 5, 2021 6:08 PM
> **To:** Triantafyllou, Kimon (DC) <Kimon.Triantafyllou@lw.com>
> **Cc:** [redacted] Boyle, Nicholas (DC) <Nicholas.Boyle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>
> **Subject:** Re: Document Preservation Notice
>
> What does the lawsuit allege? How can I find out how one of my photos came to have CoStars logo on it?
>
> Me, My Team, My Firm have never given Crexi a Photo with a CoStar Logo on it.
>
> Are you asking if we have ever provided Crexi with a personally owned photo for marketing purposes on their service...if so the answer is yes. If you are asking if we ever have given the Crexi a photo taken from CoStar, the answer is no.

**From:** [redacted]
**Sent:** Friday, August 6, 2021 10:27 AM
**To:** Triantafyllou, Kimon (DC) <Kimon.Triantafyllou@lw.com>
**Cc:** [redacted] Boyle, Nicholas (DC) <Nicholas.Boyle@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>
**Subject:** Re: Document Preservation Notice

Hi Kimon,

Thanks for your response, and I am not looking for your legal advice.

Since you are CoStars legal counsel, can you answer why their logo is on my photo?

Over the years I have seen CoStar branding on my personal photos often, once they have been uploaded to Loopnet. Thus since CoStar owns Loopnet, I surmise and again in my personal layman's opinion only that CoStar takes photos we brokers upload to Loopnet and brands them with their logo, and puts them on the CoStar Platform.

89. Other brokers and brokerage employees, including Broker 1, Broker 4, and Broker 8 have reported that CoStar routinely add its logo watermark to virtually every photo the brokerages uploaded to CoStar, even though those images were paid for and owned by the brokerages. Upon information and belief, since CREXi filed its original counterclaims in June 2021, CoStar has removed its watermark from some such photographs, either in acknowledgement that doing so was improper or as a means to prevent CREXi from assembling information in support of its counterclaims. The full scope of this conduct will be determined in discovery.

90. Through the course of this litigation, CoStar has been forced to concede [redacted] CoStar incurs costs to modify brokers' listings and photographs by adding its digital watermark, enabling CoStar to falsely claim intellectual property ownership over content that CoStar does not own. These costly actions are profitable to CoStar only ***because*** of their anticompetitive effect, in that they prevent competitors from using brokers' own listings. CoStar's actions in this regard are, thus, exclusionary by design and effect. The full breadth of

CoStar's anticompetitive practice, however, cannot be known until discovery is complete.

**b. CoStar falsely claims ownership over brokers' images.**

91. CREXi respects third parties' legitimate claims of intellectual property protection and does not want CoStar's copyrighted images on its website. CREXi consistently conveys to its employees and its customers that CREXi will decline submissions that contain photographs not owned or licensed by the broker who is submitting the photographs, and CREXi will remove images from its website if they are discovered to infringe on another party's copyrights.

92. After CoStar filed this lawsuit against CREXi, and despite not once providing CREXi with a take-down notice under the Digital Millennium Copyright Act (DMCA), CoStar demanded that CREXi hire a vendor to install an image filter to run on CREXi's website. The purpose of the image filter, CoStar claimed, was to screen for CoStar's copyrighted images and filter out such images. CoStar insisted that CREXi use one of two vendors that had a relationship with CoStar.

93. CoStar falsely represented that the filter contained ***only*** CoStar's copyrighted images. Based on CoStar's representations that the filter would prevent any image for which CoStar owns a valid copyright from being displayed on CREXi's website, and that the filter only includes images legitimately copyrighted by CoStar, CREXi engaged CoStar's proposed vendor to implement that filter on CREXi's website—at CREXi's own expense.

94. CREXi soon learned that the filter is rife with images over which CoStar does not have a copyright, including logos of third parties like Subway and Kentucky Fried Chicken, and close-up photographs of brokers' own logos.[10] The filter routinely flags for removal from CREXi's website CRE images submitted to CREXi by brokers, based on CoStar's false assertion that CoStar owns a copyright

[10] The inexplicable inclusion of close-up photographs of broker signage and chain retailer logos in the filter's image repository disrupted CRE listing displays on CREXi's plaform involving major brokers and retailers.

in such images. CREXi also discovered that, based on a sample of 2,350 flagged images, one out of every nine images flagged by the filter was a false positive, meaning that the image on CREXi's website does not actually match the image in CoStar's repository of supposed CoStar-copyrighted images, yet was still flagged for removal.

95. Numerous times, CREXi raised concerns to CoStar that the filter includes images over which CoStar does not own a copyright, and requested an explanation of why images were wrongly included in the CoStar filter and why the false-positive rate was so high—contrary to CoStar's representations about how the filter would work. CoStar dismissed CREXi's concerns and refused to remedy the filter errors. Yet CoStar continues to insist to this day that CREXi implement the filter, at significant cost to CREXi.

96. In the course of scanning CRE property listing images on CREXi's website, the filter has flagged brokers' Offering Memoranda (OMs) and marketing brochures as containing images over which CoStar claims a copyright. CREXi sends those brokers a notice of CoStar's copyright claim and informs them that CREXi has taken down the brokers' flagged OMs and marketing brochures on CREXi's website.

97. In response to these notices, numerous brokers have disputed CoStar's copyright claims, presenting evidence that the images in their OMs and marketing materials were paid for and owned by brokers, or used with permission from the owners—and demanding that their listing photographs be immediately restored to CREXi's platform. Unsurprisingly, brokers are confused and displeased by the disruption caused by CoStar's false ownership claims and the faulty image filter that CoStar induced CREXi to use based on its false representations.

98. CoStar's assertion of its spurious copyright claims has disrupted CREXi's relationships with its customers, as well as CREXi's reputation. Attached as **Exhibit A** is an exemplary, non-exhaustive catalog of over two dozen different

brokers' responses to CoStar's false copyright claims over images contained in brokers' marketing materials. Some of these responses are set forth below:

99. The CoStar filter flagged Broker 10's marketing brochures as containing images over which CoStar claims a copyright. Accordingly, CREXi sent that broker a notice of removal of the flagged images from CREXi's platform. Broker 10 was incensed because the photos belonged to her brokerage. She sent CREXi a screenshot of a private photo gallery containing the original images in question, and emphasized:

> These images are NOT owned by Costar. I double-checked and the photos in our brochure for 11600 Miramar Parkway brochure are owned by [my brokerage]. We had them shot in 2019. We use these photos in all of our marketing on various sites including CoStar. We would like a formal apology from Costar for tagging these images that are rightfully [the brokerage]'s.

100. In another episode, after her listings were flagged for removal based on CoStar's false copyright claims, Broker 11 provided proof that her brokerage took the photos at issue, in the form of screenshots of the original photos in her personal archive. Broker 11 explained:

> I would like to appeal this immediately. We paid for all of our pictures and they are the property of [my brokerage]. The only thing I can think of here is we also upload those listings/ Pictures to LoopNet. By default Costar adds our pictures to the Costar records- however that does not make it the property of Costar.

101. Another broker, Broker 12, provided proof he personally took the photos over which CoStar claimed ownership, and noted that the photos themselves contained his leasing sign:

> Again, if you would look at the pictures you would see my leasing sign in the pictures. I personally took every picture in Crexi as shown below. . . . In fact it appears that Costar

> has taken some of my pictures without MY permission.

102. Broker 13 expressed incredulity that CoStar was claiming ownership over a photo that he took on his own cell phone, and that he wished to post on CREXi's platform. Broker 13 provided proof of this photo in his own personal photo archives and remarked, "Its funny how Co Star can steal all of my photos that I have uploaded to my listings there and keep them on their site even when I have removed the property."

103. In response to another CoStar false copyright claim that triggered a notice from CREXi, Broker 14 forcefully explained that the photo belonged to the property owner and not to CoStar: "These photos were taken by ownership years ago, not Costar; it's insane that costar takes over the photos and claims them like that."

104. Broker 16 expressed his exasperation over CoStar's false claims of copyright ownership over his own images: "Well, that's a 'BS' claim by them! I've been marketing that building for 15-20 years, which is well before Costar was even in the Madison market. They've used 'our' photos and then cropped out our watermark and then has the guts to claim those are their photos. Complete BS."

105. Broker 15 supplied a link to his photo gallery to show that the photos belonged to his brokerage, and not CoStar. He further elaborated:

> I am not sure why CoStar is claiming copyright on these photos however these were taken by us. . . . Attached is the link to the photos we took. This is ridiculous – these are our photos. Have Costar reach out to me directly – again, I am a client of theirs.

106. Broker 17 insisted that her brokerage owned all photos they used in marketing: "We pay and own all of our own photos – LoopNet CoStar can suck it. If they want to reimburse me the $6,000 + annually we spend on photos I am happy to have a discussion." Broker 17 also emphasized the importance of promptly

resolving CoStar's false copyright claim so that the property listing could go back on CREXi's site: "We need this re-instated ASAP."

107. Although most brokers were insistent that CREXi restore their listings as soon as practicable, CoStar's assertion of copyright claims—however baseless—still deterred many brokers from using CREXi's platform to post images that the brokers lawfully owned.

108. For example, Broker 18 affirmed, "I own all images and had my photographer take those photos. I also created the OM/marketing brochure. Costar does not own any. I uploaded the images and OM/marketing brochure to Costar too when I did the listing, but they do not own them." But despite owning the photos, Broker 18 relented in the interest of avoiding a potential conflict with CoStar, stating, "I am ok with you taking the marketing brochure down if that will make Costar happy" and "I am ok with taking those items down as it's not worth the hassle with costar." In other words, CoStar's false claim of ownership led the broker to remove a portion of his listing from CREXi, inhibiting the customer's ability to work with CREXi.

109. These brokers represent just a small sample of CREXi customers whose CRE listings were disrupted or impaired due to CoStar's widespread practices of claiming ownership over photographs that CoStar does not own. CoStar's unfounded claims of image ownership have interfered with CREXi's operations and its business relations with brokers. CoStar's bogus ownership claims have forced the removal of brokers' images from CREXi's platform—despite CoStar having no legitimate claim of ownership.

110. By fomenting confusion and uncertainty about the ownership of CRE listing photographs, CoStar has constructed a minefield for competitors who wish to compete lawfully against it. CREXi has no assurance of being able to accurately identify CoStar-owned photographs, even when it pays to use CoStar's recommended vendor, ostensibly, to filter out Costar-copyrighted images.

111. Although CoStar claims to have a policy that enables brokers to retain ownership rights over images they submit to CoStar or LoopNet, CoStar disregards that policy in its actual business operations. In reality, CoStar indiscriminately claims proprietary rights over photographs it does not own and, through litigious threats against brokers and anticompetitive tools like CoStar's filter, is able to deter brokers from working with CREXi.

**3. CoStar targets industry participants with litigation.**

112. CoStar's well-documented history of targeting brokers, competitors, and other industry participants with litigation and threats exacerbates the anticompetitive impact of its technological blocks, exclusionary contractual terms, and false claims of intellectual property ownership. Since 2015, CoStar has filed at least 37 separate lawsuits in the United States alleging claims of intellectual property infringement, false advertising, unfair competition, or breach of contract. This figure does not include CoStar's threats of litigation, which are undoubtedly much more numerous.

113. CoStar has also retaliated against brokers, advisors, and other industry participants that support CREXi, in a transparent attempt to interfere with CREXi's business and to dissuade customers from working with CREXi.

114. For example, in May 2021, CoStar terminated services to Leon Capital, an investment company specializing in real estate, claiming that Leon Capital had violated CoStar's Terms of Use. After CoStar filed its lawsuit against CREXi, CoStar accused Leon Capital of being "a competitor, or at the very least an indirect competitor, of CoStar" because Leon Capital's CEO is an advisor to and promotes CREXi. CoStar terminated Leon Capital's services under provisions of CoStar's Terms of Service described above, which purport to prohibit competitors from accessing CoStar's services, and then filed a lawsuit against Leon Capital claiming damages for the remaining term of the contract under a supposed "acceleration clause."

115. CoStar has also threatened brokers who have cooperated with CREXi, in a naked attempt to dissuade them and other brokers from exposing CoStar's anticompetitive and unlawful practices. After CREXi identified examples of brokers whose images had been improperly manipulated by CoStar to create a false claim of copyright, CoStar's litigation counsel sent them threatening letters and served them with overbroad and harassing subpoenas.

116. Armed with its army of outside lawyers, CoStar has also engaged in a scorched-earth campaign against independent contractors that have worked with CREXi, to intimidate them and extract misleading testimony against CREXi. CoStar has filed at least two separate legal actions against CREXi's independent contractors in India based on misleading allegations, threatening them with excessive damages claims, and in one case so far, charges of criminal contempt. CoStar's objective appears to be to exert enough pressure on these entities that they will be forced to "settle" with CoStar by signing misleading declarations apparently drafted by CoStar's lawyers, assenting to assist CoStar, and agreeing not to cooperate with CREXi.

117. CoStar's lawsuits and threats levied against brokers, advisors, and other supporters of CREXi is nothing more than retaliation for their association with CREXi in order to discourage other brokers and industry professionals from associating with CREXi and exposing CoStar's unlawful conduct.

**E. CoStar has infringed CREXi's trademarked name to engage in unfair competition.**

118. CoStar also engaged in anticompetitive conduct when its subsidiary Ten-X intentionally misappropriated CREXi's trademarked name to advertise and market Ten-X's own products and services in the relevant markets. In doing so, Ten-X capitalized on CREXi's goodwill and market recognition to compete unfairly with CREXi in the relevant markets.

119. On June 5, 2015, CREXi filed U.S. Trademark Application Serial No. 86653786 for registration of the CREXI® mark. On August 29, 2017, the U.S.

Patent and Trademark Office issued to CREXi U.S. Trademark Registration No. 5,276,877 for the word mark CREXI®. CREXi's registration of the CREXI® mark is valid and enforceable. Indeed, the registration of the CREXI® mark constitutes *prima facie* evidence of its validity and of CREXi's exclusive right to use the mark pursuant to 15 U.S.C. § 1057(b). A true and correct copy of CREXi's Certificate of Registration is attached hereto as **Exhibit E**.

120. Continuously since August 29, 2017, CREXi has used the CREXI® mark to identify its products and services and to distinguish them from those sold by competitors. Among other things, CREXi prominently displays its CREXI® mark on its website www.crexi.com, letterhead, bills, and advertising and marketing materials distributed throughout the United States.

121. CREXi has invested tens of millions of dollars to establish its distinctive CREXI® mark in the consumer marketplace. In 2021 alone, CREXi has budgeted for $6.5 million, and will likely spend closer to $10 million, in marketing, advertising, and promotion, all of which is based upon and features its CREXI® mark.

122. CREXi also makes significant investments by purchasing search engine advertisements with the word "Crexi" and using the CREXI® mark in its paid Google advertisement headers to drive traffic to CREXi's website. Search engines such as Google, Yahoo!, and Microsoft's Bing allow advertisers to select keywords, such that when an online consumer enters a keyword search, the advertiser's website advertisement will appear prominently on the page.

123. For example, CREXi pays Google to purchase the Google AdWord "Crexi" as a search engine advertisement. As shown in the screen-capture below, the CREXI® mark is clearly identified with the registered trademark symbol ® in the header of CREXi's Google advertisement headers:




124. CREXi users frequently access CREXi's website by searching the word "Crexi" alone, or in combination with other search terms, or by clicking on CREXi's paid Google AdWords advertisements. In 2020 alone, 3,550,000 unique visitors navigated to CREXi's website from Google both through search results and CREXi's paid Google advertisements, constituting 48% of all unique visitors during the year.

125. CREXi enjoys substantial consumer recognition and valuable goodwill in its CREXI® mark owing to CREXi's substantially exclusive and continuous use of the CREXI® mark, significant investments to establish the mark, and the inherently distinctive nature of the mark. As such, the trade and the public have come to identify the CREXI® mark as an indication that CREXi's products and services originate exclusively from CREXi.

126. Rather than advance its products and services through fair competition, CoStar has infringed CREXI's trademark by advertising Ten-X's products and services using the CREXI® mark. CoStar's actions in this regard are exclusionary, *i.e.*, they are profitable to CoStar only because of their anticompetitive effects.

127. CoStar has infringed CREXi's intellectual property to try to sell Ten-X's products and services and mislead customers into believing that CoStar's products are in some way made by, approved by, sponsored by, or affiliated with CREXi.

128. Ten-X has purchased "CREXi" as a Google AdWord and explicitly infringed the CREXI® mark in the header and text of CoStar's advertisements. For example, at various times, a search for "crexi" on Google yielded, at the very top of the page, an advertisement for "Commercial Buildings For Sale – Crexi." But the advertisement was actually purchased by CoStar and links to CoStar's Ten-X website, as shown in the screen-capture below:




129. In the example above, when a consumer searched for the term "crexi" on Google, that consumer, intending to find CREXi's website and services, was instead directed to a website owned by CoStar—www.ten-x.com/cre_listings. Notably, the header of the CoStar advertisement featured the CREXI® mark, and made no mention of either CoStar or Ten-X. Such advertisements created the false impression that CoStar's Ten-X product is associated with the CREXI® mark.

130. Similarly, at various times, a search for "crexi california" on Google yielded, at the very top of the page, a CoStar-purchased advertisement for "Commercial Buildings For Sale – Crexi – Ten-X.com." But again, rather than being directed to CREXi's website, a user searching for CREXi in California would be directed to CoStar's Ten-X website, as shown in the screen-capture below:




131. Thus, when a consumer searched for the phrase "crexi california" on Google, that consumer, intending to find CREXi's website and services, was instead directed to a website owned by CoStar—www.ten-x.com/cre_listings. The header of CoStar's advertisement not only infringes CREXi's trademark, but it features the CREXI® mark first, before identifying Ten-X, to create a false and misleading initial association with CREXi.

132. As demonstrated by the chart below, CREXi has identified numerous other examples of CoStar's pervasive, anticompetitive trademark infringement. CREXi suspects many more examples of CoStar's anticompetitive trademark infringement will be revealed in discovery.

| Google Search Term | CoStar's Trademark Infringing Advertisement |
|---|---|
| "crexi property" | "Buy/Sell Commercial RE – Crexi Properties," |
| "crexi buy" | "Crexi – Commercial Buildings for Sale" |
| "crexi commercial property for sale" | "Crexi Commercial – Commercial Buildings For Sale" |
| "crexi site" | "Buy/Sell Commercial RE – Crexi – Commercial Buildings For Sale" |
| "crexi state" | "Buy/Sell Commercial RE – Crexi – Commercial Buildings For Sale" |
| "crexi Orlando" | "Buy/Sell Commercial RE \| Crexi \| Ten-X.com" |
| "crexi Florida" | "Buy/Sell Commercial RE – Crexi – Ten-X.com" |
| "crexi connecticut" | "Commercial Buildings For Sale – Crexi – Ten-X.com" |
| "crexi maine" | "Commercial Buildings For Sale – Crexi – Ten-X.com" |
| "crexi oregon" | "Commercial Buildings For Sale – Crexi – Ten-X.com" |
| "crexi portland" | "Commercial Buildings For Sale – Crexi – Ten-X.com" |
| "crexi vermont" | "Commercial Buildings For Sale – Crexi – Ten-X.com" |
| "crexi fort myers" | "Crexi – Commercial Buildings For Sale – Ten-X.com" |
| "crexi commercial real estate columbus ohio" | "Commercial Buildings For Sale – Crexi Commercial Real…" |

133. On information and belief, Google informed CoStar that its practice of infringing CREXi's trademark to advertise CoStar's services violates Google's policies, and removed CoStar's infringing advertisements.

134. On information and belief, CREXi has missed out on business opportunities because of the customer confusion caused by CoStar's trademark infringement.

135. CoStar's use of the CREXI® mark in its advertisements for Ten-X constitutes anticompetitive conduct and willful and intentional trademark infringement, which has damaged CREXi.

**F. CoStar's exclusionary practices have substantially foreclosed competition in the relevant markets.**

136. CoStar's contractual limitations and technological blocks trap CoStar's customers into keeping their CRE property listings exclusively on CoStar's websites, and prevent customers from exploring competitors' products and services. All of CoStar's customers are subject to its exclusionary contractual terms, and thousands of brokers use CoStar's LoopLink product that prevents brokers from even sharing their own property listings information housed on their own websites.

137. Moreover, CoStar's false claims of intellectual property ownership, combined with its aggressive litigiousness, foster a market environment where brokers are deterred from sharing their own CRE property information with competitors like CREXi. CoStar has deliberately interfered with CREXi's customer contracts and its business relationships, and has caused customer confusion by infringing upon CREXi's mark. CoStar's specious intellectual property claims spread uncertainty regarding information and photograph ownership, among industry participants across the entirety of the relevant markets, diminishing market efficiencies that brokers would otherwise enjoy by being able to freely share their own listing information.

138. As illustrated by examples of dozens of exemplary broker accounts, from Brokers 1–18, 73, 74, *supra*, and set forth in **Exhibit A** (select broker responses to CoStar's false copyright claims), CoStar's anticompetitive scheme has substantially foreclosed CREXi's ability to work with brokers.

139. In these markets for CRE listing services, information services and auction services —which are characterized by network effects, and where the barriers to entry are already substantial—a newer entrant's inability to amass property listings is detrimental. There are no other substantial viable competitors in these markets besides CREXi, and CoStar's anticompetitive conduct is designed to drive CREXi out of the markets. Given CoStar's dominant market share in the relevant geographic markets, the vast majority of brokers in these markets are

subjected to CoStar's anticompetitive practices. With no other meaningful competitors besides CREXi, CoStar's exclusionary conduct forecloses competition in a substantial share of the relevant markets.

## V. The Relevant Markets

140. CoStar and CREXi are direct competitors in the markets for internet CRE listing services, internet CRE information services, and internet CRE auction services—each of which constitutes a relevant product market with significant barriers to entry.

### A. The internet CRE listing services market.

141. "Internet CRE listing services" consist of an online organized collection of information concerning commercial real estate listings available for sale or lease.[11] The listing information includes, among other things, CRE addresses, sale prices and lease rates, square footage, photographs, narrative descriptions of the properties, and brokers' contact information. Internet CRE listing services operate as online collections of listings where customers may both publish and search listings for CRE available for lease or sale.

142. CREXi and LoopNet operate competing internet CRE listing services. LoopNet, for example, describes its service as providing an "online commercial real estate marketplace" that "connects tenants and investors to properties available for sale and lease. By meeting the feature-rich requirements of digital advertising, LoopNet allows professionals to directly market to a massive audience of searchers at precise exposure levels."[12] Similarly, CREXi's internet CRE listing service provides a marketplace where brokers can list properties and manage leads to find the ideal buyers and tenants efficiently and effectively.[13]

[11] *See* FTC Decision and Order, *In the Matter of CoStar Grp., Inc., et al.*, No. C-4368, 2012 WL 3862130, at *5–6 (F.T.C. Aug. 29, 2012).

[12] CoStar Group, *LoopNet*, WWW.COSTARGROUP.COM, https://www.costargroup.com/about-us/brands/loopnet (last visited Aug. 5, 2022).

[13] *See* CREXi, *Commercial Properties for Sale*, https://www.crexi.com/properties (last visited Aug. 5, 2022).

143. CREXi and LoopNet's internet CRE listing services make available online facts about CRE properties for sale or lease, including address, building size, year built, zoning information, listing price, acreage, and photographs, among other things. Nearly all listing content available on LoopNet is originally generated by brokers or property owners, based on publicly available information. CREXi and LoopNet are accessible to the public for free, and users can browse their websites without creating an account. CREXi and LoopNet both also offer a subscription service, targeted to brokers and property owners, with additional internet CRE listing features (such as premium listing placements and additional support services).

144. Most commercial real estate brokers, when representing a seller or lessor, utilize internet CRE listing services. These services have lower search costs, in terms of identifying potential buyers and lessees, than other digital and non-digital services. Similarly, most commercial real estate brokers, when representing a buyer or lessee, utilize internet CRE listing services. These services have lower search costs, in terms of identifying potential buildings for sale or office space for lease, than other digital and non-digital services. Hence, they do not belong in the same product market.

145. Other digital services include traditional search engine and information services such as Google, Bing, and Facebook Marketplace. However, these services have substantially higher search costs for both sellers/lessors and buyers/lessees of CRE. In principle, a broker acting as an agent for a seller/lessor could bid on keywords that would appear as advertisements when certain searches are performed on search engines such as Google or Bing. However, as a practical matter, CRE brokers rarely pay for such advertising, in large part because potential buyers/lessors generally do not use search engines to identify potential buildings for sale or office space for lease because the search costs substantially exceed those for dedicated internet CRE listing services websites like LoopNet and CREXi.

146. Non-digital services include on-site advertising and print advertising. Such non-digital advertising reaches far fewer potential buyers and lessees than internet CRE listing services. However, commercial CRE real estate brokers, when representing a seller or lessor, often utilize non-digital advertising, as well as internet CRE listing services. This illustrates the fact that non-digital CRE advertising services are complements—rather than substitutes—for internet CRE listing services.

147. Other digital services such as Google, Bing, and Facebook Marketplace, as well as non-digital services such as on-site advertising and print advertising, are not reasonably interchangeable with internet CRE listing services. As a result, if the price of internet CRE listing services increased by a small but significant amount, CRE customers would not substitute away from these services by a sufficient amount to render the price increase unprofitable. For all of these reasons, internet CRE listing services constitute a relevant product market.

**B. The internet CRE information services market.**

148. "Internet CRE information services" consist of data and analytical tools used by CRE brokers and other customers to locate, research, evaluate, and optimize the sale or lease of CRE. Internet CRE information services include, but are not limited to, CRE addresses, the prices at which a property has previously been offered for sale or lease, the prices at which comparable properties have been offered, leased, or sold in the past, lease histories, property histories, property descriptions, detailed floor plans, photographs, tenant history, and vacancy rates.[14]

[14] CRE information services do not include CRE market analyses, market forecasts, or market projections prepared based upon the information gathered concerning CRE, or software applications or products (and any related software integration services) offered for sale or lease, or sold or leased separately, from data relating to CRE. Additionally, CRE information services do not include information or databases relating to the rental or leasing of residential units in residential structures containing five or more residential units, or the sale of individual units in such structures, which information or databases are not used by purchasers or sellers (or agents for purchasers or sellers) of residential structures containing five or more residential units to locate, research, or evaluation CRE, or to list CRE for sale or lease. *See* FTC Decision and Order, *In the Matter of CoStar Grp., Inc., et al.*, 2012 WL 3862130, at *5.

The CRE listing services market is complementary to the CRE information services market; listings represent a critical input for CRE information services. The more listings a platform displays, the more likely a buyer or seller is to use that platform for CRE information services.

149. CREXi and CoStar are competitors in the CRE information services market. Both CoStar and CREXi maintain proprietary databases of CRE information. CoStar describes its internet CRE information services as "a standardized platform of information, analytics and online marketplace services where industry professionals and consumers of commercial real estate, including apartments, and the related business communities, can continuously interact and facilitate transactions by efficiently accessing and exchanging accurate and standardized real estate-related information."[15] CoStar describes its CRE information services as providing "information about space available for lease, comparable sales information, information about properties for sale, tenant information, Internet marketing services, analytical capabilities, information for clients' websites, information about industry professionals and their business relationships, and industry news."[16] Similarly, CREXi's CRE information services provide comparable sales information, detailed market reports, and a data center.[17]

150. Many commercial real estate brokers subscribe to internet CRE information services. These services provide online access to large, proprietary databases of valuable information regarding CRE. For this reason, a strong position in the listings market complements a firm's position in the CRE information services market. CoStar's information and analytics operations account for

---

[15] CoStar Group, Inc., Quarterly Report (Form 10-Q), at 31 (Oct. 28, 2020).

[16] *Id.* at 33.

[17] *See* CREXi, *Intelligence for CRE*, https://go.crexi.com/intelligence/ (last visited Aug. 5, 2022).

approximately 45% of the company's total $1.5 billion annual revenue, demonstrating the substantial willingness-to-pay on the part of CRE brokers.[18]

151. Some data on the CRE industry can be obtained from local real estate boards, exchanges, or associations such as the National Association of Realtors. However, collecting relevant CRE data from such sources would be substantially more time consuming and no analytical tools would be available.

152. There are no services that are reasonably interchangeable with internet CRE information services. If the price of internet CRE information services increased by a small but significant amount, CRE customers would not substitute away from these services by a sufficient amount to render the price increase unprofitable. For all these reasons, internet CRE information services constitute a relevant product market.

**C. The internet CRE auction services market.**

153. "Internet CRE auction services" consist of online sales platforms where sellers can solicit bids from multiple buyers, facilitating the rapid and efficient sale of commercial buildings and office space. The CRE listing services market is complementary to the CRE auction services market. The more listings a company amasses, the more likely a buyer or seller is to use the auction services of that company.

154. CREXi and CoStar are competitors in the internet CRE auction services market. For example, CoStar's internet CRE auction service (Ten-X, a subsidiary CoStar acquired to compete with CREXi in the internet CRE auction services market) describes its service as providing a "platform [that] empowers brokers, sellers and buyers with data-driven technology and comprehensive marketing tools to expand market visibility and decrease time to close."[19]

---

[18] CoStar Group, Inc., Quarterly Report (Form 10-Q), at 18 (Oct. 28, 2020).

[19] Ten-X, *More Than a Decade of Experience Facilitating CRE Transactions*, WWW.TEN-X.COM, https://www.ten-x.com/company/resources/about-ten-x/ (last visited Aug. 5, 2022).

Similarly, CREXi provides an online auction platform that opens up a new world of virtual bidding, removing the roadblock of physical distance and expensive travel from potential sales.[20]

155. While the internet CRE auction services market is complementary to the internet CRE listing services market, the two markets are distinguished primarily by the speed with which sales transactions can be finalized compared to standard CRE listings. Internet CRE auction service providers play a more active role in the transaction process—hosting the auction, managing its terms, promoting the auction, and determining the auction winner, if any, based on the auctioning party's predetermined limits or other rules.

156. The sale of a commercial building through an internet CRE auction service also typically requires much less time than would the same transaction through an internet CRE listing service. As a result, sellers seeking quick sales will often choose an internet CRE auction service rather than an internet CRE listing service.

157. The closest substitutes to internet CRE auction services are internet CRE listing services. However, the fact that two leading online CRE firms, CoStar and CREXi, offer both of these distinct services shows that the two services are not reasonably interchangeable. If the price of internet CRE auction services increased by a small but significant amount, CRE customers would not substitute away from these services by a sufficient amount to render the price increase unprofitable. For these reasons, internet CRE auction services constitute a relevant product market.

**D. The geographic scope of the relevant product markets.**

158. Geographic markets for internet CRE listing, information, and auction services consist of individual metropolitan areas across the United States.

159. Individual metropolitan areas, as used herein, refer to Metropolitan Statistical Areas ("MSAs"). An MSA is defined by the U.S. Census Bureau as:

[20] *See* CREXi, *Auction*, https://go.crexi.com/auctions/ (last visited Aug. 5, 2022).

> A geographic entity delineated by the Office of Management and Budget for use by federal statistical agencies. Metropolitan statistical areas consist of the county or counties (or equivalent entities) associated with at least one urbanized area of at least 50,000 population, plus adjacent counties having a high degree of social and economic integration with the core as measured through commuting ties.[21]

160. **Exhibit B** identifies a list of 50 large MSAs in United States, which comprise certain relevant geographic markets. The list includes all the major metropolitan CRE markets—such as Atlanta, New York, and Chicago. These 50 MSAs account for 53.7% of the total U.S. population. Market share calculations for these metropolitan markets are thus representative.

161. Customers of CRE listing, information, and auction services generally do not regard locations in different metropolitan areas as reasonable substitutes. Before listing their properties for sale or lease, and before beginning their search for CRE information, customers have identified a particular metropolitan area.

162. CoStar, LoopNet, Ten-X, and CREXi design their websites to facilitate searches by metropolitan area. CoStar also provides market data to the National Association of Realtors based on metropolitan areas.

163. In a recent antitrust case against CoStar, the FTC similarly concluded with respect to the geographic extent of markets for apartment internet listing services that "the appropriate geographic markets are individual metropolitan areas…."[22] In that matter, the FTC identified 49 such markets.

164. One reason why the relevant geographic markets are individual metropolitan areas is that CRE customers cannot arbitrage internet CRE services.

---

[21] U.S. Census Bureau, *Glossary - Metropolitan Statistical Area*, https://www.census.gov/programs-surveys/metro-micro/about/glossary.html (last visited Aug. 5, 2022).

[22] FTC, *In the Matter of CoStar Group, Inc. and RentPath Holdings, Inc.* (Nov. 30, 2020), Docket No. 9398, ¶ 46. Redacted Public Version *available at* https://www.ftc.gov/system/files/documents/cases/d09398complaintpublic.pdf.

For example, CRE customers cannot purchase internet CRE listing services at a low price in one metropolitan area and profitably resell (*i.e.*, arbitrage) those services by selling them at a higher price in another metropolitan area. As the FTC similarly concluded in a recent antitrust case against CoStar, "[c]ustomers of [internet listing service] advertising for large apartment complexes [can] not avoid a targeted price increase through arbitrage because [internet listing service] advertising is inherently property-specific."[23]

165. CoStar and CREXi compete within individual metropolitan areas across the United States, and competitive conditions are substantially similar across many of these local markets. Accordingly, while the relevant geographic market includes at least the 50 metropolitan areas identified in **Exhibit B**, national information is relevant and useful for analyzing CoStar's monopoly power.

**E. There are significant barriers to entry in the relevant markets.**

166. The relevant product markets are characterized by significant barriers to entry and expansion.[24] The presence of barriers that delay or limit the entry of firms into a market tends to make that market relatively more conducive to market concentration and monopolies, since those barriers limit the entry of competitive firms.[25] There are several factors that contribute to the high entry and expansion barriers for potential new entrants and existing competitors in the relevant markets for internet CRE listing, information, and auction services.

167. To begin with, the monetary costs and investment in time and resources to develop and maintain products and services in the internet CRE listing, information, and auction services markets is substantial. To launch commercial real estate listing, information, or auction services requires millions of dollars for initial

[23] *Id.* at ¶ 29.

[24] "An antitrust barrier to entry is a cost that delays entry and thereby reduces social welfare relative to immediate but equally costly entry." McAfee, R. P., Mialon, H., and Williams, M. (2004), "What is a Barrier to Entry?" *American Economic Review*, vol. 94, p. 463.

[25] *See*, *e.g.*, Carlton, D. and Perloff, J. (2005), *Modern Industrial Organization*, 4th ed., Boston, MA: Pearson Addison Wesley, Chapter 5.

development, and then many millions more to recruit customers, maintain the information, and build an effective sales network. Further, the cost of developing software is incurred prior to the ability of a new entrant to offer internet-based services. Software costs are "sunk," *i.e.*, the money spent developing the software cannot be recovered. As is well established in economics, sunk costs are antitrust barriers to entry.[26] Because sunk costs cannot be recovered, the necessity to incur such costs prior to entry increases the *ex-ante* risk to entrants. This increase in risk reduces, other factors being the same, the willingness of firms to enter the market. As one industry analyst reported, the significant monetary costs and investment in time are a "primary moat" protecting CoStar's monopoly position.[27]

168. Additionally, internet CRE listing, information, and auction services markets are characterized by "network effects." A network effect exists in a market if (1) an increase in the number of users of a service on one side of a market leads to (2) an increase in the value of a complementary service on the other side of the market, which can then increase the value of the first service. For example, an increase in the number of CRE brokers representing sellers or lessors who utilize internet CRE listing services leads to an increase in the value of the internet CRE listing service to CRE brokers representing buyers or lessees. The resulting increase in the number of CRE brokers representing buyers or lessees who utilize the internet CRE listing service leads to an increase in the value of the listing service to CRE brokers representing sellers or lessors.

169. The existence of network effects leads to a "chicken-and-egg" problem. A new entrant providing an internet CRE listing, information, or auction

---

[26] McAfee, R. P., Mialon, H., and Williams, M. (2004), "What is a Barrier to Entry?" *American Economic Review*, vol. 94, pp. 461–65. "Sunk costs cause firms to delay entry because of their option value. The option of entering is lost once the firm enters. With uncertainty about market conditions, this option has value. Thus, dynamic entry is delayed relative to a static world." *Id*., at 465.

[27] Yousuf Hafuda, *CoStar Group Firing on All Cylinders as the Company Continues to Target Growth Opportunities*, MORNINGSTAR (Oct. 28, 2020).

service cannot attract brokers representing sellers or lessors unbless there is a significant number of brokers representing buyers or lessees already utilizing the service. Conversely, a new entrant providing an internet CRE listing, information, or auction service cannot attract brokers representing buyers or lessees if there is not a significant number of brokers representing sellers or lessors already utilizing the service.

170. As the FTC has recognized, "[s]ignificant network effects characterize the market for CRE listings databases and create a substantial barrier to new entry."[28]

171. CoStar exploits the network effects in the three relevant product markets by, for example, developing barriers to entry via the imposition of high switching costs for customers. Due to CoStar's strategy of growing through dozens of acquisitions, many customers have become reliant on CoStar's platforms. Prior to CoStar's acquisition of LoopNet in 2012, many real estate professionals subscribed to LoopNet's low-cost data and advanced search offerings for property listings. Many of these users considered LoopNet's service to be a substitute for CoStar's offerings. However, with CoStar's acquisition of LoopNet and subsequent successful effort to oust Xceligent from the market, CoStar converted most LoopNet and Xceligent customers to CoStar's services. CoStar also regularly posts high customer renewal rates, typically around 90%, and sometimes at or above 95% for clients who have been customers for five years or longer.[29] These customers are reliant on CoStar's services. As one commentator stated in September 2018, "[w]ith no true competitive threats, wide-moat commercial real

[28] FTC, Analysis of Agreement Containing Consent Order to Aid Public Comment, *In the Matter of CoStar Group, Inc., Lonestar Acquisition Sub, Inc., and LoopNet, Inc.*, File No. 111-0172, at 3, https://www.ftc.gov/sites/default/files/documents/cases/2012/04/120426costaranal.pdf.

[29] CoStar Group, Inc., Annual Report (Form 10-K), at 36 (Feb. 24, 2021); Seeking Alpha, *CoStar Group's (CSGP) CEO Andy Florance on Q4 2020 Results – Earnings Call Transcript* (Feb. 24, 2021), https://seekingalpha.com/article/4408470-costar-groups-csgp-ceo-andy-florance-on-q4-2020-results-earnings-call-transcript (last visited Aug. 5, 2022).

estate data provider CoStar Group is a borderline monopoly."[30] That article explains that CoStar "keeps competitors at bay with a switching cost moat source" because "[i]t's just too risky to switch sources."[31] In addition "[s]trong platform effects found throughout CoStar's product offerings earn the company a network effect moat source, too."[32] As of 2018, that commentator indicated that "we think CoStar's moat is growing stronger, and we award it a positive moat trend."[33]

172. CoStar's CEO has similarly described CoStar's position in the marketplace as one protected by a "moat." In CoStar's Q4 2018 earnings conference call for investors, held on February 26, 2019, CoStar's CEO, Mr. Florance described CoStar's market position and noted that "we think that -- while we are taking share, and leading the market -- we wanna keep the pressure up, and accelerate the -- keeping share ***to widen the moat*** and increase the lead."[34] As such, "CoStar benefits from a switching cost moat" that protects its monopoly in the relevant markets.[35]

173. The barrier to entry posed by high switching costs is exacerbated by CoStar's anticompetitive conduct to lock in brokers and prevent them from working with CoStar's competitors. CoStar's exclusionary contractual terms, technological measures, and false intellectual property claims frustrate and interfere with brokers' ability to work with competitors. This conduct increases the costs for brokers to work with competitors like CREXi. These tactics serve to increase costs to competitors, and to deprive brokers of product choices they value.

---

[30] Michael Wong, *The Best Company You've Never Heard Of*, MORNINGSTAR (Sept. 13, 2018).

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *CoStar Group Inc (CSGP) Q4 2018 Earnings Conference Call Transcript*, THE MOTLEY FOOL (Feb. 27, 2019), *available at* https://www.fool.com/earnings/call-transcripts/2019/02/27/costar-group-inc-csgp-q4-2018-earnings-conference.aspx (last visited Aug. 5, 2022).

[35] Hafuda, *CoStar Group Firing on All Cylinders as the Company Continues to Target Growth Opportunities*, MORNINGSTAR (Oct. 28, 2020).

174. CoStar's predatory contractual terms, punitive cancellation policies, and supra-competitive pricing present another barrier to entry. CoStar locks users into contracts, auto-renews those contracts, and requires lengthy notice periods to prevent the auto-renewal. Many CoStar customers are surprised when they are unable to cancel their contracts. Numerous CoStar customers have complained about these practices on public websites and message boards. And many brokers have informed CREXi that CoStar's predatory contractual terms and supra-competitive pricing fortify the barriers to working with CREXi.

175. Finally, CoStar's anticompetitive conduct of falsely claiming intellectual property ownership over broker-owned and broker-supplied information and photographs creates yet another barrier to entry. As discussed above, CoStar repeatedly places its digital name or logo (which CoStar claims is a "watermark") on photographs uploaded to the CoStar and LoopNet websites by brokers—photographs over which CoStar has no legal copyright ownership interest. CoStar places that same watermark on other photographs that it does own, falsely claiming that the generic logo is CoStar's copyright management information. As a result, the presence of CoStar's watermark on a photograph does not provide reliable information regarding whether CoStar actually holds a valid copyright on the photograph. CoStar also frequently asserts false claims of copyright ownership over broker-supplied photographs, even where CoStar's watermark does not appear on the image. Thus, when a broker provides or directs a CoStar competitor to a broker's listing, the competitor does not know whether CoStar holds a valid copyright on the image. The effect of CoStar's anticompetitive practice is to create confusion in the marketplace regarding legitimate ownership of real estate photographs, deterring brokers and CoStar competitors from sharing CRE photographs, even when CoStar holds no ownership over them.

176. CoStar's history of aggressive, anticompetitive litigation—threatening and pursuing legal action against customers and competitors alike—exacerbates this

barrier to entry. Broker 19 declined to even speak about his experiences using CoStar's services, because the broker was fearful that CoStar is "too powerful of an organization." Based on CoStar's litigation history, rival firms, potential market entrants, and customers all must anticipate being sued by CoStar, even if CoStar's claims of copyright ownership are invalid. The resulting anticipated litigation costs create a barrier to entry for potential entrants and a barrier to expansion for existing firms.

177. CoStar's dominant market position and the moat it creates for market entrants prevents competitors from increasing their output in the short run. Specifically, CoStar's dominant market position and barriers to entry—some intrinsic to the CRE industries at issue and others caused or exacerbated by CoStar's anticompetitive conduct (including the steps they take to lock customers into contracts and to prevent brokers from sharing their own information with competitors)—rob market entrants of the capacity to increase the number of brokers and listings on their platform in the short run.

178. Given these barriers to entry and expansion, competition on the merits in the relevant markets is critical to benefit consumers. If CoStar's anticompetitive conduct is not stopped, the anticompetitive harm in the relevant markets will be long-term and likely irreversible.

## VI. CoStar Monopolizes the Relevant Markets

### A. CoStar stifles competition through anticompetitive acquisitions and by driving competitors out of business.

179. Although CoStar claims to "spend considerable time and effort" to build its online database of CRE information,[36] in reality, CoStar's market dominance is attributable to its aggressive acquisition strategy and anticompetitive tactics to drive competitors out of the relevant markets. As it admits in its securities filings, CoStar has spent the last three decades "expanding [its] markets and

[36] CoStar Group, Inc.'s First Amended Complaint (FAC), Dkt. 33, ¶ 50.

services partially through acquisitions of complementary businesses."[37] Indeed, since its founding in 1987, CoStar has spent billions of dollars to acquire more than 30 companies.

180. CoStar first implemented its inorganic growth-by-acquisition strategy soon after its founding, when it began buying up local and regional competitors in the CRE information business to "expand[] the geographical coverage of [its] existing information and marketing services."[38] With each acquisition, CoStar eliminated a local or regional competitor and added another CRE database to its own. CoStar's buying spree for competing CRE data providers gained steam in the 2000s. By 2011, CoStar touted that it "ha[d] successfully integrated over a dozen acquisitions," allowing CoStar to expand its market share in the internet CRE information services market and to push into the rental listings business.[39] And CoStar's growth-by-acquisition strategy continued throughout the 2010s and through the present, with massive acquisitions of leading competitors, including CoStar's 2012 acquisition of LoopNet (in the internet CRE listing services market) and 2020 acquisition of Ten-X (in the internet CRE auction services market). A chart of exemplary CoStar's acquisitions is attached hereto as **Exhibit D**.

181. After more than three decades of inorganic growth through aggressive acquisitions, CoStar's market share in the relevant markets has skyrocketed, while its competition has been virtually eliminated. CoStar's relentless acquisition strategy has cleared the field of competition across multiple product and geographic markets, enabling CoStar to engage in the anticompetitive, monopolistic behavior described herein.

---

[37] CoStar Group, Inc., Annual Report (Form 10-K), at 36 (Feb. 28, 2019).

[38] CoStar Group, Inc., Annual Report (Form 10-K), at 27 (Feb. 24, 2011).

[39] Press Release, CoStar Group, Inc., CoStar Group to Acquire LoopNet (Apr. 26, 2011), https://www.costargroup.com/costar-news/details/costar-group-to-acquire-loopnet (last visited Aug. 5, 2022).

**B. The FTC sued CoStar to block its anticompetitive acquisition of LoopNet and required CoStar to divest Xceligent.**

182. CoStar is no stranger to scrutiny by the FTC. [redacted] CoStar's unfair and anticompetitive conduct has caused the FTC to scrutinize CoStar's behavior on numerous prior occasions.

183. CoStar's tactics are perhaps best exemplified by its acquisition of LoopNet and subsequent successful efforts to drive former CoStar competitor Xceligent out of business. Before CoStar acquired LoopNet, the two companies were competitors. In fact, LoopNet was CoStar's last significant competitor in the mid-to-late 2000s.

184. Beginning in 2005, CoStar and LoopNet engaged in a series of legal battles against one another in courts across the country.[40] These court battles took their toll on LoopNet. Teetering on the edge of bankruptcy, the LoopNet Board finally relented and agreed to sell the company to CoStar for $860 million.

185. The FTC intervened to block CoStar's proposed acquisition of LoopNet because it was anticompetitive and violated antitrust laws. *See* Compl., *In the Matter of Costar Grp., Inc., et al.*, No. 111-0172, 2012 WL 1561034, at *2 (F.T.C. Apr. 26, 2012). The FTC alleged that CoStar's proposed acquisition of LoopNet would reduce competition in the markets for commercial real estate listings and information services and that CoStar and LoopNet were the only two providers with nationwide coverage. The FTC further alleged that Xceligent (then owned by LoopNet) was the "most similar competitor for information services"[41] to

---

[40] *See Costar Grp. Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688 (D. Md. 2001), *aff'd*, 373 F.3d 544 (4th Cir. 2004); *Loopnet Inc. v. CoStar Group, Inc., CoStar Realty Information, Inc.*, No. 05-cv-1220 (N.D. Cal. Mar. 24, 2005); *CoStar Group, Inc. v. LoopNet Inc.*, No. 08-CV-01156 (S.D.N.Y. Feb. 5, 2008); *LoopNet Inc. v. CoStar Group, Inc., CoStar Realty Information, Inc.*, BC380863 (Los Angeles Super. Ct. Nov. 15, 2007).

[41] Press Release, Federal Trade Commission, FTC Places Conditions on CoStar's $860 Million Acquisition of LoopNet (Apr. 26, 2012), https://www.ftc.gov/news-events/press-releases/2012/04/ftc-places-conditions-costars-860-million-acquisition-loopnet.

CoStar and, therefore, the combination would eliminate the "direct, and substantial competition between CoStar and LoopNet and between CoStar and Xceligent," *id.* at *3. The FTC found that the proposed CoStar/LoopNet merger would "increas[e] the likelihood that CoStar w[ould] exercise market power unilaterally." *Id.*

186. To resolve the complaint, CoStar agreed to a consent order that placed a number of restrictions on its proposed acquisition, including the divestiture of Xceligent. The consent order required that the combined CoStar-LoopNet company take several steps to ensure that Xceligent was able to compete and expand aggressively in the United States market for CRE databases and information services. Specifically, the consent order imposed "certain conduct requirements to assure the continued viability of Xceligent as a competitor to the merged firm and to reduce barriers to competitive entry and expansion."[42] These additional provisions "w[ould] facilitate Xceligent's geographic expansion and prevent foreclosure of [the parties'] established customer base."[43]

187. To achieve that goal, the consent order provided that CoStar could not, for five years, "prohibit[] or restrict[] a Customer from providing any CoStar Competitor . . . CRE Listings or CRE Information that . . . was obtained or derived by the Customer from a source other than a CoStar Database." FTC Decision and Order at § III.A, *In the Matter of CoStar Grp., Inc., et al.*, 2012 WL 3862130, at *14. In addition, CoStar was barred, for five years, from "[d]irectly or indirectly prohibit[ing] a Customer from subscribing to any service provided by, or purchasing access to any database containing CRE Listings or CRE Information from, a CoStar Competitor." *Id.* CoStar was further barred, for five years, from prohibiting a customer from endorsing any competitor. *Id.* at *15.

[42] FTC, Analysis of Agreement Containing Consent Order to Aid Public Comment, *In the Matter of CoStar Group, Inc., Lonestar Acquisition Sub, Inc., and LoopNet, Inc.*, File No. 111-0172, at 1, http://www.ftc.gov/sites/default/files/documents/cases/2012/04/120426costaranal.pdf.

[43] *Id.*

188. The FTC also prohibited CoStar from bundling, or tying, its products together in ways that could impede its competitors, except under certain limited circumstances. *Id.* at *17, *31. The agency therefore barred CoStar, for five years, from requiring customers to buy any of its products as a condition for receiving other products, and also from requiring customers to subscribe to multiple geographic coverage areas to gain access to a single area in which they are interested. *Id.* at *17. Moreover, CoStar was required to offer customers certain core products on a stand-alone basis for three years after the acquisition. *Id.* at *40

189. The FTC also placed restrictions on CoStar's ability to terminate its contracts with customers at will. For example, CoStar was prohibited from retaliating against customers for doing business with, or providing CRE data to, CoStar's competitors, including Xceligent. *Id.* at *18. CoStar, moreover, was required to allow customers to terminate their existing contracts—without penalty, with one year's notice—in order to prevent long-term CoStar subscription commitments from hindering competition. *Id.* at *15, *31.

190. The FTC required CoStar to divest LoopNet's interest in Xceligent. *Id.* at *10 (§ II.A). The consent order explained that "[t]he purpose of the divestiture" was "to preserve Xceligent as an independent, viable, and effective competitor in the relevant markets . . . , to facilitate Xceligent's expansion of its product line and its geographic coverage, and to remedy the lessening of competition resulting from the Acquisition . . . ." *Id.* at *13.

191. Finally, the FTC appointed an independent monitor to review CoStar's compliance with the consent order and required CoStar to notify the agency in advance before acquiring any firm that gathers, markets, or sells CRE information in the United States for 10 years. *Id.* at *21, *23.

### C. CoStar drove Xceligent out of business, leaving CoStar with monopoly power in the relevant markets.

192. The FTC's Order was designed to foster Xceligent's expansion, so that it would be a viable market alternative to CoStar. But CoStar flouted that consent order to achieve the opposite effect. It sued Xceligent for accessing publicly available listing information from CoStar, seeking to drive Xceligent out of business and remove yet another major competitor from the marketplace.

193. As CoStar now brags in its complaint, its lawsuit resulted in Xceligent's demise. *See* FAC ¶¶ 15, 183. Although CoStar suggests that it caught Xceligent stealing its copyrighted photos red-handed, that case never made it beyond the pleading stage and CoStar obtained a judgment only because it forced Xceligent into insolvency.

194. Critically, by forcing Xceligent into bankruptcy, CoStar was able to avoid facing Xceligent's antitrust claims. As a condition of CoStar's settlement with the Xceligent bankruptcy trustee, Xceligent agreed to dismiss its antitrust counterclaims against CoStar. Those counterclaims included claims against CoStar for monopolization and attempted monopolization of the CRE information services market and CRE listings database market and use of exclusionary contracts, in violation of the Sherman Act, 15 U.S.C. §§ 1, 2.

195. The devastating market impact of CoStar's fatal attack on Xceligent was swift and solidified CoStar's monopoly in the relevant markets.

196. As one industry analyst reported in October 2020, CoStar is a "borderline monopoly" that "has no true threats in terms of competition." CoStar's monopoly position "was amplified following Xceligent's declaration of bankruptcy in December 2017. Following this development, the only remaining companies in the space are all small startups focused on crowdsourcing data. In a survey of

commercial real estate professionals in 2018, 98% stated that they rely on either CoStar or LoopNet for commercial real estate data."[44]

197. After driving Xceligent out of business, Costar predictably responded like the monopolist that it is: it significantly raised its prices. Just seven months after Xceligent filed for bankruptcy, CoStar raised the average monthly price it charged new customers from $255 to $466—a whopping 80% price increase.[45]

198. Thus, despite the FTC's conclusion that Xceligent's existence and expansion was necessary to foster competition, CoStar's successfully drove Xceligent out of the market through its litigation tactics and solidified its own anticompetitive monopoly position—precisely the outcome the FTC sought to avoid.

### D. The FTC sued CoStar again to block its proposed anticompetitive acquisition of RentPath.

199. CoStar's series of anticompetitive acquisitions continues today, and the FTC rightly remains concerned about CoStar's monopoly power. In November 2020, the FTC stepped in once again to block another proposed anticompetitive merger by CoStar.

200. CoStar and RentPath, which operates Rent.com and ForRent.com, are competitors for apartment internet listing services ("ILSs"). *See* Compl., *In the Matter of Costar Group., Inc., et al.*, No. 201-0061, Dkt. No. 9398, ¶ 2 (F.T.C. Nov. 30, 2020).[46] Specifically, the two companies compete to provide residential rental ILSs, defined by as "two-sided platforms that bring together (i) purchasers of

---

[44] Hafuda, *CoStar Group Firing on All Cylinders as the Company Continues to Target Growth Opportunities*, MORNINGSTAR (Oct. 28, 2020).

[45] *See id.*; *see also* Konrad Putzier, David Jeans, Christian Bautista, and Nancy C. Carvajal, THEREALDEAL, *Search and destroy: How CoStar became a $15B juggernaut* (Sep. 1, 2018), https://fortisinvestmentgroup.com/2018/09/search-and-destroy-how-costar-became-a-15b-juggernaut/.

[46] Redacted Public Version *available at* https://www.ftc.gov/system/files/documents/cases/d09398complaintpublic.pdf.

ILS advertising" (property management companies and rental properties), and "(ii) consumers of ILS search services (i.e., prospective renters)". *Id.* ¶ 19.

201. According to the FTC, "[f]or years, CoStar and RentPath have competed fiercely with one another to sell ILS advertising to PMCs in metropolitan areas across the United States." *Id.* ¶ 9. "For example, CoStar's internal documents reflect that in 2019, CoStar launched a sales campaign to '[c]ompet[e] directly and powerfully with RentPath for the business of our duplicative clients and those unique properties using RentPath but not Apartments.com.'" *Id.* "In preparing its sales staff for this campaign, CoStar informed them that RentPath itself had 'severely cut [its] prices in an effort to compete.'" *Id.*

202. On February 12, 2020, CoStar announced its intent to acquire RentPath for $587.5 million. *Id.* ¶ 18.

203. On November 30, 2020, the FTC filed an administrative complaint to block the acquisition and charge CoStar with violating antitrust laws, on the grounds that the proposed merger would be anticompetitive. *Id.* ¶ 1. The FTC also filed a lawsuit in federal court in the District of Columbia to block the merger, and the parties agreed to a temporary restraining order forestalling the planned merger.

204. The FTC defined the relevant product market as ILS advertising for large apartment complexes. *Id.* ¶¶ 19, 20–30. The FTC defined the relevant geographic markets as individual metropolitan areas within the United States—the same relevant geographic markets defined here. *Id.* ¶¶ 19, 31–39.

205. The FTC alleged that CoStar's proposed acquisition of RentPath "w[ould] eliminate price and quality competition that benefits renters and property managers today, resulting in higher prices for the internet listing services relied upon by managers of large apartment buildings." *Id.* ¶ 1. RentPath "summarized the effect of this transaction in simple terms: 'Prices WILL NOT stay the same, it will almost be a monopoly.'" *Id.* ¶ 1.

206. On December 29, 2020, RentPath announced that it had terminated the CoStar acquisition agreement following the FTC's decision to sue to block the merger.[47]

207. While the FTC was able to block this anticompetitive merger, CoStar proceeded to acquire Homes.com, a residential property listing and marketing platform. That deal closed in May 2021, with CoStar having paid $156 million in cash.[48]

**E. CoStar holds monopoly power in the relevant markets.**

208. There is substantial direct evidence of CoStar's monopoly power in the relevant markets.

209. Industry participants—including CoStar itself—have recognized CoStar's dominance in the relevant markets.

210. Indeed, CoStar boasts that "nearly 90% of all CRE activity occurs on a CoStar Network."[49]

---

[47] Press Release, RentPath Holdings, Inc., *RentPath terminates agreement to be acquired by CoStar Group* (Dec. 29, 2020), https://www.prnewswire.com/news-releases/rentpath-terminates-agreement-to-be-acquired-by-costar-group-301199185.html.

[48] *CoStar Group Closes Acquisition of Homes.com*, BUSINESS WIRE (May 24, 2021), https://www.businesswire.com/news/home/20210524005501/en/CoStar-Group-Closes-Acquisition-of-Homes.com.

[49] CoStar Realty Information, Inc., *About CoStar Group,* https://www.costargroup.com/docs/librariesprovider3/media-kit/csg-057-16_aboutcostar.pdf (last visited Aug. 5, 2022).

211. CoStar claims that it receives a dominant share of website visitors in the internet CRE listing services market:




212. Based on the above pie chart, CoStar claims that it is "driving 18X more activity than [its] nearest competitor."




213. Customers in the relevant markets characterize CoStar as a monopolist and have described the ways in which CoStar exercises its monopoly power. In particular, brokers have consistently complained about CoStar's supracompetitive prices, but noted that they are forced to continue purchasing services from CoStar because of its monopoly share and anticompetitive conduct. The following are representative statements from CoStar customers:

i) "No idea how loopnet / costar gets away with what they do as an extremely litigious attempt at a monopoly that feels more like extortion than a service every time you pay them."

ii) "We only have so many dollars to spend and costar/loopnet eats up a large part of that. Like everyone else we would like to see a good alternative to costar but at this point I don't think we are prepared to cut the cord."

iii) "It's honestly pretty ridiculous no website can really compete with LoopNet and they rip everyone off. Crexi is trying but they have a long way to go."

iv) "We have ZERO marketing budget left right now and Costar/Loopnet nearly breaks us with their fees, but I obviously cannot pull that back for the time being."

v) "Too bad CoStar is nearly impossible to compete with...could really use some (accurate) competition in the CRE data space."

vi) "We already pay a fortune for Costar."

vii) "Costar is Satan."

214. Customers have been forced to pay increasingly inflated prices as CoStar acquires and drives competitors out of the relevant markets.

215. After its acquisition of LoopNet, CoStar drastically raised its prices for both its information services and the listing services previously offered by LoopNet. Following the CoStar/LoopNet merger, one CoStar customer reported a price increase of a whopping 300% to 500%:

> Now that Loopnet has decided to gouge brokers and has drastically raised their prices (by 300% ~ 500% depending on the level of functionality you are using. In my case the expense is going from $200/month to approximately $1132/month)…. The Commercial Broker community is up in arms about this latest bit of price gouging by the CoStar/Loopnet group and in my own county the commercial board has held multiple meetings on the topic.

216. In the face of these extreme price increases, customers looked to Xceligent as a potential alternative to CoStar. As one broker explained, "I am

going to reduce my exposure on Loopnet by half and abandon the Loopnet Premium search features; this way my monthly Loopnet costs only rise from my current rate by 75%. Then I am going to use Xcelligent [*sic*] for their search tools and monitor how well their listing tools come online."

217. As discussed above, despite the FTC's efforts to protect Xceligent as a viable competitor, CoStar attacked Xceligent and drove it into bankruptcy. CoStar then again raised its average prices by another 80%, further demonstrating CoStar's ability to raise prices above those that would be charged in a competitive market.[50]

218. As one commercial broker was recently quoted, "CoStar is the only organization that I deal with that is widely hated by its customers…. You don't talk to them. They will sell your data to you, and every time they acquire a competitor, they raise their prices."[51]

219. The conclusion by both industry participants and brokers that CoStar possesses monopoly power is supported by an examination of CoStar's share of the relevant markets.

220. On information and belief, CoStar's current share of the internet CRE listing services market is over 90%.

221. On information and belief, CoStar's current share of the internet CRE information services market is over 90%.

222. On information and belief, CoStar's current share of the internet CRE auction services market is 95%.

223. **Exhibit B** shows CoStar's 2021 estimated market shares for internet CRE listings in the metropolitan areas as defined in Section V.D, *supra*. These

---

[50] Hafuda, *CoStar Group Firing on All Cylinders as the Company Continues to Target Growth Opportunities*, MORNINGSTAR (Oct. 28, 2020); Putzier, *Search and destroy: How CoStar became a $15B juggernaut*, THEREALDEAL (Sep. 1, 2018); *CoStar Group Inc (CSGP) Q2 2018 Earnings Conference Call Transcript*, THE MOTLEY FOOL (July 24, 2018), *available at* https://www.fool.com/earnings/call-transcripts/2018/07/26/costar-group-csgp-q2-2018-earnings-conference-call.aspx (last visited Aug. 5, 2022).

[51] Banister, *CoStar To Look at New Sectors For Next Acquisitions After Failed Deals, FTC Scrutiny,* BISNOW (Mar. 16, 2021).

market share figures were calculated by estimating the dollar value of for-sale listings on CoStar's listings platform in relation to the total value of closed CRE sales transactions in each MSA. Under these calculations, in 12 of the metropolitan areas, CoStar's market share equals or exceeds 90%. In 31 of the metropolitan areas, CoStar's market share equals or exceeds 80%. In 38 of the metropolitan areas, CoStar's market share equals or exceeds 70%. In 46 of the metropolitan areas, CoStar's market share equals or exceeds 60%. And CoStar's market share exceeds 57% in all 50 listed metropolitan areas. Moreover, because CoStar's share of the nationwide internet CRE information services is over 90%, it is reasonable to infer that CoStar's market shares are dominant in individual metropolitan areas. A high aggregate market share implies high market shares in most disaggregated areas.

224. Internet CRE information services and CRE listing services are complementary products. CRE listings are a critical input for information services, which include sales and leasing information, detailed market reports, and other analytics regarding CRE in a given market. The demand for these products is linked; a failure to obtain a critical mass of CRE listings stymies a company's ability to furnish robust information services. Individual market data regarding the revenues of information services providers are not publicly available. But market-level monopoly power in CRE listing services translates to market-level monopoly power in CRE information services, given the complementary nature of the two products. Complete market share data for individual metropolitan areas in the internet CRE information services markets can be ascertained in the course of discovery.

225. Similarly, the internet CRE auction services and CRE listing services are complementary products. Both products facilitate CRE sales transactions, although the desired speed of the transaction differs between the two products. The demand for these products is linked; a company with more CRE listings is likely to

be viewed as more desirable to customers of CRE auction services. Individual market data regarding the revenues of auction services providers are not publicly available. But market-level monopoly power in CRE listing services translates to market-level monopoly power in CRE auction services, given the complementary nature of the two products. Complete market share data for individual metropolitan areas in the internet CRE auction services markets can be ascertained in the course of discovery.

226. As discussed in Section V.E, *supra*, there are substantial barriers to entry in the relevant markets. Further, competitors cannot increase output in the short run to bring CoStar's prices down. There are two reasons for this. First, CoStar imposes prices much higher than those of its competitors for years, and has not been forced to reduce them. If it were possible for competitors to put downward pressure on prices, it would have happened by now. Second, the conduct described above is purposefully designed to reduce competitor output and to minimize rivals' ability to reduce prices in the market. This is so even when competitors, such as CREXi, have product features comparable or superior to those of CoStar.

227. In sum, CoStar has attempted to acquire and maintain monopoly power in the relevant markets—and has succeeded. As a consequence, CoStar has been able to profitably increase and maintain prices substantially above competitive levels.

## VII. CoStar Has No Procompetitive Justification for its Anticompetitive Conduct

228. CoStar has no valid procompetitive justification for its anticompetitive conduct. Its sole purpose is the suppression of competition, and its exclusionary conduct offers no procompetitive benefit in the relevant markets.

229. ***First***, there is no procompetitive justification for CoStar's exclusionary conduct to prevent customers from sharing their own listings (whose contents are not proprietary to CoStar) to publicize their CRE properties. CoStar's actions to

block CREXi from accessing public listings hosted by LoopLink on ***brokers' websites***, unbeknownst to the brokers themselves, is nakedly anticompetitive. There is no procompetitive justification for CoStar's interference with competitors' business relationships with brokers by blocking competitors from accessing public listing information on a brokers' website, or from accessing that same information from public portions of CoStar's websites.

230. Any claimed procompetitive justification proffered by CoStar for its behavior would be pretextual and refuted by CoStar's previous internal policy that publicly available listings should be openly accessible to competitors.

231. Before CoStar acquired LoopNet, CoStar had a formal written policy permitting its employees to access and use CRE information publicly available on LoopNet and LoopLink-hosted websites for competitive purposes. CoStar likewise had a policy that permitted LoopNet to access the public areas of CoStar's websites. When LoopNet sought to block CoStar from accessing publicly available listings, CoStar fought in court to protect its ability to access CRE information on LoopNet to compete effectively. Now that CoStar owns LoopNet, CoStar has reversed its policy of open access and blocks competitors from accessing public information in which it has no independent legal right in order to create proprietary control over information it does not own.

232. The sole purpose for CoStar's change in position is to substantially foreclose competition in the relevant markets.

233. CoStar does not own the vast majority of the public CRE information available on its websites. Most of the CRE information on CoStar's websites is public data provided by CoStar's customers, such as brokers, who pay CoStar to store and display it to the public. It is these customers, not CoStar, who are making the investment in creating this data.

234. ***Second***, there is no procompetitive justification for CoStar's conduct to falsely imply or assert intellectual property ownership over CRE information and photographs CoStar does not own.

235. There is no legitimate justification for CoStar to superimpose its logo—which CoStar falsely claims is its "copyright management information"—onto photographs it does not own. Copyright and other intellectual property laws grant intellectual property holders with a *limited* monopoly extending only to the covered property and only for a defined period of time. The law prohibits CoStar from seeking to extend a copyright monopoly to other products or works. Here, CoStar's conduct is even more pernicious and anticompetitive. By affixing its logo to images supplied by brokers or other third parties, and then incorrectly claiming that the logo is "copyright management information," CoStar falsely implies copyright ownership over images it never owned.

236. Even in instances when it does not modify CRE listing contents, CoStar still brashly asserts false copyright claims over photographs it does not own to force the removal of such photos from CREXi's platform. While many brokers have come forward with evidence to prove that they—not CoStar—own these photographs, CoStar's baseless assertions nonetheless disrupt CREXi's relationships with brokers and foster market uncertainty about the ownership and permitted use of images contained in brokers' listings.

237. CoStar's only purpose in its widespread false claims of intellectual property ownership is to restrain customers from using competitors' products and services, to prevent competitors from using brokers' CRE information and photographs to compete with CoStar, and to sow confusion in the marketplace regarding the legitimate ownership of property photographs.

238. ***Third***, there is no procompetitive justification for CoStar's infringement of CREXi's trademarked name to advertise CoStar's own products and services in the relevant markets. The only purpose of CoStar's use of the

CREXI® mark is to unfairly compete with CREXi by misrepresenting CoStar's products as affiliated with CREXi and misleadingly directing customers searching for CREXi's products and services to CoStar's websites. CoStar's anticompetitive trademark infringement siphons customers away from CREXi's competing products and services and serves only to impede competition in the relevant markets.

## VIII. CREXi Has Suffered Antitrust Injury

239. CoStar's anticompetitive conduct has foreclosed innovative competition in the relevant markets, causing substantial harm to competition.

240. As a direct and proximate cause of CoStar's anticompetitive conduct, CREXi has suffered antitrust injuries of the type the antitrust laws are intended to prevent and that flow from that which makes CoStar's acts unlawful. The injury to CREXi from CoStar's anticompetitive actions is a direct byproduct of the injury to consumers.

241. While CoStar's anticompetitive scheme is designed to substantially foreclose all innovative competition in the relevant markets, CoStar has particularly targeted CREXi. After failing to slow CREXi's momentum in the marketplace through legitimate competition, CoStar specifically targeted CREXi with its scheme of anticompetitive conduct designed to preclude competitors, and CREXi in particular, from making further gains in the relevant markets. Those gains, if realized, would inevitably result in lower prices, greater output, increased innovation, and increased consumer choice.

242. CoStar's targeting of CREXi follows CoStar's *modus operandi* of engaging in anticompetitive behavior to push competitors out of the marketplace or weaken them once they achieve a certain size that CoStar deems to be a competitive threat. It is the same playbook that CoStar ran against LoopNet to weaken LoopNet for CoStar's eventual acquisition. It is also the same playbook that CoStar later ran against Xceligent, successfully driving Xceligent out of the market entirely.

243. Like all CoStar competitors, CREXi is unable to compete fully and effectively with CoStar's products and services due to CoStar's anticompetitive conduct. Even though CREXi is a more innovative company with superior products and services, CoStar has been able to maintain its monopolies in the relevant markets and maintain supra-competitive prices by imposing exclusionary contractual terms, claiming intellectual property protection over images and data CoStar does not own, and infringing CREXi's trademarks to advertise CoStar's own products and services.

244. Although CREXi has grown due to its success, CREXi would present an even greater competitive threat to CoStar's monopolies in the relevant markets if it were permitted to compete on the merits. Indeed, the harm to CREXi is a proxy for the harm to industry-wide competitors and customers because CREXi is the type of innovative and efficient competitor that, if not improperly hindered by CoStar's anticompetitive scheme, would be able to significantly penetrate the relevant markets. That market penetration, absent CoStar's conduct, would force CoStar to become more innovative and efficient to the benefit of consumers. Instead, the opposite is occurring. Competitors such as CREXi (and Xceligent and LoopNet before it) are being improperly foreclosed or acquired by CoStar, and CoStar is maintaining its market dominance not by virtue of its products and services, but rather through its overall anticompetitive scheme.

245. CREXi's injury reflects the anticompetitive effects of CoStar's exclusionary conduct. It is through the exclusion of CREXi and other rivals from effective competition in the relevant markets that CoStar has been able to maintain its monopoly power, resulting in higher prices, reduced output, and slowed innovation.

246. CoStar's anticompetitive conduct has caused significant damage to CREXi in the form of substantially higher costs to pursue entry into the relevant

markets, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

247. Through the imposition of its exclusionary contractual terms and technological measures, CoStar has effectively locked customers into exclusive deals with CoStar and prevented them from competing with CoStar or working with CoStar's competitors. As a result, CoStar has obstructed and continues to obstruct and restrain CREXi's ability to access brokers' listings and other public CRE data for the purpose of building products and services to compete with CoStar in the relevant markets.

248. CoStar's anticompetitive conduct disrupts the free flow of CRE information throughout the relevant markets and frustrates the efficient distribution of CRE content by brokers to competitors of CoStar in the relevant markets. As a direct and proximate result of CoStar's anticompetitive behavior, CREXi has incurred, and will continue to incur, substantially higher costs in its efforts to enter and compete with CoStar in the relevant markets.

249. Likewise, CoStar's anticompetitive practice of claiming intellectual property protection over brokers' photographs and other information that CoStar does not own increases CREXi's costs. That practice inhibits CREXi's ability to access CRE listings directly from brokers.

250. CoStar's infringement of CREXi's trademarked name to advertise CoStar's own products and services has diminished CREXi's goodwill, caused consumer confusion, and hindered CREXi's ability to realize market share and profits through fair competition.

251. CoStar's anticompetitive behavior has also slowed CREXi's expansion in the relevant markets. Building internet CRE listing services, information services, and auction services, as CREXi has done and continues to do, is a time-consuming, costly, and labor-intensive endeavor. Because CoStar's anticompetitive conduct has the effect of blocking CREXi's access to brokers' own CRE

information and photographs, CREXi has been forced to spend additional time, resources, and money to build its products and services, substantially slowing CREXi's expansion.

252. As a direct and proximate result of CoStar's anticompetitive conduct, CREXi has experienced lost revenue and lost profits from unrealized market share that CREXi otherwise would have acquired in the relevant markets, from potential customers electing not to switch from CoStar's services to CREXi's services or from using CREXi's services in addition to CoStar's, and from existing customers electing to terminate their relationships with CREXi.

253. Finally, CoStar's anticompetitive conduct has caused and will continue to cause substantial harm to competition in the internet CRE listing services, information services, and auction services markets. CoStar's exclusionary behavior has already led to substantial consolidation in the relevant markets, the elimination of competitors, and further entrenched CoStar's monopoly power. But for CoStar's anticompetitive behavior, CREXi's entry and growth would have fostered much-needed competition to these relevant markets, paving the way for future competitors, increased market efficiency, greater transparency, innovation, increased consumer choice, and lower costs for brokers and other customers who are paying supra-competitive prices for CoStar's products and services.

## IX. CoStar Interferes with CREXi's Contracts and Business Prospects.

254. In addition to CoStar's antitrust violations and trademark infringement, CoStar has tortiously interfered with CREXi's contracts and prospective economic advantage.

255. CREXi maintains business relationships with its customers by offering both free and paid services to brokers, buyers, and tenants to view, lease, rent, and list CRE on CREXi's marketplace. Customers that pay for access to CREXi's platform—known as "Pro" customers—also get access to a suite of tools and services, including an option for a client's listing to rank higher in searches, the

ability to download lead reports for properties, access to CREXi's Intelligence service for detailed CRE information, dedicated support from customer success managers, in-depth reporting and analytics, and access to lead contact information.

256. CoStar's conduct impedes, disrupts, and otherwise hampers CREXi's ability to provide services to its clients.

257. ***First,*** CoStar's use of LoopLink as a surreptitious method to lock brokers into using LoopNet, and its deployment of blocking technology to prevent brokers from working with CREXi, as described in Section IV.B, *supra*, impedes CREXi's ability to populate, maintain, or develop CRE listings at the behest of its customers and prospective customers. CREXi has over 500 existing customers who use CoStar's LoopLink tool and whose CRE listings CoStar has blocked CREXi from accessing on those brokers' own websites. CREXi also has many more customers who have directed CREXi to access their listings on LoopNet, but whose listings CREXi is unable to access due to CoStar's technological blocks. CoStar has interfered with CREXi's ability to work with countless other prospective customers through the same means.

258. CoStar's CEO, Mr. Florance, has admitted that blocking competitors from accessing CRE listings on brokers' own websites constitutes unlawful intentional interference with contractual or prospective business relationships. Before CoStar acquired LoopNet, LoopNet blocked CoStar's access to LoopNet and LoopLink-hosted websites. As Mr. Florance explained at that time, "LoopNet's conduct of blocking CoStar's access to its website and/or broker websites supported by LoopNet's LoopLink technology has interfered with the performance of CoStar's customers under their license agreements" and "makes it less likely that other prospective customers will enter into economic relationships with CoStar."[52] CoStar claimed that LoopNet's efforts to block CoStar from public

[52] Mar. 10, 2009 Florance Decl. ¶¶ 6–7, *Loopnet Inc. v. CoStar Group, Inc.*, BC380863 (Los Angeles Super. Mar. 10, 2009); *see also* Ex. G, Florance Decl. at ¶ 30, *Loopnet Inc. v. CoStar Group, Inc.*, BC380863 (Los Angeles Super. Ct, Apr. 7, 2009).

listing information damaged CoStar's relationships with "every [CoStar] customer," and constituted irreparable harm.[53]

259. The same is true now. CoStar's intentional and deliberate efforts to block CREXi from brokers' websites hosted by LoopLink has, in Mr. Florance's own words, "interfered with the performance of [CREXi's] customers" under their contracts with CREXi, "makes it less likely that other prospective customers will enter into economic relationships with [CREXi]," and has damaged CREXi's relationships with "every [CREXi] customer."[54]

260. ***Second***, CoStar's false claims of copyright ownership over photographs and other CRE listing information has led to multiple interruptions of service for CREXi's customers. In July 2022 alone, over 50 CREXi customers e-mailed CREXi to dispute CoStar's copyright claims, after CREXi notified them that CREXi had removed the brokers' OMs due to CoStar's copyright claims. Many of these brokers provided CREXi with evidence that they owned the image at issue and asked that the listings be reinstated. These interruptions in CREXi's contracted-for services, predicated on false claims of copyright by CoStar, damage CREXi's business relationships, impede the operation of CREXi's CRE marketplace, and hinder CREXi's clients' access to CRE listings.

261. ***Third,*** CoStar's anticompetitive conduct and use of exclusionary contracts has interfered with CREXi's prospective business relationships. CREXi has signed multiple clients to its platform, only to have those users balk at continuing to use or investing in CREXi's services because of CoStar's oppressive contracts, extreme pricing, and restrictive policies.

i) For example, CREXi initiated a relationship with Broker 65 operating throughout North America, with the expectation that Broker 65 would list CRE properties on CREXi's website. Broker 65, however, balked at maintaining

---

[53] June 8, 2009 Florance Depo. Tr. at 69:5–15, 89:14–17.

[54] *See* Mar. 10, 2009 Florance Decl. ¶ 6, *Loopnet Inc. v. CoStar Group, Inc.*, BC380863 (Los Angeles Super. Mar. 10, 2009)

its relationship with CREXi due to concerns regarding "CoStar's photo restrictions." That broker ceased doing business with CREXi.

ii) Similarly, Broker 66 declined to work with CREXi due to CoStar and LoopNet's restrictive contracts, which Broker 66 understood to preclude it from cross-listing CRE properties on both CREXi's and CoStar's platforms.

iii) Likewise, CREXi attempted to establish a client relationship with a Broker 64, who expressed considerable interest in CREXi's products and platform. Unfortunately, however, that client's inability to cancel his contract with CoStar, and the attendant expenses, precluded him from signing with CREXi. Broker 64 declined to do business with CREXi.

262. CoStar is aware that its conduct has impeded CREXi's ability to offer its services and satisfy its agreements with its clients. CoStar is readily familiar with the processes, services, and tools for listing CRE properties in the United States. And CoStar is directly in contact with CREXi's clients, who CoStar knows may attempt to cross-list on both parties' platforms. CoStar also monitors CREXi's website and listings and, therefore, is aware of CREXi's customers.

263. Additionally, CREXi's customers have directly informed CoStar that CoStar's fraudulent copyright claims have disrupted CREXi's services. Indeed, CoStar has received so many complaints regarding its false assertions of ownership over CRE images that it has developed a form response and dedicated phone line to deal with those complaints. However, CoStar's form response is designed to sow further confusion as to the legitimate ownership of CRE images. CoStar refuses to tell brokers in concrete terms whether CoStar claims ownership over any specific image at issue, while leveling spurious accusations against CREXi to further harm CREXi's standing with brokers.

264. CoStar's false claims of copyright ownership, efforts to block CREXi's access to its customers' and prospective customers' websites, and other

exclusionary conduct are for anticompetitive and disruptive purposes. By engaging in this conduct, CoStar impedes the functionality of CREXi's listings marketplace, interferes with CREXi's relationships, restricts the output of CRE listings, and seeks to drive CREXi out of the market. CoStar's conduct has caused CREXi to lose both current and prospective clients, damaging it reputationally and financially.

## FIRST CLAIM FOR RELIEF

**(Unlawful Monopolization of the Internet CRE Listing Services Market in Violation of Section 2 of the Sherman Act — 15 U.S.C. § 2)**

265. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

266. CoStar's conduct, individually or taken as a whole, constitutes the intentional and unlawful maintenance of monopoly power in the internet CRE listing services market, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

267. The internet CRE listing services market constitutes a relevant product market. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

268. CoStar holds monopoly power in the internet CRE listing services market.

269. Barriers to entry and barriers to expansion by existing firms are high in the internet CRE listing services market.

270. CoStar unlawfully maintains its monopoly power in the internet CRE listing services market through the anticompetitive acts described herein, whose goals and effects are to inhibit competitors of CoStar from working with brokers. Examples of CoStar's anticompetitive conduct are:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services; and

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition.

271. CoStar's conduct affects a substantial volume of interstate commerce.

272. CoStar's conduct has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE listing services market and has deprived consumers of the benefits of competition among multiple providers of internet CRE listing services.

273. CoStar does not have a legitimate business purpose for its anticompetitive conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE listing services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Nor does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE listings market. The only "benefit" that flows from CoStar's anticompetitive conduct is reduction in competition, which only serves to further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

274. Through its anticompetitive conduct, CoStar has harmed consumers and the marketplace and impaired competition by depriving consumers of access to alternative internet CRE listing services, and lower prices for such services, including the products offered by CREXi.

275. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust

laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE listing services market, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

276. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

## SECOND CLAIM FOR RELIEF

**(Unlawful Monopolization of the Internet CRE Information Services Market in Violation of Section 2 of the Sherman Act — 15 U.S.C. § 2)**

277. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

278. CoStar's conduct, individually or taken as a whole, constitutes the intentional and unlawful maintenance of monopoly power in the internet CRE information services market, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

279. The internet CRE information services market constitutes a relevant product market. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

280. CoStar holds monopoly power in the internet CRE information services market.

281. Barriers to entry and barriers to expansion by existing firms are high in the internet CRE information services market.

282. CoStar unlawfully maintains its monopoly power in the internet CRE information services market through the anticompetitive acts described herein, whose goals and effects are to inhibit competitors of CoStar from working with brokers. Examples of CoStar's anticompetitive conduct are:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services; and

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition.

283. CoStar's conduct affects a substantial volume of interstate commerce.

284. CoStar's conduct has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE information services market and has deprived consumers of the benefits of competition among multiple providers of internet CRE information services.

285. CoStar does not have a legitimate business purpose for its anticompetitive conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE information services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Nor does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE information services market. The only "benefit" that flows from CoStar's anticompetitive conduct is reduction in competition, which only serves to further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

286. Through its anticompetitive conduct, CoStar has harmed consumers and the marketplace and impaired competition by depriving consumers of access to

alternative internet CRE information services, and lower prices for such services, including the products offered by CREXi.

287. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE information services market, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

288. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

**THIRD CLAIM FOR RELIEF**

**(Unlawful Monopolization of the Internet CRE Auction Services Market in Violation of Section 2 of the Sherman Act — 15 U.S.C. § 2)**

289. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

290. CoStar's conduct, individually or taken as a whole, constitutes the intentional and unlawful maintenance of monopoly power in the internet CRE auction services market, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

291. The internet CRE auction services market constitutes a relevant product market. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

292. CoStar holds monopoly power in the internet CRE auction services market.

293. Barriers to entry and barriers to expansion by existing firms are high in the internet CRE auction services market.

294. CoStar unlawfully maintains its monopoly power in the internet CRE auction services market through the anticompetitive acts described herein, whose goals and effects are to inhibit competitors of CoStar from working with brokers. Examples of CoStar's anticompetitive conduct are:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services;

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition; and

iv) Infringing CREXi's trademark to advertise CoStar's products and services and unfairly compete with CREXi.

295. CoStar's conduct affects a substantial volume of interstate commerce.

296. CoStar's conduct has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE auction services market and has deprived consumers of the benefits of competition among multiple providers of internet CRE auction services.

297. CoStar does not have a legitimate business purpose for its anticompetitive conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE auction services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Nor does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE auction services market. The only "benefit" that flows from

CoStar's anticompetitive conduct is reduction in competition, which only serves to further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

298. Through its anticompetitive conduct, CoStar has harmed consumers and the marketplace and impaired competition by depriving consumers of access to alternative internet CRE auction services, and lower prices for such services, including the products offered by CREXi.

299. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE auction services market, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

300. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

## FOURTH CLAIM FOR RELIEF

**(Attempted Monopolization of the Internet CRE Listing Services Market in Violation of Section 2 of the Sherman Act — 15 U.S.C. § 2)**

301. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

302. The internet CRE listing services market constitutes a relevant product market. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

303. CoStar willfully and wrongfully attempted to obtain and maintain monopoly power in the internet CRE listing services market.

304. Barriers to entry and barriers to expansion by existing firms are high in the internet CRE listing services market.

305. CoStar acted with a specific intent to monopolize and to destroy competition in the internet CRE listing services market through the anticompetitive acts described herein, including by:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services; and

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition.

306. CoStar's conduct affects a substantial volume of interstate commerce.

307. CoStar's conduct, individually or taken as a whole, has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE listing services market and has deprived consumers of the benefits of competition among multiple providers of internet CRE listing services

308. CoStar does not have a legitimate business purpose for its anticompetitive conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE listing services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Nor does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE listing services market. The only "benefit" that flows from CoStar's anticompetitive conduct is reduction in competition, which only serves to

further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

309. Throughout the time CoStar engaged in the exclusionary conduct alleged herein, it had a dangerous probability of succeeding in gaining a monopoly in and controlling the internet CRE listing services market and excluding its competitors.

310. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE listing services market, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

311. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

**FIFTH CLAIM FOR RELIEF**

**(Attempted Monopolization of the Internet CRE Information Services Market in Violation of Section 2 of the Sherman Act — 15 U.S.C. § 2)**

312. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

313. The internet CRE information services market constitutes a relevant product market. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

314. CoStar willfully and wrongfully attempted to obtain and maintain monopoly power in the internet CRE information services market.

315. Barriers to entry and barriers to expansion by existing firms are high in the internet CRE information services market.

316. CoStar acted with a specific intent to monopolize and to destroy competition in the internet CRE information services market through the anticompetitive acts described herein, including by:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services; and

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition.

317. CoStar's conduct affects a substantial volume of interstate commerce.

318. CoStar's conduct, individually or taken as a whole, has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE information services market and has deprived consumers of the benefits of competition among multiple providers of internet CRE information services

319. CoStar does not have a legitimate business purpose for its anticompetitive conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE information services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Nor does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE information services market. The only "benefit" that flows from CoStar's anticompetitive conduct is reduction in competition, which only serves to further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

320. Throughout the time CoStar engaged in the exclusionary conduct alleged herein, it had a dangerous probability of succeeding in gaining a monopoly in and controlling the internet CRE information services market and excluding its competitors.

321. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE information services market, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

322. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

## SIXTH CLAIM FOR RELIEF

**(Attempted Monopolization of the Internet CRE Auction Services Market in Violation of Section 2 of the Sherman Act — 15 U.S.C. § 2)**

323. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

324. The internet CRE auction services market constitutes a relevant product market. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

325. CoStar willfully and wrongfully attempted to obtain and maintain monopoly power in the internet CRE auction services market.

326. Barriers to entry and barriers to expansion by existing firms are high in the internet CRE auction services market.

327. CoStar acted with a specific intent to monopolize and to destroy competition in the internet CRE auction services market through the anticompetitive acts described herein, including by:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services;

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition; and

iv) Infringing CREXi's trademark to advertise CoStar's products and services and unfairly compete with CREXi.

328. CoStar's conduct affects a substantial volume of interstate commerce.

329. CoStar's conduct, individually or taken as a whole, has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE auction services market and has deprived consumers of the benefits of competition among multiple providers of internet CRE auction services

330. CoStar does not have a legitimate business purpose for its anticompetitive conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE auction services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Nor does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE auction services market. The only "benefit" that flows from CoStar's anticompetitive conduct is reduction in competition, which only serves to

further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

331. Throughout the time CoStar engaged in the exclusionary conduct alleged herein, it had a dangerous probability of succeeding in gaining a monopoly in and controlling the internet CRE auction services market and excluding its competitors.

332. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE auction services market, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

333. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

**SEVENTH CLAIM FOR RELIEF**

**(Exclusionary Contracts in Violation of Section 1 of the Sherman Act — 15 U.S.C. § 1)**

334. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

335. Internet CRE listings, information, and auctions services constitute relevant product markets. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

336. Through agreements with customers, including the exclusionary contractual restrictions and other conduct described in Sections IV.B–F, *supra*, CoStar has unreasonably restrained trade in the internet listings, information, and auctions services markets.

337. CoStar's conduct affects a substantial volume of interstate commerce.

338. CoStar's conduct has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE listing, information, and auction services markets and has deprived consumers of the benefits of competition among multiple providers of these services.

339. Through its anticompetitive conduct, CoStar has harmed consumers and the marketplace and impaired competition by depriving consumers of access to alternative internet CRE listing, information, and auction services, and lower prices for such services, including the products offered by CREXi.

340. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE listing, information, and auction services markets, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

341. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

## EIGHTH CLAIM FOR RELIEF

**(Exclusionary Contracts in Violation of the Cartwright Act — Cal. Bus. & Prof. Code § 16720)**

342. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

343. Internet CRE listings, information, and auctions services constitute relevant product markets. A metropolitan area is the relevant geographic market for the product market, including the 50 metropolitan areas identified in **Exhibit B.**

344. Through agreements with customers, including the exclusionary contractual restrictions and other conduct described in Sections IV.B–F, *supra*, CoStar has unreasonably restricted trade in the internet listings, information, and auctions services markets.

345. CoStar's conduct affects a substantial volume of commerce in and affecting the state of California.

346. CoStar's conduct has substantial anticompetitive effects, including increased prices and costs, reduced innovation and quality of service, and lowered output. Through its anticompetitive conduct, CoStar has excluded, or seeks to exclude, competition from the internet CRE listing, information, and auction services markets and has deprived consumers of the benefits of competition among multiple providers of these services.

347. Through its anticompetitive conduct, CoStar has harmed consumers and the marketplace and impaired competition by depriving consumers of access to alternative internet CRE listing, information, and auction services, and lower prices for such services, including the products offered by CREXi.

348. As a direct, foreseeable, and proximate result of CoStar's anticompetitive conduct, CREXi has been harmed in a manner that the antitrust laws are intended to protect against. Without limitation, CREXi has suffered harm in the form of substantially higher costs to pursue entry into the internet CRE listing, information, and auction services markets, lost revenue and profits, diminished future sales opportunities, and increased operating costs.

349. Unless CoStar's anticompetitive conduct is enjoined, CREXi will suffer immediate and irreparable injury for which CREXi is without an adequate

remedy at law. To prevent these ongoing harms, the Court should enjoin the anticompetitive conduct complained of herein.

## NINTH CLAIM FOR RELIEF

### (Trademark Infringement — 15 U.S.C. § 1114)

350. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

351. As alleged above, the CREXI® mark is a valid, federally registered trademark owned by CREXi. CREXi uses the CREXI® mark to describe, advertise, and promote its products and services. The CREXI® mark is unique, distinctive, and memorable.

352. CoStar has used in interstate commerce reproductions, copies, facsimiles, and depictions of the CREXI® mark in conducting CoStar's business in connection with CoStar's advertising, offering for sale, distribution and sale of its Ten-X products and services in a manner likely to cause confusion or mistake or to deceive.

353. CoStar's actions in using the CREXI® mark have at all times been without CREXi's consent and with the intent to cause confusion, mistake and to deceive. Indeed, CoStar purposefully used the CREXI® mark as a Google AdWord and in the header of CoStar's advertisements in order to associate its Ten-X products with CREXi's products, to cause consumer confusion, and to direct consumers to its own website instead of CREXi's.

354. As a result of CoStar's trademark infringement, CoStar has gained profits and CREXi has lost profits.

355. CoStar's acts constitute trademark infringement in violation of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114.

356. CoStar's acts complained of herein have damaged, and will irreparably damage, CREXi. CREXi has no adequate remedy at law for these wrongs and injuries. The damage to CREXi includes harm to its goodwill and reputation in the

marketplace that money damages cannot compensate. Therefore, CREXi is entitled to injunctive relief restraining and enjoining CoStar and its agents, servants, and employees, and all persons acting in concert therewith, from using the CREXI® mark in connection with the sale, offering for sale, distribution or advertisement of goods, products, or services, or in any manner likely to cause confusion or mistake or to deceive the trade or public as to the source or origin of CoStar's goods, products, or services.

357. Because CoStar has willfully used the CREXI® mark in a manner calculated to promote the sale of CoStar's goods, products, or services, CREXi is entitled to recover three times CoStar's profits and CREXi's damages, reasonable attorneys' fees, and the costs of this action under 15 U.S.C. §§ 1114, 1116, and 1117.

**<u>TENTH CLAIM FOR RELIEF</u>**

**(Intentional Interference with Contract)**

358. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

359. CREXi entered into valid and binding contracts with its customers, including, without limitation: Broker 1; Broker 2; Broker 3; Broker 6; Broker 9; Broker 10 on September 4, 2019; Broker 11 on June 3, 2016; Broker 12, who is a Pro user, on May 1, 2018; Broker 13 on April 13, 2018; Broker 14, who is a Pro user, on September 30, 2016; Broker 15; Broker 16, who is a Pro user, on February 27, 2020; Broker 17 on June 4, 2019; Broker 18, who is a Pro user, on March 15, 2022; Broker 19, who is a Pro user, on March 25, 2020; Broker 20 on August 26, 2021; Broker 21; Broker 22 on May 30, 2017; Broker 23 on February 27, 2021; Broker 24 on March 7, 2019; Broker 25 on September 21, 2016; Broker 26, who is a Pro user, on March 7, 2019; Broker 27, who is a Pro user, on March 7, 2019; Broker 28 on March 11, 2019; Broker 29 on August 21, 2017; Broker 30 on March 19, 2019; Broker 31, who is a Pro user, on February 3, 2020; Broker 33 on January

13, 2016; Broker 34 on December 12, 2019; Broker 35 on December 26, 2020; Broker 36 on January 25, 2016; Broker 37 on January 25, 2016, Broker 38, who is a Pro user, on March 21, 2019; Broker 39, who is a Pro user, on January 28, 2018; Broker 40 on March 18, 2022; Broker 41; Broker 42 on March 10, 2020; Broker 43 on November 1, 2021; Broker 44 on March 25, 2022; Broker 45 on August 4, 2020; Broker 46, who is a Pro user, on July 28, 2017; Broker 47, who is a Pro user, on April 4, 2017; Broker 48, who is a Pro user, on June 22, 2016; Broker 49 on November 11, 2021; Broker 50; Broker 51, who is a Pro user, on May 17, 2016; Broker 52, who is a Pro user, on February 1, 2017; Broker 53, who is a Pro user, on September 18, 2021; Broker 54, who is a Pro user, on March 3, 2020; Broker 55, who is a Pro user, on July 8, 2021; Broker 56, who is a Pro user, on June 6, 2016; Broker 57, who is a Pro user, on October 30, 2018; Broker 58 on September 25, 2017; Broker 59, who is a Pro user, on September 11, 2019; Broker 61, who is a Pro user, on August 23, 2017; Broker 62, who is a Pro user, on September 25, 2017; Broker 63 on March 2, 2020; Broker 67, who is a Pro user, on February 28, 2018; Broker 68 on November 6, 2020; Broker 69, who is a Pro user, on July 18, 2016; Broker 70 on April 10, 2019; and Broker 71, who is a Pro user, on July 5, 2018.

360. CoStar has and had knowledge of CREXi's contracts with CREXi's customers. As the largest CRE platform in the United States, CoStar has been in direct contact with CREXi's clients and is aware of CREXi's operations in the CRE marketplace. Additionally, CREXi's customers have directly informed CoStar of their contractual relationships with CREXi, as described in paragraph 263. And CoStar actively monitors CREXi's website and, therefore, is aware of CREXi's customers and contracts. Upon information and belief, CoStar was specifically aware of CREXi's contractual relationships with the brokers identified *supra*, including those listed in paragraph 359.

361. CoStar intended to disrupt and interfere with CREXi's contractual relationships. CoStar was aware of the harm to CREXi that would and did result from CoStar deploying technological measures to surreptitiously block CREXi's access to CREXi's customers' own listings on those customers' own websites. CoStar was also aware of the harm to CREXi that would and did result from CoStar's false claims of ownership over CREXi's customers' own listing information and photographs. And CoStar was aware of the harm to CREXi that would and did result from CoStar's anticompetitive conduct and exclusionary contractual terms to lock brokers into *de facto* exclusive arrangements with CoStar, while threatening brokers that they are in breach of their contracts with CoStar if they provide their own information and photographs to CREXi.

362. CoStar's conduct did in fact disrupt and interfere with CREXi's contractual relationships, requiring breach, termination, and/or substantial inference with these contracts. CoStar's deployment of technological measures to surreptitiously block CREXi's access to CREXi's customers' own listings on those customers' own websites affected CREXi's ability to provide its contracted-for services. Likewise, CoStar's false claims of ownership over CREXi's customers' own listing information and photographs disrupted the provision of CREXi's services to its customers. And CoStar's anticompetitive conduct and exclusionary contractual terms to lock brokers into *de facto* exclusive arrangements with CoStar has disrupted the provision of CREXi's services to its customers.

363. CoStar was neither justified nor privileged in taking such actions.

364. As a direct and proximate result of CoStar's conduct, CREXi has suffered damages, including but not limited to lost business, loss of client goodwill, and impeded ability to continue operating in the commercial real estate market.

365. CoStar's conduct constitutes oppression, fraud, and malice, entitling CREXi to an award of exemplary or punitive damages against CoStar, in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

366. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

367. By virtue of its economic relationships with its customers, including those contractual relationships described *supra* in paragraphs 358–65, CREXi enjoyed a prospective business relationship that carried with it the probability of future economic benefit. In addition, CREXi had economic relationships with prospective clients, including Brokers 2, 5, 6, and 64–69, who had been in contact with CREXi about listing CRE on CREXi's platform.

368. CoStar has and had knowledge of CREXi's economic relationships with its customers. CoStar was also aware that its conduct was substantially certain to cause disruption of those contractual and economic relationships. As the largest CRE platform in the United States, CoStar has been in direct contact with CREXi's clients and is aware of CREXi's operations in the CRE marketplace. Additionally, CREXi's customers have directly informed CoStar of their business relationships with CREXi, including their expectation that they may or expect to list CRE on CREXi's platform. And CoStar actively monitors CREXi's website and, therefore, is aware of CREXi's customers, its business activities, and the clients with whom it works and expects to continue working. Upon information and belief, CoStar was specifically aware of CREXi's prospective client relationships and contractual relationships with the Brokers identified *supra*, including those listed in paragraphs 359 and 367.

369. As described in more detail above, CoStar engaged in intentional and wrongful conduct designed to interfere with and disrupt CREXi's prospective economic advantage. CoStar falsely claimed copyright ownership over CRE listing data and photographs, interfering with CREXi's economic relationships with its prospective and current clients. CoStar blocked CREXi's access to its customers'

and prospective customers' websites, interfering with CREXi's economic relationships with its prospective and current clients. CoStar committing exclusionary and anticompetitive conduct, including by interfering with CREXi's contractual relations.

370. As described *supra*, including in paragraphs 43, 44, 64–69, and 254–64, CoStar's conduct did in fact disrupt and interfere with CREXi's prospective business advantage.

371. As a direct and proximate result of CoStar's conduct, CREXi has suffered and will continue to suffer damages, including but not limited to lost business, loss of client goodwill, and impeded ability to operate in the CRE market.

372. CoStar's conduct constitutes oppression, fraud, and malice, entitling CREXi to an award of exemplary or punitive damages against CoStar, in an amount to be determined at trial.

**TWELFTH CLAIM FOR RELIEF**

**(Unfair Competition — Cal. Bus. & Prof. Code § 17200)**

373. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

374. CoStar's anticompetitive and exclusionary conduct, individually or taken as a whole, violates the policy or spirit of antitrust law.

375. CoStar engages in unfair competition by:

i) Leveraging LoopLink to force customer use of LoopNet and surreptitiously blocking competitors' access to brokers' own listings on brokers' own websites, to prevent brokers from working with competitors;

ii) Imposing exclusionary contractual restrictions to prevent brokers from using competitors' services;

iii) Falsely claiming intellectual property ownership over customers' CRE information and photographs to stifle competition; and

iv) Infringing CREXi's trademark to advertise CoStar's products and services and unfairly compete with CREXi.

v) CoStar does not have a legitimate business purpose for its anticompetitive and unfair conduct. The anticompetitive effects of CoStar's conduct far outweigh any purported procompetitive justification. CoStar's conduct does not result in any greater ability to reduce costs in producing or innovating upon internet CRE information services that it sells to customers that could result in reduced prices, higher quality, or greater availability to customers. Neither does CoStar's conduct reduce barriers to other rivals' entry, or otherwise result in greater competition in the internet CRE information services market. The only "benefit" that flows from CoStar's anticompetitive conduct is reduction in competition, which only serves to further cement CoStar's monopoly while disadvantaging consumers and competition on the merits.

376. Thus, CoStar's actions described herein constitute actionable violations of the UCL's "unfair" business practices prong.

377. As a direct and proximate result of CoStar's conduct, CREXi has suffered and will continue to suffer loss of money and property including but not limited to lost business.

378. Unless CoStar is enjoined from engaging in the conduct described herein, CREXi will suffer severe, irreparable harm. CREXi has no adequate remedy at law because monetary damages will not afford adequate relief for the loss of CREXi's business relationships and client goodwill. CREXi is informed and believes that unless the Court grants injunctive relief and orders CoStar to pay restitution, CoStar will continue to engage in the unfair business practices described herein.

## THIRTEENTH CLAIM FOR RELIEF

**(Unlawful Competition — Cal. Bus. & Prof. Code § 17200)**

379. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

380. CoStar's aforementioned acts—monopolization, attempted monopolization, tortious interference, and trademark infringement—whether considered individually or taken as a whole, violate the UCL's "unlawful" business practices prong.

381. As a direct and proximate result of CoStar's conduct, CREXi has suffered and will continue to suffer loss of money and property including but not limited to lost business.

382. Unless CoStar is enjoined from engaging in the conduct described herein, CREXi will suffer severe, irreparable harm. CREXi has no adequate remedy at law because monetary damages will not afford adequate relief for the loss of CREXi's business relationships and client goodwill. CREXi is informed and believes that unless the Court grants injunctive relief and orders CoStar to pay restitution, CoStar will continue to engage in the unfair business practices described herein.

## FOURTEENTH CLAIM FOR RELIEF

**(Declaratory Judgment that CREXi Has Not Engaged in Unlawful Conduct by Accessing Publicly Available Information on CoStar's Websites)**

383. CREXi incorporates by reference all previous paragraphs as though fully set forth herein.

384. An actual controversy exists between CREXi and CoStar. CoStar, through its selective enforcement of purported contractual terms, imposition of technological blocking measures, and litigation, has asserted that CREXi engages in wrongful or unlawful conduct by seeking to access publicly available information on CoStar's websites, including LoopNet. CoStar has engaged in this conduct for

an improper, anticompetitive purpose and to give itself an unfair competitive advantage.

385. CREXi maintains that it is lawful for CREXi to access publicly available information on CoStar's websites, including LoopNet. CREXi further maintains that it is unlawful for CoStar to selectively block its competitor, CREXi, from accessing publicly available information on CoStar's websites, including LoopNet.

386. Accordingly, CREXi seeks a declaration that it has not and will not engage in unlawful conduct by accessing publicly available information on CoStar's websites. CREXi further seeks a declaration that CoStar may not enforce purported contractual terms of service, technological measures, or take any other steps to block CREXi's access to publicly available information on CoStar's websites. CREXi also seeks a declaration that CoStar has engaged in unlawful conduct by blocking CREXi's access to publicly available information on CoStar's websites.

## PRAYER FOR RELIEF

WHEREFORE, CREXi prays for judgment in favor of CREXi and against CoStar as follows:

1. Issuing an Order directing the termination of CoStar's anticompetitive conduct and injunctive relief mandating that CoStar take all necessary steps to cease its unlawful conduct and to restore competition to the relevant markets;

2. Actual damages for Claims 1–8 in an amount to be determined at trial, trebled pursuant to Section 4 of the Clayton Act and Cal. Bus. & Prof. Code § 16750, along with interest;

3. Actual and punitive damages for Claims 9–11 in an amount to be determined at trial;

4. CREXi's costs of suit herein, including its attorneys' fees;

5. Restitutionary relief;

6. Awarding a declaration that CoStar's exclusionary and anticompetitive conduct complained of herein is unlawful and unenforceable;

7. Awarding a declaration that CREXi has not and will not engage in unlawful conduct by accessing publicly available information on CoStar's websites; and

8. Such other relief as may be just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, CREXi respectfully requests a trial by jury on all claims and counterclaims.

Dated: August 5, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ *Elliot R. Peters*
Elliot R. Peters
Warren A. Braunig
Elizabeth K. McCloskey
Nicholas S. Goldberg
Connie P. Sung
Jason George
Christine Zaleski

Attorneys for Defendant and Counterclaimant
COMMERCIAL REAL ESTATE EXCHANGE, INC.